**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| Robert M. Kowalski, | ) | Case No. 18-09130 |
| Debtor. | ) | Judge Jacqueline P. Cox |
| Robert M. Kowalski, | ) | Adversary No. |
| Plaintiff | ) | |
| vs. | ) | |
| Martha Padilla, Geraldine Holt, Esq. and Christopher Wehrman, Esq. | ) | |
| Defendants. | ) | |

FILED
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
AUG 07 2018
JEFFREY P. ALLSTEADT, CLERK
INTAKE 2

Information required by 11 U.S.C. §342(c)
Robert M. Kowalski
1918 West Cermak Road
Chicago, Illinois 60608
Tax Identification Number: xxx-xx-7315

**DEBTOR'S COMPLAINT FOR VIOLATION OF THE AUTOMATIC STAY**

**NOW COMES** the Debtor, ROBERT KOWALSKI ("Robert"), for his Complaint for Violation of the Automatic Stay, states as follows:

1. Plaintiff, Robert Kowalski, is the Debtor in the underlying bankruptcy case and resides at Chicago, Illinois 60608.

2. Defendant, Martha Padilla, is an individual residing at 1512 West Polk Street, Chicago, Illinois 60608.

3. Defendant, Geraldine Holt, is an attorney conducting business at 180 North LaSalle Street, Chicago, Illinois 60602.

4. Defendant, Christopher Wehrman, is an attorney conducting business at 330 N. Wabash Street, Chicago, Illinois 60602.

5. Jurisdiction of this Court is proper pursuant to 28 U.S.C.§157(b)(1) in that this action arises under the Chapter 11 bankruptcy case In re Robert M. Kowalski, Debtor, filed in this district and division at docket 18-09130 and is a core proceeding.

6. Plaintiff filed his Chapter 11 case on March 29, 2018, triggering an automatic stay, pursuant to 11 USC §362(a) of all debt collection against the Debtor.

7. Plaintiff's divorce counsel provided the Defendants, Martha Padilla, Geraldine Holt and Christopher Wehrman with actual notice of the March 29, 2018 filing on March 29, 2018.

**Defendants' Post-Petition Actions**

8. On March 29, 2018, Defendants, Martha, Holt and Wehrman had actual knowledge of the automatic bankruptcy stay. Having actual knowledge, Martha, Holt and Wehrman are credited with the knowledge that their collection activities are prohibited and that they is liable for any violation that takes place. None of these qualify as domestic support obligations pursuant to Section 362 of the Code.

9. Following entry of the March 29, 2018 Order and following entry of a child support order on April 20, 2018, Martha, Holt and Wehrman nonetheless filed, initiated and prosecuted a barrage of no less than twenty separate actions all seeking monetary damages, all without seeking leave from the Bankruptcy Court to lift the stay. They are as follows:

1. Petition for Rule to Show Cause and Motion to Compel filed April 18, 2018
2. Motion for Sanctions for Inaccurate or Misleading Affidavit, Rule 137 Petition for Sanctions filed May 11, 2018
3. Petition for Attorneys Fees filed June 8, 2018
4. Motion to Modify Contribution to Child Related Expenses filed May 18, 2018
5. 4th Petition for Rule to Show Cause and for Other Relief filed June 1, 2018 [for attorney's fees]
6. Motion for Direct Criminal Contempt filed on June 8, 2018
7. Rule 137 Petition for Sanctions filed on May 11, 2018
8. Petition for Adjudication of Direct Criminal Contempt of Court filed June 8, 2018
9. Martha Padilla's Motion for Re-Allocation of Dr. Kraus Fees in the above captioned matter filed June 20, 2018
10. Subpoena to Veronica Alverez issued on May 31, 2018
11. Subpoena to SDC Properties issued on May 18, 2018
12. Subpoena to Haggerty Chevrolet issued on May 11, 2018

13. Subpoena to Webb Chevrolet issued on May 11, 2018
14. Subpoena to Royal Bank issued on May 15, 2018
15. Subpoena to Washington Federal Bank on May 15, 2018
16. Subpoena to Citibank, NA issued on June 11, 2018
17. Subpoena to Natalie Lira issued on June 15, 2018
18. Subpoena to Capital One Auto Finance issued on June 20, 2018
19. Subpoena to Allstate Insurance Company issued on June 20, 2018
20. Subpoena to Chicago Title Land Trust Company issued on July 26, 2018

10. None of these pleadings, motions and discovery is related to establishment or modification of support or best interests of the child. The April 20, 2018 child support determination is *res judicata* as to then existing facts. The April 20, 2018 child support order is modifiable only upon a showing of a substantial change in circumstances or a need to provide for the health care needs of the child, none of which is present. The pleadings, motions and discovery presented and prosecuted by Martha, Holt and Wehrman do not relate to the best interests of the minor child and are stayed.

