IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 Proceeding |
| | ) | |
| **ROBERT M. KOWALSKI**, | ) | Case No. **18-09130** |
| | ) | |
| | ) | |
| | ) | |
| Debtor. | ) | Hon. Jacqueline P. Cox |

**UNITED STATES TRUSTEE'S OBJECTION TO MOTION TO
RECONSIDER JULY 26, 2018 ORDER [ DKT. NO. 115]**

NOW COMES PATRICK S. LAYNG, the United States Trustee for the Northern District of Illinois (the "U.S. Trustee"), by his attorney, Kathryn Gleason, and for his Objection to Motion to Reconsider July 26, 2018 Order (the "Motion to Reconsider") states as follows:

**I.  PROCEDURAL HISTORY**

1.  On March 29, 2018, Robert M. Kowalski ("Debtor") commenced this case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2.  On May 31, 2018, the U.S. Trustee filed the Motion Pursuant to 11 U.S.C §§ 1112(b) and 1104(a) to Dismiss or Convert Case Or, in the Alternative, Appoint a Chapter 11 Trustee and to Shorten Notice (the "Trustee Motion"). [Dkt. No. 47.] The Trustee Motion was fully briefed. [Dkt. Nos. 71, 72 and 75.]

3.  On July 19, 2018, the U.S. Trustee filed the Supplement to United States Trustee's Motion Pursuant to 11 U.S.C. §§ 1112(b) and 1104(a) to Dismiss or Convert Case Or, in the Alternative, Appoint a Chapter 11 Trustee and to Shorten Notice (the "Supplement").[1] [Dkt. No.

---

[1] Federal Deposit Insurance Corporation ("FDIC-R"), as receiver for Washington Federal Bank for Savings, filed a limited joinder to the Supplement on July 20, 2018. [Doc. No. 77.]

76.] The Supplement attached as Exhibit A, p. 9-14 a Verified Complaint for Imposition of a Constructive Trust (the "Complaint"), filed in *Robert M. Kowalski v. Angelica A. Kowalski et. al.*, Case No. 2017-CH-13314, in the Circuit Court of Cook County (the "2017 Litigation"). The 2017 Litigation was not disclosed on the Debtor's original Statement of Financial Affairs or any after-filed amendments. [Dkt. Nos. 22, 41 and 53, Part 4, Question 9.]

4. The Complaint asserts that the Debtor "is the rightful owner of various real properties held in the name of land trusts and limited liability companies and the funds generated from these real properties." *See* Dkt. No. 76, Supplement, Exhibit A. at p. 9. The Debtor filed a Motion for Summary Judgment[2] in the 2017 Litigation on July 16, 2018, disclosing the various real properties as the following nine properties:

- 7957-7959 S. Harvard Avenue, Chicago, Illinois;
- 1852 S. Central Park Avenue, Chicago, Illinois;
- 11752 S. Vincennes Avenue, Chicago, Illinois;
- 843 E. 65th Street, Chicago, Illinois;
- 2408 E. 97th Street, Chicago, Illinois;
- 6612 S. Drexel Avenue, Chicago, Illinois;
- 6426 S. Maryland Avenue, Chicago, Illinois;
- 5659 S. Bishop Street, Chicago, Illinois; and
- 7426 S. Peoria Street, Chicago, Illinois.

(Collectively, the "Nine Undisclosed Properties."). *See* Dkt. No. 76, Supplement, Exhibit C.

5. The Nine Undisclosed Properties were not listed on the Debtor's original Schedule A/B or any after-filed amendments. *See* Dkt. Nos. 24, 39 and 52.

6. The Debtor appeared and testified at Section 341 meetings of creditors on May 2, 2018, May 24, 2018, and June 26, 2018 (collectively, the "341 Meetings"). At each of the 341

---

[2] The Debtor did not obtain authority from this Court to continue to litigate the 2017 Litigation prior to filing the Motion for Summary Judgment.

Meetings, the Debtor verified under oath his signature on the Schedules, Statement of Financial Affairs, and amendments thereto. The Debtor also testified that he assisted in the preparation of Schedules, Statement of Financial Affairs, and amendments, he reviewed them before they were signed, and the information contained therein was true and correct. At no time during the 341 Meetings did the Debtor disclose the 2017 Litigation or the Nine Undisclosed Properties.

7.  On July 25, 2018, the Court conducted a contested hearing on the Trustee Motion (the "Hearing"). Attached as *Exhibit A* is a copy of the July 25, 2018, Transcript of Proceedings Before the Honorable Jacqueline P. Cox (the "Transcript").

