## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In re:

ROBERT M. KOWALSKI,

        Debtors.

Case No. 18-09130
Chapter 11

Hon. Jacqueline P. Cox

Hearing Date:  October 2, 2018
Hearing Time: 9:30 a.m.

### NOTICE OF MOTION

TO:    PARTIES ON ATTACHED SERVICE LIST

PLEASE TAKE NOTICE that on **Tuesday, October 2, 2018, at 9:30 a.m.**, or as soon thereafter as counsel may be heard, we shall appear before the Honorable Jacqueline P. Cox in Courtroom 680 at 219 South Dearborn Street, Chicago, Illinois, or before any other judge sitting in her place and stead, and present the following **Trustee's Motion For Orders Authorizing the Trustee on behalf of the Estate to: (a) Incur Post-Petition Unsecured Indebtedness as a Priority Administrative Claim Pursuant to 11 U.S.C. § 364(b) on an Interim and Final Basis; (b) Use Cash Collateral Pursuant to 11 U.S.C. § 363(b) & (c)(2) on an Interim and Final Basis; (c) Grant Adequate Protection Pursuant to 11 U.S.C. § 361(2) on an Interim and Final Basis; and (d) Set Final Hearing**, at which time and place you may appear if you so desire.

49547506v.3

Dated:  September 25, 2018                    Respectfully submitted,


                                              GUS A. PALOIAN, not individually, but solely in
                                              his capacity as the Chapter 11 Trustee of the
                                              Debtor's Estate,


                                              By:  /s/ James B. Sowka

                                                   Gus A. Paloian (06188186)
                                                   James B. Sowka (6291998)
                                                   SEYFARTH SHAW LLP
                                                   233 South Wacker Drive
                                                   Suite 8000
                                                   Chicago, Illinois  60606
                                                   Telephone:  (312) 460-5000
                                                   Facsimile:  (312) 460-7000
                                                   gpaloian@seyfarth.com
                                                   jsowka@seyfarth.com

                                                   *Counsel to Chapter 11 Trustee, Gus A. Paloian*

49547506v.3

## CERTIFICATE OF SERVICE

I, Jennifer M. McManus, a non-attorney, certify that on September 25, 2018, I caused a copy of the attached **Notice of Motion** and the following **Trustee's Motion For Orders Authorizing the Trustee on behalf of the Estate to: (a) Incur Post-Petition Unsecured Indebtedness as a Priority Administrative Claim Pursuant to 11 U.S.C. § 364(b) on an Interim and Final Basis; (b) Use Cash Collateral Pursuant to 11 U.S.C. § 363(b) & (c)(2) on an Interim and Final Basis; (c) Grant Adequate Protection Pursuant to 11 U.S.C. § 361(2) on an Interim and Final Basis; and (d) Set Final Hearing** to be served (i) electronically through the Court's Electronic Notice for Registrants on all persons identified as Registrants on the appended Service List, and (ii) by first class U.S. Mail, postage fully pre-paid, to those other parties identified on the attached Service List.

By: _Jennifer M. McManus_
Jennifer M. McManus

Subscribed and Sworn to before me
this 25th day of September, 2018


Notary Public

TERESA MARIE BROWN
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
May 12, 2020

## KOWALSKI SERVICE LIST

### Case No. 18-09130

**SERVICE VIA CM/ECF**

| | |
|---|---|
| Kevin M. Flynn | kevin@kmflynnlaw.com |
| Sheryl A. Fyock | sfyock@llflegal.com |
| Neil P. Gantz | neilgantz@yahoo.com, negrita0615@yahoo.com |
| Kathryn Gleason | USTPRegion11.ES.ECF@usdoj.gov, Kathryn.M.Gleason@usdoj.gov |
| Cameron M. Gulden | USTPRegion11.es.ecf@usdoj.gov |
| Geraldine W Holt | gwholt@holtlawgroup.com |
| Ronald J. Kapustka | ndaily@ksnlaw.com, bankruptcy@ksnlaw.com |
| Patrick S. Layng | USTPRegion11.ES.ECF@usdoj.gov |
| Candice M. Manyak | candice.manyak@usdoj.gov |
| Kathleen R. Pasulka-Brown | kpasulka-brown@pjjq.com, kroh@pjjlaw.com; abhatti@pjjlaw.com; egibbons@pjjlaw.com; cgasiciel@pjjlaw.com; jwarren@pjjlaw.com; jgalindo@pjjlaw.com; jlewis@shinglerlewis.com; jtonkinson@FDIC.gov |
| Karen J. Porter | porterlawnetwork@gmail.com, laz0705@comcast.net |
| Eric S. Rein | rrein@hmblaw.com, dzic@hmblaw.com;ecfnotices@hmblaw.com |
| Todd J. Ruchman | amps@manleydeas.com |
| Jason M. Torf | jtorf@hmblaw.com, ecfnotices@hmblaw.com |

