# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| **In re:**  <br>**ROBERT M. KOWALSKI,**  <br>   Debtor. | **Case No. 18-9130**  <br>**Chapter 11**  <br>**Honorable Jacqueline P. Cox** |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on October 30, 2018 at 11:00 a.m. or as soon thereafter as counsel may be heard, we will appear before the Honorable Jacqueline P. Cox, United States Bankruptcy Judge, or any judge sitting in her stead, in Courtroom 680 in the United States Courthouse, 219 South Dearborn Street, Chicago, Illinois and present the attached **SUPPLEMENTAL MOTION OF FDIC, AS RECEIVER FOR WASHINGTON FEDERAL BANK FOR SAVINGS, TO COMPEL DEBTOR'S ATTENDANCE AT BANKRUPTCY RULE 2004 EXAMINATION ON SPECIFIC TERMS AND CONDITIONS**, at which and time you may appear as you see fit.

.

Dated: October 25, 2018

Respectfully submitted,

FEDERAL DEPOSIT INSURANCE CORPORATION,
AS RECEIVER FOR FIRST UNITED BANK

By: /s/ Jason M. Torf
Eric S. Rein
Jason M. Torf
HORWOOD MARCUS & BERK CHARTERED
500 W. Madison St.
Suite 3700
Chicago, Illinois 60661
(312) 606-3200 (phone)
(312) 606-3232 (facsimile)
rrein@hmblaw.com
jtorf@hmblaw.com

*Counsel for Federal Deposit Insurance Corporation, as Receiver for First United Bank*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>**ROBERT M. KOWALSKI,**<br><br>                      **Debtor.** | **Case No. 18-9130**<br>**Chapter 11**<br>**Honorable Jacqueline P. Cox** |

**SUPPLEMENTAL MOTION OF FDIC, AS RECEIVER FOR
WASHINGTON FEDERAL BANK FOR SAVINGS, TO COMPEL
DEBTOR'S ATTENDANCE AT BANKRUPTCY RULE 2004 EXAMINATION
ON SPECIFIC TERMS AND CONDITIONS**

Federal Deposit Insurance Corporation, as Receiver for Washington Federal Bank for Savings ("FDIC-R"), secured creditor, moves the Court, pursuant to Bankruptcy Rule 2005(a), to compel the attendance of the Debtor, Robert M. Kowalski, to attend his Rule 2004 examination on specific terms and conditions. In support hereof, FDIC-R states as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). This matter is a core proceeding under 28 U.S.C. § 157(b).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408, 1409.

**INTRODUCTION**

3. The Debtor's egregious conduct at FDIC-R's recent Rule 2004 examination of him and the Debtor's failure to submit for his full and complete examination or to produce documents as ordered by this Court has necessitated the filing of this supplemental motion. Significantly and despite his reason for requesting a continuance of the examination in September, the Debtor appeared for his 2004 examination without counsel and said he would be representing himself. After a long battle simply to get the Debtor to submit to his examination, the Debtor spent the majority of the first full day of his examination engaged in a verbal battle with counsel for FDIC-

2

R, giving evasive answers, occupying long periods of time in silence while reviewing documents (a clear delay tactic), engaging in lengthy monologues, and making accusatory statements having nothing to do with the questions being asked. Nevertheless, intent on pressing through with the examination, FDIC-R sat ready to continue the examination on the second scheduled day as ordered by this Court. After showing up thirty (30) minutes late, the Debtor continued his verbal sparring with FDIC-R's counsel from the outset. Then, before the examination for that day could even begin in earnest, in response to an innocuous comment from Mr. Paloian, the Chapter 11 Trustee who was present at the examination, the Debtor rose from his chair, moved quickly across the room in a menacing manner toward Mr. Paloian, and went nose-to-nose with the Trustee, insinuating that he intended to resort to physical violence. Due to immediate safety concerns, building security was called. Once the situation de-escalated to a point where FDIC-R felt comfortable continuing the examination, the Debtor refused to proceed (with or without security present, an option that FDIC-R offered to the Debtor) and left (escorted from the building by security). Because the Debtor has, of his own actions, precluded FDIC-R from proceeding with its Rule 2004 examination, and due to the Debtor's repeated threatening behavior – both physically and verbally – FDIC-R files this supplemental motion to request an order from this Court that provides an opportunity for FDIC-R to continue its Rule 2004 examination of the Debtor in an environment that will be both safe for the participants and conducive to the Debtor's cooperation and responsiveness.

