# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>ROBERT M. KOWALSKI,<br><br>　　　　　　Debtor. | Case No. 18-09130<br>Chapter 11<br><br>Hon. Jacqueline P. Cox |

## NOTICE OF TRUSTEE'S MOTION FOR LEAVE TO CONDUCT RULE 2004 EXAMINATION OF BANK OF AMERICA, N.A.

TO:   PARTIES ON ATTACHED SERVICE LIST(S)

**PLEASE TAKE NOTICE** that on **November 15 at 9:30 a.m.**, or as soon thereafter as counsel may be heard, we shall appear before the before the Jacqueline P. Cox, United States Bankruptcy Judge for the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, or any judge sitting in Her Honor's stead in the courtroom usually occupied by her, Courtroom 680, at 219 South Dearborn Street, Chicago, Illinois, and shall present the attached **Motion of Chapter 11 Trustee Gus A. Paloian for Leave to Conduct Rule 2004 Examination of Bank of America, N.A.**, a copy of which is hereby served upon you.

Dated:  November 8, 2018

Respectfully submitted,

GUS A. PALOIAN, not individually, but solely in his capacity as the Chapter 11 Trustee of the Debtor's Estate,

By:  /s/ Devvrat  Sinha

Gus A. Paloian (06188186)
Devvrat Sinha (6314007)
SEYFARTH SHAW LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois  60606
Telephone:  (312) 460-5000
Facsimile:  (312) 460-7000
gpaloian@seyfarth.com
dsinha@seyfarth.com

*Counsel to Chapter 11 Trustee, Gus A. Paloian*

51670082v.4

# CERTIFICATE OF SERVICE

I, Devvrat Sinha, an attorney, certify that on November 8, 2018, I caused a copy of the attached **Notice of Motion** and **Motion of Chapter 11 Trustee Gus A. Paloian for Leave to Conduct Rule 2004 Examinations** to be served (i) electronically through the Court's Electronic Notice for Registrants on all persons identified as Registrants on the appended Service List, and (ii) by first class U.S. Mail and (iii) by certified mail, postage fully pre-paid, to those other parties identified on the attached Service List.

By: /s/ Devvrat Sinha
Devvrat Sinha

51670082v.4

# KOWALSKI SERVICE LIST

## Case No. 18-09130

**SERVICE VIA CM/ECF**

| | |
|---|---|
| Kevin M. Flynn | kevin@kmflynnlaw.com |
| Sheryl A. Fyock | sfyock@llflegal.com |
| Neil P. Gantz | neilgantz@yahoo.com, negrita0615@yahoo.com |
| Kathryn Gleason | USTPRegion11.ES.ECF@usdoj.gov, Kathryn.M.Gleason@usdoj.gov |
| Cameron M. Gulden | USTPRegion11.es.ecf@usdoj.gov |
| Geraldine W Holt | gwholt@holtlawgroup.com |
| Ronald J. Kapustka | ndaily@ksnlaw.com, bankruptcy@ksnlaw.com |
| Patrick S. Layng | USTPRegion11.ES.ECF@usdoj.gov |
| Candice M. Manyak | candice.manyak@usdoj.gov |
| Kathleen R. Pasulka-Brown | kpasulka-brown@pjjq.com, kroh@pjjlaw.com; abhatti@pjjlaw.com; egibbons@pjjlaw.com; cgasiciel@pjjlaw.com; jwarren@pjjlaw.com; jgalindo@pjjlaw.com; jlewis@shinglerlewis.com; jtonkinson@FDIC.gov |
| James M. Philbrick | jmphilbrick@att.net |
| Karen J. Porter | porterlawnetwork@gmail.com, laz0705@comcast.net |
| Eric S. Rein | rrein@hmblaw.com, dzic@hmblaw.com;ecfnotices@hmblaw.com |
| Todd J. Ruchman | amps@manleydeas.com |
| Jason M. Torf | jtorf@hmblaw.com, ecfnotices@hmblaw.com |
| Ernesto D. Borges, Jr. | notice@billbusters.com; billbusters@iamthewolf.com; billbusters@ecf.inforuptcy.com; borgeser80263@notify.bestcase.com |

**VIA UNITED STATES MAIL**

BANK OF AMERICA
Attn: Bankruptcy Department
475 Cross Point Pkwy
PO Box 9000
Getzville, NY 14068-9000

Bank of America, N.A.
Legal Order Processing
P.O. Box 15047
Wilmington, DE 19850-5047

BANK OF AMERICA
135 S La Salle St STE LL18
Chicago, IL 60603 US

**VIA UNITED STATES CERTIFIED MAIL**

Bank of America Corporate Center,
c/o Brian Moynihan, CEO
Attn: Legal Notice
100 North Tryon Street
Charlotte, NC 28255

51670082v.4

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>ROBERT M. KOWALSKI,<br><br>Debtor. | Case No. 18-09130<br>Chapter 11<br><br>Hon. Jacqueline P. Cox |

**TRUSTEE'S MOTION FOR LEAVE TO CONDUCT RULE 2004 EXAMINATION OF BANK OF AMERICA, N.A.**

Gus A. Paloian, not individually, but as the Chapter 11 trustee (the "Trustee") for the bankruptcy estate of Robert M. Kowalski (the "Debtor") respectfully moves (this "Motion") under Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and Local Bankruptcy Rule 9013-9, for entry of an Order authorizing the Trustee to conduct a Rule 2004 examination of Bank of America, N.A. ("Bank of America").

