UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Robert Kowalski, | ) | Bankruptcy No. 18-09130 |
| | ) | |
| Debtor. | ) | Hon. Jacqueline P. Cox |

Memorandum Opinion Granting Motion to Convert Case to Chapter 7

This matter comes before the court on the Chapter 11 Trustee's Motion to Convert Case to Chapter 7. Dkt. No. 173. Gus Paloian was approved to serve as the Chapter 11 Trustee ("Trustee") on August 7, 2018. Dkt. No. 106. Under revised § 1112(b)(1), the court must convert a case to chapter 7 or dismiss the case if there is "cause" to do so. *In re Aurora Memory Care, LLC,* 589 B.R. 631, 638 (Bankr. N.D. Ill. 2018). Cause is defined in § 1112(b)(4); that list is not exclusive. *Id.* The Trustee argues that this case should be converted to chapter 7 for cause under § 1112(b) because of (a) the Debtor's bad faith and misconduct; (b) there is no reasonable likelihood of rehabilitation and (c) the ongoing diminution of the estate. Dkt. No. 173, p. 7.

"Although § 1112(b) does not explicitly provide that lack of good faith may constitute cause, § 1129(a)(3) requires that plans be 'proposed in good faith'; thus courts have considered bad faith to be an acceptable basis for conversion or dismissal." *In re Bovino,* 496 B.R. 492, 498 (Bankr. N.D. Ill. 2013) citing *In re Jartran, Inc.,* 886 F.2d 859, 867 (7th Cir.1989). Moreover, the example of "cause" found in § 1112(b)(4)(A) provides for conversion if there is a substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of

rehabilitation.

The initial burden to demonstrate "cause" under § 1112(b) lies with the movant, and that burden must be shown by a preponderance of the evidence. *In re Bovino*, 496 B.R. 492, 499 (Bankr. N.D. Ill. 2013) citing *In re Draiman*, 450 B.R. 777, 826 (Bankr.N.D.Ill.2011). However, "[o]nce the movant shows 'cause,' the burden shifts to the debtor to establish one of two exceptions in § 1112(b)." *Id.* Section 1112(b)(2) provides that the court may not convert or dismiss a Chapter 11 case if it is not in the best interest of the creditors, and:

> (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title... or within a reasonable period of time; and
> (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)—
> > (i) for which there exists a reasonable justification for the act or omission; and
> > (ii) that will be cured within a reasonable period of time fixed by the court.

*Id.* citing 11 U.S.C. § 1112(b)(2).[1]

**Bad Faith**

A determination of bad faith in filing a bankruptcy case is made by considering the totality of the circumstances by examining both objective and subjective factors. *In re Local Union 722 Int'l Bhd. of Teamsters*, 414 B.R. 443, 447 (Bankr. N.D. Ill. 2009); *In re Original IFPC Shareholders, Inc.*, 317 B.R. 738, 750 (Bankr.N.D.Ill.2004). The Debtor demonstrated bad faith by failing to disclose the state court complaint he filed pre-petition against his daughter to recover nine unscheduled properties that he may have transferred to her pre-petition. The

---

[1] Section 1112(b)(4)(A) states:
> (4) For purposes of this subsection, the term "cause" includes–
> > (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation.

Debtor's explanation for the omission was that he did not believe he had to disclose the lawsuit because its existence was known in his divorce proceedings. Since the Trustee was appointed the Debtor has refused to turnover any rents to him. It was not until November 20, 2018 that the Debtor filed a certificate of completeness verifying that he has given the Trustee a list of all the real property in which he has an interest. Dkt. No. 266. The Debtor's bad faith is unexcused because he is an attorney who understands, yet frustrates the bankruptcy system's need for candor. Based on the totality of the circumstances, the Trustee has established by a preponderance of the evidence grounds to convert this case for bad faith.

**Substantial or Continuing Loss or Diminution and Absence of a Reasonable Likelihood of Rehabilitation**

One example of "cause" found in § 1112(b)(4)(A) provides for conversion if there is a substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation. For the court to make a finding of diminution "[a]ll that need be found is that the estate is suffering some diminution in value." *In re Citi-Toledo Partners*, 170 B.R. 602, 606 (Bankr. N.D. Ohio (1994) citing *In re Kanterman*, 88 B.R. 26, 29 (S.D.N.Y.1988)). The Trustee has advised the court that some of the properties are subject to tax liens such that a sale of said properties would not bring substantial value to the estate. A paralegal working for Mr. Eric Rein, counsel for the FIDC-R, testified that her research revealed that many of the Debtor's properties, now property of the bankruptcy estate, are subject to tax liens.

The Debtor's refusal to turn over rents has resulted in the estate continuing to lose assets that it has a right to receive. Therefore, the court finds that the bankruptcy estate is currently

suffering a diminution of value due to the liens on various properties and the Debtor's refusal to turn over rents.

The issue of rehabilitation for purposes of § 1112(b)(4)(A) "is not the technical one of whether the debtor can confirm a plan, but, rather, whether the debtor's business prospects justify continuance of the reorganization effort." *In re LG Motors, Inc.*, 422 B.R. 110, 116 (Bankr. N.D. Ill. 2009) (internal citations omitted). In this case, the debtor's failure to produce information makes it difficult for the court to find that the Debtor's business prospects do or do not support a finding that rehabilitation is justifiable.

The Debtor's refusal to provide timely and complete information prevents this court from finding that conversion to Chapter 7 is in the best interests of creditors. The Debtor has not been forthcoming about his business affairs due to his multiple and egregious refusals to comply with this Court's Order at Dkt. No. 193 compelling him to turn over documents subpoenaed by the Federal Deposit Insurance Corporation, as Receiver ("FDIC-R"), and to appear for a Bankruptcy Rule 2004 Examination. The FDIC-R advised the court that the vast majority of the 41 boxes of documents produced were nonresponsive to its subpoena. In response, this court held the Debtor in indirect civil contempt and remanded him to the custody of the U.S. Marshals. *See* Dkt. Nos. 234, 241.

The Trustee has met his burden of proof by a preponderance of the evidence that there is substantial or continuing loss or diminution and an absence of a reasonable likelihood of rehabilitation. The Debtor has failed to demonstrate that conversion is not in the best interests of creditors. Because the court finds that conversion is in the best interests of creditors, including his spouse and children, the Trustee's Motion to Convert is GRANTED. The Trustee's other

requests for relief will be addressed by separate order.

This case is converted to Chapter 7.

**Dated: November 30, 2018**             **Entered:**

*Jacqueline P. Cox*
**Jacqueline P. Cox**
**U.S. Bankruptcy Judge**