IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| ROBERT M. KOWALSKI, | ) | Case No. 18-09130 |
| | ) | |
| Debtor. | ) | Hon. Jacqueline P. Cox |
| | ) | |
| | ) | Hearing Date: January 3, 2019 |
| | ) | Hearing Time: 9:30 A.M. |
| | ) | |

## NOTICE OF APPLICATION TO EMPLOY SEYFARTH SHAW LLP

TO:   PARTIES LISTED ON ATTACHED SERVICE LIST

**PLEASE TAKE NOTICE** that on **Thursday, January 3, 2019, at 9:30 a.m.**, or as soon thereafter as counsel may be heard, we shall appear before the Honorable Jacqueline P. Cox, United States Bankruptcy Judge for the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, or any judge sitting in Her Honor's stead in the courtroom usually occupied by Her, Courtroom 680, at 219 South Dearborn Street, Chicago, Illinois, and shall present the attached **Chapter 7 Trustee's Application to Employ Seyfarth Shaw LLP as His Counsel Retroactively**, a true and correct copy of which is served upon you.

Dated:  December 19, 2018

Respectfully submitted,

GUS A. PALOIAN, not individually or personally, but solely in his capacity as the Chapter 7 Trustee of the Debtor's Estate,

By: /s/ James B. Sowka
   Gus A. Paloian (6188186)
   James B. Sowka (6291998)
   Devvrat Sinha (6314007)
   SEYFARTH SHAW LLP
   233 South Wacker Drive, Suite 8000
   Chicago, Illinois 60606
   Telephone:  (312) 460-5000
   gpaloian@seyfarth.com
   jsowka@seyfarth.com

   ***Proposed Counsel to Chapter 7 Trustee
   Gus A. Paloian***

52524098v.1

## CERTIFICATE OF SERVICE

The undersigned non-attorney hereby certifies that on December 19, 2018, she caused to be served a true and correct copy of each of the **Notice of Application** and **Chapter 7 Trustee's Application to Employ Seyfarth Shaw LLP as His Counsel Retroactively** via (i) the Court's CM/ECF electronic noticing system, upon all registered participants in this proceeding, so identified on the attached Service List; and (ii) First Class, U.S. Mail, postage prepaid, upon each of the parties, as noted, on the attached Service List.

_____
Jennifer M. McManus

Subscribed and Sworn to before me
this 19th day of December, 2018

_____
Notary Public



TERESA MARIE BROWN
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
May 12, 2020

52524098v.1

## KOWALSKI SERVICE LIST
### Case No. 18-09130

**SERVICE VIA CM/ECF**

| | |
|---|---|
| Ernesto D. Borges | notice@billbusters.com, billbusters@iamthewolf.com, billbusters@ecf.inforuptcy.com, borgeser80263@notify.bestcase.com |
| Kevin M. Flynn | kevin@kmflynnlaw.com |
| Sheryl A. Fyock | sfyock@llflegal.com |
| Neil P. Gantz | neilgantz@yahoo.com, negrita0615@yahoo.com |
| Kathryn Gleason | USTPRegion11.ES.ECF@usdoj.gov, Kathryn.M.Gleason@usdoj.gov |
| Cameron M. Gulden | USTPRegion11.es.ecf@usdoj.gov |
| Jeffrey K. Gutman | jeffreykg4018@aol.com, jkg4018@gmail.com |
| Geraldine W. Holt | gwholt@holtlawgroup.com |
| Ronald J. Kapustka | ndaily@ksnlaw.com, bankruptcy@ksnlaw.com |
| Cari A. Kauffman | ckauffman@sormanfrankel.com, dfrankel@sormanfrankel.com |
| Patrick S. Layng | USTPRegion11.ES.ECF@usdoj.gov |
| Candice M. Manyak | candice.manyak@usdoj.gov |
| Kathleen R. Pasulka-Brown | KPasulka-Brown@pjjlaw.com, jwarren@pjjlaw.com, jlewis@shinglerlewis.com, jtonkinson@FDIC.gov |
| James M. Philbrick | jmphilbrick@att.net |
| Karen J. Porter | porterlawnetwork@gmail.com, laz0705@comcast.net |
| Eric S. Rein | rrein@hmblaw.com, dzic@hmblaw.com;ecfnotices@hmblaw.com |
| Todd J. Ruchman | amps@manleydeas.com |
| Jason M. Torf | jtorf@hmblaw.com, ecfnotices@hmblaw.com |
| John W. Guzzardo | jguzzardo@hmblaw.com |

