# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | Case No. 18-09130 |
| ROBERT M. KOWALSKI, | Chapter 11 |
| Debtors. | Hon. Jacqueline P. Cox |
| | Hearing Date: January 3, 2019<br>Hearing Time: 9:30 a.m. |

## NOTICE OF MOTION

TO:   PARTIES ON ATTACHED SERVICE LIST

**PLEASE TAKE NOTICE** that on **Thursday, January 3, 2019, at 9:30 a.m.**, or as soon thereafter as counsel may be heard, we shall appear before the Honorable Jacqueline P. Cox in Courtroom 680 at 219 South Dearborn Street, Chicago, Illinois, or before any other judge sitting in her place and stead, and present the following **Trustee's Motion for Accounting and Turnover of Estate Funds Against Jan Kowalski and Rule to Show Cause Against Jan Kowalski and Debtor**, at which time and place you may appear if you so desire.

Dated:  December 26, 2018          Respectfully submitted,

                                   GUS A. PALOIAN, not individually, but solely in
                                   his capacity as the Chapter 7 Trustee of the
                                   Debtor's Estate,

                                   By:  /s/ James B. Sowka

Block DocID

Gus A. Paloian (06188186)
James B. Sowka (6291998)
Devvrat Sinha (6314007)
SEYFARTH SHAW LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois 60606
Telephone: (312) 460-5000
Facsimile: (312) 460-7000
gpaloian@seyfarth.com
jsowka@seyfarth.com
dsinha@seyfarth.com

*Counsel to Chapter 7 Trustee, Gus A. Paloian*

## CERTIFICATE OF SERVICE

I, Devvrat, an-attorney, certify that on December 26, 2018, I caused a copy of the attached **Notice of Motion** and the following **Trustee's Motion for Accounting and Turnover of Estate Funds Against Jan Kowalski and Rule to Show Cause Against Jan Kowalski and Debtor** to be served (i) electronically through the Court's Electronic Notice for Registrants on all persons identified as Registrants on the appended Service List, and (ii) by e-mail on those other parties identified on the attached Service List.

By:  /s/Devvrat Sinha
      Devvrat Sinha

# KOWALSKI SERVICE LIST

## Case No. 18-09130

**SERVICE VIA CM/ECF**

| | |
|---|---|
| Ernesto D. Borges | notice@billbusters.com, billbusters@iamthewolf.com, billbusters@ecf.inforuptcy.com, borgeser80263@notify.bestcase.com |
| Kevin M. Flynn | kevin@kmflynnlaw.com |
| Sheryl A. Fyock | sfyock@llflegal.com |
| Neil P. Gantz | neilgantz@yahoo.com, negrita0615@yahoo.com |
| Kathryn Gleason | USTPRegion11.ES.ECF@usdoj.gov, Kathryn.M.Gleason@usdoj.gov |
| Cameron M. Gulden | USTPRegion11.es.ecf@usdoj.gov |
| Jeffrey K. Gutman | jeffreykg4018@aol.com, jkg4018@gmail.com |
| Geraldine W. Holt | gwholt@holtlawgroup.com |
| Ronald J. Kapustka | ndaily@ksnlaw.com, bankruptcy@ksnlaw.com |
| Cari A. Kauffman | ckauffman@sormanfrankel.com, dfrankel@sormanfrankel.com |
| Patrick S. Layng | USTPRegion11.ES.ECF@usdoj.gov |
| Candice M. Manyak | candice.manyak@usdoj.gov |
| Kathleen R. Pasulka-Brown | KPasulka-Brown@pjjlaw.com, jwarren@pjjlaw.com, jlewis@shinglerlewis.com, jtonkinson@FDIC.gov |
| James M. Philbrick | jmphilbrick@att.net |
| Karen J. Porter | porterlawnetwork@gmail.com, laz0705@comcast.net |
| Eric S. Rein | rrein@hmblaw.com, dzic@hmblaw.com;ecfnotices@hmblaw.com |
| Todd J. Ruchman | amps@manleydeas.com |
| Jason M. Torf | jtorf@hmblaw.com, ecfnotices@hmblaw.com |
| John W. Guzzardo | jguzzardo@hmblaw.com |

