**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Robert M. Kowalski, | ) | Case No. 18-09130 |
| | ) | |
| Debtor. | ) | Judge Jacqueline P. Cox |

**NOTICE OF MOTION**

TO: See attached list

**PLEASE TAKE NOTICE** that on __1/10__, 2019 at _10:00_ **a.m.**, I will appear before the **Honorable Judge Jacqueline Cox,** or any judge sitting in that judge's place, in **Courtroom 680** in the **Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois,** and present the attached **Motion of Attorney Jan Kowalski to Quash Subpoena or Summons Directed to her IOLTA Account,** at which time you may appear as you see fit.

PLEASE TAKE FURTHER NOTICE that pursuant to Local Rule 9013-9(B), the court may enter the appended proposed order without presentation of the motion in open court and without a hearing unless a party in interest notifies the presiding judge of an objection hereto.

Dated: January __3__, 2019

By: _____
Jan R. Kowalski, Esq.
1918 West Cermak Road
Chicago, Illinois 60608
312-218-3030
jdma22@hotmail.com

**CERTIFICATE OF SERVICE**

I, Jan R. Kowalski, Esq., certify/declare under penalty of perjury under the laws of the United States of America that I served a copy of this notice and the attached motion on each entity shown on the attached list at the address shown and by the method indicated on the list on January __3__, 2019 before 5:00 p.m.

By: _____

## SERVICE LIST

1. Trustee: Gus A. Paloian, Esq., 233 S. Wacker Drive, Suite 800, Chicago, Illinois 60606, gpaloian@seyfarth.com
2. Party: FDIC as Receiver for Washington Federal Bank for Savings
   Attorney: Rick Rein, Esq. and Jason Torf, rrein@hmblaw.com, jtorf@hmblaw.com Horwood, Marcus & Berk, Chtd., 500 W. Madison Street, Suite 3700, Chicago, Illinois 60661
3. Party: Martha Padilla, 1512 West Polk Street, Chicago, Illinois 60607
   Attorney: Karen Porter, Esq., porterlawnetwork@gmail.com , 230 W. Monroe, Suite 240, Chicago, Illinois 60606 and Geraldine Holt, Esq., gwholt@holtlawgroup.com , 180 N. LaSalle Street, Suite 3700, Chicago, Illinois 60601
4. Party: Parkway Bank & Trust, 4800 N. Harlem Avenue, Harwood Heights, IL 60706
   Attorney: Sheryl Fyock, Esq., sfyock@llflegal.com, Latimer LeVay Fyock LLC, 55 West Monroe Street, Suite 1100, Chicago, Illinois 60603
5. Party: Joel Levin
   Attorney: Neil Gantz, Esq., neilgantz@yahoo.com 105 West Madison, Suite 901, Chicago, Illinois 60602
6. Party: JP Morgan Chase, Mail code LA4-555, 700 Kansas Lane, Monroe, LA 71203
   Attorney: Todd Ruchman, Esq., amps@manleydeas.com
7. Party: William Kowalski
   Attorney: Kevin Flynn, Esq., kevin@kmflynnlaw.com 190 S. LaSalle Street, Suite 3850, Chicago, Illinois 60603
8. Party: 5305-7 West Leland Avenue Condominium Association
   Attorney: Ronald Kapusta, Esq., ndaily@ksnlaw.com ,Kovitz Shifrin Nesbit, 175 N. Archer Ave., Mundelein, IL 60060
9. Party: United States Trustee
   Attorney: Patrick S. Layng, USTPRegion11.ES.ECF@usdoj.gov , 219 S. Dearborn Street, Room 873, Chicago, Illinois 60604
10. Party: Internal Revenue Service,
    Attorney: PO Box 7346, Philadelphia, PA 19101-7346
11. Party: Illinois Department of Revenue
    Attorney: PO Box 64338, Chicago, IL 60664-0291
12. Party: Capital One Auto Finance c/o AIS Portfolio Services, LP
    Attorney: 4515 N. Santa Fe Ave. Dept. APS, Oklahoma City, OK 73118
13. Party: Ally Bank
    Attorney: PO Box 130424, Roseville, MN 55113-0004
14. Party: Discover Bank
    Attorney: PO Box 3025, New Albany, OH 43054-3025
15. Party: The Huntington National Bank
    Attorney: PO Box 89424, Cleveland, OH 44101-8539

16. Party: Capital One Bank (USA), N.A.
    Attorney: PO Box 71083, Charlotte, NC 28272-1083
17. Party: Premier Bankcard, LLC
    Attorney: Jefferson Capital Systems LLC Assignee, PO Box 7999, St. Cloud, MN 56302-9617
18. Party: AT&T Corp., c/o AT&T Services, Inc. and Illinois Bell Telephone Company
    Attorney: Karen Cavagnaro, Esq., One AT&T Way, Room 3A104, Bedminster, NJ 07921
19. Party: Merrick Bank
    Attorney: Resurgent Capital Services, PO Box 10368, Greenville, SC 29603-0368
20. Party: ACAR Leasing Ltd d/b/a GM Financial Leasing
    Attorney: PO Box 183853, Arlington, TX 76096

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Robert M. Kowalski, | ) | Case No. 18-09130 |
| | ) | |
| Debtor. | ) | Judge Jacqueline P. Cox |

**Motion of Attorney Jan Kowalski to Quash
Subpoenas or Summons Directed to her IOLTA Account**

Robert M. Kowalski, Debtor, by and through one of his attorneys, Jan R. Kowalski, Esq., pursuant to Federal Rule 45 made applicable by Bankruptcy Rule 9016, hereby moves this Court for the entry of an order quashing the subpoenas or Summons Directed to her IOLTA account, and in support thereof states:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334(b). This matter is a core proceeding under 28 U.S.C. §157(b).

