**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>ROBERT M. KOWALSKI,<br><br>Debtor. | Case No. 18-09130<br>Chapter 11<br><br>Hon. Jacqueline P. Cox |
| **GUS A PALOIAN**, not individually, but solely in his capacity as the duly-appointed Trustee for the estate of Robert M. Kowalski,<br><br>Plaintiff,<br><br>v.<br><br>**NATALIE LIRA**,<br><br>Defendant. | Adv. Pro. No. ____________ |

## COMPLAINT

Plaintiff Gus A. Paloian, not individually, but solely as Chapter 7 Trustee ("Plaintiff") for the bankruptcy estate ("Estate") of Robert M. Kowalski ("Kowalski" or "Debtor"), states as follows:

## NATURE OF THE ACTION

1. This is an adversary proceeding by the Estate against Natalie Lira ("Lira") to avoid and recover post-petition transfers of property of the Estate under 11 U.S.C. §§ 544, 549 and 550.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157 and 1334 and Northern District of Illinois Local Rule 40.3.1.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F).

4. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## PARTIES

5. Plaintiff is the Trustee of the Bankruptcy Estate pursuant to an order of this Court entered on August 7, 2018. (Dkt No. 106).

6. Lira is a citizen and resident of the state of Illinois, residing in Cook County, Illinois.

## FACTS COMMON TO ALL COUNTS

### Debtor's Relationship with Lira

7. On March 29, 2018, Debtor filed a voluntary petition for relief under Chapter 11 of the United States Code ("Bankruptcy Code").

8. Lira is the Debtor's girlfriend.

9. On November 1, 2018, Lira testified in the Debtor's bankruptcy case that she was pregnant with Debtor's child.

10. Lira also testified that Debtor had recently purchased real property in Oak Lawn, IL for Debtor and Lira to move into after the child was born.

11. Upon information and belief, on or around November 2018, Lira, Debtor and their child moved into 6821 W. 96th Street, Oak Lawn, IL ("Oak Lawn Property").

### The Undisclosed Post-Petition Purchase of the Oak Lawn Property

12. A warranty deed recorded with the Cook County Recorder of Deeds on October 22, 2018 as Document No. 1829519073 reflects that title of the Oak Lawn Property is held by First Midwest Land Trust No. 9435 ("Land Trust").

13. The Land Trust Agreement dated July 26, 2018 for First Midwest Trust No. 9435 designates Lira as the sole beneficiary and as the holder of power of direction for the Land Trust.

14. The Oak Lawn Property was purchased in cash for around $100,00.00.

15. The closing took place on or around October 12, 2018.

16. The source of the funds were two wire-transfers. A wire transfer in the amount of $75,682.86, and a separate wire transfer in the amount of $20,547.00.

17. One of the wire-transfers for the purchase of the Oak Lawn Property originated from Lira's JP Morgan Chase bank account in the amount of $20,547.00.

18. On July 24, 2018, Debtor made payable to Lira Byline Bank cashier's check number 10227356 from the bank account of Indomitable, LLC ("Indomitable") in the amount of $11,000.00 ("Cashier's Check 1").

19. On June 18, 2018, Debtor made payable to Lira Byline Bank cashier's check number 10227295 from the bank account of Indomitable in the amount of $5,000.00. ("Cashier's Check 2")

20. On June 18, 2018, Debtor had made payable to Lira Byline Bank cashier's check number 10227294 from the bank account of Indomitable in the amount of $5,000.00. ("Cashier's Check 3")

21. Cashier's Check, Cashier's Check 2 and Cashier's Check 3 were deposited by Lira in her JP Morgan Chase bank account before the closing on the Oak Lawn Property.

22. Debtor used Estate property to procure the funds necessary to obtain Cashier's Check 1, Cashier's Check 2 and Cashier's Check 3.

23. Lira used the Estate's funds to complete the purchase of the Oak Lawn Property.

24. The second wire-transfer for the purchase of the Oak Lawn Property originated from a Bank of America Illinois IOLTA Trust Account of Jan Kowalski in the amount of $75,682.86.

25. Jan Kowalski is Debtor's sister.

26. The Debtor procured a Byline Bank Cashier's Check, Check No. 10227384, payable to "Premium Title" in the amount of $64,084.35 on August 13, 2018. ("Cashier's Check 4")

27. Cashier's Check 4 was deposited over the counter in Jan Kowalski's Bank of America IOLTA Account on September 28, 2018.

