# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | Case No. 18-09130 |
| ROBERT M. KOWALSKI, | Chapter 11 |
| Debtors. | Hon. Jacqueline P. Cox |
| | Hearing Date:  January 10, 2019 |
| | Hearing Time:  9:30 a.m. |

## NOTICE OF MOTION

TO:   PARTIES ON ATTACHED SERVICE LIST

**PLEASE TAKE NOTICE** that on **Thursday, January 10, 2019, at 9:30 a.m.**, or as soon thereafter as counsel may be heard, we shall appear before the Honorable Jacqueline P. Cox in Courtroom 680 at 219 South Dearborn Street, Chicago, Illinois, or before any other judge sitting in her place and stead, and present the following **Trustee's Motion to (1) Bar Jan Kowalski's Further Participation as Debtor's Attorney; (2) Strike Any Pending Filings by Jan Kowalski as Debtor's Attorney; and (3) For Enforcement of the Court's Administrative Procedures for Electronic Court Filings**, at which time and place you may appear if you so desire.

Dated:  January 8, 2019

Respectfully submitted,

GUS A. PALOIAN, not individually, but solely in his capacity as the Chapter 7 Trustee of the Debtor's Estate,

By:  /s/ Devvrat Sinha
     Gus A. Paloian (06188186)
     James B. Sowka (6291998)
     Devvrat Sinha (6314007)
     SEYFARTH SHAW LLP
     233 South Wacker Drive
     Suite 8000
     Chicago, Illinois  60606
     Telephone:  (312) 460-5000
     Facsimile:  (312) 460-7000
     gpaloian@seyfarth.com
     jsowka@seyfarth.com
     dsinha@seyfarth.com

*Counsel to Chapter 7 Trustee, Gus A. Paloian*

54100715v.1

# **CERTIFICATE OF SERVICE**

I, Devvrat, an-attorney, certify that on January 8, 2019, I caused a copy of the attached **Notice of Motion** and the following **Trustee's Motion to (1) Bar Jan Kowalski's Further Participation as Debtor's Attorney; (2) Strike Any Pending Filings by Jan Kowalski as Debtor's Attorney; and (3) For Enforcement of the Court's Administrative Procedures for Electronic Court Filings** to be served (i) electronically through the Court's Electronic Notice for Registrants on all persons identified as Registrants on the appended Service List, and (ii) by e-mail on those other parties identified on the attached Service List.

        By:  /s/Devvrat Sinha
            Devvrat Sinha

# KOWALSKI SERVICE LIST
## Case No. 18-09130

**SERVICE VIA CM/ECF**

| | |
|---|---|
| Ernesto D. Borges | notice@billbusters.com, billbusters@iamthewolf.com, billbusters@ecf.inforuptcy.com, borgeser80263@notify.bestcase.com |
| Kevin M. Flynn | kevin@kmflynnlaw.com |
| Sheryl A. Fyock | sfyock@llflegal.com |
| Neil P. Gantz | neilgantz@yahoo.com, negrita0615@yahoo.com |
| Kathryn Gleason | USTPRegion11.ES.ECF@usdoj.gov, Kathryn.M.Gleason@usdoj.gov |
| Cameron M. Gulden | USTPRegion11.es.ecf@usdoj.gov |
| Jeffrey K. Gutman | jeffreykg4018@aol.com, jkg4018@gmail.com |
| Geraldine W. Holt | gwholt@holtlawgroup.com |
| Ronald J. Kapustka | ndaily@ksnlaw.com, bankruptcy@ksnlaw.com |
| Cari A. Kauffman | ckauffman@sormanfrankel.com, dfrankel@sormanfrankel.com |
| Patrick S. Layng | USTPRegion11.ES.ECF@usdoj.gov |
| Candice M. Manyak | candice.manyak@usdoj.gov |
| Kathleen R. Pasulka-Brown | KPasulka-Brown@pjjlaw.com, jwarren@pjjlaw.com, jlewis@shinglerlewis.com, jtonkinson@FDIC.gov |
| James M. Philbrick | jmphilbrick@att.net |
| Karen J. Porter | porterlawnetwork@gmail.com, laz0705@comcast.net |
| Eric S. Rein | rrein@hmblaw.com, dzic@hmblaw.com;ecfnotices@hmblaw.com |
| Todd J. Ruchman | amps@manleydeas.com |
| Jason M. Torf | jtorf@hmblaw.com, ecfnotices@hmblaw.com |
| John W. Guzzardo | jguzzardo@hmblaw.com |

**VIA EMAIL SERVICE**

| | |
|---|---|
| Robert Kowalski: | robert.224@icloud.com |
| Jan Kowalski: | jdma22@hotmail.com |
| Ernesto Borges: | ernestoborges@aol.com |

