# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | Case No. 18-09130 |
| ROBERT M. KOWALSKI, | Chapter 7 |
| Debtors. | Hon. Jacqueline P. Cox |
| | Hearing Date: January 16, 2019 |
| | Hearing Time: 9:30 a.m. |

## NOTICE OF MOTION

TO:   PARTIES ON ATTACHED SERVICE LIST

**PLEASE TAKE NOTICE** that on **Wednesday, January 16, 2019, at 9:30 a.m.**, or as soon thereafter as counsel may be heard, we shall appear before the Honorable Jacqueline P. Cox in Courtroom 680 at 219 South Dearborn Street, Chicago, Illinois, or before any other judge sitting in her place and stead, and present the following **Trustee's Motion for Turnover of Possession of Real Property**, at which time and place you may appear if you so desire.

Dated: January 9, 2019            Respectfully submitted,

GUS A. PALOIAN, not individually, but solely in his capacity as the Chapter 7 Trustee of the Debtor's Estate,

By: /s/ Devvrat Sinha

Gus A. Paloian (06188186)
James B. Sowka (6291998)
Devvrat Sinha (6314007)
SEYFARTH SHAW LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois 60606
Telephone: (312) 460-5000
Facsimile: (312) 460-7000
gpaloian@seyfarth.com
jsowka@seyfarth.com
dsinha@seyfarth.com

*Counsel to Chapter 7 Trustee, Gus A. Paloian*

49373759v.2

## CERTIFICATE OF SERVICE

I, Jennifer M. McManus, a non-attorney, certify that on January 9, 2019, I caused a copy of the attached **Notice of Motion** and the following **Trustee's Motion for Turnover of Possession of Real Property** to be served (i) electronically through the Court's Electronic Notice for Registrants on all persons identified as Registrants on the appended Service List, and (ii) by first class U.S. Mail, postage fully pre-paid, to those other parties identified on the attached Service List.

By: _____
Jennifer M. McManus

Subscribed and Sworn to before me
this 9th day of January, 2019

_____
Notary Public

JENNIFER B WOODS
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
December 17, 2019

49373759v.2

# KOWALSKI SERVICE LIST

## Case No. 18-09130

**SERVICE VIA CM/ECF**

| | |
|---|---|
| Ernesto D. Borges | notice@billbusters.com, billbusters@iamthewolf.com, billbusters@ecf.inforuptcy.com, borgeser80263@notify.bestcase.com |
| Kevin M. Flynn | kevin@kmflynnlaw.com |
| Sheryl A. Fyock | sfyock@llflegal.com |
| Neil P. Gantz | neilgantz@yahoo.com, negrita0615@yahoo.com |
| Kathryn Gleason | USTPRegion11.ES.ECF@usdoj.gov, Kathryn.M.Gleason@usdoj.gov |
| Cameron M. Gulden | USTPRegion11.es.ecf@usdoj.gov |
| Jeffrey K. Gutman | jeffreykg4018@aol.com, jkg4018@gmail.com |
| Geraldine W. Holt | gwholt@holtlawgroup.com |
| Ronald J. Kapustka | ndaily@ksnlaw.com, bankruptcy@ksnlaw.com |
| Cari A. Kauffman | ckauffman@sormanfrankel.com, dfrankel@sormanfrankel.com |
| Patrick S. Layng | USTPRegion11.ES.ECF@usdoj.gov |
| Candice M. Manyak | candice.manyak@usdoj.gov |
| Kathleen R. Pasulka-Brown | KPasulka-Brown@pjjlaw.com, jwarren@pjjlaw.com, jlewis@shinglerlewis.com, jtonkinson@FDIC.gov |
| James M. Philbrick | jmphilbrick@att.net |
| Karen J. Porter | porterlawnetwork@gmail.com, laz0705@comcast.net |
| Eric S. Rein | rrein@hmblaw.com, dzic@hmblaw.com;ecfnotices@hmblaw.com |
| Todd J. Ruchman | amps@manleydeas.com |
| Jason M. Torf | jtorf@hmblaw.com, ecfnotices@hmblaw.com |
| John W. Guzzardo | jguzzardo@hmblaw.com |

