# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In re: | Case No. 18-09130 |
| ROBERT M. KOWALSKI, | Chapter 7 |
| Debtors. | Hon. Jacqueline P. Cox |
| | Hearing Date: January 31, 2019 |
| | Hearing Time: 9:30 a.m. |

## NOTICE OF MOTION

TO:   PARTIES ON ATTACHED SERVICE LIST

**PLEASE TAKE NOTICE** that on **Thursday, January 31, 2019, at 9:30 a.m.**, or as soon thereafter as counsel may be heard, we shall appear before the Honorable Jacqueline P. Cox in Courtroom 680 at 219 South Dearborn Street, Chicago, Illinois, or before any other judge sitting in her place and stead, and present the following **Chapter 7 Trustee's Motion to Enforce Subpoena Against Jan Kowalski**, at which time and place you may appear if you so desire.

Dated:  January 29, 2019

Respectfully submitted,

GUS A. PALOIAN, not individually, but solely in his capacity as the Chapter 7 Trustee of the Debtor's Estate,

By: /s/ Devvrat Sinha
Gus A. Paloian (06188186)
James B. Sowka (6291998)
Devvrat Sinha (6314007)
SEYFARTH SHAW LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois  60606
Telephone:  (312) 460-5000
Facsimile:  (312) 460-7000
gpaloian@seyfarth.com
jsowka@seyfarth.com
dsinha@seyfarth.com
*Counsel to Chapter 7 Trustee, Gus A. Paloian*

54585427v.4

## CERTIFICATE OF SERVICE

I, Devvrat, an-attorney, certify that on January 29, 2019, I caused a copy of the attached **Notice of Motion** and the following **Chapter 7 Trustee's Motion to Enforce Subpoena Against Jan Kowalski**, to be served (i) electronically through the Court's Electronic Notice for Registrants on all persons identified as Registrants on the appended Service List, and (ii) by e-mail on those other parties identified on the attached Service List.

By: /s/Devvrat Sinha
     Devvrat Sinha

54585427v.4

## KOWALSKI SERVICE LIST
### Case No. 18-09130

**SERVICE VIA CM/ECF**

| | |
|---|---|
| Ernesto D. Borges | notice@billbusters.com, billbusters@iamthewolf.com, billbusters@ecf.inforuptcy.com, borgeser80263@notify.bestcase.com |
| Kevin M. Flynn | kevin@kmflynnlaw.com |
| Sheryl A. Fyock | sfyock@llflegal.com |
| Neil P. Gantz | neilgantz@yahoo.com, negrita0615@yahoo.com |
| Kathryn Gleason | USTPRegion11.ES.ECF@usdoj.gov, Kathryn.M.Gleason@usdoj.gov |
| Cameron M. Gulden | USTPRegion11.es.ecf@usdoj.gov |
| Jeffrey K. Gutman | jeffreykg4018@aol.com, jkg4018@gmail.com |
| Geraldine W. Holt | gwholt@holtlawgroup.com |
| Ronald J. Kapustka | ndaily@ksnlaw.com, bankruptcy@ksnlaw.com |
| Cari A. Kauffman | ckauffman@sormanfrankel.com, dfrankel@sormanfrankel.com |
| Patrick S. Layng | USTPRegion11.ES.ECF@usdoj.gov |
| Candice M. Manyak | candice.manyak@usdoj.gov |
| Kathleen R. Pasulka-Brown | KPasulka-Brown@pjjlaw.com, jwarren@pjjlaw.com, jlewis@shinglerlewis.com, jtonkinson@FDIC.gov |
| James M. Philbrick | jmphilbrick@att.net |
| Karen J. Porter | porterlawnetwork@gmail.com, laz0705@comcast.net |
| Eric S. Rein | rrein@hmblaw.com, dzic@hmblaw.com;ecfnotices@hmblaw.com |
| Todd J. Ruchman | amps@manleydeas.com |
| Jason M. Torf | jtorf@hmblaw.com, ecfnotices@hmblaw.com |
| John W. Guzzardo | jguzzardo@hmblaw.com |
| Matthew R. Barrett | mbarrett@hmblaw.com |
| Katherine H Oblak | koblak@hmblaw.com |

**VIA EMAIL SERVICE**

robert.224@icloud.com

jdma22@hotmail.com

ernestoborges@aol.com

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>ROBERT M. KOWALSKI,<br><br>Debtor. | Case No. 18-09130<br>Chapter 11<br><br>Hon. Jacqueline P. Cox<br><br>Hearing Date:  January 31, 2019<br>Hearing Time:  9:30 a.m. |

