F I L E D
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

JAN 29 2019

JEFFREY P. ALLSTEADT, CLERK
INTAKE 2

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Robert M. Kowalski, | ) | Case No. 18-09130 |
| | ) | |
| Debtor. | ) | Judge Jacqueline P. Cox |

## NOTICE OF MOTION

TO:   See attached list

**PLEASE TAKE NOTICE** that on __2/15__, 2019 at __9:30__ a.m., I will appear before the **Honorable Judge Jacqueline Cox**, or any judge sitting in that judge's place, in **courtroom 680** in the Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, and present the attached **Motion of Debtor to Quash Rule 2004 Examination**, at which time you may appear as you see fit.

PLEASE TAKE FURTHER NOTICE that pursuant to Local Rule 9013-9(B), the court may enter the appended proposed order without presentation of the motion in open court and without a hearing unless a party in interest notifies the presiding judge of an objection hereto.

Dated: January 27, 2019

By: _____
Jan R. Kowalski
1918 West Cermak Road
Chicago, Illinois 60608
312-218-3030
jdma22@hotmail.com

## CERTIFICATE OF SERVICE

I, Jan R. Kowalski, certify/declare under penalty of perjury under the laws of the United States of America that I served a copy of this notice and the attached motion on each entity shown on the attached list at the address shown and by the method indicated on the list on January 28, 2019 before 5:00 p.m.

By: _____

Case 18-09130   Doc 390   Filed 01/29/19   Entered 01/29/19 14:59:54   Desc Main
                            Document      Page 2 of 9

## **SERVICE LIST**

1. Trustee: Gus A. Paloian, Esq., 233 S. Wacker Drive, Suite 800, Chicago, Illinois 60606, gpaloian@seyfarth.com
2. Party: FDIC as Receiver for Washington Federal Bank for Savings
   Attorney: Rick Rein, Esq. and Jason Torf, rrein@hmblaw.com, jtorf@hmblaw.com Horwood, Marcus & Berk, Chtd., 500 W. Madison Street, Suite 3700, Chicago, Illinois 60661
3. Party: Martha Padilla, 1512 West Polk Street, Chicago, Illinois 60607
   Attorney: Karen Porter, Esq., porterlawnetwork@gmail.com , 230 W. Monroe, Suite 240, Chicago, Illinois 60606 and Geraldine Holt, Esq., gwholt@holtlawgroup.com , 180 N. LaSalle Street, Suite 3700, Chicago, Illinois 60601
4. Party: Parkway Bank & Trust, 4800 N. Harlem Avenue, Harwood Heights, IL 60706
   Attorney: Sheryl Fyock, Esq., sfyock@llflegal.com, Latimer LeVay Fyock LLC, 55 West Monroe Street, Suite 1100, Chicago, Illinois 60603
5. Party: Joel Levin
   Attorney: Neil Gantz, Esq., neilgantz@yahoo.com 105 West Madison, Suite 901, Chicago, Illinois 60602
6. Party: JP Morgan Chase, Mail code LA4-555, 700 Kansas Lane, Monroe, LA 71203
   Attorney: Todd Ruchman, Esq., amps@manleydeas.com
7. Party: William Kowalski
   Attorney: Kevin Flynn, Esq., kevin@kmflynnlaw.com 190 S. LaSalle Street, Suite 3850, Chicago, Illinois 60603
8. Party: 5305-7 West Leland Avenue Condominium Association
   Attorney: Ronald Kapusta, Esq., ndaily@ksnlaw.com ,Kovitz Shifrin Nesbit, 175 N. Archer Ave., Mundelein, IL 60060
9. Party: United States Trustee
   Attorney: Patrick S. Layng, USTPRegion11.ES.ECF@usdoj.gov , 219 S. Dearborn Street, Room 873, Chicago, Illinois 60604
10. Party: Internal Revenue Service,
    Attorney: PO Box 7346, Philadelphia, PA 19101-7346
11. Party: Illinois Department of Revenue
    Attorney: PO Box 64338, Chicago, IL 60664-0291
12. Party: Capital One Auto Finance c/o AIS Portfolio Services, LP
    Attorney: 4515 N. Santa Fe Ave. Dept. APS, Oklahoma City, OK 73118
13. Party: Ally Bank
    Attorney: PO Box 130424, Roseville, MN 55113-0004
14. Party: Discover Bank
    Attorney: PO Box 3025, New Albany, OH 43054-3025
15. Party: The Huntington National Bank
    Attorney: PO Box 89424, Cleveland, OH 44101-8539

