# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>ROBERT M. KOWALSKI,<br><br>Debtor. | Case No. 18-09130<br><br>Chapter 7<br><br>Hon. Jacqueline P. Cox<br><br>Hearing Date:  February 14, 2019<br>Hearing Time:  9:30 a.m. |

## NOTICE OF MOTION

TO:   PARTIES ON ATTACHED SERVICE LIST

**PLEASE TAKE NOTICE** that on **Thursday, February 14, 2019, at 9:30 a.m.**, or as soon thereafter as counsel may be heard, we shall appear before the Honorable Jacqueline P. Cox in Courtroom 680 at 219 South Dearborn Street, Chicago, Illinois, or before any other judge sitting in her place and stead, and present the following **Chapter 7 Trustee's Motion for Terminating Sanctions**, at which time and place you may appear if you so desire.

Dated:  February 13, 2019

Respectfully submitted,

GUS A. PALOIAN, not individually, but solely in his capacity as the Chapter 7 Trustee of the Debtor's Estate,

By: /s/ Devvrat Sinha
Gus A. Paloian (06188186)
James B. Sowka (6291998)
Devvrat Sinha (6314007)
SEYFARTH SHAW LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois  60606
Telephone:  (312) 460-5000
Facsimile:  (312) 460-7000
gpaloian@seyfarth.com
jsowka@seyfarth.com
dsinha@seyfarth.com

*Counsel to Chapter 7 Trustee, Gus A. Paloian*

54990095v.4

# **CERTIFICATE OF SERVICE**

I, Devvrat Sinha, an-attorney, certify that on February 13, 2019, I caused a copy of the attached **Notice of Motion** and the following **Chapter 7 Trustee's Motion for Terminating Sanctions**, to be served (i) electronically through the Court's Electronic Notice for Registrants on all persons identified as Registrants on the appended Service List, and (ii) by e-mail on those other parties identified on the attached Service List.

          By: /s/ Devvrat Sinha
               Devvrat Sinha

**KOWALSKI SERVICE LIST**
**Case No. 18-09130**

**SERVICE VIA CM/ECF**

| | |
|---|---|
| Ernesto D. Borges | notice@billbusters.com, billbusters@iamthewolf.com, billbusters@ecf.inforuptcy.com, borgeser80263@notify.bestcase.com |
| Kevin M. Flynn | kevin@kmflynnlaw.com |
| Sheryl A. Fyock | sfyock@llflegal.com |
| Neil P. Gantz | neilgantz@yahoo.com, negrita0615@yahoo.com |
| Kathryn Gleason | USTPRegion11.ES.ECF@usdoj.gov, Kathryn.M.Gleason@usdoj.gov |
| Cameron M. Gulden | USTPRegion11.es.ecf@usdoj.gov |
| Jeffrey K. Gutman | jeffreykg4018@aol.com, jkg4018@gmail.com |
| Geraldine W. Holt | gwholt@holtlawgroup.com |
| Ronald J. Kapustka | ndaily@ksnlaw.com, bankruptcy@ksnlaw.com |
| Cari A. Kauffman | ckauffman@sormanfrankel.com, dfrankel@sormanfrankel.com |
| Patrick S. Layng | USTPRegion11.ES.ECF@usdoj.gov |
| Candice M. Manyak | candice.manyak@usdoj.gov |
| Kathleen R. Pasulka-Brown | KPasulka-Brown@pjjlaw.com, jwarren@pjjlaw.com, jlewis@shinglerlewis.com, jtonkinson@FDIC.gov |
| James M. Philbrick | jmphilbrick@att.net |
| Karen J. Porter | porterlawnetwork@gmail.com, laz0705@comcast.net |
| Eric S. Rein | rrein@hmblaw.com, dzic@hmblaw.com;ecfnotices@hmblaw.com |
| Todd J. Ruchman | amps@manleydeas.com |
| Jason M. Torf | jtorf@hmblaw.com, ecfnotices@hmblaw.com |
| John W. Guzzardo | jguzzardo@hmblaw.com |
| Matthew R. Barrett | mbarrett@hmblaw.com |
| Katherine H Oblak | koblak@hmblaw.com |

**VIA EMAIL SERVICE**

| | |
|---|---|
| Robert Kowalski | robert.224@icloud.com |
| Jan Kowalski | jdma22@hotmail.com |
| Ernesto Borges | ernestoborges@aol.com |

