## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: | Case No. 18-09130 |
| ROBERT M. KOWALSKI, | Chapter 7 |
| Debtor. | Hon. Jacqueline P. Cox |

## ORDER HOLDING JAN KOWALSKI IN CIVIL CONTEMPT OF COURT FOR FAILING TO TURNOVER $250,000.00 TO THE ESTATE

### Findings of Fact and Conclusions of Law

1. On March 6, 2019, the Court entered an *Order for Rule To Show Cause Against Debtor and Jan Kowalski* (Dkt. No. 449), which directed Jan Kowalski to appear before the Court at March 11, 2019, at 1:00 p.m. and show cause as to why she should not be held in civil contempt for her failure to comply with the Court's February 21, 2019 Order directing her to turnover $250,000.00 to the Trustee by March 6, 2019 ("Turnover Order"), such funds being Estate property that were withdrawn from her Bank of America client trust fund account in cash from November 2018 onwards. Notice of the March 11, 2019 hearing was duly provided to both Jan Kowalski. *See Certificate of Service* (Dkt. No. 450).

2. At the March 11, 2019 hearing, Trustee's counsel reported that Jan Kowalski failed to turn over the $250,000.00 to the Estate as directed by the Turnover Order. At the March 11, 2019 hearing, failed to appear to show cause, and an Order Holding Jan Kowalski in Civil Contempt of Court was entered that day (Dkt. No. 457).

3. A status hearing on Jan Kowalski's Civil Contempt was set for March 20, 2019. At the March 20, 2019 hearing, Trustee's counsel reported that Jan Kowalski had failed to turnover $250,000.00 to the Trustee as directed by the Turnover Order. Further, the Court heard credible testimony from Larry Lis that he never received $250,000.00 from Jan Kowalski, in direct contradiction to Jan Kowalski's March 6, 2019 testimony.

4. Jan Kowalski has previously been held in contempt by this Court in connection with this case. Bankruptcy courts have the power to impose civil contempt. *In re Stasz*, 387 B.R. 271, 275 (B.A.P. 9th Cir. 2008). In order to hold a party in contempt, a bankruptcy court must find that the party "violated a specific and definite order of the court." *Id.* In this case, the Court finds that Jan Kowalski violated a specific and definite order, namely the Turnover Over, that clearly provided for the turnover of $250,000.00 to the Trustee. The Court has previously found that those funds are Estate funds.

5. Appropriate ~~punishment~~ remedy should be meted out by reason of such contemptuous behavior in order to coerce Jan Kowalski to comply with the Turnover Order and cause the turnover of $250,000.00 to the Trustee. The United States Marshals are hereby directed to take Jan Kowalski under custody until further Order from the Court.

55722165v.1

6. This matter is continued for status to  April 3  2019, at 10:00 a.m. and the Court hereby requests that the United States Marshals bring Jan Kowalski to such status hearing. The Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

Date:  3/20/19                           ENTER:  *Jacqueline P. Cox*

                                                 J. Cox

---

Jacqueline P. Cox
United States Bankruptcy Judge

Prepared By:
Devvrat Sinha (6314007)
SEYFARTH SHAW LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois 60606
Telephone: (312) 460-5000
Facsimile: (312) 460-7000
dsinha@seyfarth.com
*Counsel to Chapter 7 Trustee, Gus A. Paloian*

2

55722165v.1