# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>**ROBERT M. KOWALSKI,**<br><br>Debtor. | **Case No. 18-9130**<br>**Chapter 7**<br>**Honorable Jacqueline P. Cox** |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on April 3, 2019 at 9:30 a.m. or as soon thereafter as counsel may be heard, we will appear before the Honorable Jacqueline P. Cox, United States Bankruptcy Judge, or any judge sitting in her stead, in Courtroom 680 in the United States Courthouse, 219 South Dearborn Street, Chicago, Illinois and present the attached **MOTION OF FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR WASHINGTON FEDERAL BANK FOR SAVINGS, FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY RULE 2004 AND LOCAL RULE 9013-9(B)(5) AUTHORIZING THE ISSUANCE OF SUBPOENAS FOR DEPOSITION AND DOCUMENTS**, at which and time you may appear as you see fit.

PLEASE TAKE FURTHER NOTICE that pursuant to Local Rule 9013-9(B), the court may enter the appended proposed order without presentation of the motion in open court and without a hearing unless a party in interest notifies the presiding judge of an objection hereto.

Dated: March 27, 2019

Respectfully submitted,

FEDERAL DEPOSIT INSURANCE CORPORATION,
AS RECEIVER FOR WASHINGTON FEDERAL BANK FOR
SAVINGS

By: /s/ John W. Guzzardo
Eric S. Rein
John W. Guzzardo
HORWOOD MARCUS & BERK CHARTERED
500 W. Madison Street, Suite 3700
Chicago, Illinois 60661
(312) 606-3200 (phone)
(312) 606-3232 (facsimile)
rrein@hmblaw.com
jguzzardo@hmblaw.com

*Counsel for Federal Deposit Insurance Corporation, as Receiver for Washington Federal Bank for Savings*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re:<br>**ROBERT M. KOWALSKI,**<br><br>Debtor. | Case No. 18-9130<br>Chapter 7<br>Honorable Jacqueline P. Cox |

**MOTION OF FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER
FOR WASHINGTON FEDERAL BANK FOR SAVINGS,
FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY RULE 2004
AND LOCAL RULE 9013-9(B)(5) AUTHORIZING THE ISSUANCE
OF SUBPOENAS FOR DEPOSITION AND DOCUMENTS**

Federal Deposit Insurance Corporation, as Receiver for Washington Federal Bank for Savings ("FDIC-R"), by and through its undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure 2004 and Local Rule 9013-9(B)(5), hereby moves (the "Motion") this Court for the entry of an order authorizing discovery from certain individuals and entities that have knowledge and documents regarding property of the estate in which FDIC-R holds an interest. For its Motion, FDIC-R states as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). This matter is a core proceeding under 28 U.S.C. § 157(b).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**FACTUAL BACKGROUND**

3. On March 29, 2018, Robert M. Kowalski, the debtor herein (the "Debtor"), filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Illinois (the "Court").

4.     On November 30, 2018, the Debtor's case was converted to a Chapter 7 case. (Dkt. 275)

5.     FDIC-R is a secured creditor and the most significant creditor in this bankruptcy case. FDIC-R holds mortgages and other interests on many parcels of real property that is property of this estate.

6.     The bankruptcy estate includes as assets a complex web of properties, some that have multiple liens or security interests on them, and others that have been transferred (including through various trusts) numerous times. The bankruptcy estate further includes rental income from these properties. Information and documentation regarding these various properties, including liens and security interests on them, transfers (which could be fraudulent transfers in many instances) and rental income, is significantly lacking and has not been produced in a limited fashion by the Debtor to date. In order to protect its interest in these various properties, FDIC-R seeks to untangle the web through discovery tailored to various individuals and entities likely to have knowledge critical to the estate and FDIC-R's interests.

7.     FDIC-R has identified Jorge Sanchez, Lana Jones of Chicago Title Insurance Company, Brenda Shew Lira, Franklin Shew, Rosemary Kowalski, Lidia Marinca and Javier Espana ("witnesses") as individuals who are likely to possess relevant information who may have information regarding property of the estate. FDIC-R wishes to issue a subpoena for deposition to each of the witnesses.

8.     In addition, based on its investigation, FDIC-R has identified the following entities that have a banking relationship with Mr. Sanchez and his related entities and may have a connection to the Debtor: PNC, Fifth Third Bank, Chase and Parkway Bank. FDIC-R has also identified First Midwest Bank and Auction.com as entities that may possess information

3

concerning estate assets. FDIC-R wishes to issue subpoenas *duces tecum* to each of these entities to discover relevant transactional information that may involve the Debtor and his limited liability companies.

