```
 1              IN THE UNITED STATES BANKRUPTCY COURT
                FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                         EASTERN DIVISION

 3


 4
     ROBERT M. KOWALSKI,          )   No. 18 B 09130
 5                                )
                                  )   Chicago, Illinois
 6                                )   October 4, 2018
                      Debtor.     )   11:00 a.m.
 7

 8

 9              TRANSCRIPT OF PROCEEDINGS
          BEFORE THE HONORABLE JACQUELINE P. COX
10

11

12    APPEARANCES:

13

14   For the Debtor:       Mr. Ernesto D. Borges;

15
     For the FDIC:         Mr. Jason M. Torf.
16

17

18

19

20

21

22
      Court Reporter:           MARY C. KELLY, CSR
23                              United States Courthouse
                                219 South Dearborn Street
24                              Room 661
                                Chicago, Illinois  60604
25
```

1            THE CLERK:  Taking up the matter of
2    Robert Kowalski.
3            MR. TORF:  Good morning, Your Honor.
4    Jason Torf appearing on behalf of the FDIC as
5    receiver.
6            MR. BORGES:  Good morning, Your Honor.
7    Ernesto Borges on behalf of Robert Kowalski, and I
8    ask leave to file my appearance in this matter.
9            THE COURT:  All right.  Where are we in
10   this matter?
11           MR. TORF:  Well, Your Honor, we have our
12   motion to compel --
13           THE COURT:  Right.
14           MR. TORF:  -- Mr. Kowalski's 2004 -- his
15   appearance at his Rule 2004 Exam on file.  We
16   appeared last week at initial presentment, and Your
17   Honor gave Mr. Kowalski a few days to file a
18   written response, which he did, and we're back for
19   hearing today, Your Honor.
20           MR. BORGES:  Your Honor --
21           THE COURT:  Mr. Borges, did you file an
22   appearance?
23           MR. BORGES:  I did not.  I didn't know
24   whether I should ask for leave first or whether I
25   can file one very quickly.

1          THE COURT: No one needs leave of court
2   to file an appearance.
3          MR. BORGES: Okay.
4          THE COURT: I don't control that.
5          MR. BORGES: I understand.
6          THE COURT: I'm not sure I can allow you
7   to address me at all before you file -- if you have
8   no appearance on file.
9          MR. BORGES: I can do that in five
10  minutes.
11         THE COURT: Sir?
12         MR. TORF: Your Honor, we would like to
13  proceed with the motion today; however, I have no
14  problem if Mr. Borges can get an appearance on file
15  that quickly.
16         THE COURT: I'll pass the matter.
17         MR. TORF: Thank you.
18         MR. BORGES: Thank you, Judge.
19            (The matter was passed and recalled.)
20         THE CLERK: Recalling Robert Kowalski.
21         MR. TORF: Good morning again, Your
22  Honor. Jason Torf on behalf of the FDIC as
23  receiver.
24         MR. BORGES: Good morning again, Your
25  Honor. Ernesto Borges on behalf of

1    Robert Kowalski, and my appearance should be on
2    file now.
3            THE COURT:  Let's proceed.
4            MR. TORF:  Your Honor, this is the
5    FDIC's motion to compel Mr. Kowalski to appear for
6    his 2004 exam.  Our position is laid out in the
7    motion, Your Honor.
8            We scheduled -- we obtained an order
9    from the court authorizing a 2004 exam.  Without
10   belaboring the issue point by point, Your Honor,
11   because it's laid out in the motion, we scheduled
12   the exam.  We rescheduled the exam based on Mr.
13   Kowalski's schedule.  We confirmed and reconfirmed
14   with Mr. Kowalski.
15           After it had been reconfirmed a number
16   of times, we convened the examination.  I was
17   there, my partner Mr. Rein was there ready to take
18   the examination having prepared for it, and we had
19   four representatives from FDIC present for the
20   examination, three of whom traveled from out of
21   town, as well as a court reporter present all based
22   on the scheduling around Mr. Kowalski's request due
23   to his schedule.
24           Mr. Kowalski tried to duck his way out
25   of the exam, including the day before, by sending

