## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: ) | Chapter 7 |
| ) | |
| Robert Kowalski, ) | Case No. 18 B 09130 |
| ) | |
| Debtor. ) | |
| ) | |
| ) | Honorable Jacqueline P. Cox |
| ) | |

### Second Amended Order of Civil Contempt Against
### Jan Kowalski and Robert Kowalski (Dkt. No. 490)

This Order amends the Civil Contempt Order against Jan Kowalski and Robert Kowalski at Dkt. No. 490 for their failure to comply with this Court's February 21, 2019 Turnover Order at Dkt. No. 436 directing them to turnover $250,000 to the Chapter 7 Trustee by March 6, 2019. The Order at Dkt. No. 490 was continued for status on April 17, 2019.

Bankruptcy Courts have the power to impose civil contempt. *In re Stasz*, 387 B.R. 271, 276 (B.A.P. 9th Cir. 2008); *see Caldwell v. Unified Capital Corp. (In re Rainbow Magazine, Inc.)*, 77 F.3d 278, 284-285 (9th Cir. 1996); *see also* 11 U.S.C. §105(a). In order to hold a debtor in contempt, the bankruptcy court must find that the debtor violated a specific and definite order of the court. *Id.* (citing *Knupfer v. Lindblade (In re Dyer)*, 322 F.3d 1178, 1191 (9th Cir. 2003)).

This Court found that Jan Kowalski and Robert Kowalski violated this Court's specific and definite Order entered February 21, 2019 at Dkt. No. 436 ordering them to turnover $250,000 to the Chapter 7 Trustee by March 6, 2019.

On March, 6, 2019, a Rule to Show Cause Order at Dkt. No. 449 was entered against Jan and Robert for failure to turnover the $250,000 pursuant to this Court's Order at Dkt. No. 436, returnable March 11, 2019. Dkt. No. 449.

On March 11, 2019, an Order of Civil Contempt at Dkt. No. 457 was filed against Jan Kowalski that ordered the US Marshal to seize her for failure to comply with this Court's Order at Dkt. No. 436 directing her to turnover the $250,000; the $250,000 was not produced and a status hearing was set for March 20, 2019. That same day, the Federal Deposit Insurance Corporation, as Receiver ("FDIC-R") filed its Motion for Civil Contempt against Mr. Kowalski at Dkt. 406 for failure to complete his 2004 Examination was entered and continued to March 20, 2019. Dkt. No. 456.

On March, 20, 2019, Robert purged his contempt by completing his 2004 Examination. Dkt. No. 470. Robert was however, held in Civil Contempt of Court at Dkt. No. 469 and the U.S. Marshal was ordered to seize Robert and bring him before this Court to purge his contempt for failure to turnover the $250,000 pursuant to Dkt. No. 449. That same day, this Court held Jan Kowalski in Civil Contempt of Court at Dkt. No. 468 and the U.S. Marshal was ordered to seize Jan Kowalski and bring her before this Court to purge her contempt for failure to turnover the $250,000 pursuant to Dkt. No. 449. The Rule to Show Cause against Jan and Robert at Dkt. No. 449 and the related Civil Contempt Orders at Dkt. Nos. 468 and 469 were set for status on April 3, 2019.

On April 3, 2019, the Chapter 7 Trustee reported that Jan and Robert failed to turnover the $250,000 or provide any evidence to the contrary. At the hearing, Jan and Robert each asserted their Fifth Amendment Right not to testify but later waived their rights by voluntarily testifying. This Court found that the failure to turnover the $250,000 evidences Jan and Robert's

continued civil contempt; incarceration was required to coerce them. Jan and Robert could have purged their contempt by turning over or causing to be turned over $250,000 to the Chapter 7 Trustee. The hearing was continued to April 17, 2019, at 10:00 a.m.

On April 17, 2019, Jan and Robert appeared before this Court. Jan explained that she is unable to purge her contempt because on or about February 20, 2019, she placed $250,000 in cash inside of a lockbox the size of a toaster at her office at 1918 W. Cermak, Chicago, Illinois 60608 and that the money was stolen between February 20, 2019 and March 11, 2019. Robert made arguments asserting his inability to turnover the funds and later asserted his Fifth Amendment Right not to testify by refusing to answer questions about his presence at the office (1918 W. Cermak) on February 21, 2019. The Court did not find the testimony from Jan or Robert to be credible. This Court finds that the continued failure to turnover the $250,000 evidences Jan and Robert's continued civil contempt; incarceration is required to coerce them.

The Court requests the U.S. Marshal for the Northern District of Illinois to bring Jan Kowalski and Robert Kowalski to court on Thursday, May 2, 2019 at 10:00 a.m. for a status hearing on the Civil Contempt Orders against Jan Kowalski and Robert Kowalski at Dkt. No. 490.

**Date:** April 18, 2019

**Entered:**

J. Cox     *Jacqueline P. Cox*

**Judge Jacqueline P. Cox**
**United States Bankruptcy Judge**