**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 18-09130 |
| | ) | |
| ROBERT M. KOWALSKI, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Hon. Jacqueline P. Cox |
| | ) | |
| | ) | Hearing Date:  May 22, 2019 |
| | ) | Hearing Time: 9:30 a.m. CT |

**COVER SHEET FOR SECOND AND FINAL APPLICATION OF**
**SEYFARTH SHAW LLP FOR COMPENSATION AND REIMBURSEMENT**
**OF EXPENSES AS COUNSEL TO CHAPTER 11 TRUSTEE GUS A. PALOIAN**
**<u>FOR THE PERIOD OF OCTOBER 1, 2018 THROUGH NOVEMBER 30, 2018</u>**

<u>Name of Applicant</u>:                    Seyfarth Shaw LLP

Authorized to Provide
<u>Professional Services to</u>:          Chapter 11 Trustee Gus A. Paloian

<u>Date of Appointment</u>:              September 6, 2018, retroactive to August 7, 2018

Period for which Compensation
<u>and Reimbursement is Sought</u>:   October 1, 2018 through November 30, 2018

Amount of Interim Compensation
<u>Sought</u>:                                 $212,493.50

Amount of Interim Expense
<u>Reimbursement Sought</u>:            $   8,171.64

Amount of Final Compensation
<u>Sought</u>                                  $328,829.50

Amount of Final Expense
<u>Reimbursement Sought</u>:            $   9,339.59

<u>This is an</u>:      X      Final  _____  Interim Application.

Prior Applications:

| | | | | SEYFARTH'S PRIOR INTERIM FEE APPLICATIONS IN CHAPTER 11 CASE | | |
|---|---|---|---|---|---|---|
| Interim App. | Filing Date & Docket Number(s) | Interim Period Covered | Total Fees Requested & [Allowed] | Total Expenses Requested & [Allowed] | Aggregate Allowed Fees & Expenses | Fees & Expenses Paid to Date |
| 1st | 11/28/18 [271] | 8/7/18 - 9/30/18 | $116,336.00 [$116,336.00] | $1,167.95 [$1,167.95] | $117,503.95 | $117,503.95 |
| | | | | **TOTAL** | **$117,503.95** | **$117,503.95** |

Dated:  April 30, 2019

Respectfully submitted,

GUS A. PALOIAN, not individually or personally, but solely in his capacity as the Chapter 7 Trustee of the Debtor's Estate,

By:/s/ Devvrat Sinha
   Devvrat Sinha
   Gus A. Paloian (06188186)
   James B. Sowka (6291998)
   Devvrat Sinha (6314007)
   SEYFARTH SHAW LLP
   233 South Wacker Drive, Suite 8000
   Chicago, Illinois 60606
   Telephone:  (312) 460-5000
   Facsimile:  (312) 460-7000
   gpaloian@seyfarth.com
   jsowka@seyfarth.com
   dsinha@seyfarth.com

   *Counsel to Chapter 7 Trustee,*
   *Gus A. Paloian*

55742381v.1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 18-09130 |
| | ) | |
| ROBERT M. KOWALSKI, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Hon. Jacqueline P. Cox |
| | ) | |
| | ) | Hearing Date:  May 22, 2019 |
| | ) | Hearing Time: 9:30 a.m. CT |

**NOTICE OF SECOND AND FINAL APPLICATION FOR COMPENSATION AND
EXPENSE REIMBURSEMENT OF SEYFARTH SHAW LLP AND HEARING**

**TO:    PARTIES ON ATTACHED GENERAL SERVICE LIST**

     **PLEASE TAKE NOTICE** that on April 30, 2019, Seyfarth Shaw LLP (the "Applicant")

filed its **Second and Final Application for Compensation and Reimbursement of Expenses**

**as Counsel to Chapter 11 Trustee Gus A. Paloian for the Period of October 1, 2018 through**

**November 30, 2018** (the "Application") with the United States Bankruptcy Court for the

Northern District of Illinois, Eastern Division (the "Bankruptcy Court").  In the Application,

Applicant seeks interim compensation in the amount of $212,493.50, interim reimbursement of

expenses in the amount of $8,171.65, final total compensation in the amount of $328,829.50, and

final total reimbursement of expenses in the amount of $8,171.65.  Notice of the Application is

being served upon:  (A) the Office of the United States Trustee;  (B) all creditors and parties-in-

interest; and (C) all CM/ECF notice recipients.  All other entities may obtain copies of the

Application upon request to:  Ms. Jennifer M. McManus, Seyfarth Shaw LLP, 233 South Wacker

Drive, Suite 8000, Chicago, Illinois 60606; jmcmanus@seyfarth.com.

     **PLEASE TAKE FURTHER NOTICE** that a hearing to consider the Application will

be held before the Honorable Jacqueline P. Cox, United States Bankruptcy Judge for the United

States Bankruptcy Court for the Northern District of Illinois, Eastern Division, in the courtroom

55742381v.1

normally occupied by Her Honor, Courtroom 680, located at 219 South Dearborn Street,

Chicago, Illinois 60604, on **Thursday, May 22, 2019, at 9:30 a.m. prevailing Central Time**, or

as soon thereafter as the undersigned counsel may be heard.

Dated:  April 30, 2019                          Respectfully submitted,

                                                GUS A. PALOIAN, not individually or
                                                personally, but solely in his capacity as the
                                                Chapter 7 Trustee of the Debtor's Estate,


                                                By:/s/ Devvrat Sinha
                                                      Devvrat Sinha
                                                   Gus A. Paloian (06188186)
                                                   James B. Sowka (6291998)
                                                   Devvrat Sinha (6314007)
                                                   SEYFARTH SHAW LLP
                                                   233 South Wacker Drive, Suite 8000
                                                   Chicago, Illinois 60606
                                                   Telephone:  (312) 460-5000
                                                   Facsimile:  (312) 460-7000
                                                   gpaloian@seyfarth.com
                                                   jsowka@seyfarth.com
                                                   dsinha@seyfarth.com

                                                   *Counsel to Chapter 7 Trustee,*
                                                   *Gus A. Paloian*

55742381v.1

## CERTIFICATE OF SERVICE

The undersigned non-attorney certifies that on this 30th day of April, 2019, pursuant to Section II, B, 4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Fed.R.Civ.P. 5(a), she caused a copy of the attached:

1.      **Second and Final Application of Seyfarth Shaw LLP for Compensation and Reimbursement of Expenses as Counsel to Chapter 11 Trustee Gus A. Paloian for the Period of October 1, 2018 through November 30, 2018** to be served electronically on those entities who receive notice through the ECF system and who are listed on the attached Service List; and

2.      **Notice of Second and Final Application for Compensation and Expense Reimbursement of Seyfarth Shaw LLP and Hearing** to be served (1) electronically on those entities who receive notice through the ECF system and who are listed on the attached Service List, and (2) upon each of the parties identified on the attached **General Service List** by causing the same to be deposited into the United States Mail chute located at 233 South Wacker Drive, Chicago, Illinois 60606, in properly-addressed envelopes with sufficient first-class postage prepaid.

