## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

~~UNITED STATES OF AMERICA,~~        )
                                     )
            ~~Plaintiff,~~           )
                                     )
                                     )        No.: 18 - 09130
        v.                           )
                                     )
**ROBERT M. KOWALSKI,**              )
~~JAN R. KOWALSKI~~                  )
                                     )
        **Defendants.**             )

### NOTICE OF MOTION

TO:  All Attorneys of Record

PLEASE TAKE NOTICE that on May 22, 2019, at 9:30 a.m. as soon thereafter as Counsel may be heard, we shall appear before the Honorable Judge Cox or any Judge sitting in her stead in Courtroom 680 of the Dirksen Federal Building, 219 S. Dearborn, Chicago, IL 60604 and shall then and there present the attached Motion to Reconsider Order of May 2, 2019

                                    /s/ Robert M. Kowalski
                                    Robert M. Kowalski

### PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause via the Court's electronic service system by filing it with the Clerk of the Bankruptcy Court for the Northern District of Illinois, Eastern Division and said Clerk forwarded electronic notice to all parties and attorneys of record before 5 p.m. on the 16th  day of May 2019.

                                     /s/ Robert M. Kowalski
                                    Robert M. Kowalski

Robert M. Kowalski, Detainee
Jerome Combs Detention Center
3050 S. Justice Way
Kankakee, IL 60901

F I L E D
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

MAY 16 2019

JEFFREY P. ALLSTEADT, CLERK
INTAKE 3

①

In the United States Bankruptcy Court

For THE NORTHERN District of Illinois

Eastern Division

In Re:                          )

Robert M. Kowalski              ) Case No. 18-09130

          debtor               ) Chapter 7

                               ) Hon Jacqueline P. Cox

MOTION TO RECONSIDER ORDER OF MAY 2, 2019.

Now Comes Robert M. Kowalski, debtor, pro se, in support
of his motion to reconsider order of continued contempt
dated May 2, 2019 states as follows:

1.) Attached is this court's order dated MARCH 11, 2019 holding
debtor in contempt.

2.) On May 2, 2019 the court required testimony from debtor to
purge his contempt.

3.) Upon advice of counsel, in view of a pending Federal Criminal
Complaint 19 CR 226 based upon exact same facts. Debtor
invoked his fifth amendment privelege.

4.) Further testimony ought not be required, when this
Court's Finding of March 11, 2019 confirm that there is
No Authority to further incarcerate debtor.

5.) Specifically, this court ruled at paragraph 3 that Jan Kowalski had "direct control over such funds, having withdrawn the funds in cash from her Bank of America trust Account".

6.) Further at paragraph 4 references "punishment". Bankruptcy court lacks Authority to punish. In Re Kenny G. Enterprises.

7.) Shot gun approach, holding debtor HOSTAGE to coerce Another's Compliance deprives debtors fresh start and Constitutional rights.

8.) Bankruptcy order findings recognize that lacking control debtor has no ability to purge contempt, impossibility

9.) Inability to comply is complete defense to civil contempt. Continued incarceration is wholly punative. Debtor was already determined to lack control over such funds.

10.) Conflicted Trustee has become personally embroiled with debtor. Trustees conduct evinces lack of candor toward the tribunal.

11.) At the hearing of February 22, 2019 Trustee Paloian presented a flashdrive video of night before. Waving and exclaiming that debtor brandished a weapon toward his agents while they were occupied despoiling, ransacking the Law office of Jan Kowalski, 1918 West Cermak, Chicago, Illinois.

12.) Amazingly the affidavit of FDIC Investigator Mr. Evans Attached to Criminal complaint 19 CR 226 recites a different story; (A) Trustee took possession of Jam's office at paragraph 43 (B) Trustees minions changed locks, without order. (C) at paragraph 44 said "Attorney A then showed maintenance worker A firearm in Attorney A's waistband. This affidavit was sworn to on March 10, 2019.

13) Jacob Evans special knowledge reflects a warrantless entry of the law office that a search would have furnished.

14.) The FDIC has taken possession of debtors pickup truck in violation of Automatic stay.

15.) Trustee Paloians Agents Not only changed locksets. They were observed looting, ransacking, and consuming Alcohol.

16.) Conflicted Trustee has Abandoned All objection to FDIC-R's Massive Fraud And Falsification based claim of failed bank Washington Federal, $27.5 Million Dollars.

17.) The Inspector General of the Treasury issued a report on November 6, 2018 that Confirmed FDIC's poor practices played a crucial role in the 84.7 Million Dollar loss.

18.) The Conflicted Trustee and FDIC engineered An Adnan Khosoghi like 2004 exam and later triggered a prejudicial Executive Committee order without requesting relief of Automatic stay.

19.) The bank president died under troubling circumstances.

20.) It is improbable to the point of ABURDITY. To suggest that the PONZI scheme of the formerly perfect now failed bank with Numerous "Red FlAGS" Escaped FDIC DETECTION for Ten years defies logic. FDIC is covering up a large theft! 34.7 million?

21.) The claim submitted by FDIC lacks substantial detail ie. No bank ledgers. However even a prima fascia glance at the claim reflects it contains loans from properties long since sold And loans paid off. During the 2004 exams Mr Rein disclosed one such ledger for a home I built at 2045 W. Jarvis. Money from closing shown received but balance is back at #355,000? Rather than curing their mistakes FDIC has gone the other way: RACISM, conflicted trustee, Executive committee, Gun Brandishing, Breakin's...

Wherefore, Robert M. Kowalski, debtor, respectfully requests this court enter an order:

A.) purging all contempt orders

B) And for all such relief as this court deems just + equitable.

Respectfully Submitted

Robert M. Kowalski