## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) |
| Robert Kowalski, | ) Case No. 18 B 09130 |
| | ) |
| Debtor. | ) |
| | ) |
| | ) Honorable Jacqueline P. Cox |
| | ) |

Fourth Amended Order on Civil Contempt Against
Jan Kowalski and Robert Kowalski (Dkt. No. 490)

The following represents this Court's Findings of Fact and Conclusions of Law under Bankruptcy Rule 9020.

This Order amends the Second Amended Civil Contempt Order against Jan Kowalski and Robert Kowalski at Dkt. No. 490 for their failure to comply with this Court's February 21, 2019 Turnover Order at Dkt. No. 436 directing them to turnover $250,000 to the Chapter 7 Trustee by March 6, 2019.

On April 23, 2019, the U.S. Marshal for the Northern District served Robert Kowalski and Jan Kowalski with a copy of the Second Amended Civil Contempt Order at Dkt. No. 507. The Court held a status hearing on the Second Amended Order of Civil Contempt on May 2, 2019, to give the respondents, Robert Kowalski and Jan Kowalski, an opportunity to purge their contempt. Robert Kowalski and Jan Kowalski both appeared at the status hearing on May 2, 2019.

Bankruptcy Courts have the power to impose civil contempt. *In re Stasz*, 387 B.R. 271, 276 (B.A.P. 9th Cir. 2008); *see Caldwell v. Unified Capital Corp. (In re Rainbow Magazine,*

*Inc.*), 77 F.3d 278, 284-285 (9th Cir. 1996); *see also* 11 U.S.C. §105(a). In order to hold a debtor in contempt, the bankruptcy court must find that the debtor violated a specific and definite order of the court. *Id.* (citing *Knupfer v. Lindblade* (*In re Dyer*), 322 F.3d 1178, 1191 (9th Cir. 2003)).

On December 26, 2018, the Chapter 7 Trustee filed a Motion to Turnover Estate Funds at Dkt. No. 315 ("Turnover Motion"). The Turnover Motion proceeded to a contested hearing and through testimony and evidence, the Trustee established that Robert Kowalski and Jan Kowalski worked in unison to withdraw estate funds from the bank accounts of LLCs where Robert was the sole signer on the accounts. All the cashier's checks drawn on the accounts were remitted by Robert Kowalski and made payable to Robert Kowalski and deposited in Jan Kowalski's IOLTA Account at Bank of America. The cashier's checks were endorsed one of three ways including, 1) Robert Kowalski and Jan Kowalski 2) Deposit Only or 3) with a restrictive endorsement (Credited to the Account of the Within Named Payee Endorsement Guaranteed Bank of America, N.A.). Jan Kowalski testified that she is the sole signer for her IOLTA account at Bank of America. The estate funds were disbursed out of Jan's IOLTA account without leave of the Court or notice to the Trustee.

This court granted the Turnover Motion at Dkt. No. 436 on February 21, 2019; it specifically ordered Robert Kowalski and Jan Kowalski to turnover the $250,000.[1] The respondents' refusal to comply with that Order is the origin of their civil contempt.

On March 6, 2019, this Court entered an Order for Rule to Show Cause returnable March 11, 2019, for why Robert Kowalski and Jan Kowalski should not be held in contempt of Court

---

[1] The Trustee's evidence established that approximately $200,000 was taken. Jan Kowalski countered that the amount is $250,000.

for not complying with the Order at Dkt. No. 436. The Court continued the Order for Rule to Show Cause to March 20, 2019, and on that date, the Court remanded Robert Kowalski and Jan Kowalski to the custody of the U.S. Marshal for the Northern District of Illinois for their civil contempt. *See* Dkt. Nos. 469 and 470. The Court continued the Orders for civil contempt to April 3, 2019 for status.

On April 3, 2019, the Chapter 7 Trustee reported that Jan and Robert failed to turnover the $250,000 or provide any evidence to the contrary. At the hearing, Jan and Robert each asserted their Fifth Amendment Right not to testify but later waived their rights by voluntarily testifying. This Court found that the failure to turnover the $250,000 evidenced Jan and Robert's continued civil contempt; incarceration was required to coerce them. Jan and Robert could have purged their contempt by turning over or causing to be turned over $250,000 to the Chapter 7 Trustee. The Court continued the hearing to April 17, 2019, at 10:00 a.m.

On April 17, 2019, Jan and Robert appeared before this Court. Jan explained that she could not purge her contempt because on or about February 20, 2019, she placed $250,000 in cash inside a lockbox the size of a toaster at her office at 1918 W. Cermak, Chicago, Illinois 60608 and that someone stole the money between February 20, 2019 and March 11, 2019. Robert made arguments asserting his inability to turnover the funds and later asserted his Fifth Amendment Right not to testify by refusing to answer questions about his presence at the office (1918 W. Cermak) on February 21, 2019. The Court did not find the testimony from Jan or Robert to be credible. This Court found that the continued failure to turnover the $250,000 evidenced Jan and Robert's continued civil contempt; incarceration was required to coerce them. The Court continued the hearing to May 2, 2019, at 10:00 a.m.

On May 2, 2019, Jan and Robert appeared before this Court. Robert testified that his custody should cease because he does not have control of the $250,000. When the Court asked Robert whether he intended his statements about lack of control to argue an impossibility to comply with this Court's Order at Dkt. No. 436, he declined to continue this argument. At the same hearing, Jan asserted her Fifth Amendment Right not to testify.

Robert Kowalski and Jan Kowalski have at various times invoked their Fifth Amendment Right not to testify. An order to turnover property of the estate does not violate a debtor's Fifth Amendment rights, and therefore, immunity is not an issue. *In re Connelly*, 59 B.R. 421, 443-444 (Bankr. N.D. Ill. 1986) (citations omitted). Based on the respondents' failure to turnover the $250,000 or make an adequate assertion of impossibility, this Court found that the conduct of the respondents Robert Kowalski and Jan Kowalski, as above described constituted a civil contempt of this court. The status hearing on Robert Kowalski and Jan Kowalski's Civil Contempt was continued to May 22, 2019, at 10:00 a.m.

On May 22, 2019, Jan and Robert appeared before this Court. Robert testified that his custody should cease because he lacks direct control of the $250,000. When the parties asked Robert about these assertions, he invoked his right to remain silent. Jan remained silent. The status hearing on Robert Kowalski and Jan Kowalski's Civil Contempt was continued to June 25, 2019, at 10:00 a.m.

The Court finds that further incarceration is insufficient coercion for them to turnover the $250,000. Coercion has not worked.

The Court requests that the U.S. Marshal for the Northern District of Illinois release Jan Kowalski from custody on May 31, 2019.

The Court requests that the U.S. Marshal for the Northern District of Illinois release Robert Kowalski to the custody of Cook County Sheriff, Thomas J. Dart for the arrest warrants(s) in Mr. Kowalski's divorce case 2014 - D - 006997. Both Jan Kowalski and Robert Kowalski are still in Civil Contempt of Court. If the warrant is not outstanding release Robert Kowalski on May 31, 2019.

**Date: May 31, 2019**

**Entered:**

*/s/ Jacqueline P. Cox*

**Judge Jacqueline P. Cox**
**United States Bankruptcy Judge**

*2

---

[2] Jan Kowalski was incarcerated for violating two orders. She was released from incarceration on May 22, 2019 in the 19 AP 00066 matter.