UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

In Re: )   BK No.: 18-09130
)
ROBERT M. KOWALSKI, )   Chapter: 7
)
)   Honorable Jacqueline Cox
)
)
Debtor(s) )

**ORDER AUTHORIZING (I) THE SALE OF PROPERTY LOCATED AT 6426 S. MARYLAND AVE., CHICAGO, ILLINOIS FREE AND CLEAR OF LIENS, CLAIMS, RIGHTS, INTERESTS, CHARGES AND ENCUMBRANCES, AND (II) OTHER RELIEF**

Upon the motion (the "Motion") of Gus A. Paloian, not personally or individually, but solely as Chapter 7 trustee (the "Trustee") for the bankruptcy estate (the "Estate") of Robert M. Kowalski, for entry of an order ("Order") pursuant to section 363(f) of title 11 of the United States Code ("Bankruptcy Code") and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), authorizing Trustee to enter into that certain Sale Agreement attached to the Motion as Exhibit A (the "Agreement") by and among (i) Trustee and (ii) Renaissance Properties, LLC or nominee (the "Buyer") for the sale of property commonly known as 6426 S. Maryland Ave., Chicago, Illinois (the "Property"); the Trustee having determined in his business judgment that the Agreement is in the best interests of the Estate; a final hearing on the Motion having been held (the "Hearing"); all interested parties having been afforded an opportunity to be heard with respect to the Motion; the Court having reviewed and considered: (i) the Motion; (ii) any objections thereto; and (iii) the arguments of counsel made, and the evidence proffered or adduced, at the Hearing; it appearing that the relief requested in the Motion is in the best interests of the Estate, its creditors, and other parties in interest; upon the record of the Hearing, and after due deliberation thereon; and good cause appearing therefor;

IT IS HEREBY FOUND AND DETERMINED THAT:

A. Jurisdiction and Venue. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and (O). Venue of this case and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B. Statutory Predicates. The statutory predicates for the relief sought in the Motion are Bankruptcy Code sections 105 and 363 and Bankruptcy Rules 2002 and 6004.

C. Notice. The notice of the Motion and the Hearing is timely, adequate, and sufficient in accordance with Bankruptcy Code sections 102(1) and 363 and Bankruptcy Rules 2002 and 6004, other provisions of the Bankruptcy Code, Bankruptcy Rules, the Local Rules of the Bankruptcy Court, orders of the Bankruptcy Court, other applicable law, and due process. Such notice was good and sufficient, and appropriate under the particular circumstances, and no other or further notice of the Motion or the Hearing is or shall be required.

D. Agreement in Best Interests of the Estate. Approval of the Agreement and consummation of the provisions therein at this time are in the best interests of the Estate, its creditors, and other parties in interest.

 E. Business Justification. The Trustee has demonstrated good, sufficient, and sound business purpose and justification for the sale pursuant to Bankruptcy Code section 363 and the sale is an appropriate exercise of the Trustee's fiduciary duties.

 F. Opportunity to Object. A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons and entities, including: (i) the Office of the United States Trustee; (ii) all creditors of the Estate; (iii) each party to the Agreement; and (iv) all parties requesting notice.

 G. Consideration by Buyer. The consideration provided by Buyer for the Property (as defined in the Motion) of $67,000.00 (i) is fair and reasonable, (ii) is the highest and best offer for the Property available under the circumstances, (iii) will provide a greater benefit for the Estate's creditors and other interested parties than would be provided by any other practical available alternative, and (iv) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code.

 H. Legal, Valid Transfer. The transfer of the Property to the Buyer will be a legal, valid, and effective transfer of the Property, and will vest the Buyer with all right, title, and interest of the Estate to the Property.

 I. Free and Clear Sale of the Property with Liens To Attach to the Net Proceeds of the Sale: Any recorded liens on the Property as of the entry of the Order shall attach to the net proceeds of the sale following the disbursement of real estate taxes, unpaid City of Chicago utilities, broker's commissions, and customary closing costs. Pursuant to Section 363(f) of the Bankruptcy Code, the sale of the Property shall be free and clear of all liens, encumberances, claims and other interests.
The Trustee is authorized to used the net sale proceeds towards the administration of the Estate.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

 1. The Motion is granted, as further described herein.

 2. All objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, hereby are overruled on the merits.

 3. The terms of the Agreement are approved pursuant to Bankruptcy Code sections 105 and 363 and Bankruptcy Rules 2002, 6004, and 9019.

 4. The Parties are authorized to execute and deliver, and are empowered to perform under, consummate and implement, the Agreement, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Agreement.

 5. The purchase price provided by the Buyer for the Property under the Agreement constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code.

 6. The terms and provisions of the executed Agreement and this Order shall be binding in all respects upon the Parties and each Party's affiliates, successors and assigns, and any affected third parties notwithstanding any subsequent appointment of any trustee(s) under any chapter of the Bankruptcy Code, as to which trustee(s) such terms and provisions likewise shall be binding.

 7. The failure specifically to include any particular provisions of the Agreement in this Order

shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Agreement be authorized and approved in its entirety.

8. The Agreement and any related agreements, documents, or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by both parties, and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Estate.

9. Notwithstanding Bankruptcy Rules 6004(h), 7062, or 9014, or any other Bankruptcy Rule or Rule 62(a) of the Federal Rules of Civil Procedure, this Order shall be immediately effective and enforceable upon its entry and there shall be no stay of execution of this Order.

10. This Court retains jurisdiction to enforce and implement the terms and provisions of the Agreement, all amendments thereto, any waivers and consents thereunder, and of each of the agreements executed in connection therewith in all respects, including, but not limited to, retaining jurisdiction to: (a) resolve any disputes arising under or related to the Agreement, except as otherwise provided therein; and (b) interpret, implement, and enforce the provisions of this Order.

Enter:

*[signature]*
United States Bankruptcy Judge

Dated: April 7, 2020

**Prepared by:**
Devvrat Sinha (6314007)
SEYFARTH SHAW LLP
233 S. Wacker Drive, Suite 8000
Chicago, IL 60606
Phone: (312) 460-5000
Facsimile: (312) 460-7000
dsinha@seyfarth.com

Rev: 20151029_bko