L085770

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In Re: ) | Case No. 18-09130 |
| ) | |
| ROBERT M. KOWALSKI ) | Chapter 7 |
| ) | |
| ──────────────────────────── ) | |
| GUS A. PALOIAN, not individually, but solely ) | The Honorable Jacqueline P. Cox |
| In this capacity as the duly-appointed Trustee for ) | |
| The estate of Robert M. Kowalski, ) | |
| ) | Adv. Pro. No. 20-00124 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| SAPIENT PROVIDENCE, LLC, ) | |
| ) | |
| Defendant. ) | |

## SAPIENT PROVIDENCE, LLC'S
## ANSWER TO GUS A. PALOIAN'S COMPLAINT

NOW COMES SAPIENT PROVIDENCE, LLC (the "Defendant"), by and through its attorneys, Fidelity National Law Group, and Kurtz & Augenlicht LLP and answers the Adversary Action filed by GUS A. PALOIAN, not individually, but solely as Chapter 7 Trustee ("Plaintiff" or "Trustee") for the bankruptcy estate ("Estate") of Robert M. Kowalski ("Debtor"), as follows:

### JURISDICTION AND VENUE

1. This Court as jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and Northern District of Illinois Local Rule 40.3.1.

**ANSWER:** Defendant admits this allegation.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F).

**ANSWER:** Defendant admits this allegation

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**ANSWER:** Defendant admits this allegation

## PARTIES

4.      Plaintiff is the Trustee of the Debtor's Estate.

**ANSWER:**    Defendant admits this allegation

5.      Sapient Providence LLC ("Sapient") is a limited liability company located at 2375 Jefferson Street, Carlsbad, California.

**ANSWER:**    Defendant admits this allegation

## FACTS COMMON TO ALL COUNTS

6.      Sapient asserts an interest as mortgagee of real property commonly known as 7957-59 S. Harvard Ave. Chicago, IL ("Harvard Ave. Property").

**ANSWER:**    Defendant admits this allegation.

### Sale of Harvard Avenue Property

7.      On December 4, 2019, an Order Authorizing the Sale of the Harvard Property was entered in the Debtor's Bankruptcy Case authorizing the Trustee to sell the Harvard Property free and clear of any liens and interests to purchaser 18 Holdings, LLC for $180,000.00.

**ANSWER:**    Defendant admits this allegation.

8.      The closing for the sale of the Harvard Property has taken place and net sales proceeds from the sale of the Harvard Property are being held in escrow ("Harvard Sale Proceeds").

**ANSWER:**    Defendant admits this allegation.

### Harvard Avenue Land Trust Records

9.      The Trustee is the current beneficiary and holder of the power of direction for the Harvard Ave. Land Trust pursuant to a Default Judgment Order entered against Mountain Duck LLC on May 28, 2019 in *Paloian* v. *Mountain Duck, LLC,* Case Number 18-AP-773.

**ANSWER:**    Defendant admits this allegation.

10.    Prior to the Trustee, the sole beneficiary of the Harvard Ave. Land Trust was Mountain Duck Properties, LLC.

**ANSWER:**    Defendant admits this allegation.

**Mortgage Records**

11. The owner of record for the Harvard Ave. Property is Chicago Title Land Trust Company, as Trustee under Trust Agreement dated January 14, 2014 and known as Trust Number 800236803 ("Harvard Ave. Land Trust").

**ANSWER:** Defendant admits this allegation.

12. A mortgage recorded for the Harvard Ave. Property with the Cook County Recorder of Deeds as Document Number 1702310050 ("Mortgage") designates Sapient as the "mortgagee" and lists the Harvard Ave. Land Trust as the "borrower." A copy of the Mortgage is attached here as **Exhibit** A.

**ANSWER:** Defendant admits this allegation.

13. The Mortgage is dated January 20, 2017 and states that it secures a promissory note in the original principal amount of $100,000.00 dated January 20, 2017 with an interest rate of 12.75% per annum and a default rate of 20 % per annum.

**ANSWER:** Defendant admits this allegation.

14. The Mortgage is signed by Nancy A. Carlin as a Trust Officer for the Harvard Ave. Land Trust.

**ANSWER:** Defendant admits this allegation.

15. A promissory note dated January 20, 2017 ("Promissory Note") designates the Harvard Ave. Land Trust as the "Borrower" and Sapient as the "Lender". A copy of the Promissory Note is attached here as **Exhibit B.**

**ANSWER:** Defendant admits this allegation.

16. The Promissory Note is signed by "Angelica Kowalski by Martha Padilla as attorney in fact."

**ANSWER:** Defendant admits this allegation.

17. Neither Angelica Kowalski nor Martha Padilla had authority to bind the Harvard Ave. Land Trust.

**ANSWER:** Defendant denies this allegation.

18. The Harvard Ave. Land Trust did not sign the Promissory Note.

**ANSWER:** Defendant denies this allegation.

**Sapient Foreclosure Complaint**

19. On March 6, 2019, Sapient filed a Complaint to Foreclose Mortgage ("Sapient Complaint'") with respect to the Harvard Ave. Property, naming the Harvard Ave. Land Trust, Robert Kowalski, Angelica Kowalski and Unknown Owners and Non-Record Claimants as Defendants.

**ANSWER:** Defendant admits this allegation.

20. Upon information and belief, Sapient's foreclosure case has been stayed by the Circuit Court of Cook County.

**ANSWER:** Defendant denies this allegation, but further answering states that it agreed not to take any further action to prosecute the Sapient Complaint upon receiving notice from the Trustee that Trustee considered the Harvard Ave. Property part of the Estate.

