IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ROBERT M. KOWALSKI, ) | Case No. 18-9130 |
| Debtor. ) | Chapter 7 |
| ) | Honorable Jacqueline P. Cox |
| ) | |
| ) | Hearing Date:  May 26, 2020 |
| ) | Hearing Time:  1:30 p.m. |

**CLAIMANT GERALDINE W. HOLT'S RESPONSE TO
FDIC'S OBJECTION TO AMENDED CLAIM NO. 30**

Geraldine W. Holt as Claimant ("Holt"), pursuant to 11 U.S.C. § 502, respectfully submits this Response to the FDIC as Receiver for Washington Federal Bank for Savings ("FDIC") objection to Holt's Proof of Claim No. 30.  Holt's Proof of Claim in the sum of $33,622.00 seeks first-priority status against Robert M. Kowalski ("Debtor") as a domestic support obligation ("DSO") pursuant to § 507(a)(1)(A) of the Bankruptcy Code.  The FDIC'S objections seeks to recharacterize $23,622.00 of Holt's Claim as a general unsecured claim, and seeks to disallow the remaining $10,000.00 of the claim.  In support of this Response, Holt respectfully states the following:

**I.  Background**

1. On July 29, 2014, Debtor's former wife, Martha Padilla ("Martha") filed a Petition for Dissolution of Marriage in the Circuit Court of Cook County, Illinois ("Divorce Court") captioned *In re the Marriage of Martha Padilla and Robert Kowalski*, Case No. 14 D 6997 ("divorce action"). Holt served as counsel for Martha Padilla ("Martha") in the divorce

1

action.  Christopher Wehrman of Swanson Martin and Bell, LLC also served as Martha's counsel in the divorce action.

2.	Throughout the divorce action and relevant to this Response, Holt provided legal services to Martha related to the entry of a 2-year Plenary Order of Protection that protects Martha and the minor child, the Appeal of the 2-year Plenary Order of Protection; the entry of multiple orders related to child support, family medical benefits, the payment of the children's educational expenses (at the time of the divorce action, the parties had 1 minor child and 3 emancipated children attending college); and multiple petitions and court appearances related to the enforcement of said orders of family support. In support of this Response, Holt attaches hereto and incorporates herein **Exhibits No. 1 – 32**, relevant pleadings and orders that are a part of the Divorce Court Record with a detailed summary of said exhibits attached as **Exhibit 33**.

3.	On April 20, 2018, an order was entered in by the Divorce Court ordering Debtor to pay child support to Martha; and to pay the sum of $10,000 in attorneys fees to Martha and Holt to defend against the appeal of the 2-year Plenary Order of Protection. See **Exhibit 20**.

4.	On March 29, 2018, Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. (Dkt. No.1).

5.	On August 14, 2018, this Court modified the automatic stay and authorized Martha to proceed in the Dissolution Proceeding regarding, *inter alia*, motions to compel, motions for sanctions, a determination of Martha's dissipation claims, and further proceedings pertaining to the dissolution of the marriage. (Dtk. No. 132).

6.	On November 30, 2018, the Court entered an order converting the Debtor's case from Chapter 11 to Chapter 7. (Dkt. No. 276).

7. On September 26, 2019, Holt filed Proof of Claim No. 30 in the sum of $33,622.00 against the Debtor seeking first-prior status of the claim as a DSO under the Code.

8. On October 16, 2019, the FDIC filed an objection to Holt's Proof of Claim No. 30. The FDIC argues that Holt cannot be a claimant under §507(a)(1)(A), or in the alternative, (b) that Holt's claim does not meet the Seventh Circuit's three factor test to qualify as "support", and that $10,000.00 of the claim is duplicative and should be disallowed.

9. On December 16, 2019 a Judgment for Dissolution of Marriage ("Final Judgment") was entered in the Divorce Court dissolving the bonds of matrimony between the parties. On March 30, 2020, Holt filed Amended Proof of Claim No. 30-2 incorporating the provisions of the Final Judgment into her Proof of Claim. The Final Judgment is attached as Exhibit C to Amended Proof of Claim No. 30-2, and is incorporated herein by reference.

10. Although it appears that the FDIC intended to file an Amended Objection to Holt's Amended Proof of Claim, there are no documents attached to Dkt. No. 836 related to Holt's Amended Proof of Claim. Said filing relates solely to Swanson Martin and Bell's Proof of Claim No. 29. Accordingly, the instant response is to the objection filed by the FDIC under Dkt. No. 744.

