# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>ROBERT M. KOWALSKI,<br><br>Debtor. | Case No. 18-9130<br>Chapter 7<br>Honorable Jacqueline P. Cox |

**FDIC, AS RECEIVER FOR WASHINGTON FEDERAL BANK FOR SAVINGS' REPLY TO CLAIMANT GERALDINE HOLT'S RESPONSE TO FDIC-R'S AMENDED OBJECTION TO CLAIM NO. 30**

FDIC as Receiver for Washington Federal Bank for Savings ("FDIC-R"), pursuant to 11 U.S.C. § 502 and Federal Rule of Bankruptcy Procedure ("FRBP") 3007, respectfully submits this reply (the "Reply") to Geraldine Holt's ("Claimant" or "Holt") Response ("Response") to FDIC-R's Objection to Claim No. 30 (the "Claim"). In support thereof, FDIC-R states as follows:

### I. The Claim

1. The Claim is now incorporated into the Divorce Judgment (attached as Exhibit A) but is composed of three separate awards from the Divorce Court[1]:

    a. First, $10,000.00 fee award entered April 20, 2018 (the "April Order");

    b. Second $4,250.00 fee award entered January 24, 2019; and

    c. Third $19,412.60 fee award also entered January 24, 2019 (the "January Orders")[2].

---

[1] Capitalized terms not defined herein shall have the same meaning as attributed in FDIC-R's Objection [Dkt. No. 744] and FDIC-R's Amended Objection [Dkt. No. 836].

[2] The April Order and January Orders are attached to the Reply as Exhibit B.

## II. Claimant Concedes FDIC-R's §523 (a)(15) Argument

2. In its amended objection, FDIC-R identifies that the Divorce Court's judgment on its face labels $29,412.60 of the Claim (the $10,000.00 award and the $19,412.60 award) as arising under § 523(a)(15), and accordingly, these portions of the Claim are not entitled to priority treatment.

3. Claimant does not address this argument and inexplicably alleges FDIC-R failed to attach the correct documents to its amended objection[3] [Response at ¶ 10], using this unfounded assertion as a justification to entirely disregard the Amended Objection and only address arguments in FDIC-R first objection, filed before the Divorce Judgment existed.

4. Although, as discussed herein, the Divorce Court's labels are non-dispositive, and indeed inconclusive, Claimant nonetheless has an obligation to address FDIC-R's arguments.

5. In *Bonte v. U.S. Bank, N.A.*, the Seventh Circuit explicitly held that "[f]ailure to respond to an argument… results in waiver."[4]

6. Claimant intentionally, and improperly, chose to ignore FDIC-R's § 523(a)(15) argument to the amended claim, thereby effectively conceding that § 523(a)(15) controls and these portions of the claim are nonpriority.

7. Due to Claimant's concession, no further analysis of these portions of the Claim is necessary.

## III. Attorneys As Claimants Under § 101(14A)(A)

8. Claimant's Response affirms that no binding precedent exists holding attorneys are included as claimants under § 101(14A)(A).

---

[3] In fact, FDIC-R's Amended Objection has four exhibits totaling 79 pages, including Claimant's amended Claim 30-2 attached as Exhibit D as required by this Court's Local Rule 3007-1.

[4] *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010)

5325831/2/13664.008

9. FDIC-R reasserts that § 101(14A)(A) is, under the statute's plain language, an exhaustive list excluding attorneys. The Seventh Circuit sidestepped this issue in *Trentadue*[5] solely because that debtor did not properly preserve the issue in the lower courts.

10. FDIC-R also notes that under the Divorce Judgment, Padilla is not secondarily liable for the Claim, so the rationale cited by Claimant in the *Spong* and *Kline*[6] opinions are inapposite.

11. In any event, if attorneys can be claimants, the Claim fails to satisfy any of the three *Trentadue* factors for attorneys' fees to constitute domestic support obligations.

### IV. The Claim is Not A Domestic Support Obligation

12. As detailed in the Objection and the Response, the Seventh Circuit utilizes a three-part test to determine if a state court intended for attorney's fees to be support.

