# EXHIBIT 1

# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into this _____ day of _____, 2020, by and between Sapient Providence LLC ("Sapient") on the one hand and Gus A. Paloian, not individually but solely as the Chapter 7 Trustee ("Trustee") for the Bankruptcy Estate ("Estate") of Robert M. Kowalski (the "Debtor") on the other hand. Sapient and the Trustee are referred to in this Agreement, collectively, as the "Parties" and, individually, as a "Party."

**Recitals:**

*A.* WHEREAS, on March 29, 2018, the Debtor commenced a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Illinois ("Bankruptcy Court"), *In re Robert M. Kowalski,* Case No. 18-09130 ("Bankruptcy Case");

*B.* WHEREAS, on August 7, 2018, the Bankruptcy Court entered an order appointing the Trustee as the Chapter 11 Trustee for the Estate;

*C.* WHEREAS, on November 30, 2018, the Bankruptcy Court entered an order converting the Bankruptcy Case to one under Chapter 7 of the Bankruptcy Code, and the Office of the United States Trustee appointed Gus A. Paloian as the Chapter 7 trustee for the Debtor's Estate;

*D.* WHEREAS, on December 4, 2019, the Bankruptcy Court entered an *Order Authorizing the Sale of the Harvard Property* in connection with real property commonly known as 7957-59 S. Harvard Ave., Chicago, IL ("Harvard Ave. Property") free and clear of any liens, encumbrances and interests under 11 U.S.C. § 363(f) for the purchase price of $180,000.00 with any liens to attach to the net sales proceeds with the same validity, extent and priority as existing on the Harvard Ave. Property immediately prior to closing;.

*E.* WHEREAS, net sale proceeds of the Harvard Ave. Property in the amount of $151,638.40 ("Harvard Ave. Net Sales Proceeds") are currently being held in escrow by the Trustee.

*F.* WHEREAS, Sapient has asserted a security interest in the Harvard Ave. Net Sales Proceeds under a mortgage recorded with the Cook County Recorder of Deeds as Document Number 1702310050 ("Mortgage");

*G.* WHEREAS, on March 23, 2020, the Trustee filed an adversary complaint ("Complaint") against Sapient, Case No. 20-ap-124 (Cox, J.) ("Adversary Case") seeking (i) a declaratory judgment that Sapient does not have a recognized security interest in the Harvard Ave. Net Sales Proceeds and (ii) to quiet title to t Harvard Ave. Net Sales Proceeds;

*H.* WHEREAS, on May 5, 2020, Sapient filed an Answer to the Complaint admitting certain allegations, denying certain allegations and denying the Trustee's request for relief; and

*I.* WHEREAS, on June 3, 2020, the Trustee filed a *Motion for Judgment on the*

1

*Pleadings* seeking entry of a judgment order declaring that Sapient does not have a security interest on Harvard Ave. Net Sales Proceeds;

J.   WHEREAS, the Parties wish to settle their disputes and have accordingly agreed with advice of counsel to compromise their claims related to the Adversary Case and the Harvard Ave. Net Sales Proceeds as set forth herein.

**NOW, THEREFORE**, in consideration of the foregoing and the mutual covenants and promises set forth in this Agreement, and in exchange for good and valuable consideration, more specifically set forth in this Agreement, the Parties agree as follows:

1.   Recitals Incorporated. The recitals and prefatory phrases and paragraphs set forth above are hereby incorporated in full and made a part of this Agreement.

2.   Settlement. Each Party agrees that this Agreement has been executed for the purpose of settlement and is not to be deemed or construed in any way as an admission or concession of any liability or wrongdoing on the part of any Party.

3.   Effective Date and Approval Order. The effective date of this Agreement, (the "Effective Date") is the date on which an order is entered in the Bankruptcy Case approving this Agreement under Rule 9019(a) of the Federal Rule of Bankruptcy Procedure ("Approval Order"). The "Effective Date" of this Agreement is the date upon which the Approval Order becomes final and no longer appealable under Fed. Rule of Bankruptcy Procedure 9019(a).

4.   Settlement Consideration. Upon the Effective Date:

   a. The Estate will disburse fifty percent (50%) of the Harvard Ave. Net Sales Proceeds in the amount of $75,819.20 to Sapient

   b. The Estate will retain the remainder of the Harvard Ave. Net Sales Proceeds free and clear of any liens, claims, encumberances, and other interests whatsoever.

   c. The Estate will release all claims against Sapient with respect to (i) the Adversary Case and (ii) the Harvard Ave. Net Sales Proceeds.

   d. Sapient will release all claims against the Estate with respect (i) to the Adversary Case and (ii) the Harvard Ave. Net Sales Proceeds, including any unsecured claim arising on account of the Harvard Ave. Property..

   e. Sapient will effectuate a release to be recorded with the Cook County Recorder's Office with respect to its Mortgage.

