UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Robert M. Kowalski, | ) | Case No. 18 B 09130 |
| | ) | |
| Debtor. | ) | Judge Jacqueline P. Cox |

**Amended Order Overruling Objections to Claims 29 and 30 (Dkts. 743 & 744)**

The Federal Deposit Insurance Company ("FDIC") as Receiver for Washington Federal Bank for Savings, pursuant to 11 U.S.C. § 502, seeks disallowance of proofs of claim no. 29 and 30, as amended, filed by the Swanson, Martin & Bell law firm ("Swanson") and Attorney Geraldine W. Holt ("Holt"). The claimants represented the Debtor's spouse, Martha Padilla, in their dissolution of marriage case. The FDIC also seeks re-characterization of claims 29 and 30 to general unsecured claims. For the reasons noted below, the objections will be overruled and the claims will not be re-characterized. Proofs of claim 29 and 30 stand and will be allowed priority as domestic support obligations.

The Debtor sought relief under chapter 11 of the Bankruptcy Code ("Code") on March 29, 2018. The case was converted to chapter 7 on November 30, 2018 for cause due to the Debtor's bad faith and misconduct. The Debtor demonstrated bad faith by failing to disclose a lawsuit he filed pre-petition against his daughter to recover nine unscheduled properties. In addition, the Debtor continued to collect rent monies from tenants who lived in properties that had become property of the bankruptcy estate. *In re Kowalski*, 2018 WL 6841355 (Bankr. N.D. Ill. 2018).

The Debtor was sued for dissolution of his marriage in 2014 by his spouse. In 2018, the judge in that case, at the request of Martha Padilla, was trying to get the Debtor to disclose information about his financial circumstances. That state court awarded Swanson fees three

times: $13, 912.550 for fees and costs incurred by the Debtor's spouse Martha Padilla due to Debtor's "failure to comply with court orders" relating to Debtor's obligation to pay child support and educational expenses of the child; $2,625.00 for fees and costs incurred by Martha Padilla relating to Debtor's "false and misleading pleadings" and $50,256.46 for fees and costs incurred by Martha Padilla in proceedings related to the debtor's "inaccurate and misleading financial affidavit." *See* Judgment for Dissolution of Marriage, Docket 852, Exhibit A, ¶¶ 6(g), 6(h) and 6(I).

Paragraph 6(g) states that the amounts awarded to Swanson, $13,912.50, as well as $4,250.00 to Holt, were being made pursuant to 750 ILCS § 5/508(b)[1] in connection with the Debtor's obligation to pay child support and educational expenses. It defined those awards as domestic support obligations under 11 U.S.C. § 523(a)(5) of the Code. In addition, that paragraph states that the Debtor irrevocably waived any defenses to the non-dischargeability of the payments therein, including discharge under chapter 13 of the Code.

Paragraph 6(h) awards Swanson $2,625, related to the award of fees and costs to Martha Padilla for the defense of the false and misleading pleadings and associated sanctions; it states that the payment was non-dischargeable in bankruptcy under 11 U.S.C. § 523(a)(15) and in

---

[1] In every proceeding for the enforcement of an order or judgment when the court finds that the failure to comply with the order or judgment was without compelling cause or justification, the court shall order the party against whom the proceeding is brought to pay promptly the costs and reasonable attorney's fees of the prevailing party. If non-compliance is with respect to a discovery order, the non-compliance is presumptively without compelling cause or justification, and the presumption may only be rebutted by clear and convincing evidence. If at any time a court finds that a hearing under this Act was precipitated or conducted for any improper purpose, the court shall allocate fees and costs of all parties for the hearing to the party or counsel found to have acted improperly. Improper purposes include, but are not limited to, harassment, unnecessary delay, or other acts needlessly increasing the cost of litigation. 750 ILCS § 5/508(b) (2016 State Bar Edition).

                            Document      Page 3 of 9

chapter 13. The award was defined as a domestic support obligation.

Paragraph 6(I) awards Swanson $50,256.46, as well as $19,412.60 to Holt, as a sanction for tendering an inaccurate and misleading financial affidavit. The awards were related to the award of fees and costs to Martha Padilla for the defense of an inaccurate and misleading financial affidavit. The awards are defined therein as domestic support obligation under 11 U.S.C. § 523(a)(15). It states that the Debtor waived any defenses to non-dischargeability of the payments in his bankruptcy case, including chapter 13.

## ANALYSIS

Claims filed in bankruptcy cases are deemed allowed under 11 U.S.C. § 502(a) unless a party in interest objects. If filed and executed in accordance with the Federal Rules of Bankruptcy Procedure ("Fed. R. Bank. P."), a proof of claim constitutes prima facie evidence of the validity and amount of the claim. Fed. R. Bank. P. 3001(f). Parties who object to claims carry the initial burden to produce some evidence to overcome this rebuttable presumption. The objecting party's evidence must be of a probative force equal to that of the allegations asserted in the claim; once that has been done, calling into question whether the claim is allowable, the burden shifts back to the claimant to produce evidence to meet the objection and establish that the claim is allowable. The ultimate burden of persuasion remains with the claimant to prove entitlement. *In re Kreisler*, 407 B.R. 321, 324-25 (Bankr. N.D. Ill. 2009). Once an objection to a claim is made, the court has to determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition and shall allow the claim in such amount, except on grounds noted in section 502(b) of the Code. 11 U.S.C. § 502(b).

