**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | ) |
| | ) Case No. 18-9130 |
| **ROBERT M. KOWALSKI,** | ) Chapter 7 |
| | ) Honorable Jacqueline P. Cox |
| Debtor. | ) |
| | ) |

## FDIC-R'S RESPONSE TO MOTION TO STAY BANKRUPTCY PROCEEDINGS

Federal Deposit Insurance Corporation, as Receiver for Washington Federal Bank for Savings ("FDIC-R"), for its Response to the Motion of the Debtor, Robert M Kowalski ("Debtor"), to Stay Bankruptcy Proceedings, states as follows:

1.      On October 13, 2013, the Debtor filed a motion to stay the bankruptcy proceedings. The Debtor argues that the bankruptcy proceeding should be stayed pending resolution of the criminal proceeding against him. He claims to have conflicting choices between invoking his Fifth Amendment privilege and the possible negative inferences or "to defend the bankruptcy proceeding" and risk testimony being used against him in the criminal proceeding. The Debtor fails to specify what bankruptcy proceedings he is referencing. Apparently, it is the administration of his bankruptcy by the Trustee.

2.      On March 29, 2018, the Debtor filed his voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

3.      On August 7, 2018, the Court appointed Gus A. Paloian as the Chapter 11 trustee. (Dkt No. 106)

4.      On November 30, 2018, this Court converted this case to a Chapter 7. (Dkt. No. 276)

5.      On February 19, 2020, FDIC-R filed an adversary complaint to object to the Debtor's discharge (Adv. No. 20-000777; Dkt. No. 1).

6.      On May 26, 2020, this Court entered an order denying the Debtor's discharge because the Debtor failed to oppose FDIC-R's adversary complaint and FDIC-R proved up its default judgment seeking denial of discharge pursuant to 11 U.S.C. Sections 727 (a)(2)(A) & (B), (a)(3), (a)(2), (a)(4) and (a)(6). (Dkt No. 860). The Debtor never filed an appeal within the appropriate time frame. See *28 U.S.C. Section 158 (b)(2)*.

7.      The adversary complaint did allege the Debtor's wrongful acts in the bankruptcy proceeding that might arise to the level of criminal acts. However, any conflict does not currently exist and has not existed for over four and one-half months since the denial of discharge order was entered.

8.      The Debtor's motion further points to FDIC-R's amended proof of claim as a contestable matter. However, the Debtor cannot contest FDIC-R's amended proof of claim as any issue as to that claim was resolved with the settlement between the Trustee and FDIC-R and the Rule 9019(a) hearing. See FDIC-R Response to the Debtor's Motion to Compel the Trustee to Object to the FDIC-R Claim.

9.      While a debtor may assert his Fifth Amendment privilege in a bankruptcy proceeding, *McCarthy v. Arndstein*, 266 U.S. 34, 41, 45 S. Ct. 16, 69 L. Ed. 158 (1924), he cannot assert it in a blanket fashion to "impede the basic bankruptcy administration of his case" without consequence, *McCormick v. Banc One Leasing Corp. (In re McCormick)*, 49 F.3d 1524, 1527 (11th Cir. 1995). The Debtor's requested stay would allow him to "use the Fifth Amendment as a shield, while impermissibly using the Bankruptcy Code as a sword with which to take unfair advantage of creditors." *Phillips v. First Nat. Ins. Co. of Am.*, Civ. No. H-10-3632, Adv. No. 10-

03075, 2011 U.S. Dist. LEXIS 63892 at *2 (S.D. Tex. June 15, 2011); *see also In re Connelly*, 59 B.R. 421, 448 (Bankr. N.D. Ill. 1986).

10. The protections afforded an allegedly fraudulent debtor cannot outweigh the need to protect creditors and the bankruptcy system as a whole. A debtor must "explain, for example, why (he) cannot participate in this case while also selectively invoking (his) Fifth Amendment right against self-incrimination." *CMB Export, LLC v. Attebery*, 2014 U.S. Dist. LEXIS 116095 at *4 (C.D. Ill. Aug. 20, 2014).   The Debtor here fails to link his need to testify to any ongoing bankruptcy proceedings. The court has nothing more than pure conjecture offered by the Debtor. The Debtor cannot assert in a blanket fashion a need for a stay that will impede the winding down of his bankruptcy proceeding. Thus, there is no justifiable basis to impose a stay.

WHEREFORE, Federal Deposit Insurance Corporation, as Receiver for Washington Federal Bank for Savings ("FDIC-R"), prays that the court deny the Motion of the Debtor, Robert M. Kowalski, to Stay Bankruptcy Proceedings, and grant such other relief as is just and equitable.

Dated: October 20, 2020

Respectfully submitted,

**FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR WASHINGTON FEDERAL BANK FOR SAVINGS**

By: /s/ Eric S. Rein
Eric S. Rein
Nathan E. Delman
**HORWOOD MARCUS & BERK CHARTERED**
500 W. Madison Street, Suite 3700
Chicago, Illinois 60661
(312) 606-3200 (phone)
rrein@hmblaw.com
ndelman@hmblaw.com

*Counsel for Federal Deposit Insurance Corporation, as Receiver for Washington Federal Bank for Savings*

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that he caused a true and correct copy of the foregoing, **FDIC-R'S RESPONSE TO MOTION TO STAY BANKRUPTCY PROCEEDINGS**, to be filed electronically with the United States Bankruptcy Court for the Northern District of Illinois on October 20, 2020.  Notice and a copy of this filing will be served upon all counsel of record by operation of the Court's CM/ECF electronic filing system.

In addition, the forgoing, **FDIC-R'S RESPONSE TO MOTION TO STAY BANKRUPTCY PROCEEDINGS,** will be served via first-class mail to the following address on October 20, 2020:

**Mr. Robert Kowalski**
5233 W. 87th Street
Oak Lawn, IL 60453

By: /s/ Eric S. Rein

5517861/1/13664.008