UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re Robert M. Kowalski,

Debtor.

Bankr. No. 18-09130

Chapter 7

Judge Jacqueline P. Cox

**Amended Order on Receiver's Application for Administrative Expense Claim (Dkt. 927)**

**Background**

Attorney Neil H. Levin was appointed Receiver of Robert M. Kowalski's (the "Debtor's) marital estate on December 16, 2019 by a state court judge. He was to be paid $100,000 from the Debtor's non-bankruptcy estate assets. The Receiver has not been compensated.

Bankruptcy Trustee Gus A. Paloian demanded that Mr. Levin cease all work in any manner connected to the property of the bankruptcy estate and turn over to him any and all information in his possession. Bankr. 18-09130, Objection, Docket 928, Exhibit 1 ("BK Case").

The Receiver discovered a bar located in a Chicago area suburb, Da Vinci's Gambling Bar, being operated by the Debtor's mother. The bar's registered owner is the Debtor's sister, Jan Kowalski, whom the Trustee sued for turnover of bankruptcy estate property in Adversary Proceeding 19-00066. On June 30, 2020, a judgment was entered in the Trustee's favor, declaring that several cashier's checks that were purchased pre-petition and negotiated post-petition were bankruptcy estate property and that she owed the Trustee $352,166.35, representing the value of the checks. Adversary Proceeding 19-00066, Docket 214, Summary Judgment

Order.

The Receiver believed that the bar and its assets actually belonged to the Debtor, having been purchased by pre-petition assets that belonged to the bankruptcy estate. The state court granted an *ex parte* request for an order authorizing the Receiver to take possession of the bar. BK Case, Docket 927, Exhibit B. The Receiver also recovered boxes of the Debtor's files, his computer, and wallet there.

The Receiver incurred $150,054.75 expenses in his efforts to discover and obtain assets the Debtor was thought to have.

The Receiver discovered $1,500 the Debtor used to purchased a residence for his fiancé, Natalie Lira. The sale fell through. The property was purchased by another entity for $125,000. That entity remodeled it and later sold it for $315,000. Natalie Lira is not a stranger to these proceedings. In Adversary Proceeding 19-00009, the Trustee sued her to recover a residence that the Debtor purchased for her with bankruptcy estate assets. On March 20, 2019, a $150,000 default judgment was entered against Natalie Lira. Adversary Proceeding 19-00009, Docket 8. On April 24, 2019, an Agreed Order was entered in which Natalie Lira agreed to assign her interest in the residence to the Trustee. Adversary Proceeding 19-00009, Docket 20.

The Receiver turned over to the Trustee information and documents about his investigation. The Receiver alleges that the Trustee has declined to utilize the information, claiming that the information has not benefitted the bankruptcy estate. The Receiver's position is that the information could have benefitted the bankruptcy estate had the Trustee pursued it. BK Case, Application Motion, Docket 927, p. 7.

The Receiver reports that he gave information and documents to the U.S. Attorney's

2

Office. That office indicted the Debtor and Jan Kowalski, as well as others, for a number of felonies, including bankruptcy fraud and bank fraud. That matter has not proceeded to trial. BK Case, Application Motion, Docket 927, p. 8.

The Trustee declined to administer the assets the Receiver recovered. The Receiver negotiated the return of the bar to the Debtor's mother. Query: If the bar had any recoverable value, should the Receiver have liquidated it?

### Allowance and Payment of Administrative Claims

Generally, in bankruptcy cases a creditor has to file a proof of claim under section 502 of the Bankruptcy Code to receive payment of a debt that arose pre-petition. Proofs of claim are deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a). Proofs of claim executed and filed in accordance with the Bankruptcy Rules constitute prima facie evidence of the validity and amount of the claims. Creditors need not obtain a court order. Federal Rule of Bankruptcy Procedure 3001(f). Administrative expense claims generally involve debts incurred post-petition by the bankruptcy estate.

"If a reorganization is to succeed, creditors asked to extend credit after the petition is filed must be given priority so they will be moved to furnish the necessary credit to enable the bankruptcy to function." *In re Jartran*, 732 F.2d 584, 586 (7th Cir.1984) (citation omitted). The Seventh Circuit explained that "[t]his involves no injustice to the pre-petition creditors because it is for their benefit that reorganization is attempted. If reorganization successfully rehabilitates the debtor, presumably the pre-petition creditors will be better off than in a liquidation." *Id.*

The Receiver requests allowance and payment of $30,206.50 to himself and $119,848.25 to his counsel for a total of $152,259.55 pursuant to Bankruptcy Code sections 503(b)(1)(A),

3

503(b)(3)(C) and 503(b)(4).