11. Recognizing the impropriety of proceeding with this property and debt issues in light of Robert's bankruptcy filing, Martha, Holt and Wehrman have *after* taking all these actions filed a Motion to Lift Stay on July 22, 2018 in this Court. However, the Motion to Lift the Stay was required to be granted PRIOR to initiation of these actions, not subsequent. Filing, issuing, and prosecuting these actions in active denial of the pendency of the automatic stay violates the automatic stay. Martha and Holt's filed Motion to Lift Stay recognizes the impropriety of violating the stay and seeks to retroactively authorize divorce proceedings. The automatic stay provides a period of time in which all judgments, collection activities, foreclosures, and repossessions of property are suspended and may not be pursued by the creditors on any debt or claim that arose before the filing of the bankruptcy petition. The stay goes into effect automatically when the bankruptcy petition is filed. The stay is designed to provide a breathing spell for the debtor, during which negotiations can take place to try to resolve the difficulties in the debtor's financial situation. Martha, Holt and Wehrman proceeding in spite of the express stay has frustrated and denied Robert his rights to the automatic stay.

12. Martha, Holt and Wehrman intentionally proceeding with collection activities notwithstanding their actual knowledge of the pendency of the automatic stay is intentional and with deliberate disregard for the authority of this Court.

13. Penalties for violation of the automatic stay include compensation for any damages suffered by Robert as a result of their violation of the stay including out-of-pocket costs, attorney fees, costs, pain, suffering and mental anguish.

14. In addition to being a violation of the stay, on July 27, 2018, Robert was forced to the emergency room due to chest pains as a result of Martha, Holt and Wehrman intentionally proceeding in complete disregard of the pendency of the automatic stay. Martha, Holt and Wehrman intentionally violated the stay without seeking this court lift the stay. On July 28, 2018, Martha intentionally stalked Robert at his home followed by a high-speed chase, intentionally aggravating Robert's medical condition (after she removed Robert from the family's medical insurance policy).

15. The actions of Martha, Holt and Wehrman have caused Plaintiff to experience worry, stress, panic-attacks and concerns that are separate from the anxiety about the bankruptcy. Plaintiff's reactions and emotions are not fleeting or inconsequential. Plaintiff suffered significant emotional harm as a result of Defendants' conduct in repeatedly willfully violating the automatic stay. The circumstances surrounding the violation make it obvious that a reasonable person would suffer significant emotional harm. Plaintiff suffered actual damages in the forms of out-of-pocket expenses, attorney's fees, and emotional distress.

16. Martha, Holt and Wehrman have willfully failed and refused to comply with the automatic stay.

17. Martha, Holt and Wehrman's failure to comply with automatic stay is willful.

18. Defendant's conduct violated 11 U.S.C. §362(a).

19. Robert has been forced to file this petition and seek court intervention as the result of Defendants' failure to abide by the automatic stay and, accordingly, Defendants should be required to pay Robert's usual and customary attorney's fees.

**WHEREFORE**, the Plaintiff, ROBERT KOWALSKI, respectfully requests:

A. an Order declaring the Defendants, MARTHA PADILLA, GERALDINE HOLT and CHRISTOPHER WEHRMAN, guilty of civil contempt by violating the automatic stay;

B. awarding Plaintiff compensatory damages, punitive damages, and costs pursuant to 11 U.S.C. §362(k) and for contempt of court;

C. an award of reasonable attorney's fees pursuant to 11 U.S.C. §362(k); and

D. For such other relief as this Honorable Court deems equitable and just under the facts and circumstances of this cause.

Robert M. Kowalski

Robert M. Kowalski\
Debtor
1918 West Cermak Road
Chicago, Illinois 60608
312/218-3030

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>ROBERT M. KOWALSKI | **DEFENDANTS**<br>MARTHA PADILLA, GERALDINE HOLT, CHRISTOPHER WEHRMAN |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>ROBERT M. KOWALSKI<br>1918 WEST CERMAK ROAD<br>CHICAGO, ILLINOIS 60608 | **ATTORNEYS** (If Known)<br>GERALDINE HOLT<br>CHRISTOPHER WEHRMAN<br>MARTHA PADILLA |
| **PARTY** (Check One Box Only)<br>☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor ☒ Other attorneys for creditor<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

VIOLATION OF THE AUTOMATIC STAY § 362(k) and 28 USC §157(b)(1)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- ☐ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money/property - §548 fraudulent transfer
- ☒ 14-Recovery of money/property - other §362(k)

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

FILED
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
AUG 07 2018
JEFFREY P. ALLSTEADT, CLERK
INTAKE 2

| | |
|---|---|
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>ROBERT M. KOWLASKI | BANKRUPTCY CASE NO.<br>18-09130 | |
| DISTRICT IN WHICH CASE IS PENDING<br>NORTHERN DISTRICT OF ILLINOIS | DIVISION OFFICE<br>EASTERN DIVISION | NAME OF JUDGE<br>Jacqueline P. Cox |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>Robert M. Kowalski | | |
| DATE<br>August 7, 2018 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Robert M. Kowalski | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.