8.  At the Hearing, the Debtor requested a continuance to replace his attorney. The Court denied the request but did allow the Debtor, a licensed attorney, to argue in opposition to the Trustee Motion. *See Exhibit A*, Transcript at pp. 3-13.

9.  During the questioning by the Court, the Debtor admitted that he did not disclose the 2017 Litigation:

> THE COURT: I notice you're not disputing the allegation that there's some undisclosed litigation involving 2017 CH 13314, a chancery lawsuit.
> MR. KOWALSKI: I was going to get to that, Your Honor. It's certainly on my mind. That's certainly a public notice, and I'm not quite sure why Mr. Cohen didn't list that item. And all these other items –
> THE COURT: Did you review the bankruptcy papers and realize it wasn't there?
> MR. KOWALSKI: I not only realized it was there, but it was always a public matter. It wasn't something that could necessarily be swept under the rug. It wasn't camouflaged. It was a court filing from 2017. And, frankly, it escaped my attention, because I'm so embroiled in this divorce case.

*See Exhibit A*, Transcript at pp. 23-24.[3]

    10.    The Debtor also admitted that he did not disclose the Nine Undisclosed Properties:

> THE COURT: Were they disclosed, those properties – was it nine properties?
> MS. MANYAK: Yes, your Honor.
> THE COURT: Were those nine properties disclosed in this bankruptcy case?
> MR. KOWALSKI: Well, Your Honor, my interest in those properties is the interest of a claim.
> THE COURT: Yes or no?
> MR. KOWALSKI: No, they have not as of yet.

*See Exhibit A*, Transcript at pp. 25-26.

    11.    The Court found by clear and convincing evidence that:

> "… the Debtor was dishonest in his failure to disclose the pre-petition litigation against his daughter and the properties involved. The failure to disclose is a material breach that gives credence to the allegation that the Debtor made fraudulent transfers to the detriment of his creditors. The court's finding of dishonesty is grounds for appointment of a Chapter 11 Trustee under 11 U.S.C. § 1104(a)(1). The UST has met his burden by clear and convincing evidence and their motion to appoint a Chapter 11 Trustee is granted.

*See* Dkt. No. 95, (the "Appointment Order").

    12.    On August 7, 2018, the Court entered the Order Approving Gus A. Paloian as Chapter 11 Trustee. [Dkt. No. 106.]

---

[3] The Court noted that a Section 1983 Action was also not disclosed. *See* Exhibit A, Transcript, at pps. 14-15.

13. On August 7, 2018, the Debtor filed a Notice of Appeal of the Appointment Order to the District Court. [Dkt. No. 110.] The appeal was docketed as Case No. 18CV5388, assigned to District Court Judge Andrea R. Wood on August 8, 2018. [Dkt. No. 117.]

14. On August 7, 2018, after the Notice of Appeal was filed, the Debtor filed the Motion to Reconsider. [Dkt. No. 115.]

## II. THERE ARE NO EXCEPTIONAL CIRCUMSTANCES THAT MERIT RELIEF UNDER RULE 60(b)

15. There is no basis for relief under Rule 60(b).[4] The Debtor moves for reconsideration of the Appointment Order under Rule 60(b)(1) of the Federal Rules of Civil Procedure, which is made applicable by Bankruptcy Rule 9024.[5] Under Rule 60(b)(1), relief may be warranted if the order was the result of "mistake, inadvertence, surprise or excusable neglect." *See* Fed. R. Civ. P. 60(b)(1), incorporated by Bankruptcy Rule 9024. Notably, "[R]elief from a judgment under Rule 60(b) is an extraordinary remedy and is granted only in exceptional circumstances." *Bakery Mach. & Fabrication, Inc. v. Traditional Banking, Inc.*, 570 F. 3d 845,

---

[4] While there is authority from this Court supporting an argument that the Court lacks jurisdiction to consider the Motion to Reconsider, *see In re Sharif*, 446 B.R. 870, 885 (Bankr. N.D. Ill. 2011), there is no controlling Seventh Circuit precedent on the issue. As such, in the interest of finality the U.S. Trustee requests that this Court consider the merits of the Motion to Reconsider.

[5] The Debtor does reference Rule 59 in one sentence of the Motion to Reconsider but thereafter fails to discuss the Rule and therefore has waived any such argument. *See* Dkt. No. 115, Motion to Reconsider, p. 1, ¶ 1. An "underdeveloped argument" is a waived argument. *Crawford v. Countrywide Home Loans, Inc.*, 647 F. 3d 642, 650 (7th Cir. 2011). *See also United States v. Berkowitz*, 927 F. 2d 1376, 1384 (7th Cir. 1991) (where the court found that an issue raised as almost an afterthought, devoting one sentence in a brief, is waived).