**VIA UNITED STATES MAIL**

5305-07 V. Leland Avenue Condominium
Association
c/o Kovitz Shifrin Nesbit
175 N. Archer Ave.
Mundelein, IL 60060-2301

Robert M. Kowalski
1707 S. Newberry Avenue
Chicago, IL 60608

AT&T Corp
c/o AT&T Services, Inc.
Karen Cavagnaro, Esq.
One AT&T Way, Room 3A104
Bedminster, NJ 07921-2693

ACAR Leasing LTD d/b/a GM Financial
Leasing
PO Box 183853
Arlington, TX 76096-3853

Ally Financial
Attn:  Bankruptcy
PO Box 380901
Bloomington, MN 55438-0901

Ally Bank
PO Box 130424
Roseville MN 55113-0004

Bombardier/CBNA
P. O. Box 6000
Sioux Falls, SD 57117-6000

AmeriCredit/GM Financial
Attn:  Bankruptcy
PO Box 183853
Arlington, TX 76096-3853

Capital One Auto Finance
AIS Portfolio Services, LP
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

Capital One Auto Finance
Attn:  General Correspondence/BR
PO Box 30285
Salt Lake City, UT 84130-0285

Capital One
PO Box 30253
Salt Lake City, UT 84130-0253

Capital One Bank (USA), N.A.
PO Box 71083
Charlotte, NC 28272-1083

Cardworks/CW Nexus
Attn:  Bankruptcy
PO Box 9201
Old Bethpage, NY 11804-9001

Chase Card Services
Attn: Correspondence Dept
PO Box 15298
Wilmington, DE 19850-5298

Chase Mortgage
PO Box 24696
Columbus, OH 43224-0696

Citibank/The Home Depot
Citicorp Credit Services/Centralized
Bankruptcy
PO Box 790040
St Louis, MO 63179-0040

49547506v.3

Citicards CBNA
Citicorp Credit Svc/Centralized Bankruptcy
PO Box 790040
Saint Louis, MO 63179-0040

Costco Go Anywhere Citicard
Centralized Bk/Citicorp Credit Card Services
PO Box 790040
St Louis, MO 63179-0040

Credit One Bank NA
PO Box 98873
Las Vegas, NV 89193-8873

Discover Bank
Discover Products Inc
PO Box 3025
New Albany, OH 43054-3025

Federal Deposit Insurance Corp
c/o Joyce Gist Lewis
1230 Peachtree Street NE Suite 1075
Atlanta, GA 30309-3626

First Premier Bank
601 S Minnesota Ave
Sioux Falls, SD 57104-4868

IL Dept. of Revenue Bankruptcy Section
PO Box 19035
Springfield, IL 62794-9035

Huntington National Bank
Attn:  Bankruptcy
PO Box 340996
Columbus, OH 43234-0996

Illinois Bell Telephone Company
c/o AT&T Services, Inc.
Karen Cavagnaro, Esq.
One AT&T Way, Room 3A104
Bedminster, NJ 07921-2693

Illinois Department of Revenue
PO Box 64338
Chicago, IL 60664-0291

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

JPMorgan Chase Bank, N.A.
Chase Records Center
Attn: Correspondence Mail
Mail Code LA4-5555
700 Kansas Lane
Monroe, LA 71203-4774

JPMorgan Chase Bank, NA
c/o Manley Deas Kochalski LLC
P.O. Box 165028
Columbus, OH 43216-5028