**FACTUAL BACKGROUND**

3. On March 29, 2018, the Debtor filed a Voluntary Petition for Relief Under Chapter 11 of the United States Bankruptcy Code.

3

4.	FDIC-R is a secured creditor and the most significant creditor in this bankruptcy matter. FDIC-R holds mortgages and other interests on many parcels of real property that is property of this Estate.

5.	On June 14, 2018, this Court authorized FDIC-R to issue Subpoenas for Depositions and Documents pursuant to Bankruptcy Rule 2004. (*See* Dkt. No. 169, Exhibit 1, Rein Affidavit at ¶ 4.)

6.	Accordingly, on July 27, 2018, FDIC-R issued a Subpoena to the Debtor to testify at a deposition and to produce documents on September 6, 2018, which Subpoena was personally served on the Debtor on August 7, 2018. (*Id*. at ¶ 5.)

7.	On September 5, 2018, the Debtor asked that his Rule 2004 Examination be rescheduled so that he could cover court calls in this matter on September 6, 2018. FDIC-R agreed to the extension, suggested four dates in September, and the Debtor selected September 18, 2018. (*Id*. at ¶ 6.)

8.	On September 17, 2018, one day before the rescheduled examination, the Debtor asked to have counsel present and when confronted with the fact no counsel had appeared on his behalf, wanted a continuance to retain one. The Debtor then contended, "I have not previously requested a continuance." FDIC-R pointed out that a continuance had been agreed to on September 5, 2018, that the Debtor had agreed to the September 18, 2018 date, and that the excuse of having counsel present was without merit since he had been without counsel since July 25, 2018 and had more than sufficient time to retain one. (*Id*. at ¶ 7.)

9.	On September 18, 2018, the Debtor failed to appear for his Rule 2004 Examination that was to begin at 9:30 am. Accordingly, at 9:45 am, counsel for FDIC-R sent an email to the Debtor asking if he was going to appear for his examination and informing him that FDIC-R would

wait until 10:00 am before adjourning and filing a Motion to Compel Attendance if he failed to appear. (*Id*. at ¶ 8.)

10. The Debtor failed to appear at the Rule 2004 Examination on September 18, 2018 by 10:00 am, whereat counsel for FDIC-R and four representatives of the FDIC were in attendance. As a result, the examination was adjourned to enable FDIC-R to seek the appropriate Court Order. (*Id*. at ¶ 9.)

11. FDIC-R did, in fact, file a motion pursuant to Bankruptcy Rule 2005(a) seeking to compel the Debtor's attendance at FDIC-R's Rule 2004 examination of him. (*See* Dkt. No. 169.) That motion was granted and an order was entered on October 5, 2018. (*See* Dkt. No. 193.)

12. The October 5 order directed the Debtor to appear for FDIC-R's Rule 2004 examination of him on October 22 and 23, 2018 beginning at 9:30 a.m. on both dates at the office of FDIC-R's counsel. The order additionally directed the Debtor to produce documents requested by FDIC-R's subpoena by those dates.

**The Debtor's Failure to Comply with the October 5 Order and His Egregious Misconduct at the Rule 2004 Examination**

13. At the outset, it is important to note that the Debtor has failed to comply with the October 5 order in two respects: both his failure to submit for his continued examination and his failure to produce all documents responsive to FDIC-R's subpoena. Nearly three months after being served with FDIC-R's subpoena, which included a document request, the Debtor showed up at the first day of the Rule 2004 examination carrying only two bankers boxes of documents. Previously, at the § 341 meeting in this case, in response to a line of questioning from the Trustee regarding the Debtor's business records, the Debtor refused to state the volume of documents he had, but made it clear that the documents cover over 20 years of his work and fill his office – clearly more than two bankers boxes. At the beginning of the second day of the Rule 2004

5

4470198/1/13664.008

examination, the Debtor acknowledged that his production was incomplete and that he had more documents to produce. (*See* Transcript of October 23, 2018 examination of Debtor, **Exhibit A** here, at 3-12. Not only did the Debtor produce a woefully incomplete set of documents, but he expressly stated that he refused to produce more responsive documents until the two boxes of documents he produced on day one were returned to him:

> Q: Am I correct that you're refusing to produce records until the two boxes you brought on Monday are copied?
>
> A: Yes, I refuse to do so until the boxes I provided are returned. Those are my records. You're not entitled to the possession of them.