**JURISDICTION & VENUE**

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334, and Internal Operating Procedure 15 of the United States District Court for the Northern District of Illinois. Venue is proper in this District under 28 U.S.C. § 1409(a). This proceeding is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (O).

**BACKGROUND**

2. On March 29, 2018, a voluntary petition for relief under Chapter 11 of the United States Code ("Bankruptcy Code") was filed by the Debtor.

3. On May 31, 2018, the United States Trustee moved to convert or dismiss the case, or alternatively, for the Court to appoint a Chapter 11 Trustee. (Dkt. No. 47).

4. On August 7, 2018, an Order was entered approving the appointment of Gus A. Paloian as Chapter 11 Trustee of the Estate (Dkt. No. 106).

5. Since his appointment, the Trustee has investigated the affairs of the Debtor. The Debtor has refused to provide the Trustee access to his business records, thereby interfering in the Trustee's investigation concerning property of the Estate.

6. The Trustee has discovered that the Debtor remitted a Byline Bank Cashier's Check, Check No. 10227384, to "Premium Title" in the amount of $64,084.35 on August 13, 2018, and this check was deposited at a Bank of America location on October 1, 2018. A copy of Check No. 10227384 is attached here as part of Exhibit 1.

7. Separately, the Trustee has discovered that the Debtor remitted a Byline Bank Cashier's Check, Check No. 10227223, to himself in the amount of $4,500.00 on April 24, 2018, and this check was deposited at a Bank of America location on September 28, 2018. A copy of Check No. 10227223 is attached here as part of Exhibit 1.

8. In his Amended Schedule A/B (Dkt. No. 39), and in his original Schedule A/B (Dkt. No. 34), the Debtor testified that he has no checking, savings or other financial account and did not list any bank account.

9. The Trustee requests leave to conduct Rule 2004 examination of Bank of America to obtain (i) documents related to the above-identified checks, and (ii) account information regarding the deposit accounts. Discovery is necessary in order to prevent further harm to the interests of the Estate, and to determine if the Estate has claims against other parties or the Debtor.

**RELIEF REQUESTED**

10. Bankruptcy Rule 2004(a) authorizes the Court to order the examination of any entity on motion of any party in interest. *See* Fed. R. Bankr. P. 2004(a). The scope of the examination is governed by Bankruptcy Rule 2004(b), which provides, in relevant part, that:

> The examination of an entity under this rule or of the debtor under § 343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge.

Fed. R. Bankr. P. 2004(b).

11. Furthermore, Bankruptcy Rule 2004(c) provides that the attendance of any entity for examination and the production of documents may be compelled by subpoena in accordance with Bankruptcy Rule 9016. *See* Fed. R. Bankr. P. 2004(c).

12. This Court has recognized the broad scope of Rule 2004, the purpose of which is to facilitate the discovery and administration of bankruptcy estate assets:

> The scope of inquiry under Bankruptcy Rule 2004 is very broad. Great latitude of inquiry is ordinarily permitted. . . . Generally, a Rule 2004 examination is a broad fishing expedition into a party's affairs for the purpose of obtaining information relevant to the administration of the bankruptcy estate. Rule 2004 is substantially a pre-litigation device for assessing whether grounds exist to commence an action.

13. *In re Handy Andy Home Improvement Ctrs., Inc.*, 199 B.R. 376, 379-380 (Bankr. N.D. Ill. 1996) (J. Katz) (citations and quotations omitted); *accord In re The Bennett Funding Group, Inc.*, 203 B.R. 24, 28 (Bankr. N.D. N.Y. 1996) ("The purpose of such a broad discovery tool is to assist the trustee in revealing the nature and extent of the estate, and to discover assets of the debtor which may have been intentionally or unintentionally concealed.").

14. The Trustee has an obligation and is duty-bound to investigate the assets and liabilities of the Estate and administer the Estate for the benefit of all creditors. The Trustee seeks to investigate, among other things, where the money went, and if the Estate has a claim against any recipient for the funds transferred.

15. The relief requested in this Motion is proper under the broad scope and purpose of Rule 2004. Furthermore, every subpoena issued in connection with Rule 2004 is subject to the protections provided by Federal Rule of Civil Procedure 45(c), including the responding party's

5

right to object to, or move to quash, the subpoena. *See* Fed. R. Bankr. P. 9016 (making Rule 45 applicable in all cases under the Bankruptcy Code); *see also* Fed. R. Bankr. P. 2004(c) (permitting the use of subpoenas to compel the attendance of an entity for examination and the production of documents in accordance with Bankruptcy Rule 9016).

## NOTICE

16.    The Trustee has given notice of this Motion to Bank of America, the U.S. Trustee, the Debtor, and each party registered to receive notices of electronic court filings.

WHEREFORE, the Trustee respectfully requests that the Court enter an Order allowing the Trustee leave to conduct Rule 2004 examinations of Bank of America, N.A., and such other relief as the Court deems just and proper.

Dated:  October 29, 2018               Respectfully submitted,

GUS A. PALOIAN, not individually, but solely in his capacity as the Chapter 11 Trustee of the Debtor's Estate,

By:  /s/ Devvrat Sinha
       Devvrat Sinha

Gus A. Paloian (06188186)
Dev Sinha (6314007)
SEYFARTH SHAW LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois 60606
Telephone: (312) 460-5000
Facsimile: (312) 460-7000
gpaloian@seyfarth.com
dsinha@seyfarth.com

*Counsel to Chapter 11 Trustee*

6

51670082v.4