52524098v.1

**VIA EMAIL SERVICE**

robert.224@icloud.com

**VIA UNITED STATES MAIL**

| | |
|---|---|
| 5305-07 V. Leland Avenue Condominium Association<br>c/o Kovitz Shifrin Nesbit<br>175 N. Archer Ave.<br>Mundelein, IL 60060-2301 | Robert M. Kowalski<br>1707 S. Newberry Avenue<br>Chicago, IL 60608 |
| AT&T Corp<br>c/o AT&T Services, Inc.<br>Karen Cavagnaro, Esq.<br>One AT&T Way, Room 3A104<br>Bedminster, NJ 07921-2693 | ACAR Leasing LTD d/b/a GM Financial Leasing<br>PO Box 183853<br>Arlington, TX 76096-3853 |
| Ally Financial<br>Attn: Bankruptcy<br>PO Box 380901<br>Bloomington, MN 55438-0901 | Ally Bank<br>PO Box 130424<br>Roseville MN 55113-0004 |
| Bombardier/CBNA<br>P. O. Box 6000<br>Sioux Falls, SD 57117-6000 | AmeriCredit/GM Financial<br>Attn: Bankruptcy<br>PO Box 183853<br>Arlington, TX 76096-3853 |
| Capital One Auto Finance<br>AIS Portfolio Services, LP<br>4515 N Santa Fe Ave. Dept. APS<br>Oklahoma City, OK 73118-7901 | Capital One Auto Finance<br>Attn: General Correspondence/BR<br>PO Box 30285<br>Salt Lake City, UT 84130-0285 |
| Capital One<br>PO Box 30253<br>Salt Lake City, UT 84130-0253 | Capital One Bank (USA), N.A.<br>PO Box 71083<br>Charlotte, NC 28272-1083 |
| Cardworks/CW Nexus<br>Attn: Bankruptcy<br>PO Box 9201<br>Old Bethpage, NY 11804-9001 | Chase Card Services<br>Attn: Correspondence Dept<br>PO Box 15298<br>Wilmington, DE 19850-5298 |

Chase Mortgage
PO Box 24696
Columbus, OH 43224-0696

Citibank/The Home Depot
Citicorp Credit Services/Centralized Bankruptcy
PO Box 790040
St Louis, MO 63179-0040

Citicards CBNA
Citicorp Credit Svc/Centralized Bankruptcy
PO Box 790040
Saint Louis, MO 63179-0040

Costco Go Anywhere Citicard
Centralized Bk/Citicorp Credit Card Services
PO Box 790040
St Louis, MO 63179-0040

Credit One Bank NA
PO Box 98873
Las Vegas, NV 89193-8873

Discover Bank
Discover Products Inc
PO Box 3025
New Albany, OH 43054-3025

Federal Deposit Insurance Corp
c/o Joyce Gist Lewis
1230 Peachtree Street NE Suite 1075
Atlanta, GA 30309-3626

First Premier Bank
601 S Minnesota Ave
Sioux Falls, SD 57104-4868

IL Dept. of Revenue Bankruptcy Section
PO Box 19035
Springfield, IL 62794-9035

Huntington National Bank
Attn:  Bankruptcy
PO Box 340996
Columbus, OH 43234-0996

Illinois Bell Telephone Company
c/o AT&T Services, Inc.
Karen Cavagnaro, Esq.
One AT&T Way, Room 3A104
Bedminster, NJ 07921-2693