**VIA EMAIL SERVICE**

robert.224@icloud.com

jdma22@hotmail.com

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>ROBERT M. KOWALSKI,<br><br>Debtor. | Case No. 18-09130<br>Chapter 11<br><br>Hon. Jacqueline P. Cox<br><br>Hearing Date: January 3, 2019<br>Hearing Time: 9:30 a.m. |

## TRUSTEE'S MOTION FOR AN ACCOUNTING AND TURNOVER OF ESTATE FUNDS AGAINST JAN KOWALSKI AND FOR RULE TO SHOW CAUSE AGAINST JAN KOWALSKI AND DEBTOR

Gus A. Paloian, not individually, but solely as Trustee ("Trustee") for the bankruptcy estate ("Estate") of Robert M. Kowalski ("Debtor"), respectfully moves this Court for entry of an Order directing Jan Kowalski to provide an immediate accounting of all transactions connected to her Bank of America Client Trust Fund Account ("Jan Kowalski IOLTA Account") under 11 U.S.C. § 542(e), and for entry of an Order directing Debtor and Jan Kowalski to immediately turnover all Estate funds under 11 U.S.C. §§ 542 and 543, specifically including Estate funds in the Jan Kowalski IOLTA Account and Estate funds withdrawn from the Jan Kowalski IOLTA Account. Further, the Trustee moves the Court to issue a Rule to Show Cause against the Debtor and against Jan Kowalski for their conversion of Estate funds in violation of the automatic stay. In support of this Motion, the Trustee states as follows:

### INTRODUCTION

In light of Bank of America's recent production of the Jan Kowalski IOLTA Account Statements (a redacted copy is attached hereto as **Exhibit 1**) clearly implicating Jan Kowalski in the concealment and dissipation of substantial cash assets from the Estate, the Trustee brings this Motion to seek an immediate accounting from Jan Kowalski of the Jan Kowalski IOLTA

53620101v.2

Account.  Under 11 U.S.C. § 542(e), the Trustee seeks all pertinent information including "books, documents, records and papers relating to the debtor's property or financial affairs" requests an immediate turnover of such information to the Trustee.[1]

Under 11 U.S.C. § 542(a), the Court has authority to direct the Debtor and any of his agents, including attorneys, to turnover property of the Estate to the Trustee.  The Court should enter an Order directing both Debtor and Jan Kowalski[2] to immediately turnover over to the Trustee all Estate property, including the funds in the Jan Kowalski IOLTA Account and funds recently withdrawn in cash from the Jan Kowalski IOLTA Account.  Recently obtained documents from Bank of America evidence that hundreds of thousands of dollars have been deposited and withdrawn from the Jan Kowalski IOLTA Account from May 1, 2018 to November 30, 2018, including cash assets of the Estate.  Upon information and belief, the cash-withdrawals from the Jan Kowalski IOLTA Account were property of the Estate and have been converted by the Debtor or Jan Kowalski.  The Court should enter a Rule against both the Debtor and Jan Kowalski to show cause why they should not be held in contempt of Court for conversion of Estate funds and direct interference with the Trustee's administration of the Estate.

## JURISDICTION AND VENUE

This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois (the "Bankruptcy Court").  Venue of the above-captioned case and of this Motion is

---

[1] The Illinois Rules of Professional Responsibility place a duty on Jan Kowalski to maintain accurate and complete records including disbursement journals, ledger records, checks or records of debits and reconciliation reports . Ill. R. Prof. Cond. 1.15(a).  Thus, by law, Jan Kowalski should have such information readily available.

[2] Although Jan Kowalski has filed an appearance as the Debtor's attorney, she has failed to provide any disclosure of any amounts received by her in connection with this bankruptcy case as required by 11 U.S.C. § 329 and Bankruptcy Rule 2014.

2

proper in this Judicial District pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (E).