2. Venue is proper in this Court pursuant to 28 U.S. §§1408 and 1409.

3. On December 21, 2018, Debtor's counsel, Jan R. Kowalski, Esq., received a notification from the financial institution holding her IOLTA account, a true and accurate copy of which is attached hereto as Exhibit A.

4. On December 31, 2018, Debtor's counsel, Jan R. Kowalski, Esq., received a notification from the financial institution holding her IOLTA account, a true and accurate copy of which is attached hereto as Exhibit B.

5. Pursuant to the notifications attached as Exhibits A and B, apparently the party that issued the request for records relating to the IOLTA account of attorney, Jan R. Kowalski, Esq. was "Seyfarth Shaw, LLP" relating to "case no. 18-09130."

6.     Attorney Jan Kowalski representing Debtor in these proceedings did not receive any notice prior to issuance of any subpoena or summons directed to her IOLTA account records.

7.     An attorney-client relationship exists between Attorney Jan Kowalski and her clients. Attorney Jan Kowalski is a solo practitioner who represents diverse clients including criminal defendants, civil litigants in both state and federal courts, immigration, bankruptcy debtors, appellants, appellees and various individuals consulting with Attorney Kowalski. An attorney-client relationship arose between Attorney Kowalski's clients' and herself.

8.     Funds held within Attorney Kowalski's IOLTA account represent both her earned fees, settlement funds, and her clients' security retainers. Any financial transaction between Attorney Kowalski and her clients was after establishment of an attorney-client relationship. The attorney-client privilege is recognized as one of "the oldest of the privileges for confidential communications known to the common law." (Upjohn Co. v. United States (1981), 449 U.S. 383, 389, 101 S.Ct. 677, 682, 66 L.Ed.2d 584, 591; 8 Wigmore, Evidence, § 2290 (McNaughton rev. 1961); see Hazard, An Historical Perspective on the Attorney-Client Privilege, 66 Calif.L.Rev. 1061, 1071 (1978).)

9.     The privilege has been described as being essential "to the proper functioning of our adversary system of justice." (United States v. Zolin (1989), 491 U.S. 554, 109 S.Ct. 2619 2626, 105 L.Ed.2d 469, 485.) The essentials of the creation of the attorney-client privilege have been defined as follows: " '(1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except

the protection be waived.' " Adam, 51 Ill.2d at 48, 280 N.E.2d 205, quoting 8 Wigmore, Evidence, § 2292, at 554 (McNaughton rev. 1961). Cesena v. Du Page County, 558 N.E.2d 1378, 201 Ill.App.3d 96, 146 Ill.Dec. 1044 (Ill. App., 1990).

10. While a client's identity is generally not privileged information, it is privileged in this instance because the identity of Attorney Kowalski's client's was privileged information and never communicated to a third party nor waived. Attorney Kowalski's clients' identities are protected by attorney-client privilege. Attorney Kowalski cannot be compelled to disclose her clients' identities. It is in the public interest to protect the confidential privilege as to the identities of Attorney Kowalski's clients.

11. Further, Attorney Kowalski and her clients will be severely prejudiced if their identities were disclosed. *People v. Williams*, 97 Ill.2d 252, 295, 73 Ill.Dec. 360, 454 N.E.2d 220 (1983), *cert. denied*, 466 U.S. 981, 104 S.Ct. 2364, 80 L.Ed.2d 836 (1984). More specifically, in two distinct ways will Attorney Kowalski and her clients be severely prejudiced. First, the identity of potential criminal defendants who have consulted with Attorney Kowalski and for which no criminal charges are currently pending would be subject to prosecution through revelation of their identities.

12. Secondly, the attorney-client privilege exists to enable a person to consult freely and openly with an attorney without any fear of compelled disclosure of the information communicated. (*People v. Adam* (1972), 51 Ill.2d 46, 48, 280 N.E.2d 205, *cert. denied* (1972), 409 U.S. 948, 93 S.Ct. 289, 34 L.Ed.2d 218; Knief v. Sotos (1989), 181 Ill.App.3d 959, 964, 130 Ill.Dec. 503, 537 N.E.2d 832.) Should the identities of Attorney Kowalski's clients become known, Attorney Kowalski would be deprived of an ability to earn a living to support her family and disabled son. Compelled disclosure of the

identities of Attorney Kowalski's clients would have a substantial chilling effect upon her practice.

13. Attorney Kowalski's practice is located in Chicago's Pilsen community. Attorney Kowalski's clients are primarily drawn from Pilsen and Little Village residents through word of mouth. No client would consult with Attorney Kowalski on any immigration issue or other legal matter should the identity of Attorney Kowalski's client's be disclosed.

14. Attorney Kowalski has represented Debtor in various matters and continues to represent Debtor in various matters.

15. Attorney Kowalski seeks to quash the disclosure of the records subject to subpoena or summons from her IOLTA account.

16. Attorney Kowalski seeks to seal any documents filed relating to Attorney Kowalski's IOLTA account.

17. Attorney Kowalski seeks the return and destruction of any documents heretofore received contrary to rules of civil procedure without notice.

WHEREFORE, Debtor respectfully requests that this Court enter an Order substantially in the form of the proposed order submitted herewith quashing the subpoenas or summons in the form attached as this Court deems fair and equitable.

Dated: January 1, 2019

Respectfully submitted,

By: _____
Jan R. Kowalski, Esq.
1918 West Cermak Road
Chicago, Illinois 60608
773/696-9698
jdma22@hotmail.com