28. The Debtor procured a Byline Bank Cashier's Check, Check No. 10227233, payable to himself in the amount of $4,500.00 on April 24, 2018. ("Cashier's Check 5").

29. Cashier's Check 5 was deposited in Jan Kowalski's Bank of America IOLTA Account on September 28, 2018.

30. Jan Kowalski transferred the Estate's funds to complete the purchase of the Oak Lawn Property for Lira's benefit.

## COUNT I

## AVOIDANCE AND RECOVERY OF THE OAK LAWN PROPERTY UNDER BANKRUPTCY CODE §§ 549 AND 550

31. Plaintiff restates and incorporates by reference herein the allegations set forth in paragraphs 1 through 30 above as though fully set forth herein.

32. Section 549 of the Bankruptcy Code allows the Trustee to avoid a transfer of property of the Estate that occurs after the commencement of the case and that is not authorized by the Court.

33. The Court never authorized a post-petition transfer of funds from the Estate to Lira.

34. The Court never authorized the purchase of the Oak Lawn Property.

35. Any funds used to purchase the Oak Lawn Property that came from Lira's bank account were in fact proceeds of the Estate.

36. Any funds used to purchase the Oak Lawn Property that came from Jan Kowalski's bank account were in fact proceeds of the Estate.

37. The purchase of the Oak Lawn Property was made for Lira's benefit.

38. Lira gave no consideration to the Estate for the Oak Lawn Property.

39. Lira is the initial or subsequent transferee of the Oak Lawn Property or the person for whose benefit the Oak Lawn Property was purchased.

40. The Trustee may recover, for the benefit of the Estate, the Oak Lawn Property or the value of the Oak Lawn Property from Lira under Bankruptcy Code § 550(a).

41. Upon information and belief, the value of the Oak Lawn Property is $150,000.00.

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order avoiding the transfer of the Oak Lawn Property to Lira under 11 U.S.C. § 549; directing Lira to turn over the Oak Lawn Property to the Trustee and directing her to complete any necessary documentation to that effect; or directing Lira to turn over the fair market value of the Oak Lawn Property; and for such other relief as the Court deems just and proper.

## COUNT II

## AVOIDANCE AND RECOVERY OF THE OAK LAWN PROPERTY UNDER 740 ILCS 160/1 et seq (CONSTRUCTIVE FRAUD)

42. Plaintiff restates and re-alleges paragraphs 1 through 41 of this Complaint as though fully set forth herein.

43. At the time Lira acquired the beneficial interest to the Land Trust for the Oak Lawn Property, the Debtor was in bankruptcy and insolvent.

44. Section 544 of the Bankruptcy Code allows the Trustee to avoid any transfer of property that an unsecured creditor or a judicial creditor can avoid under state law.

45. The Illinois Uniform Fraudulent Transfer Act, 740 ILCS 160/1, allows for

avoidance of a transfer that is constructively fraudulent (740 ILCS 160/6) or that is actually fraudulent (740 ILCS 160/5(a)).

46. Lira gave no value to the Debtor or to the Estate in exchange for the Oak Lawn Property.

47. Lira's acquisition of the Oak Lawn Property is a voidable transfer under 740 ILCS 160/6.

48. The Trustee may recover, for the benefit of the Estate, the Oak Lawn Property or the value of the Oak Lawn Property from Lira under Bankruptcy Code § 550(a).

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order avoiding the transfer of the Oak Lawn Property to Lira under 11 U.S.C. § 544 and 740 ILCS 160/1 et seq; directing Lira to turn over the Oak Lawn Property to the Trustee and directing her to complete any necessary documentation to that effect; or directing Lira to turn over the fair market value of the Oak Lawn Property; and for such other relief as the Court deems just and proper.

## COUNT III

## AVOIDANCE AND RECOVERY OF THE OAK LAWN PROPERTY UNDER 740 ILCS 160/1 et seq (ACTUAL FRAUD)

49. Plaintiff restates and re-alleges paragraphs 1 through 48 of this Complaint as though fully set forth herein.

50. Debtor concealed the purchase of the Oak Lawn Property from the Trustee and from the Court.

51. Debtor testified in the bankruptcy case that he could not recall what happened to Cashier's Check 4.

52. Cashier's Check 4 was negotiated at Jan Kowalski's Bank of America IOLTA Account.

53. Debtor converted proceeds belonging to the Estate and washed them through Jan Kowaski's Bank of America IOLTA Account to defraud the Estate.