54100715v.1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>ROBERT M. KOWALSKI,<br><br>Debtor. | Case No. 18-09130<br>Chapter 11<br><br>Hon. Jacqueline P. Cox |

**TRUSTEE'S MOTION TO (1) BAR JAN KOWALSKI'S FURTHER PARTICIPATION AS DEBTOR'S ATTORNEY; (2) STRIKE ANY PENDING FILINGS BY JAN KOWALSKI AS DEBTOR'S ATTORNEY; AND (3) FOR ENFORCEMENT OF THE COURT'S ADMINISTRATIVE PROCEDURES FOR ELECTRONIC COURT FILINGS**

Gus A. Paloian, not individually, but as the Chapter 7 trustee (the "Trustee") for the bankruptcy estate of Robert M. Kowalski (the "Debtor") respectfully moves (this "Motion") for entry of an Order barring Jan Kowalski's further participation as Debtor's counsel for not being a member of the general bar or the trial bar for the Northern District of Illinois as mandated by Local Rule 83.12 of Northern District of Illinois.  Further, the Trustee moves the Court to strike the Debtor's Response to Seyfarth Shaw's Application for Compensation (Dkt. No. 320) ("Jan Kowalski Objection") and (ii) Debtor's Motion to Quash Subpoenas directed to Jan Kowalski's IOLTA Account ("Jan Kowalski Motion") (Dkt. No. 327) for being filed in violation of Local Rule 83.12 of the Northern District of Illinois and in violation of Administrative Procedures I and II for the Case Management / Electronic Case Filing System ("ECF").  In addition, the Trustee seeks the Court bar attorney Ernesto Borges from further filing any pleadings, motions or papers that do not bear his signature in violation of the ECF Procedures promulgated by this Court.

**INTRODUCTION**

Jan Kowalski is practicing law before this Court but is not a member of the general bar or

the trial of the Northern District of Illinois. *See* Exhibit 1, Letter from the Northern District of Illinois Clerk of Court, Thomas Burton. Under Local Rule 83.12 of the Northern District of Illinois, the Court should bar any further participation of Jan Kowalski as Debtor's counsel. The Court should also strike the Jan Kowalski Motion and the Jan Kowalski Objection for violating Local Rule 83.12, having been filed by a non-admitted attorney.

Jan Kowalski has also signed and submitted pleadings to this Court under the ECF credentials of attorney Ernesto Borges in violation of the ECF Procedures I.B. and II. A. Those filings are in circumvention of the Court's mandatory electronic filing requirement, for which Jan Kowalski has already been admonished by Chief Judge Hollis. (Dkt. Nos. 270, 300). The Jan Kowalski Objection and Jan Kowalski Motion should be stricken for this alternative reason.

Further, because Jan Kowalski's filings are under the credentials of counsel Ernesto Borges, the Court should bar Mr. Borges from filing pleadings under his ECF credentials that fail to bear his signature in violation of the ECF Procedures.

## BACKGROUND

Jan Kowalski attempted to step-up as Debtor's attorney at various points throughout this case and finally filed an appearance as Debtor's counsel on November 26, 2018 (Dkt. No. 268), the day of the Debtor's continued Rule 2004 examination. The Debtor's Rule 2004 examination was the subject of multiple show-cause orders entered against the Debtor (Dkt. Nos. 246, 247) that resulted in his incarceration from November 1, 2018 to November 8, 2018.

Jan Kowalski's appearance was the subject of a show-cause hearing before Chief Judge Hollis for being a document filed in paper by an attorney in violation of the Court's mandatory electronic filing requirement. (Dkt. Nos. 270, 300). Since filing her appearance and appearing before Judge Hollis for the rule to show cause hearing with respect to her paper-filing, Jan Kowalski has signed and submitted to this Court:

2

54100715v.1

1.      The Debtor's Objection to the Application for Compensation of Trustee's counsel, Seyfarth Shaw, LLP which was overruled by the Court. See Order Granting Interim Compensation (Dkt. No. 333);
2.      the Jan Kowalski Objection; and
3.      the Jan Kowalski Motion.

None of these were filed electronically under her own credentials, but were filed under Ernesto Borges's ECF credentials.

## REQUEST FOR RELIEF

**A.    Jan Kowalski is not a member of the Northern District of Illinois bar.**

Local Rule 83.12(a) of the Northern District provides that "only members in good standing of the general bar of this Court may enter an appearance on behalf of a party; file pleadings, motions or other documents. . ." Jan Kowalski is not a member of the general bar or the trial bar. See Exhibit 1. However, she has filed an appearance as Debtor's counsel, has signed and filed pleadings bearing her signature in this Court, and actually appeared in Court as Debtor's counsel in this case. Under Local Rule 83.12(a), the Jan Kowalski Objection and Jan Kowalski Motion should be stricken and Jan Kowalski should be barred from further participation in this case as Debtor's counsel.