**VIA EMAIL SERVICE**

robert.224@icloud.com

jdma22@hotmail.com

ernestoborges@aol.com

49373759v.2

**VIA UNITED STATES MAIL**

| | |
|---|---|
| 5305-07 V. Leland Avenue Condominium Association<br>c/o Kovitz Shifrin Nesbit<br>175 N. Archer Ave.<br>Mundelein, IL 60060-2301 | Robert M. Kowalski<br>1707 S. Newberry Avenue<br>Chicago, IL 60608 |
| AT&T Corp<br>c/o AT&T Services, Inc.<br>Karen Cavagnaro, Esq.<br>One AT&T Way, Room 3A104<br>Bedminster, NJ 07921-2693 | ACAR Leasing LTD d/b/a GM Financial Leasing<br>PO Box 183853<br>Arlington, TX 76096-3853 |
| Ally Financial<br>Attn: Bankruptcy<br>PO Box 380901<br>Bloomington, MN 55438-0901 | Ally Bank<br>PO Box 130424<br>Roseville MN 55113-0004 |
| Bombardier/CBNA<br>P. O. Box 6000<br>Sioux Falls, SD 57117-6000 | AmeriCredit/GM Financial<br>Attn: Bankruptcy<br>PO Box 183853<br>Arlington, TX 76096-3853 |
| Capital One Auto Finance<br>AIS Portfolio Services, LP<br>4515 N Santa Fe Ave. Dept. APS<br>Oklahoma City, OK 73118-7901 | Capital One Auto Finance<br>Attn: General Correspondence/BR<br>PO Box 30285<br>Salt Lake City, UT 84130-0285 |
| Capital One<br>PO Box 30253<br>Salt Lake City, UT 84130-0253 | Capital One Bank (USA), N.A.<br>PO Box 71083<br>Charlotte, NC 28272-1083 |
| Cardworks/CW Nexus<br>Attn: Bankruptcy<br>PO Box 9201<br>Old Bethpage, NY 11804-9001 | Chase Card Services<br>Attn: Correspondence Dept<br>PO Box 15298<br>Wilmington, DE 19850-5298 |
| Chase Mortgage<br>PO Box 24696<br>Columbus, OH 43224-0696 | Citibank/The Home Depot<br>Citicorp Credit Services/Centralized Bankruptcy<br>PO Box 790040<br>St Louis, MO 63179-0040 |

2

Citicards CBNA
Citicorp Credit Svc/Centralized Bankruptcy
PO Box 790040
Saint Louis, MO 63179-0040

Costco Go Anywhere Citicard
Centralized Bk/Citicorp Credit Card Services
PO Box 790040
St Louis, MO 63179-0040

Credit One Bank NA
PO Box 98873
Las Vegas, NV 89193-8873

Discover Bank
Discover Products Inc
PO Box 3025
New Albany, OH 43054-3025

Federal Deposit Insurance Corp
c/o Joyce Gist Lewis
1230 Peachtree Street NE Suite 1075
Atlanta, GA 30309-3626

First Premier Bank
601 S Minnesota Ave
Sioux Falls, SD 57104-4868

IL Dept. of Revenue Bankruptcy Section
PO Box 19035
Springfield, IL 62794-9035

Huntington National Bank
Attn: Bankruptcy
PO Box 340996
Columbus, OH 43234-0996

Illinois Bell Telephone Company
c/o AT&T Services, Inc.
Karen Cavagnaro, Esq.
One AT&T Way, Room 3A104
Bedminster, NJ 07921-2693

Illinois Department of Revenue
PO Box 64338
Chicago, IL 60664-0291

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

JPMorgan Chase Bank, N.A.
Chase Records Center
Attn: Correspondence Mail
Mail Code LA4-5555
700 Kansas Lane
Monroe, LA 71203-4774

JPMorgan Chase Bank, NA
c/o Manley Deas Kochalski LLC
P.O. Box 165028
Columbus, OH 43216-5028

Martha Padilla
1512 W. Polk
Chicago, IL 60607-3119

Merrick Bank
Resurgent Capital Services
PO Box 10368
Greenville, SC 29603-0368

Midland Loan Services
c/o FDIC Portfolio Servicing
P. O. Box 25965
Shawnee Mission, KS 66225-5965