### TRUSTEE'S MOTION TO ENFORCE SUBPOENA AGAINST JAN KOWALSKI

Gus A. Paloian, not individually, but solely as Trustee ("Trustee") for the bankruptcy estate ("Estate") of Robert M. Kowalski ("Debtor"), respectfully moves this Court to compel Jan Kowalski to produce documents and electronically stored information ("ESI") requested in a subpoena pursuant to Federal Rule of Bankruptcy Procedure 9016.  In support, the Trustee states as follows:

## BACKGROUND

1. Service of Subpoena.

The Trustee served a subpoena upon Jan Kowalski on January 18, 2019 ("Subpoena"). True and correct copies of (i) the Subpoena (ii) and the affidavit of service are attached here as **Exhibit 1**.  The Subpoena requested Jan Kowalski to produce documents and ESI.

2. Jan Kowalski's failure to respond.

The compliance date for the Subpoena was January 25, 2019 at 11 AM.  See **Exhibit 1**. Jan Kowalski failed to timely respond or object to the Subpoena.  She has produced no documents and no ESI to date.  No objections to the Subpoena were raised by the time of compliance.  See Devvrat Sinha's Affidavit, attached here as **Exhibit 2**, **p. 1**.

54585427v.4

3. Efforts to Meet and Confer.

Trustee's counsel sent an email to Jan Kowalski informing her that she failed to timely respond to the Subpoena and requesting her to schedule a phone call with Trustee's counsel to discuss the non-production. See **Exhibit 2, p. 3**. Jan Kowalski responded by email stating that the trustee did not tender witness fees and that she was claiming attorney-client privilege, amongst other things. See **Exhibit 2, p. 4**. Trustee's counsel responded by email informing her that she has waived all objections by failing to timely object to the Subpoena, and that she has further waived any objections based upon attorney-client privilege by testifying about certain documents at trial on January 10, 2019. See **Exhibit 2, p. 5**. Further efforts to resolve the dispute will be futile. Court intervention is necessary.

## ARGUMENT

Fed. R. Civ. P. 45(c)(2)(B)(i) (made applicable by Fed. R. Bankr. P. 9016) provides that a party issuing a subpoena may move the Court for an order compelling production at any time on notice to the commanded person. Though such a motion is typically made in response to a respondent's objection to a subpoena, here, Jan Kowalski has not objected to the Subpoena whatsoever. Rather, she has completely disregarded the Subpoena and has failed to respond to it in any respect.

When Trustee's counsel requested a discussion regarding her non-production, Jan Kowalski raised myriad objections, all of which have been waived by failing to timely object under Rule 45(d)(2)(B), and none of which have merit. For the reasons described below the Court should compel her to produce responsive documents and ESI:

**A.     The Requested Discovery Is Both Relevant and Necessary.**

The Trustee requested the following documents and related ESI:

1. For each exhibit offered by Jan Kowalski in Court on January 10, 2019 on the evidentiary hearing on the *Trustee's Motion for Turnover of Accounting and Estate Funds from Jan Kowalski to Trustee* (Dkt. No. 315) and respectively marked by her as Exhibit A through Exhibit R, to produce or permit inspection, copying, testing or sampling of all Electronic Files in her possession, custody or control.

2. For all engagement agreements provided by her as exhibits (namely Exhibits B, E, H, K and N), to produce or permit inspection, copying, testing or sampling of original document with wet ink signatures.

3. Copies of all bank records, including account-opening documents, statements, account activity records, deposit slips and images, records of deposits, withdrawal slips and images, records of withdrawals, teller slips for deposits and withdrawals, copies of all cancelled checks, copies of all cashier's checks purchased or negotiated, all incoming and outgoing wire transfers, cash and ATM deposits, cash and ATM withdrawals, and a complete record of all bank activity from October 1, 2018 to present, for any and all checking, saving, brokerage, personal, business or client trust fund account in which she has an interest, or utilize as an Interest on Lawyers Trust Account ("IOLTA") account with the sole exception of her Bank of America IOLTA Account ending in 7233.

The Subpoena requested ESI to be produced in its native format with metadata associated with each document. The Subpoena specifically requested metadata of electronic files to allow the Trustee to determine the veracity and authenticity of documents that were offered as exhibits at trial by Jan Kowalski. The requested metadata would include fields such as "Date Created," "Author(s)," "Last saved by," "Revision number," "Date last saved," "Total editing time," among other metadata fields stored as part of electronic files.