16. Party: Capital One Bank (USA), N.A.
    Attorney: PO Box 71083, Charlotte, NC 28272-1083
17. Party: Premier Bankcard, LLC
    Attorney: Jefferson Capital Systems LLC Assignee, PO Box 7999, St. Cloud, MN 56302-9617
18. Party: AT&T Corp., c/o AT&T Services, Inc. and Illinois Bell Telephone Company
    Attorney: Karen Cavagnaro, Esq., One AT&T Way, Room 3A104, Bedminster, NJ 07921
19. Party: Merrick Bank
    Attorney: Resurgent Capital Services, PO Box 10368, Greenville, SC 29603-0368
20. Party: ACAR Leasing Ltd d/b/a GM Financial Leasing
    Attorney: PO Box 183853, Arlington, TX 76096

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

FILED
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

JAN 29 2019

JEFFREY P. ALLSTEADT, CLERK
INTAKE 2

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Robert M. Kowalski, | ) | Case No. 18-09130 |
| | ) | |
| Debtor. | ) | Judge Jacqueline P. Cox |

**MOTION OF DEBTOR TO QUASH RULE RULE 2004 EXAMINATION**

Robert M. Kowalski, Debtor, by and through his attorney, Jan R. Kowalski, Esq., and hereby moves this Court for the entry of an order quashing the Rule 2004 Examination, and in support thereof states:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334(b). This matter is a core proceeding under 28 U.S.C. §157(b).

2. Venue is proper in this Court pursuant to 28 U.S. §§1408 and 1409.

3. On March 29, 2018, Debtor filed his voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§101, et seq. in the United States Bankruptcy Court for the Northern District of Illinois.

4. The initial meeting of creditors pursuant to §341, which was continued from time to time, has concluded.

5. The Federal Deposit Insurance Corporation, not individually, but as receiver for the failed banking institution, Washington Federal Bank for Savings ("FDIC-R"), has filed two claim #20 and tardy claim #22.

6. An examination under Rule 2004 has been ordered. The Rule 2004 examination has commenced on October 22, and 23, 2018. It was continued to November 26, 27, December 3, and 4, 2018. It has been continued to February 7, 2019. It has not concluded.

7. The FDIC-R has claimed it holds a secured interest, yet filed an unliquidated claim for $5,248,000 as an unsecured creditor. The proof of claim #20, failed to contain any supporting documents whatsoever notwithstanding the proof of claim references loan advances. Yet, no loan documents were provided and no loan advances were provided. The FDIC claim proffers that advances were formally approved, yet no formal approvals were provided. The FDIC claim suggests Debtor "diverted secured real property" yet fails to contain any security interests.

8. The FDIC-R has filed another untimely claim #22, again failing to contain any supporting documents whatsoever notwithstanding its claim for treatment as a secured creditor.

9. Debtor has filed an adversary proceeding against the FDIC-R and others relating to the fraudulent loan scheme which the FDIC-R is seeking to collect before this court. Debtor was unable to do same earlier due to FIRREA requirements.

10. The scope of Rule 2004 examination cannot be used to abuse or harass a party, nor can the examinations "stray into matters which are not relevant to the basic inquiry." *Washington Mutual*, 408 B.R. at 50, *citing In re Table Talk, Inc.*, 51 B.R. 143, 145 (Bankr. D. Mass. 1985)(additional citations omitted).