54990095v.4

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>ROBERT M. KOWALSKI,<br><br>Debtor. | Case No. 18-09130<br>Chapter 7<br><br>Hon. Jacqueline P. Cox |

### TRUSTEE'S MOTION FOR TERMINATING SANCTIONS

Gus A. Paloian, not individually, but as the Chapter 7 trustee (the "Trustee") for the bankruptcy estate (the "Estate") of Robert M. Kowalski (the "Debtor") respectfully moves the Court for terminating sanctions with respect to the *Trustee's Motion for Turnover of Estate Funds and Accounting* (Dkt. No. 315) ("Motion for Turnover") for Debtor's and Jan Kowalski's attempt to commit a fraud on the Court. In support, Trustee states as follows:

### INTRODUCTION

1. On February 5, 2019, over respondent Jan Kowalski's objections, the Court entered an Order compelling Jan Kowalski to produce all documents and electronically stored information ("ESI") listed in Exhibit A to the Order by 1 p.m. on Monday, February 11, 2019.[1]

2. Around 3:00 p.m. and later around 6:45 p.m. on February 11, 2019, Jan Kowalski tendered a tardy and incomplete production in which she failed to produce: (i) any financial records evidencing the deposit of more than $200,000 in cash she withdrew in November 2018 from her Bank of America attorney client trust account ("IOLTA Account") as she previously testified had occurred; (ii) failed to produce any documents evidencing the whereabouts or disposition of the November cash withdrawals from her IOLTA Account; and (iii) failed to

---

[1] A true and correct copy of the Order is attached here as Exhibit 1

54990095v.4

produce requested ESI regarding IOLTA ledger statements and invoices she offered as exhibits at trial based on untimely claims of privilege or similarly untimely objections based on relevance. Therefore, Jan Kowalski is not in violation of the Court's Order. See **Exhibit 1**.

3. In addition, the partial production proves that Jan Kowalski, in her capacity as counsel for Debtor and in a *pro se* capacity, fabricated documents during the weekend-break on the trial on the Motion for Turnover and offered those fabricated documents into evidence during her testimony on January 14 and 15, 2019, therein committing a fraud upon the court and perjuring herself on the witness stand by attesting to the authenticity of the fabricated documents. Specifically, metadata retrieved by the Trustee from Jan Kowalski's production of electronic files in their native format shows that the content of *all* of her produced files was created on January 11, 2019 and January 12, 2019 -- not in 2017 and 2018 as she testified. An affidavit of Matthew C. Christoff, an EnCase Certified Examiner of computer forensics, is attached here as **Exhibit 2** attesting that all eight (8) Microsoft Word files produced by Jan Kowalski were created on January 11, 2019 and January 12, 2019. Pursuant to the inherent powers vested in a federal court and pursuant to Bankruptcy Rule 7037, Trustee requests that the Court enter an Order terminating the continued trial on the Motion for Turnover and enter judgment in favor of the Trustee on the Motion for Turnover.

## JURISDICTION & VENUE

4. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) in which the Court may constitutionally enter a final order, and the Trustee consents to the entry of a final order by the Court. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2

5.  This Motion is made pursuant to §§ 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") and Rules 7037 and 9020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

**A.  Events Leading up to the Motion for Turnover.**

6.  Jan Kowalski is Debtor's sister and both are Illinois attorneys. Trustee learned that after Debtor's bankruptcy filing, Jan Kowalski deposited over $350,000 in cashier's checks from Debtor into her IOLTA Account. The cashier's checks were procured by Debtor, made payable to Debtor, and the existence of the cashier's checks (and/or any related financial dealings with Jan Kowalski) were not disclosed in any of Debtor's or Jan Kowalski's bankruptcy filings. Jan Kowalski deposited more than thirty (30) Byline Bank cashier's checks ("Byline Bank Cashier's Checks") remitted by "Robert Kowalski" and made payable to "Robert Kowalski" into her IOLTA Account. Specifically, Jan Kowalski negotiated the following cashier's checks through her IOLTA Account:

| Date of Deposit of Byline Bank Cashier's Checks into IOLTA Account | Amount | Date of Byline Bank Cashier's Check* | Cashier's Check No. |
|---|---|---|---|
| 8/31/2018 | $20,000.00 | 12/22/2017 | 10227031 |
| 9/6/2018 | $10,000.00 | 1/30/2018 | 10227076 |
| 9/7/2018 | $5,000.00 | 1/29/2018 | 10227075 |
| 9/7/2018 | $10,000.00 | 1/31/2018 | 10224264 |
| 9/7/2018 | $10,000.00 | 1/31/2018 | 10224265 |
| 9/10/2018 | $10,000.00 | 1/31/2018 | 10227079 |
| 9/10/2018 | $10,000.00 | 1/31/2018 | 10227077 |
| 9/10/2018 | $10,000.00 | 1/31/2018 | 10227078 |
| 9/11/2018 | $10,000.00 | 2/1/2018 | 10227082 |
| 9/11/2018 | $10,000.00 | 2/1/2018 | 10227083 |
| 9/11/2018 | $10,000.00 | 2/1/2018 | 10227084 |
| 9/12/2018 | $15,000.00 | 2/28/2018 | 10227137 |
| 9/12/2018 | $10,000.00 | 2/1/12018 | 10227085 |
| 9/12/2018 | $10,000.00 | 2/1/2018 | 10227104 |
| 9/12/2018 | $11,500.00 | 2/15/2018 | 10227086 |
| 9/14/2018 | $15,000.00 | 3/13/2018 | 10227154 |

54990095v.4

| Date of Deposit of Byline Bank Cashier's Checks into IOLTA Account | Amount | Date of Byline Bank Cashier's Check* | Cashier's Check No. |
|---|---|---|---|
| 9/14/2018 | $10,000.00 | 2/28/2018 | 10227136 |
| 9/17/2018 | $5,000.00 | 2/28/2018 | 10227139 |
| 9/17/2018 | $7,500.00 | 2/28/2018 | 10227138 |
| 9/17/2018 | $15,000.00 | 4/18/2018 | 10227216 |
| 9/20/2018 | $7,480.00 | 3/13/2018 | 10227156 |
| 9/20/2018 | $7,500.00 | 3/13/2018 | 10227153 |
| 9/20/2018 | $7,500.00 | 3/13/2018 | 10227155 |
| 9/21/2018 | $5,000.00 | 3/26/2018 | 10227171 |
| 9/21/2018 | $5,000.00 | 3/26/2018 | 10227172 |
| 9/21/2018 | $6,500.00 | 3/19/2018 | 10227160 |
| 9/21/2018 | $7,000.00 | 2/28/2018 | 10227135 |
| 9/27/2018 | $4,500.00 | 4/24/2018 | 10227224 |
| 9/27/2018 | $4,500.00 | 4/24/2018 | 10227223 |
| 9/27/2018 | $3,700.00 | 3/28/2018 | 10227181 |
| 9/27/2018 | $5,902.00 | 6/12/2018 | 10227289 |
| 9/28/2018 | $64,084.35 | 8/13/2018 | 10227384 |
| 10/5/2018 | $2,000.00 | 9/14/2017 | 10226873 |
| 10/5/2018 | $2,000.00 | 9/14/2017 | 10226874 |
| 10/5/2018 | $2,500.00 | 8/31/2017 | 10226853 |
| 10/25/2018 | $3,000.00 | 8/13/2018 | 10227385 |
| **Total** | **$352,166.35** | | **36** |

7. Promptly after depositing the Byline Bank Cashier's Checks in her IOLTA Account, Jan Kowalski purchased fifteen (15) cashier's checks payable to "Robert Kowalski" from her IOLTA Account ("IOLTA Cashier's Checks") as follows:

| Cashier's Checks / Withdrawals from Jan IOLTA Account ||||
|---|---|---|---|
| Purchase Date | Amount* | Cashier's Check No. | Date of Negotiation |
| 9/5/2018 | $10,000.00 | 1589302605 | 10/12/2018 |
| 9/10/2018 | $25,000.00 | 1508410150 | 11/9/2018 |
| 9/11/2018 | $30,000.00 | 1508803744 | 11/13/2018 |
| 9/12/2018 | $30,000.00 | 1630110971 | 11/14/2018 |
| 9/13/2018 | $25,000.00 | 1642010755 | 11/15/2018 |
| 9/14/2018 | $21,500.00 | 1593316913 | 11/23/2018 |
| 9/17/2018 | $25,000.00 | 1644621108 | 11/17/2018 |
| 9/19/2018 | $5,000.00 | 1589302625 | 10/12/2018 |
| 9/21/2018 | $25,000.00 | 1580410241 | 11/21/2018 |
| 9/25/2018 | $23,000.00 | 1580410255 | 11/29/2018 |
| 9/28/2018 | $18,603.00 | 1580410285 | 11/29/2018 |
| 10/1/2018 | $64,084.35 | 1589302641 | 10/12/2018 |
| 10/11/2018 | $5,100.00 | 1580410376 | 10/29/2018 |
| 10/15/2018 | $3,391.00 | 1580410399 | 10/25/2018 |