## RELIEF REQUESTED

9. By this Motion, FDIC-R requests that this Court enter an order authorizing, but not directing, FDIC-R to demand the production of documents and to conduct examinations under oath by issuing the subpoenas and accompanying document requests attached as **Group Exhibit A** hereto.

10. FDIC-R further requests that documents demanded by the subpoenas *duces tecum* be produced no later than thirty (30) days after service of the subpoena or at such other place and time as may be agreed upon by FDIC-R's counsel.

11. FDIC-R further requests that oral examinations of Mr. Sanchez, Ms. Jones, Ms. Lira, Mr. Shew, Ms. Kowalski, Ms. Marinca and Mr. Espana take place at the offices of FDIC-R's counsel on the dates and times as set by FDIC-R's counsel or at such place, date, and time as mutually agreed upon by the parties.

## ARGUMENT

12. Rule 2004(a) provides that on the "motion of any party in interest, the court may order the examination of any entity." Rule 2004(b) provides that an examination under the Rule may relate to "to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge."

13. The attendance of an entity for examination and for the production of documents, whether the examination is to be conducted within or without the district in which the case is pending, may be compelled as provided in Bankruptcy Rule 9016, which incorporates Federal

Rule of Civil Procedure 45 into cases under the Code, and as an officer of this Court, an attorney may issue and sign a subpoena on behalf of the Court. *See* Rule 2004(c).

14. It is generally recognized that "the scope of a Rule 2004 examination is very broad and great latitude of inquiry is ordinarily permitted." *In re Wilcher*, 56 B.R. 428, 433 (Bankr. N.D. Ill. 1985). "The scope of examination allowed under Bankruptcy Rule 2004 is larger than that allowed under the Federal Rules of Civil Procedure and can legitimately be in the nature of a 'fishing expedition.'" *Id.* "Inquiry into the debtor's estates is often made [in Rule 2004 examinations] to discovery wrongdoing and fraud." *Pontikes v. Sip Claimants (In re Comdisco, Inc.),* Nos. 06 C 1535, 2006 WL 2375458, at *6 (N.D. Ill. Aug. 14, 2006). *See also In re Handy Andy Home Improvement Centers, Inc.*, 199 B.R. 376, 380 (Bankr. N.D. Ill. 1996) ("Generally, a Rule 2004 examination is a broad 'fishing expedition' into a party's affairs for the purpose of obtaining information relevant to the administration of the bankruptcy estate."). A Rule 2004 examination "is not limited to the debtor or his agents, but may extend to creditors and third parties who have had dealings with the debtor." *Wilcher*, 56 B.R. at 433.

15. Here, by virtue of its large claim and secured interest in the many properties that are part of this estate, FDIC-R clearly is a "party in interest." Therefore, the subpoenas attached as Exhibit A reflect a permissible inquiry into "the acts, conduct, or property or to the liabilities and financial condition of the debtor."

## **RESERVATION OF RIGHTS**

16. Given the large number of properties that are part of this estate and the Debtor's failure to produce many documents and provide information regarding these properties, FDIC-R reserves the right to request other discovery pursuant to Rule 2004 or other applicable law from any person or entity, including further discovery from the parties discussed in this Motion.

**WHEREFORE,** FDIC-R respectfully requests that this Court enter an order substantially in the form of the proposed order submitted herewith authorizing FDIC-R to issue subpoenas in the form attached as **Group Exhibit A**, and granting such other and further relief as this Court deems fair and equitable.

Dated: March 27, 2019

Respectfully submitted,

FEDERAL DEPOSIT INSURANCE CORPORATION,
AS RECEIVER FOR WASHINGTON FEDERAL BANK FOR SAVINGS

By: /s/ John W. Guzzardo
Eric S. Rein
John W. Guzzardo
HORWOOD MARCUS & BERK CHARTERED
500 W. Madison Street, Suite 3700
Chicago, Illinois 60661
(312) 606-3200 (phone)
(312) 606-3232 (facsimile)
rrein@hmblaw.com
jguzzardo@hmblaw.com

*Counsel for Federal Deposit Insurance Corporation, as Receiver for Washington Federal Bank for Savings*

6

4711772/1/13664.008