1  e-mails making requests.  We denied his request for
2  an extension.  We wanted and needed the exam to go
3  forward.  We're trying to get our arms around the
4  assets of the estate here to, quite frankly, figure
5  out which end is up, Your Honor.
6              There are a lot of properties.  Very
7  little is known about a lot of these properties.
8  There's not much known about the value of
9  properties.  There's not much known about the
10 condition, about rents being collected, about
11 leases.  We're trying to get our arms around this
12 stuff, and Mr. Kowalski has continued to delay what
13 we view as the inevitable, his examination, Your
14 Honor, including and up to by not showing up for
15 his examination.
16             When he didn't show up for his
17 examination, we filed this motion, Your Honor, and
18 to be clear, Your Honor, this motion is not a
19 motion to compel in the sense that the court is
20 probably used to seeing.  This is a motion to
21 compel under Bankruptcy Rule 2005, which in essence
22 says, Your Honor, that if a putative deponent
23 doesn't show up for their 2004 exam, the court can
24 compel the U.S. Marshal to bring the witness to the
25 2004 examination.

1      So what we're asking for, Your Honor --
2 and then I'll respond to a few of the points in
3 Mr. Kowalski's response.  What we're asking for,
4 Your Honor, is that the court set dates certain for
5 Mr. Kowalski's 2004 exam and order that he show up
6 on those dates at our office for the 2004 exam.
7 And I can give Your Honor those dates.  I'll hold
8 that until the end, but there are some dates when
9 we know we're available that I can throw out, Your
10 Honor.
11     There are a few points that Mr. Kowalski
12 raised, but, first, I would like to point out that
13 Mr. Kowalski, in his objection, is really a step
14 behind here, Your Honor.  By that I mean that his
15 objection is addressed more to a motion for
16 authority to conduct a 2004 exam.  We already have
17 an order authorizing us to take the 2004 exam.  We
18 now have a motion on file to compel him to appear.
19     THE COURT:  The order was issued
20 June 14th if I'm not mistaken.
21     MR. TORF:  That's correct.  That's
22 correct, Your Honor.  Quite some time ago.
23     So, you know, the objections that he
24 raises are at a motion that was already granted,
25 Your Honor.  This is a motion to compel his

1 appearance at an examination that was already
2 authorized and ordered by the court.
3 Now, he talks about things like, for
4 instance, the pending proceeding rule, Your Honor.
5 Again, that's directed more at a motion for a 2004
6 exam. We're past that.
7 But still, to address that point, Your
8 Honor --
9 THE COURT: He says the pending
10 proceeding is his objection to the proof of claim.
11 MR. TORF: But we believe that's
12 correct, Your Honor.
13 Now, his objection to the proof of
14 claim, he's filed two objections --
15 THE COURT: Two objections.
16 MR. TORF: -- to two different proofs of
17 claim.
18 THE COURT: One in August, and one in --
19 MR. TORF: Just recently.
20 THE COURT: -- September if I'm not
21 mistaken?
22 MR. TORF: Right. Right.
23 And those were filed long after the 2004
24 order was entered, Your Honor.
25 And, you know, as Mr. Kowalski is prone

1  to do, we believe that that is, at a minimum, a
2  delay tactic to try to create a pending proceeding.
3           Pending proceeding doesn't apply, Your
4  Honor, when the nature of the 2004 exam is
5  unrelated to or much broader in scope than the
6  pending proceeding.  And whether or not there is a
7  pending proceeding, I don't know, but taking for
8  granted that his objection to FDIC's claims
9  constitutes a pending procedure, that is limited in
10 scope.
11          What we're trying to get our arms
12 around, Your Honor, is much broader than FDIC's
13 claim and the objection that he's raised to that
14 claim, which, by the way, the court found at the
15 last hearing on the claim objection that it wasn't
16 served properly, and the court continued that to
17 November because it hasn't been served properly.
18          So the 2004 exam is much broader, and
19 the pending proceeding rule doesn't even apply
20 here, Your Honor.
21          Your Honor, his kind of way of operating
22 in this case, which perhaps will change with Mr.
23 Borges' involvement, but his way of operating in
24 this case is his defense is an offense.
25 Mr. Kowalski repeatedly comes into court, and when