_Jennifer M. McManus_
Jennifer M. McManus

Subscribed and sworn to before
me this 30th day of April, 2019

_Teresa Marie Brown_
Notary Public

TERESA MARIE BROWN
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
May 12, 2020

## SERVICE LIST

### ROBERT M. KOWALSKI

### SERVICE VIA CM/ECF

| | |
|---|---|
| Kevin M. Flynn | kevin@kmflynnlaw.com |
| Sheryl A. Fyock | sfyock@llflegal.com |
| Neil P. Gantz | neilgantz@yahoo.com, negrita0615@yahoo.com |
| Kathryn Gleason | USTPRegion11.ES.ECF@usdoj.gov, Kathryn.M.Gleason@usdoj.gov |
| Cameron M. Gulden | USTPRegion11.es.ecf@usdoj.gov |
| Jeffrey K. Gutman | jeffreykg4018@aol.com, jkg4018@gmail.com |
| Geraldine W. Holt | gwholt@holtlawgroup.com |
| Ronald J. Kapustka | ndaily@ksnlaw.com, bankruptcy@ksnlaw.com |
| Cari A. Kauffman | ckauffman@sormanfrankel.com, dfrankel@sormanfrankel.com |
| Patrick S. Layng | USTPRegion11.ES.ECF@usdoj.gov |
| Candice M. Manyak | candice.manyak@usdoj.gov |
| Kathleen R. Pasulka-Brown | KPasulka-Brown@pjjlaw.com, jwarren@pjjlaw.com, jlewis@shinglerlewis.com, jtonkinson@FDIC.gov |
| James M. Philbrick | jmphilbrick@att.net |
| Karen J. Porter | porterlawnetwork@gmail.com, laz0705@comcast.net |
| Eric S. Rein | rrein@hmblaw.com, dzic@hmblaw.com;ecfnotices@hmblaw.com |
| Todd J. Ruchman | amps@manleydeas.com |
| Jason M. Torf | jtorf@hmblaw.com, ecfnotices@hmblaw.com |
| John W. Guzzardo | jguzzardo@hmblaw.com |
| Matthew R. Barrett | mbarrett@hmblaw.com |
| Katherine H Oblak | koblak@hmblaw.com |

### VIA EMAIL SERVICE

robert.224@icloud.com

55742381v.1

**VIA UNITED STATES MAIL**

5305-07 V. Leland Avenue Condominium
Association
c/o Kovitz Shifrin Nesbit
175 N. Archer Ave.
Mundelein, IL 60060-2301

Robert M. Kowalski
1707 S. Newberry Avenue
Chicago, IL 60608

AT&T Corp
c/o AT&T Services, Inc.
Karen Cavagnaro, Esq.
One AT&T Way, Room 3A104
Bedminster, NJ 07921-2693

ACAR Leasing LTD d/b/a GM Financial
Leasing
PO Box 183853
Arlington, TX 76096-3853

Ally Financial
Attn: Bankruptcy
PO Box 380901
Bloomington, MN 55438-0901

Ally Bank
PO Box 130424
Roseville MN 55113-0004

Bombardier/CBNA
P. O. Box 6000
Sioux Falls, SD 57117-6000

AmeriCredit/GM Financial
Attn: Bankruptcy
PO Box 183853
Arlington, TX 76096-3853

Capital One Auto Finance
AIS Portfolio Services, LP
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

Capital One Auto Finance
Attn: General Correspondence/BR
PO Box 30285
Salt Lake City, UT 84130-0285

Capital One
PO Box 30253
Salt Lake City, UT 84130-0253

Capital One Bank (USA), N.A.
PO Box 71083
Charlotte, NC 28272-1083

Cardworks/CW Nexus
Attn: Bankruptcy
PO Box 9201
Old Bethpage, NY 11804-9001

Chase Card Services
Attn: Correspondence Dept
PO Box 15298
Wilmington, DE 19850-5298

Chase Mortgage
PO Box 24696
Columbus, OH 43224-0696

Citibank/The Home Depot
Citicorp Credit Services/Centralized
Bankruptcy
PO Box 790040
St Louis, MO 63179-0040

55742381v.1

Citicards CBNA
Citicorp Credit Svc/Centralized Bankruptcy
PO Box 790040
Saint Louis, MO 63179-0040

Costco Go Anywhere Citicard
Centralized Bk/Citicorp Credit Card Services
PO Box 790040
St Louis, MO 63179-0040

Credit One Bank NA
PO Box 98873
Las Vegas, NV 89193-8873

Discover Bank
Discover Products Inc
PO Box 3025
New Albany, OH 43054-3025

Federal Deposit Insurance Corp
c/o Joyce Gist Lewis
1230 Peachtree Street NE Suite 1075
Atlanta, GA 30309-3626

First Premier Bank
601 S Minnesota Ave
Sioux Falls, SD 57104-4868

IL Dept. of Revenue Bankruptcy Section
PO Box 19035
Springfield, IL 62794-9035

Huntington National Bank
Attn:  Bankruptcy
PO Box 340996
Columbus, OH 43234-0996

Illinois Bell Telephone Company
c/o AT&T Services, Inc.
Karen Cavagnaro, Esq.
One AT&T Way, Room 3A104
Bedminster, NJ 07921-2693

Illinois Department of Revenue
PO Box 64338
Chicago, IL 60664-0291

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

JPMorgan Chase Bank, N.A.
Chase Records Center
Attn: Correspondence Mail
Mail Code LA4-5555
700 Kansas Lane
Monroe, LA 71203-4774