21. Upon information and belief, Sapient was not authorized to conduct business in the State of Illinois when it entered into the Promissory Note and Mortgage.

**ANSWER:** Defendant admits this allegation, but further answering states that it is not required to register pursuant to the Foreign Corporation Lending Act, 815 ILCS 125/1 et seq.

**COUNT I: DECLARATORY JUDGMENT**

22. Plaintiff restates and re-alleges paragraphs 1 through 21 of this Complaint as though fully set forth herein.

**ANSWER:** Defendant restates and re-alleges its answers to paragraphs 1 through 21 of this Complaint as though fully set forth herein.

23. Sapient's Promissory Note designates the Harvard Ave. Land Trust as the Borrower.

**ANSWER:** Defendant admits this allegation.

24. The Harvard Ave. Land Trust did not sign the Promissory Note.

**ANSWER:** Defendant denies this allegation.

25. The Promissory Note is unenforceable against the Harvard Ave. Land Trust.

**ANSWER:** Defendant denies this allegation.

26. The Promissory Note is unenforceable against the Estate.

**ANSWER:** Defendant denies this allegation.

27. The Estate did not receive any proceeds from any funds advanced by Sapient at any time.

**ANSWER:** Defendant lacks personal knowledge sufficient to answer this allegation.

28. Upon information and belief, Mountain Duck did not receive any funds advanced by Sapient.

**ANSWER:** Defendant lacks personal knowledge sufficient to answer this allegation.

29. The Mortgage secures a debt evidenced by the Promissory Note, however, the Promissory Note is unenforceable against Land Trust, and thereafter unenforceable against Estate.

**ANSWER:** Defendant denies this allegation.

30. Sapient does not have a valid and enforceable interest on the Harvard Ave. Sales Proceeds because Sapient lacks any enforceable rights against the Estate or the Harvard Ave. Land Trust.

**ANSWER:** Defendant denies this allegation.

31. Sapient's Mortgage secured an unenforceable obligation and is itself unenforceable.

**ANSWER:** Defendant denies this allegation.

32. The Mortgage clouded title to the Harvard Avenue Property, and now clouds Estate's legal interest in the net sale proceeds from the sale of the Harvard Property and is a hindrance to the administration of the Estate.

**ANSWER:** Defendant denies this allegation.

33. Under 11 U.S.C. §§ 541, 363 and 105, the Court has authority to enter necessary orders to determine the validity and priority of any security interest claimed on Estate property.

**ANSWER:** Defendant denies this allegation.

34. The Court should enter an Order declaring the Promissory Note unenforceable against the Land Trust and voiding the Mortgage claiming to secure the debt evidenced by the Promissory Note.

**ANSWER:** Defendant denies this allegation.

WHEREFORE, Defendant SAPIENT PROVIDENCE, LLC prays that this honorable Court find in favor of Defendant and against the Trustee and enter judgment consistent with this finding or, in the alternative, dismiss the Trustee's claim against Defendant, with prejudice.

### **COUNT II:   ACTION TO QUIET TITLE**

35.   Plaintiff restates and re-alleges paragraphs 1 through 33 of this Complaint as though fully set forth herein.

**ANSWER:**   Defendant restates and re-alleges its answers to paragraphs 1 through 33 of this Complaint as though fully set forth herein.

36.   Defendant may claim a right, title, interest, or lien in or to the Harvard Ave. Sales Proceeds adverse to the Estate.

**ANSWER:**   Defendant admits this allegation.

37.   However, Defendant does not have any valid legal or equitable right, claim, or interest in the Harvard Ave. Property, and therefore no valid legal or equitable right, claim or interest in the Harvard Ave, Sales Proceeds superior to the Estate.

**ANSWER:**   Defendant denies this allegation.

38.   Defendant's claims are a cloud on the title of the Harvard Ave. Property and therefore a cloud on the Harvard Ave. Sales Proceeds and have no force and effect.

**ANSWER:**   Defendant denies this allegation.

39.   As the true owner of the Harvard Ave. Property proceeds, the Estate seeks a declaration that the title to the Harvard Ave. Property Sales Proceeds is vested in the Estate alone and that Defendant has no estate, right, title, lien or interest in the Harvard Ave. Sales Proceeds.

**ANSWER:**   Defendant admits that Trustee seeks the relief stated in this allegation, but denies that the Trustee is entitled to the relief sought.

WHEREFORE, Defendant SAPIENT PROVIDENCE, LLC prays that this honorable Court find in favor of Defendant and against the Trustee and enter judgment consistent with this finding or, in the alternative, dismiss the Trustee's claim against Defendant, with prejudice.

Respectfully submitted,

SAPIENT PROVIDENCE, LLC

By: */s/Kerry A. Walsh*

Kerry A. Walsh
FIDELITY NATIONAL LAW GROUP
10 S. LaSalle Street, Suite 2750
Chicago, Illinois 60603
T: (312) 223-2760
F: (312) 223-2028
E-Mail: Kerry.walsh@fnf.com

*Counsel for Defendant, Sapient Providence, LLC*


By: */s/Michael O'Malley Kurtz*

Michael O'Malley Kurtz
KURTZ & AUGENLICHT LLP
123 W Madison St, Ste. 700
Chicago, IL 60602
T: (312) 265-0106
F:
E-Mail: mkurtz@kalawchicago.com

*Counsel for Defendant, Sapient Providence, LLC*