## II. AUGUMENT

11. Section 507(a)(1)(A) of the Bankruptcy Code broadly defines first-priority claims as:

> Allowed unsecured claims for domestic support obligations that …
> are owed to or recoverable by a spouse, former spouse, or child of
> the debtor, or such child's parent, legal guardian, or responsible
> relative[.]

11 U.S.C. § 507(a)(1)(A).

12. The relevant portion of Section 101(14A)(A) states that:

3

> The term "domestic support obligation" means a debt that accrues before, on, or after the date of the order for relief in a case under this title … that is –
>
> (A) owed to or recoverable by –
>
> (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or (ii) a governmental unit;
>
> (B) in the nature of alimony, maintenance, or support … of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
>
> (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of –
>
> (i) a separation agreement, divorce decree, or property settlement agreement;
>
> (ii) an order of a court of record; or
>
> (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and . . . .

11 U.S.C § 101(14A)(A).

13. Holt's Amended Claim should be allowed first-priority status in its entirety because: (a) an attorney can be a DSO claimant under §§ 101(14A)(A) and 507(a)(1)(A) of the Code; (b) the Divorce Court intended and expressly designated Martha's fee awards as a DSO; (c) courts have regularly ruled that fees and costs awarded to a party's attorney related to the establishment and enforcement of orders of child support and maintenance in a divorce proceeding is in the nature of support and is a DSO; and the $10,000.00 portion of Holt's Claim is not

duplicative and should be allowed. Therefore, the Amended Claim is entitled to first-priority status under § 507(a)(1)(A) in the full amount asserted.[1]

**A.    An attorney may be a DSO claimant under § 101(14A)(A), and therefore, Holt has standing to pursue the Amended Claim as a priority claim under § 507(a)(1)(A).**

14.    The FDIC contends that an attorney cannot be a DSO claimant under § 101(14A)(A) because the word "attorneys" is not included in the definition. (*See* Amended Objection, ¶¶ 11-14). Courts in this Circuit and throughout the country have routinely rejected the literal interpretation the FDIC invites. The term "domestic support obligation" as defined in § 101(14A) is used in connection with priority claims and nondischargeable claims in §§ 507(a)(1)(A) and 523(a), respectively. The FCIC does not dispute that Holt's Amended Claim is non-dischargeable, but disputes whether it should be treated as a priority claim.

15.    In determining whether an attorney may be a DSO claimant, nondischargeability cases are instructive.

a.    The Seventh Circuit has endorsed the notion that section 523(a)(5) can except debts owed to third parties. See In re Rios, 901 F.2d 71, 72 (7th Cir. 1990) ("And awards of attorneys' fees for services in obtaining support orders have been held non-dischargeable even though the attorney is neither a spouse, a former spouse, nor a child of the debtor."). The Seventh Circuit is joined by six other circuits that have interpreted the domestic support exception to preclude discharge of debts owed to third parties when the bounty of the debt is related to maintenance or support obligations. See, Pauley v. Spong (In re Spong), 661 F.2d 6 (2d Cir. 1981) (excepting attorneys' fees of debtor's spouse); Falk & Siemer, LLP v. Maddigan (In re Maddigan), 312 F.3d 589, 594 (2d Cir. 2002); Dvorak v. Carlson (In re Dvorak), 986 F.2d 940 (5th Cir. 1993) (both attorneys' fees of

---

[1] FDIC does not dispute the Amended Claim is non-dischargeable.

5

debtor's spouse and fees of guardian ad litem); Holliday v. Kline (In re Kline), 65 F.3d 749 (8th Cir. 1995) (attorneys' fees of debtor's spouse); Miller v. Gentry (In re Miller), 55 F.3d 1487 (10th Cir. 1995) (fees of guardian ad litem); Ting v. Chang (In re Chang), 163 F.3d 1138 (9thvCir. 1998) (both attorneys' fees of spouse and fees of guardian ad litem).

     b.    The precise rationale for why the explicit payee requirement should not control has varied. Some courts have assumed that if the debt is not paid by the debtor, the creditor could collect from the spouse, and thus a payment to the creditor is indirectly a payment to the spouse. See, Spong, 661 F.2d at 10 (using third-party beneficiary analysis); Kline, 65 F.3d at 751 (using quantum meruit analysis). Other decisions have stated that "the emphasis [should be] placed on the determination of whether a debt is in the nature of support, rather than on the identity of the payee." Miller, 55 F.3d at 1490; Chang, 163 F.3d at 1141 ("that the identity of the payee is less important than the nature of the debt."); Dvorak, 986 F.2d at 941.