13. The three *Trentadue* factors which must be analyzed "to determine the intent of a state court" are:

   a. The language and substance of a judgment in the context of the surrounding circumstances;

   b. The parties' financial circumstances at the time of the judgment; and

   c. The function served by an obligation at the time of the judgment.[7]

14. Also, "[t]he critical and principal inquiry is whether the intent of the divorce court and the parties was to provide support[.]" *In re DeKroon*, 593 B.R. 778, 782 (Bankr. N.D. Ill. 2018).

---

[5] *Trentadue v. Gay (In re Trentadue)*, 837 F.3d 743 (7th Cir. 2016).

[6] *See* Response at ¶15(b), citing *Pauley v. Spong (In re Spong)*, 661 F. 2d 6 (2d Cir. 1981); *Holliday v. Kline (In re Kline)*, 65 F. 3d 749 (8th Cir. 1995).

[7] *Id.* at 749.

*a. **Language and Substance in Context of Surrounding Circumstances***.

    *i. The Divorce Court's Language*.

15.     The Divorce Court's language is inconsistent and contradictory.

16.     The Claim is now incorporated into the Divorce Judgment (attached as <u>Exhibit A</u>), but as aforementioned, the Claim stems from the January Orders and the April Order. The January Orders labelled these fee awards as "sanctions non-dischargeable in bankruptcy." *See* Ex. B.

17.     Later in the Divorce Judgment, the January Fee Awards, while still being labelled sanctions[8], were now also "domestic support obligations" under both § 523(a)(5) and (15), although debts under § 523(a)(15) and "domestic support obligations" are mutually exclusive. *See* Ex. A at ¶ 6(g)-(i).

18.     The April Order only states that Debtor "shall pay the sum of $10,000.00 for Interim attorney's fees to defend the interlocutory appeal to [Padilla] and her attorney [Holt.]" The Divorce Judgment has labelled this award a "domestic support obligation under § 523(a)(15)."

19.     Section 523 lists nineteen exceptions to discharge, and only two, subsections (a)(5) and (a)(15), apply to divorce proceedings. The Divorce Court applied both § 523(a)(5) and (a)(15) to different portions of the Claim, and all indications are these applications were intentional.

20.     In total, the Divorce Court simultaneously labelled the fee awards: sanctions; domestic support obligations; and debts from divorce proceedings that are not domestic support obligations.

21.     The Divorce Court's language is irredeemably ambiguous and provides no insight into its intent.

---

[8] *See* Ex. A at ¶6(h) "related to the award of attorneys' fees and costs to [Padilla] for the defense of the false and misleading pleadings and associated ***sanctions***." *See also Id.* at ¶6(i) "for ***sanctions*** for his tendering of an inaccurate and misleading financial affidavit." (emphasis added).

22. Most importantly, "a federal court is not bound by labels a state court attached to an obligation." *Trentadue,* 837 F.3d at 748.

*ii. The Substance of the Divorce Judgment.*

23. The Divorce Judgment addresses the three parts of the Claim in separate paragraphs. The April Order is labelled an "award of attorneys' fees and costs to [Padilla] for the defense of the Appeal of the Order of Protection ordered against [Debtor] protecting the minor child of the parties" and that it is a "domestic support obligation under 11 U.S.C. § 523(a)(15)." (*See* Ex. A at ¶65(f)). Although this language may relate to support, for the reasons stated *supra,* this portion cannot be a domestic support obligation as a matter of law.

24. $4,250.00 of the Claim arises under 750 ILCS § 5/508(b). (*See* Ex. A at ¶ 6(g)).

25. The substance of § 508(b) focuses entirely on a noncomplying party's misconduct, and orders payment of fees of the prevailing where "failure to comply with the order of the court was without compelling cause or justification[.]" 750 ILCS § 5/508(b).

26. This statute, unlike 750 ILCS § 5/503(j), discussed *infra*, does not contemplate the other party's finances, or provide protection or support for the other party, only punishment for the noncomplying party.

27. The Response supports the characterization of the $4,250 as a punishment, retelling how the Divorce Court found the Debtor in contempt, and that the awards were ordered on the basis of the Debtor's noncompliance. (See Response at ¶19).

28. The Response did not address how a § 508(b) award could be construed as support or protection.

29. For the third and final part, $19,412.60 was ordered as "sanctions for his tendering of an inaccurate and misleading financial affidavit." (*See* Ex. A at ¶ 6(i)).