5.   Releases. Except for the obligations set forth in this Agreement, and subject to the occurrence of the Effective Date, the Parties agree as follows:

   a.   The Trustee, on his own behalf and on behalf of the Estate agrees to and shall release and forever discharge Sapient from any and all claims,

      demands, obligations, damages, losses, costs, actions, causes of action, expenses (including attorneys' fees and costs), and liabilities related to the Transfers; and

   b.   Sapient, on behalf of themselves agree to and shall release and forever discharge the Trustee and the Estate from any and all claims, demands, obligations, damages, losses, costs, actions, causes of action, expenses (including attorneys' fees and costs), and liabilities.

6.   <u>Trustee's Representations and Warranties</u>. The Trustee represents and warrants to Sapient the following:

   a.   The Trustee has the requisite power and authority to execute and deliver this Agreement on behalf of the Estate and, subject to entry of an Approval Order, to perform this Agreement. The person executing this Agreement on the Trustee's behalf is fully authorized to do so;

   b.   Except for entry of an Approval Order, no authorization or approval or other action, and no notice to or filing with any governmental authority or regulatory body, is required for the due execution, delivery, and performance of this Agreement by the Trustee;

   c.   The Trustee (including any of his agents, attorneys, representatives, successors, and assigns) has not relied upon any statement, representation, or promise of Sapient (or of any of its agents, attorneys, representatives, successors, and assigns) in executing this Agreement or in making the settlement provided for herein, except as expressly stated in this Agreement;

   d.   The Trustee has made such investigation of the facts pertaining to this Agreement and the settlement provided for herein, and of all matters pertaining thereto, as the Trustee deems necessary.

7.   <u>Sapient Representations and Warranties</u>. Sapient represents and warrants to the Trustee the following:

   a.   Sapient have the requisite power and authority to execute and deliver this Agreement and, subject to entry of an Approval Order, to perform this Agreement.

   b.   No authorization or approval or other action, and no notice to or filing with, any governmental authority or regulatory body is required for the due execution, delivery, and performance of this Agreement;

   c.   Sapient (including its agents, attorneys, and representatives, acting in such capacities) have not relied upon any statement, representation, or promise of the Trustee (or of any of the Trustee's agents, attorneys, representatives, successors, and assigns) in executing this Agreement or in making the

64310794v.1

        settlement provided for herein, except as expressly stated in this Agreement; and

    d.    Sapient has made such investigation of the facts pertaining to this Agreement and the settlement provided for herein, and of all matters pertaining thereto, as Sapient deems necessary

The Parties shall be entitled to recover any damages suffered as a result of any representation or warranty that is not accurate in all material respects.

    8.    <u>No Admission of Liability</u>. The existence, execution, or terms of this Agreement do not constitute, shall not be considered or construed as, and shall not be admissible in any proceeding as, an admission by the Parties, or by any of their past or present agents or employees, of any liability, violation, error, or omission.

    9.    <u>Exculpation of Trustee</u>. This Agreement is executed by Gus A. Paloian, not individually, but solely as Chapter 7 trustee for the Estate and in the exercise of power and authority conferred upon and vested in him as Trustee. By executing this Agreement, all Parties agree on their behalf and on behalf of all others that benefit and are bound by this Agreement that no personal liability or responsibility is assumed by or shall at any time be asserted or enforced against Gus A. Paloian; all such personal liability and responsibility, if any, being expressly waived and released by said Parties.

    10.    <u>Entire Agreement</u>. This Agreement sets forth the understanding among the Parties concerning the subject matter of this Agreement, and incorporates all prior negotiations and understandings. This Agreement constitutes the entire agreement between the Parties relating to the subject matter of this Agreement. No agreements, conditions, or understandings, either oral or written, exist between the Parties relating to the subject matter of this Agreement other than those set forth herein. This Agreement may not be amended, altered, modified, or waived, in whole or in part, except in a writing executed by all Parties.

    11.    <u>Binding Effect</u>. This Agreement shall be binding on and shall inure to the benefit of the Parties and their heirs, devisees, legatees, executors, affiliates, administrators, trustees, successors, and assigns.

    12.    <u>Attorney Representation</u>. Each Party states that it has been represented by an independent attorney in connection with the negotiation, preparation, and review of this Agreement, including the advisability of making the settlement provided for in this Agreement.

    13.    <u>Governing Law</u>. This Agreement shall be governed and construed according to the Bankruptcy Code and the laws of the State of Illinois.

    14.    <u>Survival of Representations</u>. All representations, warranties, agreements, covenants and obligations herein are material, shall be deemed to have been relied upon by the other Parties, and shall survive the approval of this Agreement by the Bankruptcy Court.

    15.    <u>Consent to Jurisdiction</u>. The Parties consent to the jurisdiction of the Bankruptcy Court for all purposes related to this Agreement.

64310794v.1

16. <u>Signatures</u>. This Agreement may be signed in counterparts via facsimile, email, or otherwise, and copies of the same bearing the signatures of the Parties shall be as effective as the original.

Agreed as of the date first written above by:

GUS A. PALOIAN, not individually but solely as Chapter 7 trustee for the Bankruptcy Estate of Robert Kowalski

By: _____
     Gus A. Paloian

SAPIENT PROVIDENCE, LLC

_____
Name: Daniel Muhe
Title: Managing Member