The FDIC argues that these awards are not domestic support obligations entitled to priority under 11 U.S.C. § 507(a)(1)(A) and that they do not meet the Seventh Circuit's test set

out in *In re Trentadue,* 837 F.3d 743, 747 (7th Cir. 2016). The FDIC carried its initial burden. However, the claimants have persuaded the court that their claims are entitled to payment. The court finds that the claims will be allowed as domestic support obligations, entitled to priority.

### Section 507(a)(1)(A)

Most bankruptcy cases do not generate sufficient funds to pay all claims entitled to payment in full. The Code allocates the funds among claim holders according to a hierarchy by which some claims are entitled to payment before others. Claims that have priority over others are entitled to payment in full before those not granted priority. Those with a higher priority are entitled to payment ahead of those with lower priority. 4 COLLIER ON BANKRUPTCY ¶ 507.02[1] (Richard Levin & Henry J. Sommer eds., 16th ed.). In 2005, Congress established domestic support obligations as the highest priority for distribution in bankruptcy cases. Section 507 does not limit priority status to support obligations as opposed to property settlement obligations. However, certain trustee fees and expenses of administration have to be paid ahead of domestic support obligations. 11 U.S.C. § 507(a)(1)(C).

### Section 101(14A) Definition of Domestic Support Obligation

Code Section 101(14A) defines domestic support obligations as debts that accrue before, on, or after the date of the order for relief, owed to or recoverable by a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative (or a governmental unit). They may be in the nature of alimony, maintenance or support of a spouse, former spouse, or child of the debtor or such child's parent, which has been established or subject to establishment in a separation agreement, divorce decree, or property settlement agreement, order of court or a determination made in accordance with applicable nonbankruptcy law by a governmental unit. 11 U.S.C. § 101(14A).

The FDIC argues that the awards do not satisfy the definition of domestic support obligations because they are not recoverable by a spouse, former spouse or child of the debtor. However, many courts have ruled that attorney fee awards qualify as domestic support obligations entitled to priority under certain circumstances. In *Trentadue* the Seventh Circuit classified an overtrial award of attorney's fees as support. The debtor there waived the issue of whether an award satisfied the section 101(14A) definition of domestic support obligation. However, that court found that an attorney fee award based on a debtor's overtrial tactics was in the nature of support. That court noted that the issue of whether an attorney fee award was in the nature of support was a question of federal bankruptcy law, not state law, in reliance on *In re Reines*, 142 F.3d 970, 972 (7th Cir. 1998). This court is not bound by the state court's label that the awards were domestic support obligations, but employs a functional approach that looks beyond the language of the award and focuses on the intent of the parties and the obligations' substance. *Trentadue*, 837 F.3d at 748. Factors to be considered are the language and substance of the judgment, the parties' financial circumstances at the time and the function served by the obligations at the time the judgment was entered.

**Language and Substance of the Judgment**

As the Seventh Circuit did in *Trentadue*, this court begins by discerning the intent of the state court in issuing the fee awards. The judgment states that the awards are domestic support obligations entered in connection with the Debtor's obligation to pay child support and educational expenses. This shows that the court required the Debtor to pay his spouse's legal fees as part of his responsibility to pay child support and educational expenses. The state court's efforts in declaring the payments as non-dischargeable underscores that it intended the awards to be a component of the Debtor's child support responsibilities, i.e., compensation to Martha

-5-

Padilla and their child.

### Parties' Financial Circumstances at Time of Judgment

The parties' financial circumstances were considered. Note that earlier in the judgment Martha Padilla and the Debtor were held to be responsible for legal expenses incurred in connection with the dissolution case, but for those provided for in an earlier order. Judgment, Docket 852, ¶¶ 6(a) & 6(b). By separately dealing with the legal expenses Martha Padilla incurred in defending against the Debtor's inaccurate and misleading financial affidavit, the state court revealed an intent to make these awards to Martha Padilla as compensation, although they were payable directly to her attorneys.