Bankruptcy Code section 507(a)(2) provides allowed administrative expense claims second priority in payment.

If an administrative claimant does not comport with the language and underlying purpose of § 503, their claim must fail. *In re Jartran*, 732 F.2d at 586. (citation omitted). The general rule in bankruptcy is equality of distribution; deviation from this principle must appear in the statute. *In re Chicago, Milwaukee, St. Paul & Pac. R.R.*, 658 F.2d 1149, 1163 (7th Cir. 1981) ("To prioritize these claims where they are not clearly entitled to such treatment, is not only inconsistent with the policy of equality of distribution but it also dilutes the value of the priority for the claims of creditors Congress in fact intended to prefer.") (citations omitted).

Section 503(b) provides for the allowance of administrative expense claims on several grounds for the actual, necessary costs and expenses of the preservation of the bankruptcy estate. 11 U.S.C. § 503(b).

Section 503(b)(3)(C) allows an administrative expense claim to a creditor for actual and necessary expenses incurred in connection with the prosecution of a criminal offense relating to the case or to the business or property of the debtor.

Subsection (b)(4) provides for reasonable compensation for professional services rendered by an attorney or accountant of any entity whose expenses are allowable under § 503(b)(3)(A)–(E) based on the "time, nature and extent of the value of such services" and reimbursement for "actual, necessary expenses incurred by such attorney or accountant."

To begin with, the court will not grant the Receiver's request because he is not a creditor, which is a statutory requirement. Section 503(b)(3)(C) applies explicitly to creditors.

4

The state court appointed Mr. Levin the Receiver of any and all of Robert Kowalski's income and property on December 16, 2019, several months after the criminal case began. BK Case, Docket 928, Trustee's Objection, Exhibit 3.

The initial indictment against the Debtor and Jan Kowalski was announced on March 10, 2019. However, the U.S. Attorney did not receive information from the Receiver until later. Section 503(b)(3)(C) does not require that the administrative expenses and necessary costs lead to the initiation of a criminal prosecution. However, addressing whether any valuable information was tendered could improperly interfere with the pending criminal case. The court doubts that the U.S. Attorney (or the District Judge presiding in the criminal case) would welcome an inquiry into whether the Receiver's information was valuable or actionable. The Receiver's request under section 503(b)(3)(C) is premature. "Fees are properly payable out of estate assets when a commensurate benefit to the estate is provided." *In re Stoecker*, 128 B.R. 205, 209 (Bankr. N.D. Ill. 1991). Here, the Receiver has provided information to a prosecutor and a newspaper. However, it is not clear that he has assisted in the preservation of the bankruptcy estate.

In order to qualify as "actual" and "necessary" administrative expense, an expenditure must benefit the bankruptcy estate as a whole rather than just a creditor claimant. *See In re Stoecker*, 128 B.R. at 208. The burden of proof to show entitlement is on the requesting party. *See id.* at 209. The Trustee objected to the Receiver's efforts because he thought that the bankruptcy estate's interests and property were at risk. This court will not rule on whether the Trustee's objections and concerns were reasonable; it does not matter because the Receiver has not shown that he has contributed to the preservation of the bankruptcy estate.

5

The gaming bar that the Receiver discovered was returned to its manager, bringing nothing of value into the bankruptcy estate.

The Receiver alleges that he uncovered information that the Debtor used Jan Kowalski's attorney client trust account to conceal funds belonging to the bankruptcy estate. The Trustee had already discovered this and sued Jan Kowalski.

The Receiver cannot show that he has helped to preserve the bankruptcy estate. The Trustee rejects the notion that he helped to preserve the estate; the Receiver cannot point to any benefit that his efforts have conferred. As a result, the court hereby orders that the Receiver's, Neil H. Levin's, Application for Payment as an Administrative Expense Claim is denied.

Date: November 12, 2021

Signed: /s/ Jacqueline P. Cox

Judge Jacqueline P. Cox