Even if the Court finds that the Rule 59 applies, the Debtor cannot establish that a manifest error of law or fact occurred requiring reconsideration. *In re Prince*, 85 F. 3d 314, 324 (7th Cir. 1966), *cert. denied*, 519 U.S. 1040 (1966). The Debtor admits he did not disclose the 2017 Litigation and the Nine Undisclosed Properties. The Court's finding that this failure to disclose constitutes dishonesty requiring the appointment of a trustee under 11 U.S.C. § 1104(a)(1) is correct.

848 (7th Cir. 2009) (*citing Reinsurance Company of America, Inc. v. Administratia Asigurarilor de Stat*, 902 F. 2d 1275, 1277 (7th Cir. 1990) (citation omitted)). The Debtor failed to establish any mistake, inadvertence, surprise or excusable neglect that would support relief under Rule 60(b)(1).

16. In granting the Trustee Motion, the Court found by clear and convincing evidence that the Debtor was dishonest in his failure to disclose the 2017 Litigation and the Nine Undisclosed Properties. *See* Dkt. No. 95, Appointment Order. A determination of whether cause exists to appoint a trustee "is within the discretion of the court and due consideration must be given to the various interests involved in the bankruptcy proceeding." *In re LHC, LLC*, 497 B.R. 281, 291 (Bankr. N.D. Ill. 2013) (J. Cassling) (*quoting In re Bellevue Place, Assocs.*, 171 B.R. 615, 623 (Bankr. N.D. Ill. 1994)). Dishonesty constitutes cause to appoint a trustee under 11 U.S.C. § 1104(a)(1). Once cause has been established, a trustee shall be appointed. *Id*. at 292.[6]

17. The Motion to Reconsider is the Debtor's "second bite at the apple" in trying to justify why the 2017 Litigation and Nine Undisclosed Properties were not disclosed. The Debtor continues to admit that he did not disclose the 2017 Litigation and properties. *See* Dkt. No. 115, Motion to Reconsider at p. 7, ¶13. But now instead of solely blaming his attorney for the nondisclosure, the Debtor attempts to place blame on the U.S. Trustee. "Had the U.S. Trustee done its due diligence, it would have discovered that Debtor filed a Petition to Join Angelica Kowalski and Petition for Imposition of a Constructive Trust in Kowalski v. Padilla, 14 D 6997." *See* Dkt. No. 115, Motion to Reconsider p. 6, ¶13.

---

[6] For the first time the Debtor claims that at most an examiner should be appointed under 11 U.S.C. § 1104(c). *See* Dkt No. 115, Motion to Reconsider, pp. 8-9, ¶s 18-20. This argument was never raised previously, and, is not appropriate in a motion to reconsider. But as the Court found cause under 11 U.S.C. § 1104(a)(1), Section 1104(c) does not apply.

18. It is the Debtor who has the absolute duty to disclose all of his assets. *See In re Yonikus*, 974 F. 2d 901, 904 (7th Circ. 1992) (citations omitted) (where the court, while affirming a revocation of discharge, specifically found that the debtor had a duty to report a personal injury claim). *See also In re Sgambati*, 584 B.R. 865, 880 (Bankr. E.D. Wis. 2018) (in denying the debtor's discharge for reckless disregard of his duties to honestly disclose, the court noted that the debtor could not rely on the Chapter 7 trustee or the UST to disentangle the personal expenses paid by the debtor's business).

19. The Court correctly found that cause exists to appoint a trustee under 11 U.S.C. § 1104(a)(1) based upon the Debtor's failure to disclose the 2017 Litigation and Nine Undisclosed Properties. As the Debtor continues to admit his failure, there is no basis under Rule 60(b)(1) for relief. As such, the Motion to Reconsider should be denied.

### III.   CONCLUSION

20. There are no exceptional circumstances which merit reconsideration. The U.S. Trustee requests that this Court deny the Motion to Reconsider.

RESPECTFULLY SUBMITTED:

PATRICK S. LAYNG
UNITED STATES TRUSTEE

DATED: August 10, 2018                 By:  /s/ *Kathryn Gleason*
　　　　　　　　　　　　　　　　　　　　Kathryn Gleason, Attorney
　　　　　　　　　　　　　　　　　　　　OFFICE OF THE U.S. TRUSTEE
　　　　　　　　　　　　　　　　　　　　219 S. Dearborn St., Room 873
　　　　　　　　　　　　　　　　　　　　Chicago, Illinois  60604
　　　　　　　　　　　　　　　　　　　　312-886-3327