Martha Padilla
1512 W. Polk
Chicago, IL 60607-3119

Merrick Bank
Resurgent Capital Services
PO Box 10368
Greenville, SC 29603-0368

Midland Loan Services
c/o FDIC Portfolio Servicing
P. O. Box 25965
Shawnee Mission, KS 66225-5965

Piorun Properties LLC
1918 W. Cermak
Chicago, IL 60608-4237

Parkway Bank & Trust
4800 N. Harlem Avenue
Harwood Heights, IL 60706-3577

2

49547506v.3

Syncb/PLCC
Attn:  Bankruptcy
PO Box 965060
Orlando, FL 32896-5060

Washington Federal Bank for Savings
c/o FDIC
1601 Bryan Street
Dallas, TX 75201-3401

Indomitable, LLC
1918 W. Cermak
Chicago, IL 60608-4237

Premier Bankcard, LLC
Jefferson Capital Systems LLC Assignee
PO Box 7999
Saint Cloud, MN  56302-7999

The Huntington National Bank
P 0 Box 89424
Cleveland, OH 44101-6424

Joel Levin
Levin & Associates
180 N. LaSalle Street, Suite 1822
Chicago, IL 60601-2604

3

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>ROBERT M. KOWALSKI,<br><br>          Debtors. | Case No. 18-09130<br>Chapter 11<br><br>Hon. Jacqueline P. Cox<br><br>Hearing Date:  October 2, 2018<br>Hearing Time: 9:30 a.m. |

**MOTION FOR ORDERS AUTHORIZING THE TRUSTEE ON BEHALF OF THE ESTATE TO: (A) INCUR POST-PETITION UNSECURED INDEBTEDNESS AS A PRIORITY ADMINISTRATIVE CLAIM PURSUANT TO 11 U.S.C. § 364(B) ON AN INTERIM AND FINAL BASIS; (B) USE CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363(B) & (C)(2) ON AN INTERIM AND FINAL BASIS; (C) GRANT ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. § 361(2) ON AN INTERIM AND FINAL BASIS; AND (D) SET FINAL HEARING**

Gus A. Paloian, not individually, but as the chapter 11 trustee (the "Trustee") for the bankruptcy estate ("Estate") of Robert M. Kowalski (the "Debtor"), respectfully requests that the Court enter orders permitting the Trustee, on behalf of the Estate to: (a) incur post-petition unsecured indebtedness as a priority administrative claim pursuant to 11 U.S.C. § 364(b) on an interim and final basis; (b) use cash collateral pursuant to 11 U.S.C. § 363(b) & (c)(2) on an interim and final basis; (c) grant adequate protection pursuant to 11 U.S.C. § 361(2) on an interim and final basis; and (d) set final hearing, and states:

### STATEMENT REGARDING BANKRUPTCY RULE 4001 DISCLOSURES

1. The following disclosures are made pursuant to Bankruptcy Rule 4001(b)(1)(B) and (c)(1)(B) with respect to the terms of the proposed post-petition financing and use of cash collateral and the impact of the relief sought by this Motion.