Ex. A, at 4:2-7. The Debtor apparently believes that he is entitled to produce documents on a piecemeal basis whenever he wants and that he is not obligated to continue to produce documents until earlier-produced records are returned. The Debtor misunderstands the nature of his obligation to produce all responsive documents in response to FDIC-R's subpoena by the October 22 date commanded in this Court's October 5 order.

14. The Debtor's most egregious conduct that necessitated the filing of this supplemental motion occurred just two (2) minutes into the second day of examination. After acting in a verbally abusive, combative, often belligerent manner and frequently providing evasive answers to even simple questions through the first day of examination, on the second day, the Debtor apparently took offense to an entirely innocuous comment from Mr. Paloian, the Chapter 11 Trustee who was present at the examination, simply suggesting that the Debtor answer the question rather than battling the examiner. The Debtor responded by verbally abusing Mr. Paloian, then rising from his chair and briskly walking across the conference room to approach Mr. Paloian. Once the Debtor breached Mr. Paloian's personal space, Mr. Paloian stood up without moving his feet. The Debtor then approached Mr. Paloian even closer, getting nose-to-nose, chest-to-chest

6

with Mr. Paloian. As Mr. Paloian continued to suggest that the Debtor calm down, sit down, and answer the questions, the Debtor continued his verbal abuse and strongly intimated his intent to resort to physical violence:

> MR. PALOIAN: Would you let him ask –
>
> THE WITNESS: You just shut the –
>
> MR. PALOIAN: Would you let him –
>
> THE WITNESS: Shut up. Who are you? Who are you –
>
> MR. PALOIAN: You need to sit down.
>
> THE WITNESS: I don't need to sit down.
>
> MR. PALOIAN: Call security –
>
> THE WITNESS: You're -- call security, that's right, you call security.
>
> MR. REIN: Mr. Kowalski –
>
> MR. PALOIAN: Yeah, and you're approaching me –
>
> MR. REIN: -- please sit down.
>
> MR. PALOIAN: You've moved from your seat six or seven feet and you're standing in front of me –
>
> THE WITNESS: I'm getting a cup of water here.
>
> MR. REIN: Then get yourself –
>
> THE WITNESS: And you're pointing at me. Mr. Paloian is pointing at me. I'm not sure why we need to be like a tag team wrestling over here. If you want tag teaming bring it on, guys.
>
> MR. PALOIAN: You need to sit down.
>
> THE WITNESS: You need to treat me like a gentleman.
>
> MR. PALOIAN: Sit down.
>
> THE WITNESS: I'm not your kid.

7

| | |
|---|---|
| MR. PALOIAN: | When you behave like a gentleman, you'll be treated like such. |
| THE WITNESS: | I am a gentleman. |
| MR. PALOIAN: | You need to sit down. |
| THE WITNESS: | I don't need to do anything. |
| MR. REIN: | Mr. Kowalski – |
| THE WITNESS: | I don't need to do anything at all. |
| MR. REIN: | You're going to push him? That'll be battery. And pushing a federal trustee is a federal crime. You'll be serving time in the MCC. Sit down, please. |
| THE WITNESS: | Let's wait for security to come up. |
| MR. REIN: | What -- Okay. |

(Whereupon the witness exited the conference room)

Ex. A, at 17:9-19:6.

15.     During the Debtor's physical and verbal confrontation with Mr. Paloian, building security was called. Even after security arrived, the Debtor continued his verbal assault, including upon the two building security personnel who were simply attempting to assess and diffuse the situation. Given the safety and security issues raised by the Debtor's conduct, security was asked and agreed to remain present as the examination continued. However, the Debtor refused to continue the examination with security personnel present. (*See* Ex. A, at 25:13-19.)[1] Ultimately, even when FDIC-R's counsel offered to continue the examination without security personnel present, the Debtor refused to do so, packed up his belongings, and chose to leave.

---

[1] Because the Debtor repeatedly went on lengthy diatribes, FDIC-R has elected not to quote lengthy portions of the transcript in the body of this motion. However, FDIC-R encourages the Court to read the entire transcript attached hereto as Exhibit A for the full context and a thorough understanding of the Debtor's conduct.