Illinois Department of Revenue
PO Box 64338
Chicago, IL 60664-0291

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

JPMorgan Chase Bank, N.A.
Chase Records Center
Attn: Correspondence Mail
Mail Code LA4-5555
700 Kansas Lane
Monroe, LA 71203-4774

JPMorgan Chase Bank, NA
c/o Manley Deas Kochalski LLC
P.O. Box 165028
Columbus, OH 43216-5028

Martha Padilla
1512 W. Polk
Chicago, IL 60607-3119

3

52524098v.1

Merrick Bank
Resurgent Capital Services
PO Box 10368
Greenville, SC  29603-0368

Piorun Properties LLC
1918 W. Cermak
Chicago, IL  60608-4237

Syncb/PLCC
Attn:  Bankruptcy
PO Box 965060
Orlando, FL  32896-5060

Washington Federal Bank for Savings
c/o FDIC
1601 Bryan Street
Dallas, TX  75201-3401

Indomitable, LLC
1918 W. Cermak
Chicago, IL  60608-4237

Jan R. Kowalski, Esq.
1918 West Cermak Road
Chicago, IL  60608

Midland Loan Services
c/o FDIC Portfolio Servicing
P. O. Box 25965
Shawnee Mission, KS  66225-5965

Parkway Bank & Trust
4800 N. Harlem Avenue
Harwood Heights, IL  60706-3577

Premier Bankcard, LLC
Jefferson Capital Systems LLC Assignee
PO Box 7999
Saint Cloud, MN  56302-7999

The Huntington National Bank
P.O. Box 89424
Cleveland, OH  44101-6424

Joel Levin
Levin & Associates
180 N. LaSalle Street, Suite 1822
Chicago, IL  60601-2604

4

52524098v.1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| ROBERT M. KOWALSKI, | ) | Case No. 18-09130 |
| | ) | |
| Debtor. | ) | Hon. Jacqueline P. Cox |
| | ) | |
| | ) | Hearing Date:  January 3, 2019 |
| | ) | Hearing Time:  9:30 A.M. |
| | ) | |

**CHAPTER 7 TRUSTEE'S APPLICATION TO EMPLOY
SEYFARTH SHAW LLP AS HIS COUNSEL RETROACTIVELY**

Pursuant to 11 U.S.C. §§ 105(a), 327(a) and (d), and 328(a), and Federal Rules of Bankruptcy Procedure 2014 and 2016(a), Gus A. Paloian, not individually or personally, but solely in his representative capacity as the duly-appointed Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of the above-captioned debtors (the "Debtor"), respectfully requests that this Court enter an Order, substantially in the form of that attached hereto, authorizing and approving his retention of Seyfarth Shaw LLP ("Seyfarth") to render services to him that are necessary and beneficial to administering the Estate, retroactive to November 30, 2018  (the "Application").  In support of this Application, the Trustee relies upon the Affidavit of James B. Sowka (the "Sowka Affidavit"), attached hereto as **Exhibit 1** and incorporated herein by reference, and further respectfully states, as follows:

**JURISDICTION**

1. This Court has subject matter jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.

2. Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

52524098v.1

3. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (O).

## BACKGROUND

5. On March 29, 2018, a voluntary petition for relief under Chapter 11 of the United States Code ("Bankruptcy Code") was filed by the Debtor.

6. On August 3, 2018, the United States Trustee moved for the approval of its appointment of Gus A. Paloian as the Chapter 11 Trustee for the Estate (Dkt. 101).

7. On August 7, 2018, an Order was entered approving the appointment of Gus A. Paloian as Chapter 11 Trustee of the Estate (Dkt. 106).

8. On August 29, 2018, the Trustee filed an Application to Employ Seyfarth as his counsel in the Chapter 11 Case ("Retention Application") (Dkt. 142). On September 6, 2018, the Bankruptcy Court entered an order granting the Trustee's Retention Application (Dkt. 154).

9. On November 30, 2018, the Bankruptcy Court entered an order converting the Case to one under Chapter 7 of the Bankruptcy Code (Dkt. 276).