## BACKGROUND

**A.   Discovery of Jan Kowalski's Client Trust Fund Account concealing and dissipating property of the Estate.**

Following his appointment as Trustee, the Trustee discovered that the Debtor procured a Byline Bank Cashier's Check, Check No. 10227384, payable to "Premium Title" in the amount of $64,084.35 on August 13, 2018 and this check was later deposited at a Bank of America branch on October 1, 2018.  The Trustee also discovered that the Debtor procured a Byline Bank Cashier's Check, Check No. 10227233, payable to himself in the amount of $4,500.00 on April 24, 2018, and this check was later deposited at a Bank of America branch on September 28, 2018.

The Court entered an order permitting a Rule 2004 examination of Bank of America in order to obtain (i) documents related to those cashier's checks and (ii) account information regarding the associated deposit-accounts.  (Dkt. No. 253).  The Trustee issued a subpoena for records to Bank of America on November 21, 2018, attaching the cashiers' checks to the subpoena.

On December 13, 2018, Bank of America provided a partial response producing bank statements for the Jan Kowalski IOLTA Account.  The documents show that the two cashier's checks procured by the Debtor were deposited into Jan Kowalski IOLTA Account.  While the Trustee did not know of Jan Kowalski's involvement when the subpoena was issued, the Bank of America production confirms that Jan Kowalski's active involvement in the dissipation of the Estate's property, using the Jan Kowalski IOLTA Account to deposit and then return to the Debtor cash-assets belonging to the Estate.

3

**B.      Jan Kowalski IOLTA Account Served as the hub of conversion of Estate funds.**

The recently-obtained Bank of America documents evidence that in the first two months of this bankruptcy, March and April 2018, there was no activity and the Jan Kowalski IOLTA Account had a $0.00 balance. In May, June and July while the Debtor served as the debtor-in-possession funds began flowing through the Jan IOLTA Account as close to thirty-thousand dollars were deposited and around twenty-six thousand dollars were withdrawn. Then, after the Trustee's appointment on August 7, 2018 (Dkt. Nos. 95, 107), hundreds of thousands of dollars passed through the Jan Kowalski IOLTA Account. In September 2018, close to three hundred and thirty thousand dollars were deposited into the Jan Kowalski IOLTA Account and roughly two hundred and eight five thousand dollars were withdrawn. The Jan Kowalski IOLTA Account statement confirm that almost all deposits were "counter credits" with someone depositing checks or cash at the teller-counter. A summary chart below details that Estate funds of $674,502.27 were withdrawn from the Jan Kowalski IOLTA Account from May 1, 2018 to November 30, 2018:

| Month | Beginning Balance | Deposits | Withdrawals | Ending Balance |
|---|---|---|---|---|
| Mar-18 | $ - | $ - | $ - | $ - |
| Apr-18 | $ - | $ - | $ - | $ - |
| May-18 | $ - | $26,175.00 | $15,000.00 | $11,175.00 |
| Jun-18 | $11,175.00 | $ - | $5,000.00 | $6,175.00 |
| Jul-18 | $6,175.00 | $4,500.00 | $6,175.00 | $4,500.00 |
| Aug-18 | $4,500.00 | $22,500.00 | $7,000.00 | $20,000.00 |
| Sep-18 | $20,000.00 | $329,892.92 | $285,052.57 | $64,840.35 |
| Oct-18 | $64,840.35 | $89,934.35 | $154,774.70 | $ - |
| Nov-18 | $ - | $226,842.57 | $201,500.00 | $25,342.57 |

As the chart evidences, Jan Kowalski participated in the conversion and transfer of Estate funds and used the Jan Kowalski IOLTA Account to effectuate the Debtor's theft of Estate property.  At trial on the Motion to Convert the Case to Chapter 7, the Debtor testified that he could not remember what happened to Byline Bank's Cashier's Check made to Premium Title for the amount of $64,084.35.[3]  That check was deposited over the counter in the Jan Kowalski IOLTA Account on September 28, 2018.  See Exhibit 1, p. 21.  It was then withdrawn on October 1, 2018.  *Id*.