54. Debtor concealed Lira's acquisition of the Oak Lawn Property from the Trustee and from the Court.

55. Debtor acted with the intent to defraud the estate by directing the transfer of Estate funds to fund the purchase of the Oak Lawn Property.

56. Under 740 ILCS 160/5, a transfer made with the actual intent to hinder, delay or defraud any creditor is a voidable fraudulent transfer.

57. The Trustee may recover, for the benefit of the Estate, the Oak Lawn Property or the value of the Oak Lawn Property from Lira under Bankruptcy Code § 550(a).

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order avoiding the transfer of the Oak Lawn Property to Lira under 11 U.S.C. § 544 and 740 ILCS 160/1 et seq; directing Lira to turn over the Oak Lawn Property to the Trustee and directing her to complete any necessary documentation to that effect; or directing Lira to turn over the fair market value of the Oak Lawn Property; and for such other relief as the Court deems just and proper.

## COUNT IV

## AVOIDANCE AND RECOVERY OF THE OAK LAWN PROPERTY UNDER BANKRUPTCY CODE §§ 544 AND 550 (RESULTING TRUST)

58. Plaintiff restates and re-alleges paragraphs 1 through 57 of this Complaint as though fully set forth herein.

59. Debtor, directly or indirectly, furnished the consideration for the purchase of the Oak Lawn Property.

60. Debtor derives all benefit and enjoyment from the Oak Lawn Property while legal title is in Lira's name.

61. In Illinois, a resulting trust arises by operation of law where one person pays or furnishes the consideration for a deed conveying real estate to another.

62. In Illinois, a lien of judgment attaches to all of a debtor's interests, even if naked title for property rests in someone else.

63. Lira only has naked title to the Oak Lawn Property.

64. The Trustee can avoid Lira's interest in the Oak Lawn Property as a judgment lien holder as of the petition date.

65. The Trustee may recover, for the benefit of the Estate, the Oak Lawn Property or the value of the Oak Lawn Property from Lira under Bankruptcy Code § 550(a).

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order avoiding the transfer of the Oak Lawn Property to Lira under 11 U.S.C. § 544 and Illinois law; directing Lira to turn over the Oak Lawn Property to the Trustee and directing her to complete any necessary documentation to that effect; or directing Lira to turn over the fair market value of the Oak Lawn Property; and for such other relief as the Court deems just and proper.

**COUNT V**

**AVOIDANCE AND RECOVERY OF THE OAK LAWN PROPERTY UNDER BANKRUPTCY CODE §§ 544 AND 550 (UNJUST ENRICHMENT)**

66. Plaintiff restates and re-alleges paragraphs 1 through 65 of this Complaint as though fully set forth herein.

67. Debtor, directly or indirectly, furnished the consideration for the purchase of the Oak Lawn Property using Estate funds.

68. Lira has unjust retained a benefit to the Estate's detriment by acquiring the Oak Lawn Property using Estate funds.

69. Lira's retention of the Oak Lawn Property violates fundamental principles of justice, equity and good conscience.

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order avoiding the transfer of the Oak Lawn Property to Lira under 11 U.S.C. § 544 and Illinois law; directing Lira to turn over the Oak Lawn Property to the Trustee and directing her to complete any necessary documentation to that effect; or directing Lira to turn over the fair market value of the Oak Lawn Property; and for such other relief as the Court deems just and proper.

Dated: January 7, 2019

Respectfully submitted,

GUS A. PALOIAN, not individually, but solely in his capacity as the Chapter 7 Trustee of the Debtor's Estate,

By: /s/ Devvrat Sinha

Gus A. Paloian (06188186)
James B. Sowka (6291998)
Devvrat Sinha (6314007)
SEYFARTH SHAW LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois 60606
Telephone: (312) 460-5000
Facsimile: (312) 460-7000
gpaloian@seyfarth.com
jsowka@seyfarth.com
dsinha@seyfarth.com

*Counsel to Chapter 7 Trustee, Gus A. Paloian*