**B.    A waiver is not warranted.**

Local Rule 83.12(d) allows the client (not counsel) to move for a waiver in writing showing that just would be "best served" if the Rule was waived. The Debtor has not moved to request a waiver here. Nonetheless, even if the Debtor moved for a waiver in writing, the interest of justice would not be "best served" by allowing Jan Kowalski to participate as counsel. She is the Debtor's sister. She has converted Estate assets through her Bank of America Client Trust Fund Account, which is the subject of the Trustee's Motion for Turnover Funds (Dkt. No. 315). Further, she filed an appearance as Debtor's counsel on November 26, 2018 but has not complied with Section 329 of the Bankruptcy Code or with Bankruptcy Rule 2014 and has failed

3

to file a disclosure of compensation.  The Debtor has failed actively hindered the administration of the Estate and has been  incarcerated by the Court.  The Executive Committee for the Northern District of Illinois has entered an Order finding that the Debtor has been "loud and disrespectful of the court and court personnel" and "has become verbally combative with judges and often refuses to follow court procedures or respect the authority of the judge."  Judge Castillo Order (Dkt. No. 224), attached here as Exhibit 2.  The Debtor does not deserve a waiver under Local Rule 83.12(d).  Given the Debtor and Jan Kowalski's conduct in this bankruptcy case, any late or oral request for a waiver from strict compliance with Local Rule 83.12 should be denied outright.

**C.**     **<u>Jan Kowalski's filings violate the ECF Procedures.</u>**

The ECF Procedures mandate electronic filing by all attorneys.  The ECF Procedures provide that each registrant must obtain a login and password and that all motions, pleadings or other documents must be filed electronically.  "By using the Password to make an electronic filing, a Registrant is deemed to affix the Registrant's signature to the document for all purposes, including Fed. R. Bankr. P. 9011."   Jan Kowalski is circumventing these requirements by filing under the ECF credentials of Ernesto Borges.  Attorney Borges's signature does not appear on the Jan Kowalski Objection or the Jan Kowalski Motion.  Accordingly, both the Jan Kowalski Motion and the Jan Kowalski Objection should be stricken for failing to comply with the ECF Procedures.

**D.**     **<u>Attorney Borges should be barred from ghost-filing on behalf of Jan Kowalski.</u>**

The Court should direct attorney Borges to strictly comply with the ECF Procedures and not allow Jan Kowalski, who is not a member of the bar and who does not have her own ECF credentials, from filing papers under his ECF credentials.

**E.** **Request for Short Notice.**

Bankruptcy Rule 9006 (c) allows the Court, with or without notice, to reduce the notice-period and hear a matter on short notice. Fed. R. Bankr. P. 9006(c)(1). Local Rule 9013-1 provides for a three-day notice period for presentment of a motion, and this Motion comes to the Court on two-days-notice. However, in light of the already-set hearing date of January 10, 2019 on matters including the Jan Kowalski Motion, which is one of the pleadings that the Trustee seeks to strike, the Court should exercise its discretion and reduce the notice-period. Jan Kowalski is practicing law without being admitted in the Northern District of Illinois, and this matter should be addressed *before* the commencement of any evidentiary hearings in which she seeks to participate as Debtor's counsel. Debtor and Jan Kowalski have created this situation and allowing them to participate in an evidentiary hearing without first resolving this matter will prejudice the Trustee and further increase the costs of administering the Estate. Moreover, the Debtor's active concealment of the Estate's assets weighs against the Court exercising its discretion in his favor. Accordingly, the Court should grant this request to shorten notice and allow for the presentment of this Motion on January 10, 2019.

WHEREFORE, the Trustee respectfully requests that the Court enter an Order barring Jan Kowalski's further participation as Debtor's counsel in this case; striking the Debtor's Response to Seyfarth Shaw's Application for Compensation (Dkt. No. 320) and (ii) Debtor's Motion to Quash Subpoenas directed to Jan Kowalski's IOLTA Account (Dkt. No. 327); disallowing any further ECF submissions of pleadings, motions or other papers from counsel Ernesto Borges that do not bear his signature; and providing such other relief as the Court deems just and proper.

Dated: January 8, 2019

Respectfully submitted,

GUS A. PALOIAN, not individually, but solely in his capacity as the Chapter 7 Trustee of the Debtor's Estate,

By: /s/ Devvrat Sinha
      Devvrat Sinha

    Gus A. Paloian (06188186)
    Dev Sinha (6314007)
    SEYFARTH SHAW LLP
    233 South Wacker Drive
    Suite 8000
    Chicago, Illinois 60606
    Telephone: (312) 460-5000
    Facsimile: (312) 460-7000
    gpaloian@seyfarth.com
    dsinha@seyfarth.com

*Counsel to Chapter 7 Trustee*

54100715v.1