Piorun Properties LLC
1918 W. Cermak
Chicago, IL 60608-4237

Parkway Bank & Trust
4800 N. Harlem Avenue
Harwood Heights, IL 60706-3577

3

49373759v.2

| | |
|---|---|
| Syncb/PLCC<br>Attn: Bankruptcy<br>PO Box 965060<br>Orlando, FL 32896-5060 | Premier Bankcard, LLC<br>Jefferson Capital Systems LLC Assignee<br>PO Box 7999<br>Saint Cloud, MN 56302-7999 |
| Washington Federal Bank for Savings<br>c/o FDIC<br>1601 Bryan Street<br>Dallas, TX 75201-3401 | The Huntington National Bank<br>P.O. Box 89424<br>Cleveland, OH 44101-6424 |
| Indomitable, LLC<br>1918 W. Cermak<br>Chicago, IL 60608-4237 | Joel Levin<br>Levin & Associates<br>180 N. LaSalle Street, Suite 1822<br>Chicago, IL 60601-2604 |
| Jan R. Kowalski, Esq.<br>1918 West Cermak Road<br>Chicago, IL 60608 | |

4

49373759v.2

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>ROBERT M. KOWALSKI,<br><br>       Debtor. | Case No. 18-09130<br>Chapter 7<br><br>Hon. Jacqueline P. Cox<br><br>Hearing Date:  January 16, 2019<br>Hearing Time:   9:30 a.m. |

## TRUSTEE'S MOTION FOR TURNOVER OF POSSESSION OF REAL PROPERTY

Gus A. Paloian, not individually, but as the Chapter 7 trustee (the "Trustee") for the bankruptcy estate (the "Estate") of Robert M. Kowalski (the "Debtor") respectfully moves the Court for the entry of an Order pursuant to 11 U.S.C. §§ 105(a), 362, 541 and 542: (a) directing the Debtor and Debtor's agents, including, but not limited to, Jan Kowalski (collectively, the "Kowalskis"), to immediately turnover and deliver to the Trustee possession of the real property commonly known as 1918 W. Cermak Road, Unit 1, Chicago, Illinois (the "Premises").

## JURISDICTION & VENUE

1. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) in which the Court may constitutionally enter a final order, and the Trustee consents to the entry of a final order by the Court.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This Motion is made pursuant to §§ 105(a), 362, 541 and 542 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") and Rules 4002 and 9020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

3. On March 29, 2018, a voluntary petition for relief under Chapter 11 of the United States Code ("Bankruptcy Code") was filed by the Debtor.

49373759v.2

        On July 26, 2018, the Court entered an Order authorizing the appointment of a Chapter 11 Trustee.

4.     On August 3, 2018, the United States Trustee moved for the approval of its appointment of Gus A. Paloian as the Chapter 11 Trustee for the Estate (Dkt. 101).

5.     On August 7, 2018, an Order was entered approving the appointment of Gus A. Paloian as Chapter 11 Trustee of the Estate (Dkt. 106).

6.     On September 25, 2018 the Trustee filed a Motion to Convert Case to Chapter 7 (Dkt. 173).

7.     On November 30, 2018, the Bankruptcy Court entered an order converting the Case to one under Chapter 7 of the Bankruptcy Code (Dkt. 276).

8.     On December 3, 2018 Gus A. Paloian, was appointed to serve as Chapter 7 Trustee in the Case (Dkt. 281).

9.     The Debtor listed on his schedules ownership of the Premises.

10.     The Premises are property of the Estate.

11.     No lease for the Premises has been produced by the Debtor.

12.     The Debtor maintains or maintained an office on the Premises. On information and belief, the Debtor allows Jan Kowalski to occupy a portion of the Premises because Jan Kowalski has a prominent sign on the street-facing window. A picture of the Premises is as follows:



13.     No rent has been paid to the Estate since the appointment of the Trustee despite demand to pay market rate rent.

14.     A copy of the Trustee's email dated September 13, 2018, to Jan Kowalski demanding rent payment is attached hereto as <u>Exhibit A</u>.  Jan Kowalski never responded.  As noted, no rent has been paid to the Estate by any occupant during the pendency of this Case.

49373759v.2

15.    On December 18, 2018, the Trustee made demand for the turnover of possession of the Premises.  A copy of the Trustee's email dated December 18, 2018 to the Debtor, and his Counsels in this Case, Ernesto Borges and Jan Kowalski, is attached hereto as <u>Exhibit B</u>.  No one has responded.

16.    Despite demand for possession of the Premises, the Debtor has failed and refused to tender possession of the Premises.

## RELIEF REQUESTED

17.    By this Motion, the Trustee seeks an Order pursuant to §§ 105(a), 362, 541 and 542 of the Bankruptcy Code and Bankruptcy Rule 4002 directing the Debtor and his agents, including, but not limited to, Jan Kowalski, to immediately turnover and deliver to the Trustee Possession of the Premises.