By testifying to the documents for which ESI is requested, Jan Kowalski put the electronic records at issue. She testified that she maintains ledgers, invoices and copies of retention agreements electronically. She testified as to the *exact dates* that certain entries were made with respect to her ledgers. She testified that the modifications she made after trial commenced were limited to inputting the cashier's checks numbers in her ledgers. The requested metadata will evidence whether Jan Kowalski was truthful to the Court or whether she

3

provided perjured testimony. The requested discovery is not only relevant but material to the resolution of the dispute. Unless altered, the metadata should provide when documents were created and modified. The metadata will evidence whether Jan Kowalski fabricated her alleged IOLTA ledgers in response to the *Trustee's Motion for Turnover of Accounting and Estate Funds from Jan Kowalski to Trustee* (Dkt. No. 315). The metadata may truncate the hearing by demonstrating that the documents were created or altered in contemplation of litigation.

Similarly, original retention agreement with wet-ink signatures are also relevant for the Trustee to determine whether the retention agreements were signed and dated on the dates Jan Kowalski and Robert Kowalski are claiming they signed them. Jan Kowalski testified that the documents were signed on or near the dates the retention agreements were dated. Her testimony is self-serving. Robert Kowalski has failed to appear at trial. The Trustee is entitled to obtain the original wet-ink signature copies and examine them.

Bank records are also relevant and necessary. Jan Kowalski could not fully account for the cash withdrawals in the amount of $201,500.00 from her Bank of America IOLTA Account in November 2018. Prior to that, Jan Kowalski was negotiating Byline Bank cashier's checks purchased by Debtor and made payable to Debtor at her Bank of America IOLTA account. She subsequently began to purchase cashier's checks from her Bank of America IOLTA Account that were made payable to Robert Kowalski. Instead of purchasing one cashier's check, she purchased multiple cashier's checks over the course of two months in varying amounts all made payable to the Debtor. Then, all those cashier's checks were negotiated back into her IOLTA account (or cashed), and the funds were withdrawn in cash from her account November 2018. These were structured withdrawals, with Jan Kowalski withdrawing large sums multiple times a day from different Bank of America branches in the City of Chicago. At trial, Jan Kowalski

4

could not provide a definitive answer as to what happened to the funds. She also testified that she has stopped using the Bank of America IOLTA account and started using a different IOLTA account in 2019. The Trustee is entitled to investigate the November cash withdrawals and determine whether Jan Kowalski transferred some of the cash in her other bank accounts. Jan Kowalski should turn over these bank records - they are within her custody, control and possession and she can easily obtain them by downloading them from the respective websites of her financial institutions.

**B.    Witness Fees are not required for a subpoena *duces tecum*.**

In light of Jan Kowalski's email to Trustee's counsel, the Trustee anticipates that Jan Kowalski will raise the issue that the Trustee did not tender witness fees along with the Subpoena. The Trustee was not required to tender witness fees for the Subpoena. Subpoenas commanding the production or inspection of documents do not require payment of attendance or mileage fees. Perry v. City of Chicago, No. 08 C 4730, 2011 WL 612342, at *3 (N.D. Ill. Feb. 15, 2011) ("[N]othing in 28 U.S.C. § 1920(3) or 28 U.S.C. § 1821(b) suggests that a witness fee is recoverable for subpoenaed documents. Rather, the witness fee described in Section 1821(b) pertains to the attendance of a live witness at trial or a deposition."); Benek v. Kan. City Life Ins. Co., 2008 WL 356661, at *1 (W.D. Wash. Feb. 6, 2008) ("witness fees are not required for a subpoena that merely requires the production of documents."). The rules dictate this result — subpoenas that seek only documents do not require the subpoena-recipient to attend the production. See Fed. R. Civ. P. 45(d)(2)(A) (appearance not required when ESI or documents are requested); Fed. R. Civ. P. 45(b) (fees to be tendered if attendance required). The Subpoena only requested a production of ESI and documents and witness fees were not required to be tendered. Jan Kowalski was properly served with the Subpoena and she did not comply.

5

**C.     Any objections have been waived.**

Jan Kowalski has waived all objections by failing to timely object. Under Rule 45, objections to a subpoena must be made before the time for compliance. Fed. R. Civ. P. 45(c)(2)(B). "Failure to serve timely objections waives all grounds for objection, including privilege." In re DG Acquisition Corp., 151 F.3d 75, 81 (2d Cir. 1998); Ott v. City of Milwaukee, 682 F.3d 552, 558 (7th Cir. 2012) ("Rule 45(c)(2)(B) requires the objecting party to raise its objection before the earlier of the time specified for compliance or 14 days after the subpoena is served."); United Auto. Ins. Co. v. Veluchamy, 747 F. Supp. 2d 1021, 1026 (N.D. Ill. 2010) (defendant waived Fifth Amendment privilege when he failed to timely object to interrogatories and document-production requests).