11. The decision in *Washington Mutual* arose from the Debtors' motion for a Rule 2004 examination of the entity that had purchased Washington Mutual's assets after they were sold by the FDIC. The issue before the court was whether a 2004 examination could be limited due to a pending adversary proceeding or litigation in another forum. *Washington Mutual*, 408 B.R. at 50. The court begin its analysis by recognizing the "pending proceeding" rule. Under this rule, "once an adversary proceeding or contested matter has been commenced, discovery is made pursuant to Federal Rule of

Bankruptcy Procedure 7026, et seq., rather then by a [Rule] 2004 examination. *Id., citing In re Bennett Funding Group*, 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996). Courts also restrict the use of Rule 2004 exams where the party requesting the examination could benefit their pending litigation outside the bankruptcy court which happens to be against the Rule 2004 examinee. *Washington Mutual*, 408 B.R. at 50, citing In re Enron Corp., 281 B.R. at 842.

12.     The reasons for restricting 2004 examinations when other litigation is pending are straightforward. First, in adversary proceedings and contested matters, the parties are governed by the general rules of discovery. Second, Rule 2004 examinations do not provide the same safeguards as those afforded under Federal Rule of Bankruptcy Procedure 7026. In a 2004 exam, for example, a witness does not have a general right to be represented by counsel during a deposition and there are limitations on the right to object to immaterial or improper questions. *Washington Mutual*, 408 B.R. at 50, *citing In re Dinubilo*, 177 B.R. 932, 940 (Bankr. E.D. Cal. 1993).

13.     When there is a pending adversary proceeding, the court must balance the abuses sought to be avoided by the "pending proceeding" rule against the trustee's fiduciary duty to maximize value for the estate. Under this approach, the appropriate test is whether the Rule 2004 examination seeks to discover evidence related or unrelated to the pending adversary proceeding. *Washington Mutual*, 408 B.R. at 51. Applying this test to the facts before it, the *Washington Mutual* court found that the "pending proceeding" rule did not prohibit the debtors' use of a Rule 2004 examination against the asset purchaser. The party that purchased the assets, and who opposed the 2004 examination, was not a party to the "pending proceeding," though it might intervene at a later time. According to the court, there was no basis for concern that the debtors were

attempting to circumvent the Federal Rules of Civil Procedure for an action in which the asset purchaser was not a party. *Washington Mutual*, 408 B.R. at 53.

14. Here, the exact opposite is present. The FDIC-R is attempting to circumvent the Federal Rules of Civil Procedure via their marathon rule 2004 examination.

15. It is patently clear that the FDIC-R is extremely adversarial. Debtor was assaulted at his Rule 2004 examination. Debtor was assaulted by Chapter 11 Trustee at the 2004 examination on October 23, 2018! Although this was the FDIC-R's examination, Mr. Paloian, the Chapter 11 Trustee, ***interjected at whim***:

> MR. PALOIAN: Would you let him ask –
> THE WITNESS: You just shut the –
> MR. PALOAN: Would you let him –
> THE WITNESS: Shut up. Who are you? Who are you –
> MR. PALOIAN: You need to sit down.
> THE WITNESS: I don't need to sit down.
> MR. PALOIAN: Call security –
> THE WITNESS: You're – **call security, that's right, you call security.**
> MR. REIN: Mr. Kowalski –
> MR. PALOIAN: Yeah, and you're approaching me –
> MR. REIN: --please sit down.
> MR. PALOIAN: You've moved from your seat six or seven feet and you're standing in front of me –
> THE WITNESS: **I'm getting a cup of water here.**
> MR. REIN: Then get yourself –
> THE WITNESS: And **you're pointing at me. Mr. Paloian is pointing at me. I'm not sure why we need to be like a tag team wrestling over here. If you want tag teaming bring it on, guys.**
> MR. PALOIAN: You need to sit down.
> THE WITNESS: **You need to treat me like a gentleman.**
> MR. PALOIAN: Sit down.
> THE WITNESS: I'm not your kid.
> MR. PALOIAN: When you behave like a gentleman, you'll be treated like such.
> THE WITNESS: I am a gentleman.
> MR. PALOIAN: You need to sit down.
> THE WITNESS: I don't need to do anything.
> MR. REIN: Mr. Kowalski –
> THE WITNESS: I don't need to do anything at all.
> MR. REIN: You're going to push him? That'll be battery. And pushing a federal trustee is a federal crime. You'll be serving time in the MCC. Sit down, please.
> THE WITNESS: **Let's wait for security to come up.**