4

54990095v.4

| 10/29/2018 | $3,740.00 | 1580410454 | 11/29/2018 |
|---|---|---|---|
| | Total | $314,417.95 | | |

8. On or about October 24, 2018, Trustee learned that Jan Kowalski used her IOLTA Account to pay a retainer for Debtor's bankruptcy counsel, Ernesto Borges. Thereafter, Trustee promptly sought permission to issue discovery to Bank of America requesting documents and information regarding Jan Kowalski's IOLTA Account. As indicated above, between October 25, 2018 and November 29, 2018, Jan Kowalski and Debtor caused the remaining IOLTA Cashier's Checks to be re-deposited back into Jan Kowalski's IOLTA Account so as to avoid the need for Debtor's endorsement. Subsequently, Jan Kowalski withdrew the remaining $201,500 in her IOLTA Account through eighteen (18) cash withdrawals in seventeen (17) days from eight (8) different Bank of America locations.

**B.  Evidentiary Hearing on the Trustee's Motion for Turnover of Accounting and Estate Funds**

9. At the January 10, 2019, evidentiary hearing on the *Trustee's Motion for Turnover of Accounting and Estate Funds* (Dkt. No. 315), a Bank of America representative, Roxanne Hollingsworth, testified that Jan Kowalski is the sole signatory and sole individual authorized to make withdrawals from her IOLTA Account. She testified that Byline Bank Cashier's Checks were deposited into the IOLTA Account, going through the deposit of each Byline Bank Cashier's Check into the IOLTA Account. She also testified that IOLTA Cashier's Checks made payable to the Debtor were purchased from the IOLTA Account and then deposited back into the IOLTA Account, against going through each IOLTA Cashier's Check purchase and subsequent negotiation. She further testified that Jan Kowalski withdrew $201,500 in cash from the IOLTA Account through eighteen (18) cash withdrawals in seventeen (17) days from eight (8) different Bank of America locations.

5

10. On January 14, 2019, and January 15, 2019, Debtor's counsel called Jan Kowalski to the witness stand. Jan Kowalski testified that she received the Byline Bank Cashier's Checks as payment from Debtor's limited liability companies for services she rendered under engagement agreements between her and Debtor's wholly-owned limited liability companies. Debtor's counsel offered the engagement agreements into evidence and Jan Kowalski testified that the engagement agreements were made on or about the date listed on the engagement agreement, and signed or about the same date. Jan Kowalski also testified that she deposited some of the November cash withdrawals in her other bank accounts, specifically naming First Midwest and Etrade as accounts where she deposited funds.

**C.    Trustee's subpoena requesting documents and ESI**

11. In an attempt to trace the funds and verify the veracity of Jan Kowalski's testimony, Trustee served Jan Kowalski with a subpoena requesting certain electronically stored documents and information ("ESI") and copies of all financial activity for all her accounts from November 1, 2018 to present.[2] The compliance date for the subpoena, January 25, 2019, passed and Jan Kowalski failed to produce any of the requested financial discovery. Jan Kowalski also failed to produce any ESI. Thereafter, the Trustee moved for an order compelling Jan Kowalski to comply.[3] Over the Jan Kowalski's objection, the Court entered an order compelling Jan Kowalski to comply with Trustee's subpoena by 1:00 p.m. on February 11, 2019.[4] Jan Kowalski failed to timely produce documents in violation of the Court Order.

---

[2] Subpoena Served on 1-18-18 (Dkt. No. 371). The subpoena also requested Jan Kowalski to produce the ESI in their native format and associated metadata that would show fields such as "date created," "date modified," "author," "total editing time," "revision number" among other fields.
[3] *Trustee's Motion to Enforce Subpoena* (Dkt. No. 386).
[4] *Order Granting in part and Continuing in part Motion to Enforce Subpoena* (Dkt. No. 403).