1  we're up on a motion that's not related to FDIC's
2  claim, he attacks FDIC's claim and claims that
3  fraud and other malfeasance is going on with FDIC.
4  None of that is germane, just like his objection to
5  FDIC's claim is not germane, to the nature of the
6  2004 exam that FDIC seeks to take.
7            And, again, I cannot emphasize strongly
8  enough, Your Honor, that all of these objections
9  that Mr. Kowalski has raised are to a motion for a
10 2004 exam which has already been granted.  We're
11 way past that point, Your Honor.  As Your Honor
12 noted, the 2004 -- the order authorizing the 2004
13 exam was granted months ago, and we're still
14 waiting for our examination.
15           And, Your Honor, his behavior in this
16 case, just to give the court context, it's
17 important to understand that his behavior applies
18 broadly to a lot of what is going on in this case.
19 It's not just that he didn't show up at the 2004
20 exam.  We also requested documents.  He hasn't
21 given us a single document.  He even noted at the
22 hearing last week that he has some documents
23 related to some property that was sold.  That's one
24 sliver of information in this case.  He clearly has
25 documents, and he hasn't turned them over

1 responsive to our subpoena, Your Honor.

2 In addition, the trustee at the 341
3 meeting scheduled a time by agreement with
4 Mr. Kowalski for the trustee to appear at
5 Mr. Kowalski's office to review documents, and Mr.
6 Kowalski after agreeing to that at the 341 meeting
7 did not permit the trustee to come review
8 documents.

9 Nobody can get documents here, Your
10 Honor. And something that Mr. Kowalski continues
11 to do is he continues to insist that FDIC is
12 obligated to give him documents. He has it
13 backwards, Your Honor. There is no obligation on
14 the part of a party seeking to take a 2004 exam to
15 produce documents to the putative deponent. When
16 he shows up for his examination, we show him
17 documents. We ask him questions about those
18 documents, and either he knows the answer or he
19 doesn't. But we're not under any obligation as a
20 creditor and as a prospective deposer to give him
21 documents in advance.

22 And the problem here, again, is it's
23 circular. We're trying to get documents from him,
24 and he's now trying to foist it back upon the FDIC.

25 So, Your Honor, these objections that

1   he's raised are each one without merit, and the
2   FDIC is entitled to the examination this court has
3   already approved and ordered, and we need it to
4   happen.
5           I would like to suggest the dates that
6   we're available for this examination.  We're
7   available October 9th, October 15th to 17th, and
8   October 22nd to 23rd.  We'd like to schedule it for
9   more than one day, Your Honor, and have the court
10  compel him to appear on two days, Your Honor, again
11  preserving the right even to continue it longer if
12  necessary.
13          Part of the reason for the length of the
14  examination that we're requesting, Your Honor, is
15  that there is a lot of information to cover, and
16  based on Mr. Kowalski's prior performance so to
17  speak at examinations, such as the 341 meeting, we
18  think the examination -- and I'm speaking gently
19  here, Your Honor, without going into detail -- we
20  think that the examination is likely to take longer
21  than it would with a cooperative witness.
22          So those are the dates we're available,
23  Your Honor, and we'd ask the court compel the
24  examination under 2005.
25          THE COURT:  Any response?

1                MR. BORGES:  Yes, Your Honor.
2                I'd like to thank Your Honor for
3     allowing me to file my appearance.
4                THE COURT:  I didn't allow it.  I just
5     wasn't going to hear you without it.
6                I don't get to decide what lawyer can
7     represent anybody or who can file an appearance.
8     That would be very nice to have.
9                MR. BORGES:  All right.
10               THE COURT:  I'll just say that.
11               MR. BORGES:  All right.  To have that
12    power.
13               THE COURT:  But I don't have it.
14               MR. BORGES:  Okay.  Thank you, Judge.
15               Mr. Kowalski recently retained our firm
16    to represent him in this matter, and it seems as if
17    this case has been -- it's not been going on that
18    long, but there are a lot of documents here.
19               And I see that Mr. Kowalski has made an
20    argument, Your Honor, as to this 2004 exam, and I
21    understand there has been an order to that effect,
22    but it seems that he has some arguments.
23               Counsel here has made the argument that
24    he is trying to wrap -- wrap himself -- to get hold
25    of this property or somehow to obtain this