JPMorgan Chase Bank, NA
c/o Manley Deas Kochalski LLC
P.O. Box 165028
Columbus, OH 43216-5028

Martha Padilla
1512 W. Polk
Chicago, IL 60607-3119

Merrick Bank
Resurgent Capital Services
PO Box 10368
Greenville, SC  29603-0368

Midland Loan Services
c/o FDIC Portfolio Servicing
P. O. Box 25965
Shawnee Mission, KS  66225-5965

Syncb/PLCC
Attn:  Bankruptcy
PO Box 965060
Orlando, FL  32896-5060

Parkway Bank & Trust
4800 N. Harlem Avenue
Harwood Heights, IL  60706-3577

3

Washington Federal Bank for Savings
c/o FDIC
1601 Bryan Street
Dallas, TX  75201-3401

Premier Bankcard, LLC
Jefferson Capital Systems LLC Assignee
PO Box 7999
Saint Cloud, MN  56302-7999

Joel Levin
Levin & Associates
180 N. LaSalle Street, Suite 1822
Chicago, IL  60601-2604

The Huntington National Bank
P.O. Box 89424
Cleveland, OH  44101-6424

4

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 18-09130 |
| | ) | |
| ROBERT M. KOWALSKI, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Hon. Jacqueline P. Cox |
| | ) | |
| | ) | Hearing Date:  May 22, 2019 |
| | ) | Hearing Time: 9:30 a.m. CT |

**SECOND AND FINAL APPLICATION OF SEYFARTH SHAW LLP FOR**
**COMPENSATION AND REIMBURSEMENT OF EXPENSES AS**
**COUNSEL TO CHAPTER 11 TRUSTEE GUS A. PALOIAN FOR THE**
**PERIOD FROM OCTOBER 1, 2018 THROUGH NOVEMBER 30, 2018**

Pursuant to Sections 105(a), 330, and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Seyfarth Shaw LLP ("Seyfarth"), as counsel to Gus A. Paloian, not individually or personally, but solely in his capacity as the duly-appointed Chapter 11 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Robert M. Kowalski (the "Debtor"), hereby submits its Second and Final Application for Compensation and Reimbursement of Expenses (the "Application") for legal services performed, and expenses incurred, during the Chapter 11 case for the period of October 1, 2018 through November 30, 2018 (the "Application Period").  In support of this Application, Seyfarth respectfully represents as follows:

## I.  INTRODUCTION

1.    As described more fully below, during the Application Period, Seyfarth:

(a)  Appeared in Court on motion for interim financing;

(b)  Assisted the Trustee in investigating the affairs of the Debtor, which includes as assets a complex web of properties;

(c)  Assisted the Trustee in investigating transfers of assets by the Debtor to insiders and business associates;

55742381v.1

(d)  Assisted the Trustee in connection with the potential settlement of claims

between the Estate, Martha Padilla and management of Mountain Duck properties;

(e)  Reviewed title reports for Estate properties and properties transferred to

insiders;

(f)  Examined Kowalski or entities trust files from numerous trust companies;

(g)  Worked with property management and broker regarding potential sales of

properties;

(h)  Investigated retainer issues;

(i)  Communicated with FDIC representatives;

(j)  Prepared for attendance at Rule 2004 examination;

(k)  Finalized and filed Motion to Convert case to Chapter 7;

(l)  Prepared for and attended conversion and evidentiary hearings;

(m)  Prepared Adversary Complaint against Natalie Lira;

(n)  Investigated potential sale of additional assets;

(o)  Provided assistance for other general matters related to the administration of

the Estate.

2.    Seyfarth respectfully seeks an Order of this Court awarding payment from the

Estate of: (a) interim allowance of compensation in the amount of $212,493.50 for professional

services rendered by Seyfarth on behalf of the Trustee during the Application Period; (b)

interim reimbursement of actual and necessary expenses in the amount of $8,171.65, (c) final

allowance of compensation in the amount of $328,829.50; and (d) final reimbursement of

actual and necessary expenses in the amount of $8,171.65 incurred by Seyfarth in rendering

such professional services to the Trustee during the Chapter 11 case.

55742381v.1

## II.  **JURISDICTION AND STATUTORY PREDICATES**

3.     This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and

1334 and Internal Operating Procedure 15(a) of the United States District Court for the

Northern District of Illinois.  Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and

1409.  Consideration of this Application is a core proceeding pursuant to 28 U.S.C.

§§ 157(b)(2)(A), (B), and (O).

4.     Seyfarth makes this Application pursuant to: (a) sections 105(a), 330, and 331 of

the Bankruptcy Code; (b) Rule 2016 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"); (c) applicable provisions of the Guidelines for Reviewing Applications

for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted by

the Office of the United States Trustee (the "Guidelines"); (d) Rule 5082-1 of the Bankruptcy

Court's Local Rules; (e) that certain Order of the Court entered on September 6, 2018, in the

above-captioned case (the "Case") authorizing Seyfarth's retention as counsel to the Trustee

retroactive to August 7, 2018 ("Seyfarth Retention Order"); and (f)  applicable case law.

## III.  **BACKGROUND**

5.     On March 29, 2018, a voluntary petition for relief under Chapter 11 of the

Bankruptcy Code was filed by the Debtor.

6.     On May 31, 2018, the United States Trustee moved to convert or dismiss the case,

or alternatively, for the Court to appoint a Chapter 11 Trustee. (Dkt. No. 47).

7.     With support and a formal joinder by the Federal Deposit Insurance Corporation

("FDIC"), as a receiver for Washington Federal Bank for Savings, the United States alternative

request for relief seeking the appointment of a Chapter 11 trustee was granted.

8.     On August 3, 2018, the United States Trustee moved for the approval of its

appointment of Gus A. Paloian as the Chapter 11 Trustee for the Estate (Dkt. No. 101).

3

9.      On October 1, 2018, an Order was entered approving the appointment of Gus A. Paloian as Chapter 11 Trustee of the Estate (Dkt. No. 106).