     c.    At least where such expenses are incurred in collecting on the support obligation owed to the child by the debtor, it might be said that this type of debt is effectively assimilated into and becomes part of the "underlying obligation" owed by the debtor to the child for support. In re Halbert, Bankr. Court, ND Illinois (2017). The Seventh Circuit in the context of § 523 (a)(5), expanded the language in that statute to allow an attorney to seek to have a debt held non-dischargeable. In re LeRoy, 251 BR 490 - Bankr. Court, ND Illinois (2000). Although Section 523 (a)(5) applies on its face only to debts "owed to" or "recoverable by" a debtor's spouse, former spouse, child, or other enumerated parties, courts have not read the provision literally. In re Papi, Bankr. Court, ND Illinois (2010). Judge Black in Papi observed "virtually every bankruptcy and

6

district court within the Seventh Circuit that has address the issue has adopted the consistent authority of the circuit courts regarding the scope of the exception in section 523(a)(5)." *Id*. At 463-64 (collecting cases).

Accordingly, the literal interpretation the code the FDIC invites should be rejected. The Court should find that Holt can be a DSO claimant under § 101(14A)(A) and has standing to pursue the Amended Claim as a priority claim under § 507(a)(1)(A).

**B. The Divorce Court Fee Award to Holt is in the nature of "support" according to the Seventh Circuit's framework.**

16. It is within the province of the federal court to determine if an attorney fee award is a DSO, and in doing so, the court must analyze three factors to determine the divorce court's intent: "(1) the language and substance of [a judgment] in the context of the surrounding circumstances, using extrinsic evidence if necessary; (2) the parties' financial circumstances at the time of [the judgment]; and (3) the function served by an obligation at the time of [the judgment]." *In re Trentadue*, 837 F.3d 743, 749 (7th Cir. 2016) (citing *In re Gianakas*, 917 F.2d 759 (3d Cir. 1990).

17. Holt's Proof of Claim is inclusive of attorneys and costs awarded to Martha on three separate occasions:

- $10,000.00 in attorneys' fees awarded to Martha and Holt to defend against the appeal of the 2-yr Plenary Order of Protection of Martha and the minor child of the parties.

- $4,250.00 in attorney's fees awarded Martha due to Debtor's failure to comply with court orders relate to his obligation to pay child support and educational expenses of the children; and

7

- $19,412.60 in attorney's fees awarded to Martha related to Debtor's failure to submit documents to support the figures contained in his Financial Affidavit.

18. As set forth in paragraphs 6(g), (h), and (i) of the Final Judgment, the Divorce Court found and ruled that Holt's fee awards "shall be defined as domestic support obligations," and the Debtor "shall be solely responsible for direct payment" of such fees to Holt. (Ex. B, Final Judgment ¶¶ 6(g), (h), and (i)).

**Application of the *Trentadue* factors to Holt Fee Award of $4,250.00**

19. In reviewing the Divorce Court's award of $4,250.00 to Holt in paragraph 6(g) of the Final Judgment, the surrounding circumstances are clearly identified as an award in the nature of support that shall be defined as a DSO under §523(a)(5) of the Bankruptcy Code. The language in the Final Judgment provides that the fees are awarded pursuant to §508(b) of the Illinois Marriage and Dissolution of Marriage Act [750 ILCS 5/508(b)] for services rendered in connection with Debtor's obligation to pay child support and educational expenses of the child. Orders were entered on October 20, 2016 (**Exhibit 3**) and April 20, 2018 (**Exhibit 20**) by the Divorce Court ordering Debtor to pay specified sums in family support. Debtor failed to make said payments forcing Martha to file several petitions for rule to show cause against him to enforce the order. (**Exhibit 4, Exhibit 5, Exhibit 9, Exhibit 19, Exhibit 24**) After conducting a full hearing, the Divorce Court found Debtor in contempt of court and granted Martha leave to file a petition for attorney's fees and costs associated with the enforcement of the family support orders. (**Exhibit 28**) Martha filed her Petition for Section 508(b) Attorney's Fees on December 12, 2018. (**Exhibit 29**) The Divorce Court conducted a full hearing on Martha's Petition and awarded Holt the sum of $4,250.00 for services rendered in connection with Debtor's failure to pay family support as ordered. The *Trentadue* factors are satisfied.