5

30. The Divorce Court, both before and during labelling it a domestic support obligation, substantively declared this portion a punishment.

31. Although the Divorce Judgment does not provide the legal basis for these sanctions, Claimant identifies the source is Cook County Local Rule ("CCLR") 13.3, concerning the mandatory disclosure rules is marriage dissolution proceedings.

32. Specifically, CCLR 13.3.1(c) reads:

> Failure of a party to timely serve the "Financial Affidavit" shall subject the non-complying party to such sanctions as the court deems appropriate, including all sanctions available under Illinois Supreme Court Rule 219.

33. Accordingly, the $19,412.60 is a punishment the Debtor must pay to Claimant, not support. Although finances are indirectly related, there is no suggestion in either the January Orders or the Divorce Judgment that Debtor must pay this amount to protect Padilla and the minor child from harm. The only indication is that Debtor, without justification, would not comply with mandatory financial disclosure requirements and is being punished.

34. Claimant does not address why the Divorce Court's repeated assertion that the punishment label should be superseded by the new "domestic support obligation" label.

35. The substance of the fee awards is unequivocally to punish the Debtor.

*iii. The Surrounding Circumstances*.

36. The surrounding circumstances indicate that Padilla, with or without these fee awards, has ample financial support to provide for the minor child.

37. In *Trentadue*, the divorce court ordered the debtor to pay a large portion of his ex-wife's attorney fee to "ensure [the divorce court's] handiwork in determining that the couple's [six] children had adequate financial support was not disturbed by Trentadue's scorched-earth approach to the litigation." *Trentadue,* 837 F.3d at 749.

6

38. In the instant case, the Debtor and Padilla have three emancipated children and one 15-year-old child. (Ex. A at ¶ D, p. 1-2.)

39. Pursuant to the Divorce Judgment, the Debtor will pay Padilla, in addition to statutory child support and 75% of all educational fees, over $66,000 in reimbursements, and a $6.5 million dissipation claim. (*Id.* at ¶ 2(c)-(r); ¶ 3(i).)

40. The Claim constitutes less than 0.5% of Padilla's total award and, if made payable to Padilla, could not be construed as impinging the minor child's adequate financial support.

41. In *Trentadue*, the divorce court awarded $25,000 to the ex-wife after examining her entire attorney fee, reasoning this amount was roughly half of all her fees.

42. Claimant cites no Divorce Court language that Padilla's finances were considered when it ordered Debtor to pay some of Holt's fees.

43. The Divorce Judgment never discusses Padilla's finances or her total attorney fee, in the attorney fee award sections or elsewhere, and indeed orders her to pay her entire legal bill excepting the Debtor's sanctions. (Ex. A at ¶ 6(a).)

44. Accordingly, the surrounding circumstances provide no indication that the Claim provides support to Padilla and is emphatically not "in line with the *Trentadue* decision." (Response at ¶22).

***b. Parties' Financial Circumstances***.

45. FDIC-R re-asserts that nothing indicates the Divorce Court considered Padilla's financial situation when it awarded sanctions to Holt.

46. Holt does not cite any Divorce Court language that Padilla's finances were considered, again, effectively conceding this point.

7

47. If anything, to the extent the parties' financial circumstances were considered, the final determination was Padilla could afford her own legal bill (Ex. A at ¶ 6(a)), as well as a significant portion of the children's school expenses (*Id.* at ¶ 2(d)-(f)).

48. Most importantly, Padilla waived any hearing for contribution under 750 ILCS § 5/503(j). (Ex. A at ¶ 6.)

49. Section 503(j) of the Illinois Marriage and Dissolution Act ("IMDA") "permit[s] a circuit court to order a party to contribute to the other party's reasonable attorney fees in light of the parties' respective financial situations. A party seeking an award of attorney fees must show that he or she is unable to those pay fees and the other party is able to do so." *In re Marriage of Evanoff,* 2016 IL App (1st) 150017, 56 N.E.3d 547, 561. (internal citations omitted).

50. Accordingly, by waiving any right to a hearing under § 503(j), Padilla elected not to make her financial circumstances a factor in splitting her attorney's fees with the Debtor.