### Function Served by the Obligation at Time of Judgment

The state court did not just punish the Debtor, it awarded the fees to Martha Padilla in a restorative effort to not diminish the funds due for child support. The attorneys' fee awards were compensatory awards meant to put Martha Padilla in the same place she and her child would have been had the Debtor not pursued a dishonest course in the litigation, as did the debtor in *Trentadue*. *Trentadue*, 837 F.3d at 750. The Debtor incurred the debts owed Swanson and Holt in claims 29 and 30 in connection with the establishment of his child support and educational expenses, which are clearly domestic support obligations under Illinois law. In *Weinstein v. Lymberopoulos (In re Lymberopoulos)*, 453 B.R. 340 (Bankr. N.D. Ill. 2011) a debtor sought to discharge an attorney fee award made by a court order in connection with the issuance of an order of protection. The plaintiff, an attorney who obtained a $26,231.81 fee award in connection with helping her client obtain an order of protection, filed an adversary proceeding seeking to have the award found to be non-dischargeable as a debt based on wilful and malicious conduct pursuant to 11 U.S.C. § 523(a)(6). The debtor argued that the attorney was not the person injured by his

conduct. The state court had found that the debtor physically abused, harassed and interfered with the liberty of the attorney's client. The debtor's position was rejected by the bankruptcy court which ruled that the debt was for wilful and malicious injury by the debtor to another entity, noting that nothing in section 523(a)(6) required that the injured individual be the person whose debt could be excepted from discharge. It was sufficient that the attorney fee award was entered in connection with the debtor's wilful and malicious conduct.

The state court referred to the awards herein, in part, as sanctions which may not qualify as priority claims. However, the sanctions language, on balance, does not outweigh the state court's effort to shield the awards from discharge via its declarations that they were domestic support obligations. While dischargeability is not in issue herein, the state court stated several times that the awards were domestic support obligations, informing that they were entered as part of awards to Martha Padilla for support.

**Declarations that Awards Made in Connection with Sections 523(a)(5) and 523(a)(15)**

In paragraph 6(g) the state court declared that the awards to the attorneys were domestic support obligations as defined in section 523(a)(5) of the Code which excepts child support obligations from discharge in bankruptcy. In paragraphs 6(h) and 6(I) the state court declared that the awards to the attorneys were domestic support obligations under section 523(a)(15) of the Code which excepts property settlements in dissolution cases from discharge. Property settlements are debts to a spouse, former spouse or child of a debtor not of the kind described in paragraph (5) incurred by a debtor in the course of a divorce or separation. The two types of domestic support obligations are inclusively defined in different subsections of section 101(14A). *See* Code sections 101(14A)(A), (B) and (C).

Should this distinction make a difference? No.

The FDIC argues in its Reply filed at Docket 863 that Holt conceded that amounts described as being made in connection with section 523(a)(15) - property settlements - are not domestic support obligations. Recall, however, that the Code's definition of domestic support obligations is very broad and includes debts that accrue before, on, or after the date of the order for relief in a case under this title, established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of a separation agreement, divorce decree, or property settlement agreement. The definition of domestic support obligations includes debts for support as well as debts that are property settlement obligations. Their dischargeability, which is not in issue here, is provided for and dealt with separately. In chapter 7 liquidation cases each type of domestic support obligation is excepted from discharge. 11 U.S.C. §§ 523(a)(5) and 523(a)(15). In chapter 13 cases, however, if a debtor completes a confirmed plan's obligations, property settlements can be discharged as debts provided for by the plan. Code section 1328(a)(2) states that a chapter 13 discharge does not discharge section 523(a)(5) domestic support obligations. Domestic support obligations covering property settlement obligations described in 523(a)(15) are not excepted from discharge in chapter 13; they can be discharged. KEITH M. LUNDIN, CHAPTER 13 BANKRUPTCY, 3D Ed. § 552-7 (2007 & Supp. 2020): "Debts under § 523(a)(15)-debts to a spouse, former spouse or child incurred in the course of a divorce or separation but not in the nature [of] alimony, maintenance or support as described in § 523(a)(5)-are dischargeable at the completion of payments under a Chapter 13 plan." *See Gaetaniello, v. Gaetaniello (In re Gaetaniello)*, 496 B.R. 238, 241 (Bankr. M.D. Fla. 2013) ("Debts in the nature of property settlements are not within the scope of § 523(a)(5) and are not excepted from discharge in Chapter 13." (citing 8 COLLIER ON BANKRUPTCY ¶ 1328.02[3][g] (Richard Levin & Henry J. Sommer eds., 16th ed.)).

The FDIC's position that section 523(a)(15) debts are not domestic support obligations and for that reason Holt's failure to develop a more fulsome response in this regard amounted to waiver, is not availing. Property settlement debts are domestic support obligations. The state court's declarations that the fee awards were made in connection with such are reasonable and inform that the fee awards are part of the Debtor's support obligation.

Generally, fees paid to a third party on behalf of a child or former spouse can be as much for support as payments made directly to a former spouse or child. *In re Papi*, 427 B.R. 457, 463 (Bankr. N.D. Ill. 2010).

## Conclusion

The FDIC's objection to proof of claim no. 29, filed by Swanson, Martin and Bell, is overruled. The FDIC's objection to proof of claim no. 30, filed by Geraldine W. Holt, is overruled. Each proof of claim is allowed priority as a domestic support obligation. Proof of claim no. 29, as amended, is allowed in the amount of $66,793.96. Proof of claim no. 30, as amended, is allowed in the amount of $33,662.00.

Date:  June 29, 2020

ENTERED:

*J. P. Cox*

**Jacqueline P. Cox**
**United States Bankruptcy Judge**