49547506v.3

| **Request for Post-Petition Financing** | |
|---|---|
| **Borrower:** | Bankruptcy Estate of Robert M. Kowalski |
| **Lender:** | Federal Deposit Insurance Corporation ("FDIC" or "Lender"), as Receiver for Washington Federal Bank for Savings |
| **Type of Loan:** | Trustee-in-Possession Revolving Loan in the amount of Ninety-Five Thousand Dollars ($95,000.00) ("Estate Financing"). |
| **Purpose:** | The proceeds of the Estate Financing will be used for (a) working capital to support the continued operation and management of the Estate businesses during the bankruptcy and (b) to fund fees of Trustee's professionals. |
| **Term:** | The duration of the bankruptcy case. |
| **Interest Rates:** | 0% |
| **Commitment Fee:** | $0 |
| **Priority and Liens:** | *Liens*: None.<br><br>*Priority*:  The Estate Financing shall be authorized pursuant to Bankruptcy Code section 364(b) to be incurred as, and shall constitute, allowed administrative expenses pursuant to Bankruptcy Code section 503(b)(1), except that the Estate Financing shall be subordinate to the fees and expenses of the Trustee and his professionals. |
| **Carve-Out:** | The following fees, costs, and expenses shall be paid from the sale collateral from the Lender Portfolio prior to any payments being made to FDIC on account of its secured debt:  (i) a fee payable to the Estate in the amount of $7,500 for the sale of each parcel of real property from Lender Portfolio; (ii) a brokerage fee payable to Broker and any cooperating broker in the amount of 6% of the gross sale price of each parcel of real property; and (iii) such other fees and expenses associated with the sale or disposition of real property from Lender Portfolio as contemplated by the sales contracts. |
| **Events of Default** | None |
| **Conditions On Use** | The Estate Financing is subject to Bankruptcy Court approval and advances shall be made after the use of rent collections from the properties owned by the Debtor (less $30,000 for reserves) and funds in the Estate's bank account (less $5,000 for reserves). |
| **Additional Provisions** | Trustee shall engage Two Blue Property Management Company ("Property Manager") to assist with real property management and shall engage Austin Pearson and Pearson Realty Group ("Broker") to assist him in determining the market value and potentially marketing and selling or disposing of real property in the Estate including Lender Portfolio. |

2

49547506v.3

| Request for Use of Cash Collateral | |
|---|---|
| **Borrower:** | Bankruptcy Estate of Robert M. Kowalski |
| **Entity with an Interest in Cash Collateral:** | FDIC, as Receiver for Washington Federal Bank for Savings |
| **Purpose:** | Cash Collateral will be used for (a) working capital to support the continued operation and management of the Estate businesses during the bankruptcy and (b) to fund fees of Trustee's professionals. |
| **Term:** | The duration of the bankruptcy case. |
| **Interest Rates:** | All loan balances are subject to interest at contractual rates, including default rates, to the extent permissible under the Bankruptcy Code. |
| **Adequate Protection:** | Replacement liens. |
| **Carve-Out:** | The following fees, costs, and expenses shall be paid from the sale collateral from the Lender Portfolio prior to any payments being made to FDIC on account of its secured debt:  (i) a fee payable to the Estate in the amount of $7,500 for the sale of each parcel of real property from Lender Portfolio; (ii) a brokerage fee payable to Broker and any cooperating broker in the amount of 6% of the gross sale price of each parcel of real property; and (iii) such other fees and expenses associated with the sale or disposition of real property from Lender Portfolio as contemplated by the sales contracts. |
| **Events of Default** | None |
| **Conditions On Use** | Prior to use of rents from the Lender Portfolio, Trustee shall establish a rents reserve of $30,000. |

2.      The following additional disclosures are made pursuant to Local Rule 4001-2
with respect to the terms of the proposed Estate Financing and use of cash collateral and the
impact of the relief sought by this Motion.

49547506v.3

| Requisite Provision | Location | Justification |
|---|---|---|
| **Local Rule 4001-2(A)(2)(a)**: Provisions that grant cross-collateralization protection (other than replacement liens or other adequate protection) to the pre-petition secured creditors (i.e., clauses that secure pre-petition debt by post-petition assets in which the secured creditor would not otherwise have a security interest by virtue of its pre-petition security agreement or applicable law.) | **N/A** | **N/A** |
| **Local Rule 4001-2(A)(2)(b)**: Provisions or findings of fact that bind the estate or all parties in interest with respect to the validity, perfection or amount of the secured creditor's pre-petition lien or debt or the waiver of claims against the secured creditor without first giving parties in interest at least 75 days from the entry of the order. | **N/A** | **N/A** |
| **Local Rule 4001-2(A)(2)(c)**: Provisions that seek to waive any rights the estate may have under § 506(c) of the Bankruptcy Code. | **N/A** | **N/A** |
| **Local Rule 4001-2(A)(2)(d)**: Provisions that immediately grant to the pre-petition secured creditor liens on the debtor's claims and causes of action arising under §§ 544, 545, 547, 548 and 549 of the Bankruptcy Code. | **N/A** | **N/A** |
| **Local Rule 4001-2(A)(2)(e)**: Provisions that deem pre-petition secured debt to be post-petition debt or that use post-petition loans from a pre-petition secured creditor to pay part or all of that secured creditor's pre-petition debt, other than as provided in § 552(b) of the Bankruptcy Code. | **N/A** | **N/A** |
| **Local Rule 4001-2(A)(2)(f)**: Provisions that provide for the professionals retained by a committee appointed by the UST different from that provided for the professionals retained by the debtor with respect to professional fee carve-out, and provisions that limit the committee counsel's use of the carve-out. | **N/A** | **N/A** |