8

16. Even after leaving the conference room where the examination took place, the Debtor's verbal assault apparently continued. Building security determined it necessary to escort the Debtor from the premises, all the way from counsel's office on the 37th floor to the exterior of the building. Upon returning to counsel's office, building security personnel who were present and who escorted the Debtor from the premises conveyed to the undersigned and to others still present that the Debtor continued to shout at security personnel all the way to the exit of the building, including cursing at building security personnel and using racial epithets.

17. FDIC-R's Rule 2004 examination has not concluded, and FDIC-R estimates that it may take several more days of examination to obtain the information it needs about the Debtor's affairs and FDIC-R's collateral. Given the occurrence described above, FDIC-R proposes to continue the examination upon further order of this Court in a manner that takes into account the security of those present at the examination and which is conducive to the Debtor's responsiveness.

## LEGAL AUTHORITY

11. Pursuant to Bankruptcy Rule 2005(a):

> On motion of any party in interest supported by an affidavit alleging … (3) that the debtor has willfully disobeyed a subpoena or order to attend for examination, duly served, the court may issue to the marshal, or some other officer authorized by law, an order directing the officer to bring the debtor before the court without unnecessary delay. If, after hearing, the court finds the allegations to be true, the court shall thereupon cause the debtor to be examined forthwith. If necessary, the court shall fix conditions for further examination and for the debtor's obedience to all orders made and referenced thereto.

## RELIEF REQUESTED

12. As a result of the Debtor's willful disobeyance of this Court's October 5 order directing him to submit to FDIC-R's Rule 2004 examination, including the production of documents responsive to FDIC-R's subpoena, FDIC-R requests that this Court:

9

- direct the United States marshal to take the Debtor into custody *instanter* and to house him at the Metropolitan Correctional Center in Chicago, Illinois until at least such time as FDIC-R has concluded its Rule 2004 examination (including any further examination that may be necessitated by the Debtor's delayed production of documents and FDIC-R's need to review those documents when produced and to examine the Debtor about them) on dates convenient to FDIC-R and the Trustee and the Debtor has fully produced all documents responsive to FDIC-R's subpoena; and

- enter an order directing the Debtor to appear for continued Rule 2004 examination by FDIC-R, for as many days as necessary until the examination is concluded, on the following conditions:

    - the continued examination will take place in a conference room at the Dirksen Federal Building;[2]

    - a United States marshal shall be present in the room at all times during the continued examination; and

    - FDIC-R, as its discretion, may pause the examination to seek this Court's intervention any time the Debtor refuses to answer questions, provides incomplete or evasive answers not directed to the question posed, or otherwise engages in any inappropriate conduct.

The foregoing conditions are intended to ensure the security of those present at the examination with the Debtor and the proximity of the Court to intervene as necessary.

**WHEREFORE**, FDIC-R respectfully requests that this Court enter an Order as follows:

---

[2] The examination no longer can take place at the office of FDIC-R's counsel because building security has permanently banned the Debtor from the premises.

- directing the United States marshal to take the Debtor into custody *instanter* and to house him at the Metropolitan Correctional Center in Chicago, Illinois until at least such time as FDIC-R has concluded its Rule 2004 examination (including any further examination that may be necessitated by the Debtor's delayed production of documents and FDIC-R's need to review those documents when produced and to examine the Debtor about them) and the Debtor has fully produced all documents responsive to FDIC-R's subpoena; and

- directing the Debtor to appear on dates convenient for the FDIC-R and the Trustee for continued Rule 2004 examination by FDIC-R, for as many days as necessary until the examination is concluded, on the following conditions:
  - the continued examination will take place in a conference room at the Dirksen Federal Building;
  - a United States marshal shall be present in the room at all times during the continued examination; and
  - FDIC-R, as its discretion, may pause the examination to seek this Court's intervention any time the Debtor refuses to answer questions, provides incomplete or evasive answers not directed to the question posed, or otherwise engaged in any inappropriate conduct.

4470198/1/13664.008

Dated: October 25, 2018 Respectfully submitted,

FEDERAL DEPOSIT INSURANCE CORPORATION,
AS RECEIVER FOR FIRST UNITED BANK

By: /s/ Jason M. Torf
Eric S. Rein
Jason M. Torf
HORWOOD MARCUS & BERK CHARTERED
500 W. Madison St.
Suite 3700
Chicago, Illinois 60661
(312) 606-3200 (phone)
(312) 606-3232 (facsimile)
rrein@hmblaw.com
jtorf@hmblaw.com

*Counsel for Federal Deposit Insurance Corporation, as Receiver for First United Bank*