10. On December 3, 2018 Gus A. Paloian, was appointed to serve as Chapter 7 Trustee in the Case (Dkt. 281).

## RELIEF REQUESTED

10. The Trustee's need of counsel to represent him in the performance of his duties continues in the chapter 7 case. The Trustee seeks to retain Seyfarth for that purpose, as more fully set forth below.

11. Accordingly, the Trustee respectfully requests that the Court approve the employment of Seyfarth as his general counsel in the chapter 7 case on the terms and conditions set forth herein and in the Sowka Affidavit.

2

52524098v.1

## SEYFARTH SHAW'S EXPERIENCE

12. Seyfarth is a law firm comprised of over 850 attorneys located in fourteen (14) offices nationwide and in Europe, Asia and Australia.

13. The Trustee seeks to have Seyfarth represent him in the Case because of its attorneys' expertise and knowledge in the field of bankruptcy law and because it has ably and economically represented the Trustee many times in the past on similar matters. The Trustee believes that retaining Seyfarth is the most efficient and cost-effective means by which to obtain the legal services necessary for him to administer this Case and to perform his statutory duties. The Trustee believes that retaining Seyfarth is in the best interest of the Estate.

14. Thus, services that the Trustee anticipates requesting from Seyfarth may include, but are not limited to, assisting the Trustee on an as-needed basis in carrying out his statutory duties under the Bankruptcy Code by:

    A. Preparing on behalf of the Trustee all necessary papers, motions, applications, pleadings, answers, orders, reports, and/or other legal papers, with respect to the sale of assets and other matters;

    B. Appearing in Court and protecting the interests of the Trustee and the Estate before the Court;

    C. Assisting the Trustee in the sale of multiple real properties;

    D. Assisting the Trustee in the retention of property managers, brokers and real estate counsel to assist in marketing and selling the real properties;

    E. Defending the appeal of the conversion Order;

    F. Reviewing, administering, and resolving claims against the Estate;

    G. If necessary, and unless other counsel is proposed and approved by this Court for this purpose, preparing and filing complaints initiating any and all causes of action which the Trustee deems appropriate and prosecuting fully the causes of action to completion, including through any appeals of judgments or rulings issued therein; and

  H.  Assisting the Trustee in administering the Estate and taking all other actions necessary and appropriate to represent the Trustee.

15. Seyfarth is willing to serve as the Trustee's counsel on the terms and conditions set forth herein and in the Sowka Affidavit, attached hereto as **Exhibit 1**.

16. Among those terms, Seyfarth will seek reimbursement of its expenses, if any, that it ordinarily and customarily charges its non-bankruptcy clients. Such expenses include, but are not limited to, photocopying charges[1] and computerized legal research.

17. Seyfarth attorneys maintain, and will continue to maintain, detailed and contemporaneous records of their time, and any actual and necessary expenses incurred in rendering services in this Case.

## BASIS FOR RELIEF REQUESTED

**I.** **Sections 105(a) and 327 of the Bankruptcy Code**

18. Section 105(a) of the Bankruptcy Code permits the Court to issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code. 11 U.S.C. § 105(a).

19. Section 327(a) of the Bankruptcy Code authorizes the Trustee to employ, with the court's approval, one or more attorneys "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under [the Bankruptcy Code]." 11 U.S.C. § 327(a).

20. In turn, Section 327(d) of the Bankruptcy Code permits the Court to "authorize the [T]rustee to act as attorney . . . for the estate if such authorization is in the best interest of the estate." 11 U.S.C. § 327(d).

---

[1] Seyfarth has voluntarily (i) waived facsimile charges and (ii) reduced its in-house, per page copy charge to $0.10. Outside copy charges are billed at actual cost.