**C.     Jan Kowalski's Appearance in this case.**

Jan Kowalski filed an appearance on behalf of the Debtor, her brother, on November 26, 2018.  (Dkt. No. 268).  That day, the Court entered an Order barring Jan Kowalski from attending the Rule 2004 examination of her brother (Dkt. No. 269), which was proceeding under continued civil contempt orders conditionally releasing the Debtor from incarceration.   (Dkt. Nos. 246, 247).  Jan Kowalski is an attorney of record in this case and has appeared in Court as Debtor's attorney including at the Rule to Show Cause issued against her by Chief Judge Pamela Hollis for her unauthorized paper-filing on December 13, 2018, and at Trustee's First Interim Application for Compensation.  The Court has jurisdiction over Jan Kowalski as an attorney voluntarily appearing of record in this case.

**D.     Deposits and Withdrawals from the Jan IOLTA Account in connection with the Debtor's bankruptcy case.**

The Jan Kowalski IOLTA Account has been used to pay the retainer for Debtor's counsel Ernesto Borges.  (Dkt. No. 203) (listing "Jan Kowalski IOLTA Account" as source of compensation); (Dkt. No. 267) (supplemental disclosure listing "Jan Kowalski" as source of

---

[3] On November 30, 2018, the Court entered an Order granting the Trustee's Motion and Converting the Case to Chapter 7.  (Dkt. No. 275).  The Debtor, in a delay tactic, has appealed the Conversion Order without ordering a single transcript for the multi-day trial, thus precluding any any meaningful review by the District Court.

5

compensation). Also, Jan Kowalski's IOLTA Account has been used to purchase the real property commonly known as 6821 W. 96th Street, Oak Lawn, IL ("Oak Lawn Property"). At trial, Debtor's girlfriend Natalie Lira ("Lira") testified that Debtor had purchased the Oak Lawn Property for the Debtor, Lira and their child. Subsequent investigation revealed that on or around October 12, 2018, the Oak Lawn Property was purchased post-petition without the Court or the Trustee being informed. A wire-transfer of $75,682.86 from Jan Kowalski IOLTA Account was used to purchase the Oak Lawn Property, which is owned by First Midwest Land Trust No. 9435, for which Lira is the sole beneficiary and as the holder of power of direction for the Land Trust.[4]

On November 1, 2018, the Court entered an Order finding the Debtor in contempt of court (Dkt. No. 225) failing to produce documents and refusing to answer questions at his Rule 2004 examination conducted by the FDIC. *Id.* The Court ordered the Debtor to be incarcerated until November 5, 2018 and then continued his incarceration until November 8, 2018 (Dkt. No. 234).[5] From November 1, 2018 to November 8, 2018, when the Debtor was incarcerated without access to his phone, there was no activity in the IOLTA Account. The day after his release, on November 9, 2018, twenty-five thousand dollars were deposited in the IOLTA Account. Eight more deposits were made at the teller-counter at various Bank of America branches, ranging from twenty-one thousand dollars to forty-five thousand dollars from November 12, 2018 to November 30, 2018. Note that at this point the cash-closing for the Oak Lawn Property had already taken place.

---

[4] Jan Kowalski has notarized documents relating to the formation of the Land Trust and the purchase of the Oak Lawn Property

[5] On November 8, 2018, the entered an order releasing the Debtor from incarceration while continuing to hold him contempt of Court.

6

53620101v.2

From November 13, 2018 to November 20, 2018, around *two hundred thousand dollars* were withdrawn from the IOLTA account in cash withdrawals from various Bank of America locations in the City of Chicago including branch locations at Roosevelt and Canal; Eighteenth and Paulina; Ashland and Roosevelt; Lake and Lasalle; 135 South Lasalle; Clark and Madison; and Lagrange, IL.  The timing of these deposits and withdrawals mirror the Debtor's incarceration and release from custody.