## BASIS FOR RELIEF

18.    Property of the estate includes all legal and equitable interests of the debtor, including all property, real or personal, in the Debtor's possession.  *See* 11 U.S.C. § 541(a); *Babbitt v. Dutcher*, 216 U.S. 102, 105 (1910); *Keller v. Blinder (In re Blinder, Robinson & Co.)*, 140 B.R. 790, 792-94 (D. Colo. 1992); *Endeavor GP, LLC v. Endeavor Highrise, L.P. (In re Endeavor Highrise, L.P.)*, 432 B.R. 583, 636 (Bankr. S.D. Tex. 2010); *cf. Underwood v. Hilliard (In re Rimsat, Ltd.)*, 98 F.3d 956, 965 (7th Cir. 1996) (interpreting the term "property" as used in § 543(b)).

19.    Given the Estate's clear entitlement to possession of the Premises and the occupants refusal to pay rent, the Trustee respectfully requests that the Court order the Debtor and his agents, including, but not limited to, Jan Kowalski, to immediately turnover and deliver to the Trustee possession and custody of the Premises.  Given the conversion of this Case to Chapter 7, the Premises are not necessary to any reorganization effort by the Estate.  Failure to

turnover the Premises to the Estate prejudices the Estate in the form of lost rental revenue and impairs the Estate's ability to sell the Premises with uncooperative tenants in occupancy.

20. Further, the actions of the Debtor and Jan Kowalski including, but not limited to, the Kowalskis refusal to turn over possession of the Premises are violations of the automatic stay, which prohibits *inter alia* "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3); *see, e.g.*, *In re Stewart*, 499 B.R. 557, 572 (Bankr. E.D. Mich. 2013) (conversion of property of the estate violated § 362(a)(3)); *see also Nat'l Tax Credit Partners, L.P. v. Havlik*, 20 F.3d 706, 708 (7th Cir. 1994) (holding that § 362(a)(3) "encompass[es] every effort to exercise control over property of the estate" (internal quotation marks omitted)).  The Debtor and Jan Kowalski are aware of the existence of the automatic stay and its prohibition against the acts to exercise control over estate property, and nevertheless continue to maintain possession of the Premises in violation of that prohibition.  (*See* Ex. A, ¶ 6-11.)

21. Under the circumstances, to prevent further violations of the automatic stay similar to those described in this Motion, the Trustee requests that the Court issue a rule to show cause why the Debtor and Jan Kowalski not be held in civil contempt and sanctioned by monetary penalty, or in such other manner as the Court may deem just, fair and conducive to enforcing the stay and protecting the Court's jurisdiction over estate property.  *See, e.g.*, *Fidelity Mortg. Inv'rs v. Camelia Builders, Inc.*, 550 F.2d 47, 52-55 (2d Cir. 1976), *cert. denied*, 429 U.S. 1093 (1977); *Paloian v. Grupo Serla S.A. de C.V.*, 433 B.R. 19, 41 (N.D. Ill.) ("[A] bankruptcy court may punish a violation of the automatic stay pursuant to its civil contempt powers codified in § 105(a)").

## NOTICE

22. The Trustee has given seven (7) days' notice of this Motion to the U.S. Trustee, the Debtor, the creditors, and other parties of interest in this case.

49373759v.2

WHEREFORE, the Trustee respectfully requests that the Court enter an Order substantially in the form of the attached proposed order:

A. Directing the Debtor and Jan Kowalski to immediately turnover and deliver to the Trustee possession of the Premises;

B. Prohibiting the Debtor and Jan Kowalski from interfering with the Estate's possession, custody or control of the Premises;

C. Finding that the Debtor and Jan Kowalski have violated the automatic stay;

D. Issuing a rule to show cause why the Debtor and Jan Kowalski should not be held in contempt and sanctioned for violating the stay; and,

E. Granting such other or further relief as the Court deems just.

Dated: January 9, 2019

Respectfully submitted,

GUS A. PALOIAN, not individually, but solely in his capacity as the Chapter 7 Trustee of the Debtor's Estate,

By: /s/ Devvrat Sinha
Gus A. Paloian (06188186)
James B. Sowka (6291998)
Devvrat Sinha (6314007)
SEYFARTH SHAW LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois 60606
Telephone: (312) 460-5000
Facsimile: (312) 460-7000
gpaloian@seyfarth.com
jsowka@seyfarth.com
dsinha@seyfarth.com

*Counsel to Chapter 7 Trustee, Gus A. Paloian*

49373759v.2