Jan Kowalski did not object to the Subpoena or file a motion to quash before the time for compliance passed. Accordingly, any and all objections have been waived.

**D.     No privilege log has been produced.**

Based on Jan Kowalski's email to Trustee's counsel, the Trustee anticipates that Jan Kowalski will raise attorney-client privilege as a basis to withhold the production of requested documents and ESI. The Court has previously admonished Jan Kowalski for her blanket-assertion of the attorney-client privilege without the production of a privilege log. The Trustee has not been provided with a privilege log and Jan Kowalski has waived any privilege on that basis. Rule 45(e) specifies additional requirements when a person withholds subpoenaed material based on a claim of privilege or work-product protection, including a requirement that the person "expressly make the claim," Fed. R. Civ. P. 45(e)(2)(A)(i), and prepare a privilege log, see also R. 45(e)(2). Under Rule 45, someone served with a subpoena "can either prepare a privilege log or waive any claim of privilege." Mosely v. City of Chi., 252 F.R.D. 445, 452

6

(N.D. Ill. 2008). Jan Kowalski has waived any claims to privilege by failing to produce a privilege log.

**E.      Jan Kowalski waived any privilege by testifying about the documents and putting their veracity and authenticity at issue.**

The general rule is "[a]ny voluntary disclosure by the holder of the attorney-client privilege is inconsistent with the attorney-client confidential relationship and thus waives the privilege." Powers v. CTA, 890 F.2d 1355, 1359 (7th Cir. 1989); Blanchard v. EdgeMark Financial Corp., 192 F.R.D. 233, 236 (N. D. Ill. 2000). The Subpoena seeks documents and ESI relating to trial exhibits voluntarily offered by Jan Kowalski at trial. Debtor's counsel moved the Court to admit these exhibits into evidence. Privilege has been waived. Jan Kowalski testified in Court that she could provide electronic records to the Trustee for the paper-exhibits she introduced at trial. She has not produced the requested ESI. Accordingly, over any objection that she has, the Court should compel her to turnover over requested documents and ESI.

## REQUEST FOR SHORT NOTICE

Under the Electronic Court Filing procedures of the Court, this Motion will be one day short of the requisite three-days' notice. However, two-days' notice is sufficient because Jan Kowalski was put on prospective notice of this Motion by emails from Trustee's counsel last week. See **Exhibit 2**, p.3. Additionally, there are several matters with respect to this case before the Court on the date of presentment of this Motion for which Jan Kowalski should be in Court. This includes the status-hearing on the ongoing trial for which Jan Kowalski is still under oath as a witness. The Trustee needs the information requested in the subpoena before further cross-examination of Jan Kowalski can proceed. Accordingly, the Trustee requests that pursuant to Fed. R. Bankr. P. 9006(c), the Court reduce the notice-period for this Motion to two days and enter an Order compelling Jan Kowalski to respond to the Subpoena.

7

## **CONCLUSION**

The Subpoena requests documents and ESI that are relevant and not privileged. Jan Kowalski has the documents and ESI in her custody, control or possession. She has waived all objection and claims of privilege. Thus, the Court should compel her to turn over the documents and ESI to the Trustee within two business days. The Trustee requests that the Court set a further status date to determine whether Jan Kowalski has complied with this Court's Order and for further required relief.

WHEREFORE, the Trustee respectfully requests that the Court enter an Order compelling Jan Kowalski to produce all documents and ESI responsive to the Subpoena within two business days or other reasonable time set by the Court; set a status date in the near future to determine the status of compliance; and for such other relief the Court deems just and proper.

| | |
|---|---|
| Dated: January 29, 2019 | Respectfully submitted,<br><br>GUS A. PALOIAN, not individually, but solely in his capacity as the Chapter 7 Trustee of the Debtor's Estate,<br><br>By: /s/ Devvrat Sinha<br>Gus A. Paloian (06188186)<br>James B. Sowka (6291998)<br>Devvrat Sinha (6314007)<br>SEYFARTH SHAW LLP<br>233 South Wacker Drive<br>Suite 8000<br>Chicago, Illinois  60606<br>Telephone:  (312) 460-5000<br>Facsimile:  (312) 460-7000<br>gpaloian@seyfarth.com<br>jsowka@seyfarth.com<br>dsinha@seyfarth.com<br><br>*Counsel to Chapter 7 Trustee, Gus A. Paloian* |

54585427v.4