(Page 18-19).

16. As Debtor succinctly stated, on the record:

"Look, let's understand each other here, I'm going to be allowed to give – to fully respond to a question without you continually interrupting. Moreover, this is your examination; and you are representing FDIC-R. **I'm not really quite sure why our trustee, Mr. Paloian, has to continue to interrupt, why he needs to interject, why he can't maintain his position.** I'm not quite sure why we have to have security here to intimidate me and browbeat me. If this examination is not going to be productive – and I sense that it's not – I think it needs to be cancelled. I think **the Court needs to be made aware of your conduct. It's outrageous.**" (Page 20)

"**I went to get a glass of water. Mr. Paloian – although, he's seated presently – I have a picture of him as being seated – he felt the need to stand up and get in my face.** Why did he have to do that, I don't know." (Page 22).

I'm not here to fight with anybody. But if Mr. Paloian wants to get directly in my face – He did that, absolutely. **I don't know why he had to stand up. Was he guarding the water jug over there or what is his purpose in doing that?** (Page 38).

**And moreover, having Mr. Paloian, being your little terrier bulldog on me is just ridiculous. These are tactics you're employing are just wholly foul.** What are you trying to get to the bottom of? You're just trying to antagonize me? You're just trying to prevent me from giving a full, complete answer? You're trying to unsettle me? And then calling up security – although, **Mr. Paloian is getting right in my face. He didn't have any problem getting in my face. He was relishing it. He's guarding the water jug.** What is he doing? Does he want to duke it out with me? Really? (Page 26).

<u>**I'm feeling like Mr. Khashoggi right now who went into the Saudi Arabian embassy.**</u> (Page 27).

17. The Chapter 11 Trustee asked his buddies, the FDIC-R counsel, whether:

"You guys want me to have a police report?" (Page 29).

18. FDIC-R's Claims #20 and #22 are not valid claims. These claims totaling $27,185,728.90 are <u>not</u> valid debts of the Estate. A Rule 2004 examination is inappropriate due to the disputed nature of the claim.

19. Notwithstanding these patently bogus claims, failing to meet the minimum threshold Rule 3001 requirements of: (i) being timely; (ii) attaching a copy of the writing on which the claim is based; (iii) failing to attach an itemized statement of the interest, fees, expenses or other; (iv) fulfill the attachment requirements for a security interest in debtor's principal residence.

20. These fake claims constitute the bulk of the claims upon the Estate.

21. Due to the adversarial nature of the FDIC-R's claim and openly antagonistic violent nature directed to the beleaguered Debtor, the rule 2004 examination must be quashed.

22. The FDIC-R, if it so desires, may certainly avail its rights under F.R.Civ.P. for seeking discovery incident to the pending adversary claim. However, a Rule 2004 examination must be quashed.

WHEREFORE, Debtor respectfully requests that this Court enter an Order substantially in the form of the proposed order submitted herewith quashing the Rule 2004 examination of Debtor in the form attached as this Court deems fair and equitable.

Dated: January 27, 2019

Respectfully submitted,

By: _____
Jan R. Kowalski, Esq.
1918 West Cermak Road
Chicago, Illinois 60608
312-218-3030
Robert.224@icloud.com