54990095v.4

12. Around 3:00 p.m. on February 11, 2019, Jan Kowalski tendered a tardy and incomplete production in which she failed to produce: (i) any financial records evidencing the deposit of more than $200,000 in cash withdrawals from the IOLTA Account as she previously testified had occurred; (ii) failed to produce any documents evidencing the whereabouts or disposition of the more than $200,000; and (iii) failed to produce requested ESI regarding IOLTA ledger statements she offered as exhibits at trial based on untimely and unfounded claims of privilege or similarly untimely objections based on relevance. Most importantly, none of the documents tendered by the Jan Kowalski evidence the disposition of the cash she withdrew from her IOLTA Account in November 2018.

13. Further, the metadata in the limited ESI provided by Jan Kowalski evidences that the content of the engagement agreements between Jan Kowalski and the Debtor's limited liability companies was created during the days immediately preceding Jan Kowalski's testimony on January 14, 2019, and not in 2017 and 2018 as Jan Kowalski testified to - thereby proving that Jan Kowalski falsified the proposed trial exhibits and provided false testimony in furtherance of same.

14. Specifically, the metadata evidences the following:[5]

| Exhibit Number | Description | Production of Native File and Metadata | Content Created Date and Time stamp |
|---|---|---|---|
| Exhibit A | Trust Account Client Ledger Page for Robert M. Kowalski; Legal Matter: Kowalski v. United States Trustee | Not Produced | |
| Exhibit B | Engagement Agreement between Jan Kowalski and Burros Blancos, LLC dated 1-8-2017 | Produced | 1-11-19  2:37 p.m. |

---

[5] *See* Exhibit 2, Christoff Affidavit

| | | | |
|---|---|---|---|
| Exhibit C | Invoice to Burros Blancos, LLC dated 1-8-2017 | Produced | 1-11-19   2:50 p.m. |
| Exhibit D | Trust Account Client Ledger Page for Burros Blancos, LLC; Legal Matter: 3537 Kostner | Not Produced | |
| Exhibit E | Engagement Agreement dated 1-1-2018 between Jan Kowalski and Indomitable LLC | Produced | 1-12-19   3:17 p.m. |
| Exhibit F | Invoice to Indomitable LLC dated 8-1-2018 | Produced | 1-12-19   3:13 p.m. |
| Exhibit G | Trust Account Client Ledger Page for Indomitable LLC; Legal Matter: Multiple | Not Produced | |
| Exhibit H | Engagement Agreement between Jan Kowalski and Piorun Properties, LLC dated 7-17-18 | Produced | 1-12-19   3:31 p.m. |
| Exhibit I | Invoice to Piorun Properties, LLC dated 9-1-2018 | Produced | 1-12-19   3:39 p.m. |
| Exhibit J | Trust Account Client Ledger Page for Piorun Properties, LLC; Legal Matter: Piorun v. Brooks | Not Produced | |
| Exhibit K | Engagement Agreement between Jan Kowalski and Piorun Properties, LLC dated 1-1-18 | Produced | 1-12-19   3:53 p.m. |
| Exhibit L | Invoice to Piorun Properties, LLC dated 11-1-18 | Not produced | |
| Exhibit M | Trust Account Client Ledger Page for Piorun Properties, LLC; Legal Matter: City v. Piorun | Not produced | |
| Exhibit N | Engagement Agreement between Jan Kowalski and Piorun Properties, LLC dated 6-30-17 | Produced | 1-11-19   2:28 pm. |

54990095v.4

| Exhibit O | Invoice to Piorun Properties, LLC dated 6-30-17 | Not produced | |
| Exhibit R | Trust Account Client Ledger Page for Piorun Properties, LLC; Legal Matter: CTA et al | Not produced | |

## ARGUMENT

### I. Bankruptcy Court's Authority for Terminating Sanctions.

15. It is settled that federal courts have inherent powers to sanction litigants for bad-faith and fraudulent conduct. These powers "are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)). A court's inherent powers also include the power, in appropriate cases, to impose the sanction of dismissal with prejudice. *See, e.g., Diettrich v. Northwest Airlines, Inc.*, 168 F.3d 961, 964 (7th Cir.1999) (inherent powers "permit a court to impose the ultimate sanction of a grant of judgment (or its equivalent, dismissal with prejudice);" *Kovilic Constr. Co., Inc. v. Missbrenner*, 106 F.3d 768, 773 (7th Cir.1997) ("The cases that have upheld dismissals as a sanction based on inherent powers have typically involved bad faith, fraud, or undue delay by one of the parties.").