1 property. These are properties. These are real
2 estate properties. They're not going anywhere. I
3 mean, they are permanent structures. There are
4 assets -- I understand there are assets other than
5 the structures themselves, but I think that, Your
6 Honor, we should have an opportunity given that he
7 has just now retained counsel to allow us to
8 respond to this.
9     THE COURT: But there is a response.
10     MR. BORGES: Well, yes, he was here to
11 argue the response, I guess, today, and he has
12 certainly filed this. I would like to argue this
13 for him or my partner to argue this for him, but we
14 are a little uninformed in certain areas.
15     And I understand there is a motion to
16 compel that you have entered some time, and I don't
17 know what happened. I'm just looking at some of
18 his responses as to what happened and why he was
19 not present at that time. I don't know whether --
20     THE COURT: Why he didn't appear for the
21 examination?
22     MR. BORGES: Why he did not appear, yes.
23     THE COURT: Well --
24     MR. BORGES: He did ask -- I see here
25 that he did ask for a continuance, which fell upon

1   deaf ears.
2           We would just ask for a short
3   continuance, a few days --
4           THE COURT:  A continuance of this
5   hearing?
6           MR. BORGES:  Just a continuance of this
7   hearing just for a couple days, and then if Your
8   Honor rules in counsel's favor, certainly we can
9   set a date and have that hearing -- 2004 hearing.
10  I would prefer --
11          THE COURT:  Mr. Borges, if your client
12  was not a lawyer, that would be -- that would have
13  some validity.  But Mr. Kowalski is a lawyer.  He
14  filed a written response.  It's not spurious, but
15  it may not carry a lot of weight.  But he asked for
16  a continuance to file a response, he filed a
17  response, and I'm not inclined to continue this
18  motion to compel again.
19          MR. BORGES:  Okay.
20          THE COURT:  It's time to conclude this
21  matter.
22          MR. BORGES:  Well, Judge, can we get a
23  -- counsel said the dates of --
24          THE COURT:  I'm looking at the FDIC's
25  proposed order.

1        MR. TORF:  I can recite those dates
2   again, Your Honor.
3        Obviously we're willing to work with Mr.
4   Borges on his schedule, but we do need to schedule
5   it soon.
6        The dates the FDIC and its counsel are
7   available are October 9th, the 15th through 17th,
8   and the 22nd through 23rd, and, again, Your Honor,
9   we'd request an order be entered compelling him to
10  appear on two of those dates that we agree upon
11  here.
12       THE COURT:  Mr. Kowalski, I hope that --
13  I didn't realize Rule 2005 can require the court to
14  have the marshal -- the U.S. Marshal take you to
15  this examination.  I hope it doesn't come to that.
16       MR. KOWALSKI:  No, Your Honor, that's
17  not my intention.
18       THE COURT:  I really hope it doesn't
19  come to that.
20       MR. KOWALSKI:  I wanted an attorney to
21  be present with me during that examination.
22       THE COURT:  You don't have a right to
23  that.  I've looked at the case law.  It was *In re*
24  *Bennett*.  It's kind of an old case.
25       MR. BORGES:  Certainly, Your Honor, we

1   would like to consult with him prior to that 2004.
2               THE COURT:  You can consult with him
3   today, but I can't authorize counsel going to the
4   examination with him, and I genuinely hope we don't
5   have to have the U.S. Marshal arrest you and hold
6   you in custody until they have time to take this
7   examination and until it's concluded.  Because
8   that's what it means.  It means you're going to sit
9   at the MCC until they can get you to the
10  examination and until the examination is concluded.
11  They've already told me it's probably going to take
12  more than a day.  I don't -- I just genuinely hope
13  it doesn't come to that.
14              MR. KOWALSKI:  Thank you, Your Honor.
15  It won't.
16              THE COURT:  I was just thinking of
17  entering an order compelling you to attend until
18  they pointed out that the rule says U.S. Marshal is
19  authorized and directed to bring you before the
20  court for hearing to compel your attendance.
21  Because to me, that means if the marshal has to
22  bring you to court, they're also going to take you
23  to the exam.  So if they have to hold you
24  overnight, for a few days, I hope not.
25              MR. BORGES:  I'm sure that won't happen,