10.     On September 25, 2018, the Trustee filed a Motion to Convert Case to Chapter 7. (Dkt. No. 173.)

11.     On November 30, 2018, the Court entered an order converting the case to a Chapter 7 (Dkt. No. 276.)

12.     In accordance with section 504(b)(1) of the Bankruptcy Code and Bankruptcy Rule 2016, Seyfarth has received no promises for payment for services rendered or to be rendered in any capacity whatsoever in connection with the Case, other than specifically provided for in the Seyfarth Retention Order.  Additionally, other than as permitted by section 504(b)(1) of the Bankruptcy Code and Bankruptcy Rule 2016(a), no agreement or understanding exists between Seyfarth and any other entity for a division of compensation and reimbursement received or to be received for services rendered in or in connection with the Case.

## IV.  SUMMARY OF SERVICES RENDERED, AND EXPENSES INCURRED, BY SEYFARTH

### A.  Overview

13.     This Application is the Second and Final Fee Application for compensation and expense reimbursement that Seyfarth has filed in this Case.

14.     On November 28, 2018, Seyfarth filed its First Interim Fee Application in the Chapter 11 Case requesting $116,336.00 for legal services rendered, and reimbursement of expenses in the amount of $1,167.95 (Dkt.  No. 271).  On January 4, 2019, the Court awarded Seyfarth fees in the amount of $116,336.00 and reimbursement of expenses in the amount of $1,167.95 (Dkt. No. 333).

55742381v.1

15.     During the Application Period, Seyfarth: (a) provided legal services to the Trustee in the amount of $212,493.50 (the "Fees"), and (b) advanced costs in the amount of $8,171.65 (the "Expenses") in connection with the legal services that it provided to the Trustee.

16.     The following table consists of a breakdown of the amount of Fees incurred by each Seyfarth professional, including each such professional's title, hourly rate, total hours expended in providing legal services in the Case, and the value attributable to such legal services:

| PROFESSIONAL | TITLE | 2018 HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|
| Gus A. Paloian | Partner | $705.00 | 156.50 | $110,332.50 |
| Paul S. Drizner | Partner | $690.00 | 3.70 | $2,553.00 |
| James B. Sowka | Partner | $490.00 | 70.60 | $34,594.00 |
| Tobi Pinsky | Partner | $485.00 | 6.10 | $2,958.50 |
| Devvrat V. Sinha | Associate | $385.00 | 109.70 | $42,234.50 |
| Lindsay Konieczny | Associate | $355.00 | 15.90 | $5,644.50 |
| Jennifer M. McManus | Paralegal | $330.00 | 40.50 | $13,365.00 |
| M. Demkovich | Paralegal | $325.00 | 1.00 | $325.00 |
| Michele Trull | Paralegal | $310.00 | .50 | $155.00 |
| Deirdre Mangan | Paralegal | $255.00 | 1.30 | $331.50 |
| **TOTAL:** | | | **405.80** | **$212,493.50** |

17.     Biographies for most of the attorneys listed above who performed the bulk of the services in this matter during the Application Period were previously submitted to the Court as

part of the First Interim Fee Application (Dkt. No. 271 at Exhibit 1).  The biography of

Devvrat Sinha is attached hereto as **Exhibit 1**.

18.   During the Application Period, Seyfarth made every reasonable effort to have

services that it rendered to the Trustee performed by those qualified professionals charging the

lowest hourly rates consistent with the level of service, experience, and efficiency required of a

given task.

19.   All of the compensation for which Seyfarth requests allowance and payment, and

all of the expenses for which Seyfarth requests reimbursement, in this Application relate to the

discharge of Seyfarth's services, as requested by the Trustee, during the Application Period.

20.   Seyfarth respectfully submits that its services rendered to the Trustee and

expenses incurred during the Application Period have, in all respects, been reasonable,

necessary, and beneficial to the Estate, as further discussed herein.

### B.  Time and Expense Records

21.   Seyfarth maintains written records of the time expended by its professionals.

These time records are maintained: (a) contemporaneously with the rendition of services by

each Seyfarth professional, and (b) separately from those of the Trustee, in accordance with

procedures established within this District.

22.   Such records for the Case, copies of which are grouped and attached hereto as

**Exhibit 2** and which are incorporated herein by reference, set forth in detail: (a) the services

which Seyfarth rendered on behalf of the Trustee, (b) the dates upon which such services were

rendered, (c) the amount of time spent on the services in one-tenth of one hour increments, and

(d) the identity of each Seyfarth professional who performed such services.

23.   Seyfarth also maintains records of all actual and necessary out-of-pocket expenses

incurred in connection with rendering services to the Trustee.  A complete listing of the

6

55742381v.1

Expenses and the amounts for which reimbursement is sought are attached hereto as **Exhibit 3**
and incorporated herein by reference.

### C.   Breakdown of Fees by Category of Services Rendered

24.   For the Court's convenience, Seyfarth has categorized its services to the Trustee
during the Application Period into seven (7) categories, as follows: (a) Case Administration;
(b) Motion to Convert Case; (c) Corporate/Entity; (d) Rule 2004 Subpoenas and Examinations
(e) Adversary Proceedings/Litigation; (f) Sale of Assets/Title Issues; and (g) Fee Applications.

### CASE ADMINISTRATION (126.50 HOURS VALUED AT $81,278.50)

During the Application Period, Seyfarth expended 126.50 hours, worth a value of
$81,278.50 on behalf of the Trustee on matters related to case administration including:

A.   Conferences, teleconferences, and/or correspondence regarding assets and
liabilities of the Estate, generally;

B.   Communicating with Debtor's counsel regarding case and asset
administration;

C.   Communicating with and assisting the Trustee regarding case strategy;

D.   Preparing for Court hearings on continued contempt proceedings.

E.   Communicating with real estate manager and broker regarding retention.

25.   A breakdown of the professionals providing services in this category is as
follows:

| PROFESSIONAL | TITLE | 2018 HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|
| Gus A. Paloian | Partner | $705.00 | 97.90 | $69,019.50 |
| James B. Sowka | Partner | $490.00 | 14.20 | $6,958.00 |

7

| PROFESSIONAL | TITLE | 2018 HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|
| Devvrat V. Sinha | Associate | $385.00 | 9.80 | $3,773.00 |
| Lindsay Konieczny | Associate | $355.00 | .40 | $142.00 |
| Jennifer M. McManus | Paralegal | $330.00 | 4.20 | $6,958.00 |
| **TOTAL:** | | | **126.50** | **$86,850.50** |