**Application of the *Trendtadue* factors to Holt Fee Award of $19,412.60**

20.In reviewing the court's award of $19,412.60 the surrounding circumstances is in the nature of support since it the award was related to the Debtor's mandatory obligation to submit specified financial records in support of the figures contained in his Financial Affidavit. As part of the new divorce statute that became effective in 2016, the Illinois Supreme Court developed a new Financial Affidavit to be used in all family law cases, specifically when motions are filed for child support and spousal maintenance. In conjunction with the filing of Martha's Petition for Child Support, Martha and the Debtor were required to exchange completed Financial Affidavits supported by documents, including most recent tax returns, pay stubs or other proof of income, bank statements and any other supporting documents. <u>See</u> Cook County Local Rule 13.3 – mandatory disclosure rules. Debtor submitted a Financial Affidavit but failed to submit supporting documents as required by Cook County mandatory disclosure rules. The Divorce Court was required to conduct hearings on Martha's Petition for Child Support by considering Martha's Financial Affidavit and supporting financial document. After hearing, the Divorce Court entered a "needs based" order of child support based on the needs of the children. (**Exhibit 20**) Because the Debtor filed an inaccurate and misleading Financial Affidavit, the Divorce Court has not been able to make a determination regarding the Debtor's obligation to pay Martha's maintenance. Therefore, the issue of Martha's maintenance is reserved in the Final Judgment.

21.The Debtor was granted addition time to comply with the mandatory disclosure rules. (**Exhibit 15**). The Court found that Debtor intentionally and recklessly entered inaccurate or misleading information in his Financial Affidavit and in accordance with Rule 13.3 entered an order of sanctions, including costs and attorney's fees.

22. In *Trentadue* the issue before the Seventh Circuit was whether the award was intended as punishment and not in the nature of support. *Id.* at 747. Citing *In re Goin,* 808 F.2d 1391, 1392 (10th Cir. 1987), the court employed a functional approach of looking beyond the language of the trial court to the intent of the parties and the substance of the obligation. *Id.* at 748. In the present case, the intent of the parties and the substance of the obligation was clearly related to the court's determination of Debtor's obligation to pay family support, and not for the sole purpose of punishment. The attorney fee award is in line with the *Trentadue* decision and the fees in question are in the nature of support and are a DSO.

**Holt Fee Award of $10,000.00 Should Be Allowed**

23. The FDIC agrees that the $10,000.00 portion of Holt's claim is entitled to first priority status if the court finds that Holt can be a DSO claimant. The FDIC further agrees that the surrounding circumstances were in the nature of support. Accordingly, the claim is entitled to first priority status as a DSO.

24. However, the FDIC argues that the claim should be disallowed because (a) the award is subsumed by Padilla's own claims and is duplicative; and (2) that at the time of filing of their objection, the $10,000.00 portion of Padilla's claim is subject to a pending Bankruptcy Rule 9019(a) Settlement. (Dkt. No 723).

25. Since the order entered by the Divorce Court awards the fees to both Martha and Holt, it is appropriate that both individually file a proof of claim for the debt owed by the Debtor.

26. Section 502(b) of the Code mandates that the court "shall allow" the claim, except to the extent it falls within one of none enumerated categories of prohibited claims. The statute does not list among the grounds for disallowance of a jointly owed debt to individual claimants.

Certainly the payment of a jointly owed debt is an issue that the Bankruptcy Trustee resolves routinely.

27. The FDIC incorrectly suggest that Martha's claim is resolved in the 9019(a) Settlement Agreement. Said Agreement specifically provides that Martha does not release any of her DSO claims against the Debtor. Moreover, Holt is not a party to Martha's Settlement Agreement.

28. Holt's claim for $10,000.00 should be allowed.

## Conclusion

Wherefore the forgoing, the Claimant, Geraldine W. Holt, respectfully requests that this honorable Court enter an order allowing amended Claim No. 30 as a first-priority claim in the sum of $33,622.00, denying the FDIC'S objection in its entirety; and granting Geraldine W. Holt such other relief as the Court deems just and proper.

Dated: May 26, 2020

    /s/Geraldine W. Holt
Geraldine W. Holt
Birnbaum, Haddon, Gelfman & Arnoux, LLC
180 North LaSalle Street
37th Floor
Chicago IL 60601
T: 312.863.2800
F: 312.863.2801
gholt@bhgafamlaw.com
gwholt@holtlawgroup.com

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certify that I have caused a true and correct copy of the foregoing, **CLAIMANT GERALDINE W. HOLT'S RESPONSE TO FDIC'S OBJECTION TO AMENDED CLAIM NO. 30**, to be filed electronically with the United States district court for the Northern District of Illinois on May 26, 2020. Notice and a copy of this filing will be served upon all counsel of record by operation of the Court's CM/ECF electronic filing system.

By: /s/ Geraldine W. Holt