51. Conversely, fees ordered under 750 ILCS § 5/508(b) do not take the parties' finances into account, and only contemplates whether one party's "failure to comply with the order or judgment was without compelling cause or justification." 750 ILCS § 5/508(b). The statute imposes a punishment for improper conduct.

52. The Debtor has already committed to paying Padilla millions. Support and protection simply did not enter the Fee Award's equation. The parties' finances are not referenced in the fee awards and the Divorce Court did not hesitate to order Padilla to pay her entire legal bill, with the sole exception of these sanctions.

53. Here, the facts mirror *In re Lopez,* 405 B.R. 362 (Bankr. S. D. Fla. 1998) and *Estate of Mayer v. Hawe*, 303 B.R. 375 (E.D. Wis. 2003). In both *Lopez* and *Mayer*, the state court fee

awards did not constitute domestic support obligations because, like the instant case, the awards were based on one party's misconduct and the state courts did not analyze the parties' finances.

54. Accordingly, the Divorce Court's lack of examination of the parties' financial circumstances presents a stark contrast from the *Trentadue* case and the second *Trentadue* factor is not satisfied.

*c. The Function of the Obligation*.

55. Claimant does not discuss the function of any of the fee awards.

56. Padilla emerges from her divorce proceedings with, *inter alia*, $2,051.50 in monthly child support, 75% of the college fees paid, over $66,000 in reimbursements, and $6.5 million for dissipation.

57. The Claim is not directly related to child support and is not restorative, rather it is directly related to Debtor's discovery abuse and noncompliance with court orders and are wholly untethered from support.

58. This Divorce Judgment does not give Holt the ability to collect the Claim from Padilla.

59. Claimant's fee award restores nothing. Neither Padilla nor the children were harmed by Debtor's misconduct. The fee award does not affect their position before or after the misconduct, because the misconduct had no effect on Padilla.

60. The Claim's function is a punishment for discovery abuse.

### V. Conclusion

61. In *Trentadue*, the debtor argued the attorney fees he was ordered to pay was a punishment and not support. The Seventh Circuit ruled that it was support, effectively holding that punishments are not domestic support obligations.

62. Here, the Claim is plainly a punishment, and despite Holt's contentions, there is no basis to characterize any portion of the Claim as support.

63. The Divorce Court's language is inapposite, and the substance and surrounding circumstances all indicate punishing the Debtor. The financial circumstances paint a picture of an economically stable ex-wife, and the Claim's function is not to protect the spouse, but to compensate the Claimant for her work. Additionally, Claimant waived any argument that $29,412.60 of the $33,662.60 does not arise under § 523(a)(15).

WHEREFORE, FDIC-R respectfully requests this Court to enter an order recharacterizing Claim No. 30 of Geraldine Holt as a general unsecured claim in the amount of $33,662.60; and such other relief as the Court deems just and proper.

Dated: June 8, 2020

Respectfully submitted,

**FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR WASHINGTON FEDERAL BANK FOR SAVINGS**

By: /s/ Eric S. Rein
Eric S. Rein
John W. Guzzardo
Nathan E. Delman
**HORWOOD MARCUS & BERK CHARTERED**
500 W. Madison Street, Suite 3700
Chicago, Illinois 60661
(312) 606-3200 (phone)
(312) 606-3232 (facsimile)
rrein@hmblaw.com
jguzzardo@hmblaw.com
ndelman@hmblaw.com

*Counsel for Federal Deposit Insurance Corporation, as Receiver for Washington Federal Bank for Savings*

# CERTIFICATE OF SERVICE

The undersigned attorney of record certifies that he caused a true and correct copy of the foregoing, **FDIC, AS RECEIVER FOR WASHINGTON FEDERAL BANK FOR SAVINGS' REPLY TO CLAIMANT GERALDINE HOLT'S RESPONSE TO FDIC-R'S AMENDED OBJECTION TO CLAIM NO. 30**, to be filed electronically with the United States District Court for the Northern District of Illinois on June 8, 2020. Notice and a copy of this filing will be served upon all counsel of record by operation of the Court's CM/ECF electronic filing system.

By:/s/ Eric S. Rein