| Requisite Provision | Location | Justification |
|---|---|---|
| **Local Rule 4001-2(A)(2)(g)**: Provisions that prime any secured lien, without the consent of that lienor. | **N/A** | **N/A** |
| **Local Rule 4001-2(A)(2)(h)**: A declaration that the order does not impose lender liability on any secured creditor. | **N/A** | **N/A** |
| **Local Rule 4001-2(A)(2)(i)**: Provisions that grant the lender expedited relief from the automatic stay in § 362 of the Bankruptcy Code, or relief from the automatic stay without further order of the court. | **N/A** | **N/A** |

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) in which the Court may constitutionally enter a final order.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      This Motion is made pursuant to sections 105, 361(2), 363(b) & (c)(2), and 364(b) of title 11 of the United States Code, (the "Bankruptcy Code" or the "Code") and Rules 2002, 9006, 9014, and 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 4001-2 of the Local Rules for the United States Bankruptcy Court for the Northern District of Illinois.

## BACKGROUND

**A.      Chapter 11 Case.**

5.      On March 29, 2018, the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Code ("Bankruptcy Code").

6.      On May 31, 2018, the United States Trustee ("UST") filed a Motion to Dismiss or Convert or in the Alternative, Appoint a Chapter 11 Trustee ("Trustee Motion").  (Dkt. 47.)

49547506v.3

7.      In the Trustee Motion and, subsequent Reply (Dkt. 75) and a later Supplement (Dkt. 76), the allegations of the UST motion detailed and disclosed numerous failures by the Debtor to (i) maintain appropriate insurance that poses a risk to the Estate or the public; (ii) provide information reasonably requested by the US Trustee; (iii) timely file monthly operating reports; and (iv) list or disclose all of his assets including his interests in limited liability companies that own numerous real properties and a post-petition filed, state court lawsuit where the Debtor was trying to obtain the return of real properties he admits were transferred by him in fraud of his creditors.

8.      On August 3, 2018, the U.S. Trustee moved for the approval of its appointment of Gus A. Paloian as the Chapter 11 Trustee in this case.  (Dkt. 101.)

9.      On August 7, 2018, the Court issued an Order Approving the Appointment of Gus A. Paloian as the Chapter 11 Trustee.  (Dkt. 106.)

10.      On August 29, 2018, the Trustee filed an Application to Employ Pearson Realty Group as Real Estate Broker (the "Broker Application").  (Dkt. 144.)  The Order approving the Broker Application was entered on September 6, 2018.  (Dkt. 153.)

11.      On September 10, 2018, the Trustee filed an Application to Employ R. Baker Thompson and Two Blue Management Company as Real Estate Property Manager (the "Manager Application").  (Dkt. No. 159.)  The Order approving the Manager Application was entered on September 19, 2018.  (Dkt. No. 167.)

12.      Since the Trustee's appointment in this case, the Debtor has (i) admitted collecting rents post-trustee appointment, failed to identify the rents collected and failed to turn over the collected rents; and (ii) denied the Trustee access to the Debtor's office at 1918 W.

49547506v.3

Cermak, Chicago, Illinois to examine the volume of documents related to the Debtor's controlled assets. *See* Trustee Decl. (defined below).