4

52524098v.1

21. To the best of the Trustee's knowledge, information, and belief, and other than as discussed herein or in the Sowka Affidavit: (A) neither Seyfarth, nor any professional thereof, holds or represents any interest adverse to the Estate; and (B) Seyfarth is a "disinterested person," as that term is used in Section 327(a), and defined in Section 101(14), of the Bankruptcy Code, except as otherwise noted herein. As noted in the Sowka Affidavit, Seyfarth represents various entities that are currently believed to be creditors or other parties-in-interest in the Case, and Seyfarth intends to continue representing the entities set forth in the Sowka Affidavit, as well as any potential interested parties that might become known in the future. The Sowka Affidavit also discloses that, to the extent Seyfarth is unable to represent the Trustee in a matter, the Trustee has indicated he will engage separate counsel to do so.

## II.   Federal Rule of Bankruptcy Procedure 2014(a) and 2016(a)

22. Pursuant to Federal Rule of Bankruptcy Procedure 2014(a), and to the best of the Trustee's knowledge, information, and belief, Seyfarth does not have any connection with the Debtor, the Debtor's creditors, the United States Trustee or any person employed in the office of the United States Trustee, any other party in interest, or their respective attorneys or accountants, that would require disclosure, other than as discussed herein or in the Sowka Affidavit.

23. Based upon the foregoing and other than as may be disclosed herein, or in the Sowka Affidavit, the Trustee believes that none of the partners, counsel or associates of Seyfarth hold an interest adverse to the Estate and that the partners, associates and counsel of Seyfarth are "disinterested persons," as that term is defined in Section 101(14) of the Bankruptcy Code, in that Seyfarth and, to the best of the Trustee's knowledge, its partners, counsels, and associates:

    A.    Are not creditors, equity security holders, or insiders of the Debtors;

5

      B.      Are not and were not within two (2) years before the date of the filing of the petition commencing these cases, directors, officers, or employees of the Debtors;

      C.      Are not and were not an investment banker for any outstanding security of the Debtors; and

      D.      Do not have any interest materially adverse to the interests of the Estate or of any class of creditors or equity security holders, by reason of any direct other reason.

24. Pursuant to Rule 2016(a), and insofar as the Trustee has been able to ascertain, no promises have been received by Seyfarth, or any partner, associate, or other member thereof, concerning compensation in connection with these cases, and Seyfarth has no agreement with any entity to share any compensation that it receives from the Estate, other than as permitted under the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, and any applicable Orders of this Court.

25. To date, Seyfarth has not received any compensation from the Estate in the Case.

26. Under the facts as described herein and in the Sowka Affidavit, the Trustee believes that his proposed retention of Seyfarth satisfies all of the applicable statutory standards enumerated above.

## III. Section 328 of the Bankruptcy Code

27. Section 328(a) of the Bankruptcy Code permits the Trustee, subject to this Court's approval, to employ or authorize the employment of a professional person under Section 327 "on any reasonable terms and conditions of employment, including . . . on an hourly basis[.]" 11 U.S.C. § 328(a). Concomitantly, the employment of a law partnership allows "any partner, member, or regular associate of the partnership . . . [to] act as attorney . . . so employed, without further order of the court." Fed. R. Bankr. P. 2014(b).

6

28. The Trustee proposes to retain Seyfarth on an hourly basis. Seyfarth intends to charge its ordinary and customary hourly rates in effect on the date that services are rendered in the Case. These rates are subject to periodic adjustment in accordance with Seyfarth's established billing practices and procedures. Adjustments typically take effect at the beginning of each calendar year.

29. The hourly rates charged by Seyfarth's professionals differ based upon a number of factors, including the level of experience of each professional.

30. For 2018, Seyfarth's current and customary hourly rates for those professionals most likely, at this time, to render services to the Trustee are, as follows:

| PROFESSIONAL | POSITION/PRACTICE AREA | 2018 RATE |
|---|---|---|
| Gus A. Paloian | Partner/Bankruptcy | $705.00 |
| James B. Sowka | Partner/Bankruptcy | $515.00 |
| Christopher J. Harney | Associate/Bankruptcy | $455.00 |
| Devvrat Sinha | Associate/Bankruptcy | $385.00 |
| Jennifer M. McManus | Paralegal/Bankruptcy | $330.00 |

31. As noted in the above-chart, the services of Seyfarth's paraprofessionals may also be utilized, where possible and appropriate, in Seyfarth's representation of the Trustee, for purposes of efficiency and to minimize expense to the Estate. The hourly rate for such paraprofessionals generally is approximately $330.00.