On November 15, 2018, ten-thousand dollars were withdrawn in cash at the Lake and Lasalle branch and then ten-thousand dollars were withdrawn in cash at 135 S. Lasalle Street from the Jan Kowalski IOLTA Account.  Then, the next day, thirty-thousand dollars were withdrawn in cash from the 135 S. Lasalle Street branch.  On November 19, 2018 (the day before the scheduled status-hearing on the continued civil contempt order), a ten-thousand dollars withdrawal occurred at the Lagrange branch, and two separate five-thousand dollars teller withdrawals occurred at the Roosevelt and Canal branch and the 135 S. Lasalle Street branch.  Likewise on November 30, 2018 (the day the Court issued the Conversion Order), ten thousand dollars with withdrawn in cash at the Eighteenth and Paulina branch and then two separate teller withdrawals of five thousand dollars each occurred at the Lake and Lasalle branch and the 135 South Lasalle branch.  Upon information and belief, the $674,502.27 withdrawn in cash from the Jan Kowalski IOLTA Account from May 1, 2018 to November 30, 2018 are all property belonging to the Estate and should be turned over to the Trustee.

## ARGUMENT

**A.   The Court should Order Jan Kowalski to provide an immediate accounting of the Jan Kowalski IOLTA Account.**

Subsection (e) of section 542 of the Bankruptcy Code authorizes the court, after notice and a hearing, to order an *attorney*, accountant or any other person to turn over or disclose to the

7

estate documents or books "relating to the debtor's property or financial affairs." 11 U.S.C. § 542(e) (emphasis added). Illinois Rule of Professional Responsibility 1.15(e) requires that lawyers maintain *complete records* of client trust fund accounts including disbursement journals, ledger records, bank statements and check stubs. Ill. S. Ct. R. 1.15(e) (emphasis added). A lawyer may not deposit her own funds in a client trust fund account except for the "sole purpose" of paying bank service charges.

The Bank of America documents reflect that the Premium Title cashier's check for $64,085.35 was deposited into the Jan Kowalski IOLTA Account. Subsequently, a wire transfer was initiated from the Jan Kowalski IOLTA Account for the amount of $75,682.86 that funded the purchase the Oak Street Property—where the Debtor and Lira currently reside with their newborn. All events, the initial withdrawal of funds for the making of the Premium Title cashier's check, the deposit of the cashier's check in the Jan Kowalski IOLTA Account, and the wire transfer from the Jan Kowalski IOLTA Account for the purchase of the Oak Street Property happened post-petition. Upon information and belief, substantially all of the $674,502.27 withdrawn from the Jan Kowalski IOLTA Account from May 1, 2018 through November 30, 2018 are Estate funds for which Jan Kowalski should be directed to provide an accounting. *See In re Black Diamond Min. Co., LLC*, 507 B.R. 209, 214 (E.D. Ky. 2014) (ordering debtor's former law firm to turn over records to the liquidating trustee).

**B.      The Court should direct the Debtor and Jan Kowalski, as Debtor's agent, to turnover property of the Estate in the Jan Kowalski IOLTA Account.**

"Under the Bankruptcy Code, an entity in possession, custody, or control of property that the trustee is entitled to possess, including property that the debtor may exempt, must turn that property over to the trustee." *In re Salzer*, 52 F.3d 708, 713 (7th Cir. 1995). The bankruptcy estate includes, with certain exceptions, all legal or equitable interests of the debtor in property

8

as of the commencement of the case. 11 U.S.C. § 541(a)(1). The Seventh Circuit holds that "the scope of § 541 is broad and should be generously construed." *Id.* It includes all property interests, whether reachable by state-law creditors or not, and whether vested or contingent. "When a bankruptcy petition is filed, virtually all property of the debtor at that time becomes property of estate . . . every conceivable interest of the debtor, future, nonpossessory, contingent, speculative, and derivative, is within reach of 11 U.S.C. § 541." *In re Yonikus*, 996 F.2d 866, 869 (7th Cir. 1993). Section 542(a) of the Bankruptcy Code "lays down a general rule that any property of a debtor's estate held by any entity must be turned over to the trustee." *In re U.S.A. Diversified Prod., Inc.*, 193 B.R. 868, 872 (Bankr. N.D. Ind. 1995), aff'd, 196 B.R. 801 (N.D. Ind. 1996), aff'd sub nom. *Matter of USA Diversified Prod.*, Inc., 100 F.3d 53 (7th Cir. 1996). "The obligation to do so is self-operative and mandatory." *Id.*