16. A bankruptcy court has statutory authority under Bankruptcy Code section 105(a) as well as its inherent powers to impose sanctions for misconduct. *In re Rimsat, Ltd.*, 212 F.3d 1039, 1049 (7th Cir. 2000); *In re Volpert*, 110 F.3d 494, 500 (7th Cir. 1997); *In re Husain*, 533 B.R. 658, 662 (Bankr. N.D. Ill. 2015) (Cox, J.) (permanently suspending an attorney), aff'd, 866 F.3d 832 (7th Cir. 2017).

9

17. Further, Fed. R. Bankr. P. 7037, made applicable to contested matters by Fed. R. Bankr. P. 9014, provides that the Court may sanction a litigant for violating a judicial directive. Rule 7037 (b)(2) states that, if a party disobeys a discovery order, the court can respond with a variety of measures, including dismissal of the action or proceeding at issue. *See* Fed. R. Bankr. P. 7037 (b)(2)(A)-(E). In addition, the Court may require that the wrongful party pay costs and attorneys' fees. *Id*. Although the language of Rule 37 requires violation of a judicial order in order to impose sanctions, a formal, written order to comply with discovery is not required. Courts can broadly interpret what constitutes an order for purposes of imposing sanctions. *Brandt v. Vulcan, Inc.*, 30 F.3d 752, 756 n. 7 (7th Cir. 1994)*; see also Halas v. Consumer Servs., Inc.,* 16 F.3d 161, 164 (7th Cir. 1994) (an oral directive is sufficient if it unequivocally directs the party to provide the requested discovery); *Metropolitan Life Ins. Co. v. Cammon,* No. 88 C 5549, 1989 WL 153558, at *3 (N.D.Ill. Nov. 7, 1989) (formal order not necessary where party has adequate notice regarding scheduled discovery procedures and fails to comply). Courts have sanctioned the fabrication of documents and perjury under Fed. R. Civ. P. 37 without a specific Court order. "[A]ll litigants, including those far less educated and intelligent than those involved in this case [non-attorneys], are reasonably deemed to understand that fabricating evidence and committing perjury is conduct of the sort that is absolutely unacceptable." *REP MCR Realty, L.L.C. v. Lynch,* 363 F. Supp. 2d 984, 998 (N.D. Ill. 2005), aff'd, 200 F. App'x 592 (7th Cir. 2006). "[A]lthough there has been no specific court order, we believe such an order is not required to provide notice that parties must not engage in such abusive litigation practices as coercing witness testimony, lying to the court, and tampering with the integrity of the judicial system." *Quela v. Payco-Gen. Am. Creditas, Inc.*, No. 99 C 1904, 2000 WL 656681, at *6 (N.D. Ill. May 18, 2000) (Castillo, J.) "Because all litigants are presumed to know that contumacious

10

conduct of this sort is absolutely unacceptable, we can properly consider the sanctions available under Rule 37." *Id.* (citing to *United States v. Golden Elevator, Inc.*, 27 F.3d 301, 302 (7th Cir. 1994) ("Lawyers and litigants who decide that they will play by rules of their own invention will find that the game cannot be won.").

## II. The Court Should Sanction Jan Kowalski and Debtor for Discovery Violations, Committing a Fraud on the Court, and Offering Perjured Testimony.

18. Despite being compelled by the Court, Jan Kowalski failed to turn over ESI relating to all of her proposed trial exhibits offered. Specifically, Jan Kowalski offered eighteen exhibits at trial. Trustee requested ESI and associated metadata for each of the exhibits. The Court compelled to turn over the requested ESI. However, Jan Kowalski only produced the native file for eight of the exhibits. Ten remain outstanding. "[F]ailure to produce relevant evidence particularly within [defendant's] control allow[s] the [court] to draw an adverse inference that such evidence would not be favorable to it." *N.L.R.B. v. Dorothy Shamrock Coal Co.*, 833 F.2d 1263, 1269 (7th Cir. 1987).

> Simply stated, the rule provides that when a party has relevant evidence within his control which he fails to produce, that failure gives rise to an inference that the evidence is unfavorable to him. As Professor Wigmore has said: 'The failure to bring before the tribunal some circumstance, document, or witness, when either the party himself or his opponent claims that the facts would thereby be elucidated, serves to indicate, as the most natural inference, that the party fears to do so, and this fear is some evidence that the circumstance or document or witness, if brought, would have exposed facts unfavorable to the party.

*Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am. (UAW) v. N.L.R.B.*, 459 F.2d 1329, 1336 (D.C. Cir. 1972) (citing to 2 Wigmore on Evidence§ 285 (3d ed,. 1940)); *United States v. Roberson*, 233 F.2d 517, 519 (5th Cir. 1956) ("Unquestionably the failure of a defendant in a civil case to testify or offer other evidence within his ability to produce and which would explain or rebut a case made by the other side, may, in a proper case, be considered as a

11

circumstance against him and may raise a presumption that the evidence would not be favorable to his position."). Nor did Jan Kowalski produce any financial documents disclosing the whereabouts of the $201,500.00 she personally withdrew from her IOLTA Account despite her testimony that she deposited some of the withdrawn funds into her personal accounts.

19. In addition, the metadata retrieved from Jan Kowalski's limited ESI production entirely undermines her testimony and credibility by evidencing that she fabricated documents and offered perjured testimony. Jan Kowalski fabricated her exhibits presented to the Court, and provided perjured testimony based upon the fabricated documents. Judgment in favor of the Trustee and terminating sanctions against Debtor, on whose behalf the fabricated documents and perjured testimony was offered and against Jan Kowalski, for her active and central role in the theft of Estate funds, evidence fabrication and perjury, is the only appropriate remedy.

> This Court . . . has a responsibility: where we find deliberate falsehoods told in proceedings, we cannot allow such conduct to go unchecked. Turning a blind eye to false testimony erodes the public's confidence in the outcome of judicial decisions, calls into question the legitimacy of courts, and threatens the entire judicial system.

*Quela*, No. 99 C 1904, 2000 WL 656681, at *7 (N.D. Ill. May 18, 2000).

20. Jan Kowalski has lied on the witness stand and fabricated documents at the Debtor's behest. "Given the extreme importance of accurate and truthful discovery, our court system must have zero tolerance for parties who seek to intentionally distort the discovery and trial process." *Id.* An Order terminating the trial and entering a turnover order against Debtor and Jan Kowalski is the only appropriate remedy. *See Brady v. United States*, 877 F.Supp. 444, 453 (C.D. Ill. 1994) ("Litigants would infer they have everything to gain, and nothing to lose, if manufactured evidence is merely excluded while their lawsuit continues. Litigants must know that the courts are not open to persons who would seek justice by fraudulent means."); *Quela* 2000 WL 656681 at *8 (recognizing that default is an extreme sanction, but imposing it for

12

fabricating evidence: "[c]ourts should not shrink from imposing harsh sanctions where they are warranted"). Thus, the Trustee requests that the Court enter terminating sanctions against Debtor and Jan Kowalski with respect to the Motion for Turnover.

## **REQUEST FOR SHORT NOTICE**

21. Bankruptcy Rule 9006(b) allows the Court to reduce the notice period in its discretion, with or without motion, for cause shown. Trustee anticipates that the Court may allow Jan Kowalski and Debtor to respond to this Motion in writing and thus asks that the notice-period be shortened so a briefing schedule may be entered at the hearing on February 14, 2019. Further, this Motion should proceed in tandem with contempt proceedings for Jan Kowalski's failure to comply with the Court Order Granting Trustee's Motion to Enforce Subpoena (Dkt. No. 403), which is up on February 14, 2019. Accordingly, the Court should allow Trustee to present this Motion on February 14, 2019.

WHEREFORE, the Trustee requests that the Court enter terminating sanctions terminating the trial on the Motion for Turnover and enter an Order of Turnover against Jan Kowalski.

Dated: February 13, 2019

Respectfully submitted,

GUS A. PALOIAN, not individually, but solely in his capacity as the Chapter 7 Trustee of the Debtor's Estate,

By: /s/ Devvrat Sinha
    Gus A. Paloian (06188186)
    James B. Sowka (6291998)
    Devvrat Sinha (6314007)
    SEYFARTH SHAW LLP
    233 South Wacker Drive, Suite 8000
    Chicago, Illinois  60606
    Telephone:  (312) 460-5000
    Facsimile:  (312) 460-7000
    gpaloian@seyfarth.com
    jsowka@seyfarth.com

13

54990095v.4

[dsinha@seyfarth.com](mailto:dsinha@seyfarth.com)

*Counsel to Chapter 7 Trustee, Gus A. Paloian*