1 Your Honor.
2 THE COURT: Well, you know, you're an
3 intelligent person, Mr. Kowalski. You can't tell
4 me you don't understand. I'm not buying it.
5 MR. KOWALSKI: Your Honor, --
6 THE COURT: You're way too intelligent.
7 MR. KOWALSKI: -- the issue --
8 THE COURT: You filed bankruptcy. They
9 didn't reach out and drag you in here. You filed
10 for bankruptcy relief. This is part of what you
11 have to do. It requires a lot of corporation.
12 MR. KOWALSKI: Your Honor --
13 THE COURT: A lot. You have to answer a
14 lot of questions.
15 MR. KOWALSKI: Your Honor, I had very
16 little choice in filing the bankruptcy.
17 THE COURT: In certain parts of the
18 justice system you don't even have to answer
19 questions. It's not so much here.
20 I'm going to pass the matter for an
21 order with dates. I'll be back in five minutes.
22 THE CLERK: Everyone please rise.
23 The court will be in a short recess.
24 (The matter was passed and recalled.)
25 THE CLERK: Recalling Robert Kowalski.

1          MR. TORF:  Hello again, Your Honor.
2    Jason Torf for the FDIC as receiver.
3          MR. BORGES:  Ernesto Borges on behalf of
4    Robert Kowalski.
5          MR. TORF:  We prepared an order, Your
6    Honor, that counsel has reviewed and approved.
7    I'll hand it up.
8          We put in dates for his appearance and
9    production of documents of October 22nd and 23rd at
10   9:30 a.m. at my firm's office, Horwood, Marcus &
11   Berk, 500 West Madison Street, Suit 3700.
12         And, Your Honor, I also added in here at
13   the end that the motion is continued.  We would
14   request a date shortly after those examination
15   dates that it's continued for status of his
16   compliance so that if there is noncompliance, we
17   can get back in for a status.
18         THE COURT:  What date do you suggest?
19         MR. TORF:  As soon as Your Honor can
20   hear us after October 23rd, Your Honor, would be
21   okay with me.
22         Let's see.  Perhaps later that week,
23   Your Honor, the 25th, 26th, subject to Mr. Borges's
24   schedule.
25         MR. BORGES:  It's just for status?

```
1                THE COURT:  How about the 30th?
2                MR. BORGES:  Day before Halloween.
3                MR. TORF:  That's okay with me, Your
4    Honor.
5                MR. BORGES:  I'll have my costume.  It's
6    a good day.
7                THE COURT:  Well, how about November 1?
8                MR. TORF:  Let's do October 30th, Your
9    Honor.
10               THE COURT:  And I don't think the
11   pending litigation issue theory blocks the
12   examination because those issues were raised long
13   after the 2004 examination was authorized.
14               MR. TORF:  I left a blank there, Your
15   Honor.  I wrote in the language and just left a
16   blank for October 30th and the time.
17               THE COURT:  I'll put October 30th at
18   11:00 a.m.
19               MR. TORF:  Thank you, Your Honor.
20               MR. BORGES:  You're referring, Your
21   Honor, to his other litigation in other forums?
22               THE COURT:  No.  The issues that
23   Mr. Kowalski has asserted here.
24               MR. BORGES:  Right.
25               THE COURT:  I just don't think they
```

```
 1    should --
 2              MR. BORGES:  Prevent the 2004.
 3              THE COURT:  -- defeat the right to
 4    taking the 2004 examination, especially since his
 5    efforts to bring in other litigation followed by a
 6    couple months.
 7              MR. BORGES:  I see.
 8              MR. TORF:  Thank you very much, Your
 9    Honor.
10              THE COURT:  He filed those issues in
11    what was it?  August and September?
12              MR. TORF:  Right.
13              THE COURT:  All right.
14              MR. BORGES:  Thank you, Judge.
15              MR. TORF:  Thank you, Judge.
16              MR. BORGES:  Have a good day.
17              THE COURT:  Thank you all very much.
18                  (Which were all the proceedings had
19                   in the above-entitled cause,
20                   October 4, 2018, 11:00 a.m.)
21
      I, MARY C. KELLY, CSR, DO HEREBY CERTIFY THAT THE
22    FOREGOING IS A TRUE AND ACCURATE TRANSCRIPT OF
      PROCEEDINGS HAD IN THE ABOVE-ENTITLED CAUSE.(f)
23
24
25
```