### MOTION TO CONVERT CASE (146.10 HOURS VALUED AT $70,171.00)

26.    During the Application Period, Seyfarth expended 146.10 hours, worth a value of $70,171.00 on behalf of the Trustee on matters related to preparing a Motion to Convert the Case to Chapter 7, including:

A.    Preparing for and attending initial hearing on motion to convert case;

B.    Preparing witness subpoenas and witness files in preparation for evidentiary proceedings;

C.    Reviewing response in opposition to conversion;

D.    Strategizing and preparing reply in support of conversion; and

E.    Preparing for trial on motion to convert case.

27.    A breakdown of the professionals providing services in this category is as follows:

| PROFESSIONAL | TITLE | 2018 HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|
| Gus A. Paloian | Partner | $705.00 | 26.00 | $18,330.00 |
| James B. Sowka | Partner | $490.00 | 54.30 | $26,607.00 |
| Devvrat V. Sinha | Associate | $385.00 | 64.00 | $24,640.00 |

8

| PROFESSIONAL | TITLE | 2018 HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|
| Jennifer M. McManus | Paralegal | $330.00 | 1.80 | $594.00 |
| **TOTAL:** | | | **146.10** | **$70,171.00** |

### CORPORATE ENTITY 7.40 HOURS VALUED AT $4,121.50)

28.    During the Application Period, Seyfarth expended 7.40 hours, worth a value of $4,121.50 on behalf of the Trustee in connection with corporate entity matters, including:

A.    Investigating LLCs owned by the Debtor and examining ownership interests; and

B.    Preparing Estate LLC formation documents, Articles of Incorporation, Articles of Organization and Amendments to same.

29.    A breakdown of the professionals providing services in this category is as follows:

| PROFESSIONAL | TITLE | 2018 HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|
| Gus A. Paloian | Partner | $705.00 | 1.20 | $846.00 |
| Paul S. Drizner | Partner | $690.000 | 3.70 | $2,553.00 |
| Jennifer M. McManus | Paralegal | $330.00 | .20 | $66.00 |
| M. Demkovich | Paralegal | $325.00 | 1.00 | $325.00 |
| Deirdre Mangan | Paralegal | $255.00 | 1.30 | $331.50 |
| **TOTAL:** | | | **7.40** | **$4,121.50** |

## RULE 2004 SUBPOENAS AND EXAMINATIONS (27.10 HOURS VALUED AT $11,167.50)

30.     During the Application Period, Seyfarth expended 27.10 hours, worth a value of

$11,167.50 on behalf of the Trustee in connection with Rule 2004 subpoenas, investigation of

additional discovery targets and examinations, including:

A.     Preparing motion for leave to conduct Rule 2004 examinations;

B.     Analyzing documents produced in response to Rule 2004 subpoenas;

C.     Identifying and investigating individuals and entities that possess

documents and information related to the Debtor's assets and liabilities

and related to prepetition transfers of the Debtor's property; and

D.     Preparing and serving Rule 2004 subpoenas on individuals and entities.

31.     A breakdown of the professionals providing services in this category is as

follows:

| PROFESSIONAL | TITLE | 2018 HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|
| Gus A. Paloian | Partner | $705.00 | 3.60 | $2,538.00 |
| Devvrat V. Sinha | Associate | $385.00 | 15.90 | $6,121.50 |
| Jennifer M. McManus | Paralegal | $330.00 | 7.60 | $2,508.00 |
| **TOTAL:** | | | **27.10** | **$11,167.50** |

## ADVERSARY PROCEEDINGS/LITIGATION (39.00 HOURS VALUED AT $16,123.00)

32.     During the Application Period, Seyfarth expended 39.00 hours, worth a value of

$16,123.00 on behalf of the Trustee in connection with pending and prospective adversary

proceedings, including,

A.     Attending to case follow-up regarding Adversary Proceeding No. 18-

00773, Paloian v. Mountain Duck;

B.      Attending case status hearing on 18-00773;

C.      Investigating claims against Natalie Lira and Jan Kowalski;

D.      Preparing and revising Complaint against Natalie Lira; and

E.      Attending to case status follow-up.

33.   A breakdown of the professionals providing services in this category is as

follows:

| PROFESSIONAL | TITLE | 2018 HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|
| Gus A. Paloian | Partner | $705.00 | 5.40 | $3,807.00 |
| James B. Sowka | Partner | $490.00 | 2.10 | $1,029.00 |
| Devvrat V. Sinha | Associate | $385.00 | 16.40 | $6,314.00 |
| Jennifer M. McManus | Paralegal | $330.00 | 14.60 | $4,818.00 |
| Michele Trull | Paralegal | $310.00 | .50 | $155.00 |
| TOTAL: | | | 39.00 | $16,123.00 |

**SALE OF ASSETS/TITLE ISSUES (47.10 HOURS VALUED AT $25,249.00)**

34.   During the Application Period, Seyfarth expended 47.10 hours, worth a value of

$25,249.00 on behalf of the Trustee on matters in connection with the sale of real property,

including:

A.      Investigating multiple properties for potential sale;

B.      Performing property title searches, reviewing search result and property

reports;

C.      Preparing Purchase and Sale Agreements;

D.      Communicating with property manager regarding management, rent

collections and sale issues;

11

E.     Communicating with real estate broker regarding sale of properties; and

F.     Preparing motion to reject executory contract.

35.   A breakdown of the professionals providing services in this category is as follows:

| PROFESSIONAL | TITLE | 2018 HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|
| Gus A. Paloian | Partner | $705.00 | 21.80 | $15,369.00 |
| Tobi Pinsky | Partner | $485.00 | 6.10 | $2,958.50 |
| Devvrat V. Sinha | Associate | $385.00 | 3.60 | $1,386.00 |
| Lindsay Konieczny | Associate | $355.00 | 15.50 | $5,502.50 |
| Jennifer M. McManus | Paralegal | $330.00 | .10 | $33.00 |
| TOTAL: | | | 47.10 | $25,249.00 |

**FEE APPLICATIONS (12.60 HOURS VALUED AT $4,383.00)**

36.   During the Application Period, Seyfarth expended 12.60 hours, worth a value of $4,383.00 in preparing Seyfarth's First Interim Fee Application.