**B.      Financing Prior to the Bankruptcy Filing**.

13.      The Federal Deposit Insurance Corporation ("FDIC") is the Receiver for Washington Federal Bank for Savings for purposes of collection of obligations an money due to that institution and is a creditor of Debtor's Estate and asserts that it is the holder of certain liens and security interests encumbering the real property described in Exhibit A (collectively the "Lender Portfolio") to the Lender Loan and Fee Agreement ("Loan Agreement"), which Loan Agreement is attached hereto as **Exhibit 1**.   The FDIC alleges that the Lender Portfolio consists of the following real properties, which are directly or indirectly owned by the Estate:

     a.   1512 W. Polk Street, Chicago, IL 60607;

     b.   2120 N. Lockwood Avenue, Chicago, IL 60639;

     c.   4547 S. Union Avenue, Chicago, IL 60609;

     d.   1742 N. Bissell Street, Chicago, IL 60614;

     e.   1746 N. Bissell Street, Chicago, IL 60614;

     f.   1748  N. Bissell Street, Chicago, IL 60614;

     g.   6411 S. Maryland Avenue, Chicago, IL 60637;

     h.   1946 S. Canalport Avenue, Chicago, IL 60616;

     i.   6500 S. Drexel Avenue, Chicago, IL 60637;

     j.   2648 W. Luther Street, Chicago, IL 60608;

     k.   6835-37 S. Merrill Avenue, Chicago, IL 60649;

     l.   5857 N. Maplewood Avenue, Chicago, IL 60659;

     m.   6555 S. Greenwood Avenue, Chicago, IL 60637;

49547506v.3

n.  5307-1 W. Leland Avenue, Chicago, IL 60630;

o.  5301 W. Leland Avenue, Chicago, IL 60630;

p.  1707 S. Newberry Avenue, Chicago, IL 60608;

q.  1711 S. Newberry Avenue, Chicago, IL 60608;

r.  1918 W. Cermak Road, Chicago, IL 60608;

s.  1823 N. Keeler, Chicago, IL 60639;

t.  6522 S. Ellis Avenue, Chicago, IL 60637;

u.  2547 W. 59th Street, Chicago, IL 60629;

v.  5340 S. Rockwell Street, Chicago, IL 60632;

w.  11611-13 S. Vincennes Avenue, Chicago, IL 60643;

x.  851 E. 63rd Street, Chicago, IL 60637;

y.  2712-14 W. North Avenue, Chicago, IL 60647; and

z.  2242 W. Cermak Road, Chicago, IL 60608.

14.     On July 5, 2018, the FDIC filed proof of claim No. 20 evidencing unsecured debt in the total amount of not less than $5,248,000.00 with respect to the Lender Portfolio.  On September 5, 2018, the FDIC filed proof of claim No. 22 evidencing secured debt in the total amount of not less than $21,937,728.93 with respect to the Lender Portfolio.

## C.     Need for Post-Petition Financing.

15.     The Trustee requires immediate access to interim post-petition financing and use of cash collateral pursuant to Bankruptcy Code sections 361(2), 363(b) & (c)(2), and 364(b) and Bankruptcy Rule 4001.  In the absence of immediate access, the Trustee will be unable to effectively manage the Estate, causing immediate and irreparable loss or damage to the Estate.

49547506v.3

The Trustee does not have sufficient unrestricted cash and other financing available to manage the Estate absent the relief provided in this Motion.

16.     The use of cash collateral alone would be insufficient to meet the Estate's post-petition operating needs.  Therefore, the Trustee has negotiated unsecured credit allowable under Bankruptcy Code sections 503(b)(1) or 364(b) with the FDIC that would be sufficient to enable Trustee to manage the Estate.  The Trustee requires the post-petition financing to satisfy the Estate's immediate and critical need for post-petition liquidity.

17.     The Trustee is authorized to operate and manage Debtor's Estate pursuant to Bankruptcy Code sections 1104, 1106, and 1108.

18.     The Trustee submits the declaration ("Trustee Decl."), attached hereto as **Exhibit 2**, in support of this Motion.

## **RELIEF REQUESTED**

19.     By this Motion, the Trustee requests that the Court enter orders permitting the Trustee, on behalf of the Estate, to:  (i) incur post-petition unsecured indebtedness of up to $95,000 ("Estate Financing") pursuant to 11 U.S.C. § 364(b) by entering into the Loan Agreement with the FDIC with such financing to be allowed as an administrative expense pursuant to 11 U.S.C. § 503(b)(1), except that the administrative claim arising from the Estate Financing shall be subordinate to the fees and expenses of the Trustee and his professionals; (ii) use the FDIC's alleged cash collateral in the form of rents pursuant to 11 U.S.C. § 363(b) & (c)(2) and to grant the FDIC adequate protection pursuant to 11 U.S.C. § 361(2) in the form of replacement liens on post-petition rents received by the Estate to the extent the FDIC possesses valid pre-Petition liens on such rents; and (iii) set a final hearing on the Motion.