32. As indicated, Seyfarth attorneys have maintained, and will continue to maintain, detailed, contemporaneous records of time and of any actual and necessary expenses incurred in rendering services in the Case.

7

52524098v.1

33. Such expenses may include, but are not limited to: (i) photocopying charges, as well as (ii) computerized legal research charges because, given the economic realities and the nature of today's legal practice, book research is generally no longer as efficient or effective.

34. This approach conforms to the Seventh Circuit's market approach to billing. Additionally, Seventh Circuit authority establishes that such expenses are reimbursable. *See, e.g., Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991) ("[W]e believe the district court was within its discretion in taxing costs for the photocopying expenses in the amount of $50,930.45."); *Steinlauf v. Continental Ill. Corp. (In re Continental Ill. Secs. Litig.)*, 962 F.2d 566, 570 (7th Cir. 1992) (reversing district court for refusing to allow reimbursement of expenses for computerized legal research, holding that, "*[T]he market—the paying, arms' length market—reimburses lawyers' LEXIS and WESTLAW expenses, just as it reimburses their paralegal expenses, rather than requiring that these items be folded into overhead.* Markets know market values better than judges do.") (emphasis added); *accord In re Hunt's Health Care, Inc.*, 161 B.R. 971, 978 (Bankr. N.D. Ind. 1993) (quoting and adopting same); *In re Wildman*, 72 B.R. 700, 732 (Bankr. N.D. Ill. 1987) (Schmetterer, J.) ("This Court adopts the view that computer research time that is both necessary and attributable to a particular client *or* case is reimbursable under Section 330(a)(2).") (emphasis in the original).

35. Seyfarth will seek compensation for its services and reimbursement of its out-of-pocket expenses in this Case in accordance with applicable provisions of the Bankruptcy Code, Federal and Local Rules of Bankruptcy Procedure, and any applicable Orders of this Court, retroactive to November 30, 2018.

8

## NOTICE

36. Notice has been given to: (A) the U.S. Trustee, in care of Patrick S. Layng; (B) all CM/ECF registrants; (C) the Debtor; (D) all creditors as set forth in the attached Service List; and (E) all parties requesting notice. The Trustee respectfully requests that such notice be deemed adequate and that the Court find that no other or further notice is necessary.

## NO PRIOR REQUEST

37. No prior request for the relief requested herein has been made to this Court or any other court.

WHEREFORE, Gus A. Paloian, not individually or personally, but solely in his capacity as the Trustee of the Debtor's Estate, respectfully requests that the Court enter an order:

A. Granting the Application;

B. Authorizing the Trustee to retain and employ Seyfarth Shaw LLP as his counsel in the chapter 7 case, retroactive to November 30, 2018, on the terms, and subject to the conditions set forth, herein and in the attached Sowka Affidavit;

C. Finding notice of this Application as given sufficient; and

9

52524098v.1

D.    Granting such other and further relief as this Court deems just and appropriate.

Dated: December 19, 2018

Respectfully submitted,

GUS A. PALOIAN, not individually or personally, but solely in his capacity as the Chapter 7 Trustee of the Debtor's Estate,

By: /s/ James B. Sowka
    Gus A. Paloian (6188186)
    James B. Sowka (6291998)
    Devvrat Sinha (6314007)
    SEYFARTH SHAW LLP
    233 South Wacker Drive, Suite 8000
    Chicago, Illinois 60606
    Telephone: (312) 460-5000
    gpaloian@seyfarth.com
    jsowka@seyfarth.com
    dsinha@seyfarth.com

***Proposed Counsel to Chapter 7 Trustee Gus A. Paloian***