Here, despite having knowledge of her brother's bankruptcy, Jan Kowalski failed to turnover property of the Estate to the Trustee. Despite repeated demands from the Trustee, the Debtor failed to turnover property to the Trustee including post-petition rents and other cash assets. Subsequently, both the Debtor and Jan Kowalski purposely and actively concealed property of the Estate through the Jan Kowalski IOLTA Account. Following the appointment of the Trustee, the Debtor or Jan Kowalski deposited Estate funds into the Jan Kowalski IOLTA Account and those funds were then dispersed without notice to the Trustee or the Court. The amounts of funds was not trivial but in excess of six hundred thousand dollars and it was dispersed with the intent to conceal or defraud the Estate. Upon information and belief, the Debtor continues to assert control and dominion over the withdrawn cash-assets of the Estate. For example, the Debtor resides in the Oak Lawn Property despite legal title being in the Land Trust created by the Debtor with Lira being the holder of the power of direction.

Given the pattern of non-compliance and concealment of Estate assets by the Debtor and Jan Kowalski, both attorneys, the Estate is under a direct and continuous threat of the dissipation of Estate funds unless such conduct is brought to an immediate end.  Repeated trips to the jailhouse have failed to register with the Debtor and he continues to actively interfere in the administration of the Estate.

Given these facts, the Court should enter an Order directing Debtor and Jan Kowalski to turnover to the Estate all assets in their custody, control or possession, including all Estate funds in the Jan Kowalski IOLTA Account and cash recently withdrawn from that account.

C.  **The Court should enter a Rule for Debtor and Jan Kowalski to show cause why they should not be held in contempt of Court.**

The Kowalskis failure to turn over Estate funds in the Jan Kowalski IOLTA Account, and deposits into and withdrawals from the Jan Kowalski IOLTA Account, is yet another attempt to conceal and then disburse Estate property for the Debtor's benefit.  It is a categorical violation of the automatic stay.  Section 362 prohibits inter alia "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."  11 U.S.C. § 362(a)(3); *see, e.g., In re Stewart*, 499 B.R. 557, 572 (Bankr. E.D. Mich. 2013) (conversion of property of the estate violated § 362(a)(3)); *see also Nat'l Tax Credit Partners, L.P. v. Havlik*, 20 F.3d 706, 708 (7th Cir. 1994) (holding that § 362(a)(3) "encompass[es] every effort to exercise control over property of the estate" (internal quotation marks omitted)).  The Debtor and Jan Kowalski were aware of the existence of the automatic stay and its prohibition against the acts to exercise control over estate property, and they nevertheless continued to hide and convert assets using the Jan Kowalski IOLTA Account in violation of that prohibition.  The Estate has been damaged in the amount of at least $674,502.27, which comprises the amount of

10

53620101v.2

Estate funds dispersed from the Jan Kowalski IOLTA Account from May 1, 2018 to November 30, 2018.

WHEREFORE, the Trustee respectfully requests that the Court enter an Order substantially in the form of the attached proposed order:

1. Directing Jan Kowalski to immediately provide an accounting of the Jan Kowalski IOLTA Account;

2. Directing Debtor and Jan Kowalski to immediately turn over all property of the Estate to the Trustee, specifically including all funds in the Jan Kowalski IOLTA Account and all cash assets in their possession or control;

3. Entering a Rule Against Jan Kowalski and the Debtor to show why they should not be held in contempt of Court.

Dated:  December 26, 2018

Respectfully submitted,

GUS A. PALOIAN, not individually, but solely in his capacity as the Chapter 7 Trustee of the Debtor's Estate,

By:  /s/ Devvrat Sinha

Gus A. Paloian (06188186)
James B. Sowka (6291998)
Devvrat Sinha (6314007)
SEYFARTH SHAW LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois  60606
Telephone:  (312) 460-5000
Facsimile:  (312) 460-7000
gpaloian@seyfarth.com
jsowka@seyfarth.com
dsinha@seyfarth.com

*Counsel to Chapter 7 Trustee, Gus A. Paloian*

11