37.   In this Application, Seyfarth spent 12.60 hours for a total of $4,383.00 in connection with preparing, reviewing and revising its first interim fee application, representing approximately 3.75% of the total of that application.

38.   A breakdown of the professionals providing services in this category is as follows:

| PROFESSIONAL | TITLE | 2018 HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|
| Gus A. Paloian | Partner | $705.00 | .60 | $423.00 |
| Jennifer M. McManus | Paralegal | $330.00 | 12.00 | $4,383.00 |

12

55742381v.1

| PROFESSIONAL | TITLE | 2018 HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|
| **TOTAL:** | | | **12.60** | **$4,806.00** |

### D. Incurred Expenses

39.   As set forth in attached **Exhibit 3**, Seyfarth advanced $8,171.65 in Expenses on behalf of the Estate during the Application Period.

40.   A portion of the Expenses consists of in-house photocopying charges, which Seyfarth has voluntarily reduced to $0.10 per page.

41.   The expenses for which Seyfarth seeks reimbursement are representative and typical of the types of expenses that Seyfarth ordinarily and customarily charges its non-bankruptcy clients.  Such expenses are neither taken into consideration in determining, nor built as "overhead" into, Seyfarth's hourly rates.

42.   Instead, Seyfarth generally adheres to the so-called "user fee" billing system for out-of-pocket expenses—that is, Seyfarth charges expenses to the particular clients who use them, in this instance the Estate at cost.

43.   The following chart summarizes the complete out-of-pocket costs associated with the categories of Seyfarth expenses:

| CATEGORY | EXPENSE |
|---|---|
| Duplicating Charges @ .10 per page | $135.20 |
| Outside Corporate Services | $1,845.00 |
| Court Fees/Filing Fees | $376.00 |
| Process Server | $513.50 |
| Subpoena/Witness Fees | $85.50 |
| Online Research | $5,181.86 |

13

| Local Travel | $34.58 |
|---|---|
| **TOTAL** | **$8,171.64** |

## V.  RELIEF REQUESTED

44.    Seyfarth respectfully requests that the Court: (a) allow and award it on an interim

basis (i) the Fees, consisting of $212,493.50 for legal services rendered to the Trustee, and

(ii) the Expenses, in the amount of $8,171.65, incurred in connection with such services

(collectively, the "Requested Fees and Expenses"); and (b) authorize the Trustee to make

prompt payment of the Requested Fees and Expenses to Seyfarth from the Estate.

45.    A proposed order providing for the requested relief is attached hereto for the

Court's consideration.

## VI.  BASIS FOR THE REQUESTED RELIEF

### A.  Compensation Standards

46.    Pursuant to section 331 of the Bankruptcy Code, a professional person employed

under section 327 may generally apply for interim compensation from a bankruptcy court.

See 11 U.S.C. § 331.  Under Section 330(a)(1)(A), the Court may then award the professional

person "reasonable compensation for actual, necessary services rendered[.]" 11 U.S.C.

§ 330(a)(1)(A).

47.    In determining the "extent and value of compensation," this Court has endorsed

and applied the "'lodestar' approach—multiplying the number of actual and necessary hours

reasonably expended by a reasonable hourly rate[.]"  In re Wildman, 72 B.R. 700, 712 (Bankr.

N.D. Ill. 1987) (Schmetterer, J.); accord In re UNR Indus., Inc., 986 F.2d 207, 210-11 (7th Cir.

1993) (lodestar approach provides fair compensation under section 330); see also City of

Burlington v. Dague, 505 U.S. 557, 562, 112 S. Ct. 2638, 2641, 120 L. Ed. 2d 449 (1992)

("The 'lodestar' figure has, as its name suggests, become the guiding light of our fee-shifting

jurisprudence.  We have established a 'strong presumption' that the lodestar represents the

'reasonable' fee[.]").

48.    To arrive at an attorney's reasonable hourly rate, the Seventh Circuit has

"emphasize[d] that section 330 . . . *requires* lawyers in bankruptcy matters to receive the same

compensation as they would earn in performing similar services outside the context of

bankruptcy."[1]  In re UNR Indus., Inc., 986 F.2d at 210 (emphasis added).  The statutory aim is

twofold: (a) "that attorneys be reasonably compensated," and (b) "that future attorneys not be

deterred from taking bankruptcy cases due to a failure to pay adequate compensation." Id.; see

also In re Farley, Inc., 156 B.R. at 210 ("The purpose of § 330 was to encourage bankruptcy

practitioners not to leave the field in favor of more lucrative areas of the law.") (citing

legislative history to Section 330).

49.    As a cornerstone of this market rate approach, the Seventh Circuit has repeatedly

"stressed that the best measure of the cost of an attorney's time is what that attorney could earn

from paying clients"—that is, the attorney's "standard hourly rate." Gusman v. Unisys Corp.,

986 F.2d 1146, 1150 (7th Cir. 1993); accord Small v. Richard Wolf Med. Instruments Corp.,

264 F.3d 702, 707 (7th Cir. 2001) ("The attorney is entitled to his market rate and not some

'medieval just price' determined by the court.") (quoting Steinlauf v. Continental Ill. Corp. (In

re Continental Ill. Sec. Litig.), 962 F.2d 566, 568 (7th Cir. 1992)).

50.    Therefore, the Seventh Circuit has mandated that an "attorney's actual billing rate

. . . is considered to be the presumptive market rate." Small, 264 F.3d at 707.  Moreover, "[t]he

lawyer's regular rate is *strongly presumed* to be the market rate for his or her services."

Moriarty v. Svec, 233 F.3d 955, 965 (7th Cir. 2000) (emphasis added), cert. denied, 532 U.S.

---

[1] "In section 330 and its legislative history Congress expressed its intent that compensation in bankruptcy matters be commensurate with the fees awarded for comparable services in non-bankruptcy cases." In re UNR Indus., Inc., 986 F.2d at 208-09; see In re Farley, Inc., 156 B.R. 203, 210 (Bankr. N.D. Ill. 1993) (Schmetterer, J.) (quoting same).