20.     The Trustee requests the entry of an interim order in the form of **Exhibit 3**, attached hereto ("Interim Financing Order"), permitting the FDIC to advance post-petition funds

to the Estate in the form of the Estate Financing of up to the sum of ninety-five thousand dollars ($95,000) pursuant to the terms of the Lender Loan and Fee Agreement ("Loan Agreement"), and to allow the Trustee to use the Estate Financing and any cash collateral to manage the Estate from the date of the Interim Financing Order through the date of the entry of a Final Financing Order, which Final Financing Order be considered at a final hearing to be scheduled by the Court.  The Trustee and the FDIC conducted lengthy, good faith negotiations with respect to the terms and conditions of the Loan Agreement and the Interim Financing Order.  The Estate Financing advances shall be made after the use of rent collections from the properties owned by the Debtor (less $30,000 for reserves) and funds in the Estate's bank account (less $5,000 for reserves).  In exchange for providing the Estate Financing, the FDIC shall receive an administrative expense claim under Section 503(b)(1), subordinate to the fees and expenses of the Trustee and his professionals.  The Trustee further requests authority from the Court to provide the FDIC with replacement liens on the post-Petition rents derived from the Lender Portfolio with the same validity, extent, and priority of the FDIC's pre-Petition liens for in exchange for permitting the Trustee to use the FDIC's cash collateral in the form of rents from the Lender Portfolio.

21.    In conjunction with the Estate Financing, the Trustee and FDIC have agreed to the following:  (a)  Trustee shall engage Two Blue Property Management Company ("Property Manager") to assist with real property management and shall engage Austin Pearson and Pearson Realty Group ("Broker") to assist him in determining the market value and potentially marketing and selling or disposing of real property in the Estate including Lender Portfolio; and (b) the following fees, costs, and expenses shall be paid from the sale collateral from the Lender Portfolio prior to any payments being made to FDIC on account of its secured debt:  (i) a fee

10

payable to the Estate in the amount of $7,500 for the sale of each parcel of real property from

Lender Portfolio; (ii) a brokerage fee payable to Broker and any cooperating broker in the

amount of 6% of the gross sale price of each parcel of real property; and (iii) such other fees and

expenses associated with the sale or disposition of real property from Lender Portfolio as

contemplated by the sales contracts.

22.     Bankruptcy Code section 364(b) provides:

> The Court, after notice and a hearing, may authorize the trustee to obtain
> unsecured credit or to incur unsecured debt other than under subsection (a) of this
> section, allowable under section 503(b)(1) of this title as an administrative
> expense.

11 U.S.C. § 364(b).

23.     In addition, Bankruptcy Code section 363(b) provides that, after notice and a

hearing, the Trustee may use property of the Estate other than in ordinary course of business.  11

U.S.C. § 363(b).  Further, Bankruptcy Code section 363(c)(2) provides that the trustee may not

use cash collateral unless the such secured creditor consents or the Court, after notice and

hearing, authorizes such use.  11 U.S.C. § 363(c)(2).  In turn Section 363(e) requires that the

Estate provide the FDIC with adequate protection of its interests in the cash collateral.  11 U.S.C.

§ 363(e).  In this regard, Section 361 provides that when adequate protection is required to use

cash collateral pursuant to Section 363, such adequate protection may be provided by, among

other things, the grant of a replacement lien or an administrative expense claim.  11 U.S.C.

§ 361(2).

24.     Bankruptcy Rules 4001(b) and (c) provide that a final hearing on a motion to use

cash collateral pursuant to section 363 of the Bankruptcy Code and to obtain credit pursuant to

section 364 of the Bankruptcy Code may not be commenced earlier than fourteen (14) days after

the service of such motion.  Upon request, however, the Court is empowered to conduct a

49547506v.3

preliminary expedited hearing on the motion and authorize the use of cash collateral and the obtaining of credit to the extent necessary to avoid immediate and irreparable harm to the Estate.