1066, 121 S. Ct. 2216, 150 L. Ed. 2d 209 (2001); see also Central States, S.E. & S.W. Areas

Pension Fund v. Central Cartage Co., 76 F.3d 114, 116 (7th Cir.) ("[A] lawyer's regular hourly

fee, one counsel would charge 'to the meanest villain', *is* the market rate for that lawyer's

services.") (emphasis added and quoting Barrow v. Falck, 977 F.2d 1100, 1106 (7th Cir.

1992)), cert. denied sub nom. Mason & Dixon Lines v. Central States, S.E. & S.W. Areas

Pension Fund, 519 U.S. 811, 117 S. Ct. 56, 136 L. Ed. 2d 19 (1996).

51.    Under this principle, "lawyers who fetch above-average rates are presumptively

entitled to them, rather than to some rate devised by the court." Gusman, 986 F.2d at 1150;

accord In re Spanjer Bros., Inc., 191 B.R. 738, 755 (Bankr. N.D. Ill. 1996) (Squires, J.)

("Generally, so long as the rates being charged are the applicant's normal rates charged in

bankruptcy and non-bankruptcy matters alike, they will be afforded a presumption of

reasonableness.").

52.    "Only if an attorney is unable to provide evidence of her actual billing rates

should a [ ] court look to other evidence, including 'rates similar experienced attorneys in the

community charge paying clients for similar work.'" Mathur v. Board of Trs. of S. Ill. Univ.,

317 F.3d 738, 743 (7th Cir. 2003) (quoting Spegon v. Catholic Bishop of Chicago, 175 F.3d

544, 555 (7th Cir. 1999)); see also Gusman, 986 F.2d at 1151 ("the ability to identify a

different average rate in the community" is an impermissible reason to depart from an

attorney's billing rate).

53.    Accordingly, because Seyfarth bills the vast majority of its time at a set rate for

paying clients and spends only a very small percentage of time on cases covered by fee-shifting

statutes, "there is a strong presumption that such counsel could have billed out remaining time

at the rate normally charged." In *re* Farley, Inc., 156 B.R. at 211.

16

54.     Additionally, under generally accepted standards, if the services of an attorney employed under section 327 are reasonably likely to benefit a debtor's estate, they should be compensable.  See Andrews & Kurth L.L.P. v. Family Snacks, Inc. (In re Pro-Snax Distributors, Inc.),157 F.3d 414, 421 (5th Cir. 1998); In re Ames Dep't Stores, Inc., 76 F.3d 66, 71 (2d Cir. 1996); 2 Lawrence P. King, Collier on Bankruptcy ¶ 330.04 at 330-43 (15th ed. rev. 1999); cf. 11 U.S.C. § 330(a)(4)(A)(ii)(I).  In this same context, "[n]ecessary services are those that aid the professional's client in fulfilling its duties under the Code."  In re Ben Franklin Retail Store, Inc., 227 B.R. 268, 270 (Bankr. N.D. Ill. 1998) (Barliant, J.).

55.     Thus, the determination of benefit to the Estate is not constrained to a dollar-for-dollar measurement, such that each dollar's worth of legal services must bring a cash dollar into the Estate in order to justify equivalent compensation to counsel.  See In re Lifschultz Fast Freight, Inc., 140 B.R. 482, 488 (Bankr. N.D. Ill. 1992) (Barliant, J.) ("Necessary services have always included services that aid in the administration of the case and help the client fulfill duties under bankruptcy law, whether or not those services result in a monetary benefit to the estate."); accord In re Rite Way Reproductions, Inc., 1998 Bankr. LEXIS 1080, at *6-*7 (Bankr. N.D. Ill. Aug. 27, 1998) (Squires, J.) (concurring and further observing that "factors other than the economic impact on the estate of actions taken should be considered in the 'benefit to the estate' analysis"); In re Caribou P'ship III, 152 B.R. 733, 742 (Bankr. N.D. Ind. 1993) (same); see, e.g., Ben Franklin Retail Store, Inc., 227 B.R. at 270 ("[A] trustee (or interim trustee) performs necessary services when he carries out the duties set forth in § 704 of the Code."); JMP-Newcor Int'l, Inc. v. Seyfarth, Shaw, Fairweather & Geraldson (In re JMP-Newcor Int'l, Inc.), 1998 U.S. Dist. LEXIS 987, at *13 (N.D. Ill. Jan. 23, 1998) (affirming bankruptcy court's award of fees to firm for advising committee in reasonable way and in good faith despite lack of direct monetary benefit to debtor and estate).

17

56.    Instead, other factors, such as "whether the services rendered promoted the bankruptcy process or administration of the estate in accordance with the practice and procedures provided under the Bankruptcy Code and Rules for the orderly and prompt disposition of bankruptcy case and related adversary proceedings," also support awards of compensation.  In re Spanjer Bros., Inc., 191 B.R. at 748.

57.    As previously stated, the legal services for which Seyfarth requests allowance and payment of compensation relate to the Application Period, and were rendered in connection with the Case and in the discharge of Seyfarth's professional responsibilities as counsel to the Trustee during that time.

58.    Seyfarth respectfully submits that such legal services have, in all respects, been reasonable, necessary, and beneficial to the Estate.  In this connection, these services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the matters which they concerned.

59.    Further, they promoted the bankruptcy process and the administration of the Estate and supported the Trustee in fulfilling his statutory duties, all in accordance with the Bankruptcy Code and Bankruptcy Rules.

60.    For purposes of this Application, Seyfarth has computed the Fees on the basis of its discounted hourly rates applicable to the performance of bankruptcy legal services unrelated to the Case at the time that such services were rendered.

61.    Seyfarth's average hourly billing rate for its attorneys—that is, its "lodestar" rate—during the Application Period was $547.08.

62.    During the Application Period, Seyfarth's discounted hourly billing rates for professionals providing services in the Case ranged from: (a) $355.00 to $705.00 for attorneys, and (b) $255.00 to $330.00 for paralegals or para-professionals.  Based upon all of the

18

foregoing, Seyfarth respectfully submits that the fair and reasonable value of the legal services that it rendered during the Application Period is $212,493.50.

63.    In all these respects, the compensation which Seyfarth has requested herein is reasonable based upon the customary compensation charged by comparably-skilled practitioners in either non-bankruptcy or bankruptcy cases.

64.    Moreover, the requested compensation is less than the fees which Seyfarth would have received for providing legal services to its non-bankruptcy clients, and thus represents even less than its lost opportunity costs for such non-bankruptcy services because Seyfarth's acceptance of employment by the Trustee in the Case precluded such employment.