25.     The Trustee is seeking approval of the terms of the Loan Agreement and Interim Financing Order, including the use of cash collateral and granting of adequate protection, to avoid immediate and irreparable harm, as the Trustee will not be able to pay expenses necessary to manage the Estate.  Accordingly, pursuant to Bankruptcy Rules 4001(b)(2) and 4001(c)(2), the Court is authorized to grant the relief requested herein.

26.     The Trustee negotiated the terms of the Loan Agreement and Interim Financing Order at arm's length and pursuant to his business judgment, which is to be accorded deference so long as it does not run afoul of the provision of policies underlying the Bankruptcy Code. *See In re AMR Corp*., 485 B.R. 279, 287 (Bankr. S.D.N.Y. 2013) ("In determining whether to approve a debtor's request under section 364, a Court must examine whether the relief requested is an appropriate exercise of the debtor's business judgment."); *see also In re UAL Corp.*, No. 02-B-48191, 2002 WL 34344253 (Bankr. N.D. Ill. Dec. 11, 2002); *In re Olde Prairie Block Owners, LLC*, 448 B.R. 482, 492 (Bankr. N.D. Ill. 2011) (noting that while there is no specific standard under Section 364, there must be an articulated business justification for such transactions).  As indicated in the Loan Agreement, the FDIC permits to use of its cash collateral on the terms and conditions provided therein.

27.     Approval of the Loan Agreement, including use of cash collateral and granting of adequate protection, and entry of the proposed Interim Financing Order is required to preserve, maintain, and manage the Estate's assets and is, therefore, in the best interest of the Estate and creditors.  Accordingly, the Trustee requests that this Court authorize the Trustee to enter into and to effectuate the terms of the Loan Agreement and the Interim Financing Order.

49547506v.3

**NOTICE**

28.     The Trustee has given eleven (11) days' notice of this Motion to the United States Trustee, the Debtor, the creditors, and other parties of interest.  In light of all the facts and circumstances of this case, as permitted by Bankruptcy Rule 4001, the Trustee submits that cause exists to shorten the notice of this Motion to that given pursuant to Bankruptcy Rule 9006(c) for purposes of entry of the Interim Financing Order and that the Court set a further hearing on the Motion for entry of the Final Financing Order.

*[This portion of page intentionally left blank.]*

49547506v.3

WHEREFORE, the Trustee respectfully requests that the Court enter an Order (a) shortening notice on the Motion to that provided, (b) authorizing the Trustee on behalf of the Estate to execute the Loan Agreement and incur post-petition unsecured indebtedness of up to $95,000 as a priority administrative claim pursuant to 11 U.S.C. § 364(b) on an interim and, subject to a final hearing, on a final basis; (c) authorizing the Trustee on behalf of the Estate to use cash collateral pursuant to 11 U.S.C. § 363(b) & (c)(2) on an interim and, subject to a final hearing, on a final basis; (d) granting adequate protection pursuant to 11 U.S.C. § 361(2) on an interim and, subject to a final hearing, on a final basis; (e) setting a final hearing on the Motion; and (f) granting such other or further relief as the Court deems just.

Dated:  September 25, 2018                    Respectfully submitted,


                                              GUS A. PALOIAN, not individually, but solely in
                                              his capacity as the Chapter 11 Trustee of the
                                              Debtor's Estate,

                                              By: /s/ James B. Sowka

                                                  Gus A. Paloian (06188186)
                                                  James B. Sowka (6291998)
                                                  SEYFARTH SHAW LLP
                                                  233 South Wacker Drive
                                                  Suite 8000
                                                  Chicago, Illinois  60606
                                                  Telephone:  (312) 460-5000
                                                  Facsimile:  (312) 460-7000
                                                  gpaloian@seyfarth.com
                                                  jsowka@seyfarth.com

                                                  *Counsel to Chapter 11 Trustee, Gus A. Paloian*

14

49547506v.3