65.    In rendering legal services to the Trustee, and in making this Application, Seyfarth respectfully submits that it has exercised its good faith billing judgment and has not sought compensation for "excessive, redundant, or otherwise unnecessary" time.  Hensley v. Eckerhart, 461 U.S. 424, 434, 103 S. Ct. 1933, 1939-40, 76 L. Ed. 2d 40 (1983).

66.    Finally, and with respect to new considerations added to the Bankruptcy Code under BAPCPA—that is, the new "relevant factor" of whether a professional "is board certified or otherwise has demonstrated skill and experience in the bankruptcy field,"  11 U.S.C. § 330(a)(3)(E)—Seyfarth has attached its Attorney Biographical Information as Exhibit 1.  The Attorney Biographical Information sets forth the qualifications of the Seyfarth attorneys listed herein, including their demonstrated skill and experience in the bankruptcy field, both in the local Chicago market and in representation of clients in matters nationwide.

## B.  Expense Reimbursement Standards

67.    With respect to reimbursing expenses, the Court may award a professional person "reimbursement for actual, necessary expenses."  11 U.S.C. § 330(a)(1)(B).

19

68.     "An expense is necessary if it was incurred because it was required to accomplish the proper representation of the client." In re Spanjer Bros., Inc., 191 B.R. at 749; accord In re Wildman, 72 B.R. at 731.

69.     In that regard, Seyfarth is requesting reimbursement only for actual and necessary expenses incurred on the Trustee's behalf.  Seyfarth respectfully submits that it incurred these expenses because they were required to accomplish the proper representation of the Trustee and the advancement of the Estate's interests in the Case.  As set forth above, Seyfarth voluntarily reduced and limited its costs for photocopy expenses.  In addition, based on the Court's prior findings, Seyfarth is not seeking Lexis/Westlaw expense reimbursement in this Application.

70.     Seyfarth submits that the Expenses are reimbursable and do not constitute "overhead" which the Court discussed and described, as follows:

> Expenses which are overhead are not compensable because they are not built into the normal hourly rate charged by the billing professional.  Convent Guardian, 103 Bankr. at 939; Wildman, 72 Bankr. at 731.  Overhead expenses include "all continuous administrative or general costs or expenses incident to the operation of the firm which cannot be attributed to a particular client or cost." In re Thacker, 48 Bankr. 161, 164 (Bankr. N.D. Ill. 1985) (quoting Jensen-Farley Pictures, 47 Bankr. at 584).[2]

71.     In contrast, Seyfarth charges for its out-of-pocket expenses only, including the incurred Expenses, to the particular clients who use them—in this instance, the Estate.  As

---

[2] In re GSB Liquidating Corp., 1995 Bankr. LEXIS 1245, at *41 (Bankr. N.D. Ill. Aug. 21, 1995) (Squires, J.); see In re Adventist Living Ctrs., Inc., 137 B.R. 701, 719 (Bankr. N.D. Ill. 1991) (Sonderby, J.) ("Expenses which are overhead and which are included in the hourly rate are not compensable."); see also 2 Lawrence P. King, Collier on Bankruptcy ¶ 330.05 at 3-330 (15th ed. rev. LEXIS 2006) ("Nonreimbursable overhead has been defined as regular administrative and general expenses incident to the operation of a business that cannot be attributed to a particular client or cost."); Stroock & Stroock & Lavan v. Hillsborough Holdings Corp. (In re Hillsborough Holdings Corp.), 127 F.3d 1398, 1402 (11th Cir. 1997) ("We accept that true 'overhead' costs—the ordinary operating costs of a firm, *such as rent, heat, and the like*, that cannot be attributed to a particular case—are not separately compensable as reimbursable expenses.") (emphasis added).

20

previously discussed, the incurred Expenses included herein are neither taken into consideration in determining, nor built as "overhead" into, Seyfarth's hourly rates.

72.    Finally, in seeking reimbursement for such costs, the Seventh Circuit has established guidelines and cautioned that an applicant "[is] not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover [ ] costs[, but] [r]ather [ ] [is] required to provide the best breakdown obtainable from retained records." Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co., 924 F.2d 633, 643 (7th Cir. 1991).

73.    In seeking reimbursement for the Expenses herein, Seyfarth has made every attempt to fully comply with these dictates.

## VII.  NOTICE

74.    Twenty-one days' notice of this Application, and service of the Application, has been provided to: (a) the Office of the United States Trustee, in care of Patrick Layng.; and (b) the parties on the Special Service List.  In addition, the Notice of Application has been provided to the General Service List.  All other entities that have requested notices in the Case will receive notice of, and access to, the Application via CM/ECF.

75.    Seyfarth respectfully requests that the Court deem such notice as adequate and find that no other or further notice is necessary.

## VIII.  NO PRIOR REQUEST

76.    No prior request for the relief requested in this Application has been made to this Court or to any other court.

## IX.  CONCLUSION

For all the foregoing reasons, Seyfarth Shaw LLP respectfully requests that the Court enter an Order in substantially the same form as attached hereto:

21

55742381v.1

A.    Finding Notice of the Application sufficient as given and that no other or

further notice is necessary;

B.    Allowing and awarding Seyfarth on a final basis the Requested Fees and

Expenses;

C.    Authorizing the Trustee to make payment of such Fees and Expenses to

Seyfarth from the Estate, and

D.    Granting such other and further relief as this Court deems just and proper.

Dated:  April 30, 2019                    Respectfully submitted,

GUS A. PALOIAN, not individually or
personally, but solely in his capacity as the
Chapter 11 Trustee of the Debtor's Estate


By:/s/ Devvrat Sinha_____
      Devvrat Sinha
   Gus A. Paloian (06188186)
   James B. Sowka (6291998)
   Devvrat Sinha (6314007)
   SEYFARTH SHAW LLP
   233 South Wacker Drive, Suite 8000
   Chicago, Illinois 60606
   Telephone:  (312) 460-5000
   Facsimile:  (312) 460-7000
   gpaloian@seyfarth.com
   jsowka@seyfarth.com
   dsinha@seyfarth.com

   *Counsel to Chapter 11 Trustee,*
   *Gus A. Paloian*

55742381v.1