**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 18-09130 |
| | ) | |
| ROBERT M. KOWALSKI, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Hon. Jacqueline P. Cox |
| | ) | |
| | ) | Hearing Date:  November 29, 2022 |
| | ) | Hearing Time: 1:00 p.m. |

**COVER SHEET FOR SIXTH INTERIM APPLICATION OF**
**SEYFARTH SHAW LLP FOR COMPENSATION AND REIMBURSEMENT**
**OF EXPENSES AS COUNSEL TO CHAPTER 7 TRUSTEE GUS A. PALOIAN**
**FOR THE PERIOD OF OCTOBER 1, 2021 THROUGH SEPTEMBER 30, 2022**

| | |
|---|---|
| Name of Applicant: | Seyfarth Shaw LLP |
| Authorized to Provide Professional Services to: | Chapter 7 Trustee Gus A. Paloian |
| Date of Appointment: | January 4, 2019, retroactive to November 30, 2018 |
| Period for which Compensation and Reimbursement is Sought: | October 1, 2021 through September 30, 2022 |
| Amount of Interim Compensation Sought: | $99,046.50 |
| Amount of Interim Expense Reimbursement Sought: | $   512.36 |

This is an:  _____  Final  __X__  Interim Application.

Prior Chapter 11 Applications:

| SEYFARTH'S PRIOR FEE APPLICATIONS IN CHAPTER 11 CASE | | | | | | |
|---|---|---|---|---|---|---|
| Interim App. | Filing Date & Docket Number(s) | Interim Period Covered | Total Fees Requested & [Allowed] | Total Expenses Requested & [Allowed] | Aggregate Allowed Fees & Expenses | Fees & Expenses Paid to Date |
| 1st | 11/28/18 [271] | 8/7/18 - 9/30/18 | $116,336.00 [$116,336.00] | $1,167.95 [$1,167.95] | $117,503.95 | $117,503.95 |
| 2nd and final | 4/30/19 [545] | 10/1/18 - 11/30/18 | $212,493.50 [$212,493.50] | $8,171.64 [$8,171.64] | $220,665.14 | $220,665.14 |
| | | | | TOTAL | $338,169.09 | $338,169.09 |

Prior Chapter 7 Applications:

| SEYFARTH'S PRIOR FEE APPLICATIONS IN CHAPTER 7 CASE | | | | | | |
|---|---|---|---|---|---|---|
| Interim App. | Filing Date & Docket Number(s) | Interim Period Covered | Total Fees Requested & [Allowed] | Total Expenses Requested & [Allowed] | Aggregate Allowed Fees & Expenses | Fees & Expenses Paid to Date |
| 1st | 10/11/19 [737] | 12/1/18 - 6/30/19 | $885,164.50 [$885,164.50] | $12,901.96 [$12,901.96] | $898,066.46 | $898,066.46 |
| 2nd | 11/6/19 [768] | 7/1/19 - 9/30/19 | $239,985.00 [$239,985.00] | $5,135.41 [$5,135.41] | $245,120.41 | $245,120.41 |
| 3rd | 3/13/20 [831] | 10/1/19 - 1/31/20 | $267,539.50 [$267,539.00] | $8,232.21 [$8,232.00] | $275,771.00 | $275,771.00 |
| 4th | 11/24/20 [907] | 2/1/20 - 9/30/20 | $370,728.00 [$370,728.00] | $11,102.08 [$11,102.08] | $381,830.08 | $381,830.08 |
| 5th | 11/16/21 [944] | 10/1/20 - 9/30/21 | $99,046.50 [$99,046.50] | $2,042.03 [$2,042.03] | $221,667.53 | $221,667.53 |
| | | | | TOTAL | $2,022,455.48 | $2,022,455.48 |

Dated:  November 3, 2022

Respectfully submitted,

GUS A. PALOIAN, not individually or personally, but solely in his capacity as the Chapter 7 Trustee of the Debtor's Estate,

By:/s/ Andrew Medearis
      Andrew Medearis

    Gus A. Paloian (06188186)
    Andrew Medearis (6337979)
    SEYFARTH SHAW LLP
    233 South Wacker Drive, Suite 8000
    Chicago, Illinois 60606
    Telephone:  (312) 460-5000
    Facsimile:  (312) 460-7000
    gpaloian@seyfarth.com
    amedearis@seyfarth.com

    *Counsel to Chapter 7 Trustee,*
    *Gus A. Paloian*

86400860v.1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Case No. 18-09130 |
| | ) |
| ROBERT M. KOWALSKI, | ) Chapter 7 |
| | ) |
| Debtor. | ) Hon. Jacqueline P. Cox |
| | ) |
| | ) Hearing Date:  November 29, 2022 |
| | ) Hearing Time: 1:00 p.m. |

**NOTICE OF SIXTH INTERIM APPLICATION FOR COMPENSATION AND**
**EXPENSE REIMBURSEMENT OF SEYFARTH SHAW LLP**
**<u>AS COUNSEL FOR THE CHAPTER 7 TRUSTEE AND HEARING</u>**

**TO:     PARTIES ON ATTACHED GENERAL SERVICE LIST**

**PLEASE TAKE NOTICE** that on November 7, 2022, Seyfarth Shaw LLP (the

"<u>Applicant</u>") filed its **Sixth Interim Application for Compensation and Reimbursement of**

**Expenses as Counsel to Chapter 7 Trustee Gus A. Paloian for the Period of October 1, 2021**

**through September 30, 2022** (the "<u>Application</u>") with the United States Bankruptcy Court for

the Northern District of Illinois, Eastern Division (the "<u>Bankruptcy Court</u>").  In the Application,

Applicant seeks interim compensation in the amount of $99,046.50 and interim reimbursement

of expenses in the amount of $512.36  Notice of the Application is being served upon: (A) the

Office of the United States Trustee; (B) all creditors and parties-in-interest; and (C) all CM/ECF

notice recipients.  All other entities may obtain copies of the Application upon request to:  Ms.

Jennifer M. McManus, Seyfarth Shaw LLP, 233 South Wacker Drive, Suite 8000, Chicago,

Illinois 60606; jmcmanus@seyfarth.com.

**PLEASE TAKE FURTHER NOTICE** that on **Tuesday, November 29, 2022, at 1:00**

**p.m.,** the undersigned  will appear before the Honorable Jacqueline P. Cox, or any judge sitting in

Judge Cox's place, either in Courtroom 680 at 219 S. Dearborn Street, Chicago, Illinois 60604, or

electronically as described below, and present the Application.

86400860v.1

**All parties in interest, including the movant, may appear for the presentment of the motion either in person or electronically using Zoom for Government.**

**To appear by video**, (1) use this link: https://www.zoomgov.com/join; (2) Enter the meeting ID 1612732896. (3) Enter the passcode 778135.

**To appear by telephone**, (1) call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. (2) Enter the meeting ID 1612732896. (3) Enter passcode 778135.

**Meeting ID and passcode.** The meeting ID for this hearing is 161 273 2896 and the passcode is 778135. The meeting ID and passcode can also be found on Judge Cox's webpage on the court's website, https://www.ilnb.uscourts.gov and click on the tab for Judges.

**If you object to this motion** and want it called on the presentment date above, you may file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may call the matter regardless.

Dated:  November 7, 2022

Respectfully submitted,

GUS A. PALOIAN, not individually or personally, but solely in his capacity as the Chapter 7 Trustee of the Debtor's Estate,

By:/s/ Andrew Medearis
　　　Andrew Medearis

Gus A. Paloian (06188186)
Andrew Medearis (6337979)
SEYFARTH SHAW LLP
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606
Telephone:  (312) 460-5000
Facsimile:  (312) 460-7000
gpaloian@seyfarth.com
amedearis@seyfarth.com

*Counsel to Chapter 7 Trustee,*
*Gus A. Paloian*

2

86400860v.1

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney certifies that on this 7th day of November, 2022, pursuant to Section II, B, 4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Fed.R.Civ.P. 5(a), he caused a copy of the attached:

1.      **Sixth Interim Application of Seyfarth Shaw LLP for Compensation and Reimbursement of Expenses as Counsel to Chapter 7 Trustee Gus A. Paloian for the Period of October 1, 2021 through September 30, 2022** to be served electronically on those entities who receive notice through the ECF system and who are listed on the attached Service List; and

2.      **Notice of Sixth Interim Application for Compensation and Expense Reimbursement of Seyfarth Shaw LLP and Hearing** to be served (1) electronically on those entities who receive notice through the ECF system and who are listed on the attached Service List, and (2) upon each of the parties identified on the attached General Service List by causing the same to be deposited into the United States Mail chute located at 233 South Wacker Drive, Chicago, Illinois 60606, in properly-addressed envelopes with sufficient first-class postage prepaid.

/s/ Andrew Medearis
Andrew Medearis

86400860v.1

# ROBERT M. KOWALSKI
## SERVICE LIST

### SERVICE VIA CM/ECF

| | |
|---|---|
| Frank Avila | frankavilalaw@gmail.com |
| Matthew R. Barrett | mbarrett@hmblaw.com, ecfnotices@hmblaw.com |
| Ernesto D. Borges | notice@billbusters.com, billbusters@iamthewolf.com; billbusters@ecf.inforuptcy.com; borgeser80263@notify.bestcase.com; ledfordsr80263@notify.bestcase.com |
| Bianca E. Ciarroni | bciarroni@freeborn.com, bkdocketing@freeborn.com |
| Nathan E. Delman | ndelman@hmblaw.com, ecfnotices@hmblaw.com |
| Kevin M. Flynn | kevin@kmflynnlaw.com |
| Sheryl A. Fyock | sfyock@llflegal.com |
| Neil P. Gantz | neilgantz@yahoo.com, negrita0615@yahoo.com |
| Cameron M. Gulden | USTPRegion11.es.ecf@usdoj.gov |
| Jeffrey K. Gutman | jeffreykg4018@aol.com, jkg4018@gmail.com |
| David Hernandez | david@rehablaw.com, G7699@notify.cincompass.com; fileabankruptcy@gmail.com |
| Geraldine W. Holt | gwholt@holtlawgroup.com |
| Shira R. Isenberg | sisenberg@freeborn.com, bkdocketing@freeborn.com; jhazdra@ecf.inforuptcy.com |
| Ronald J. Kapustka | ndaily@ksnlaw.com |
| Zeke Katz | zkatz@pjjlaw.com, jwarren@pjjlaw.com |
| Cari A. Kauffman | ckauffman@sormanfrankel.com, dfrankel@sormanfrankel.com |
| Patrick S. Layng | USTPRegion11.ES.ECF@usdoj.gov |
| Candice M. Manyak | candice.manyak@usdoj.gov |
| Gregory A. McCormick | mccormick@garfield-merel.com |
| Katherine H. Oblak | koblak@hmblaw.com |
| Nicholas R. Perino | nperino@monamirealty.com, nperino@monamirealty.com |
| James M. Philbrick | jmphilbrick@att.net |
| Richard B. Polony | rpolony@hinshawlaw.com, sedelmai@hinshawlaw.com, courtfiling@hinshawlaw.com, cortiz@hinshawlaw.com |
| Karen J. Porter | porterlawnetwork@gmail.com, laz0705@comcast.net |
| Stephen H. Pugh | spugh@pjjlaw.com, jwarren@pjjlaw.com |
| Eric S. Rein | rrein@hmblaw.com, ecfnotices@hmblaw.com |
| Todd J. Ruchman | amps@manleydeas.com |
| Charles S. Stahl, Jr. | cstahl@smbtrials.com |
| Peter D. Sullivan | psullivan@hinshawlaw.com |
| Jason M. Torf | jason.torf@icemiller.com |
| Kerry A. Walsh | kerry.walsh@fnf.com, linda.pawling@fnf.com |

### VIA EMAIL SERVICE

robert.224@icloud.com

jdma22@hotmail.com

48126202v.1

**VIA UNITED STATES MAIL**

5305-07 V. Leland Avenue Condominium
Association
c/o Kovitz Shifrin Nesbit
175 N. Archer Ave.
Mundelein, IL 60060-2301

Law Office of Richard J. Wasik
1152 Newport #1
Chicago, IL 60657

AT&T Corp
c/o AT&T Services, Inc.
Karen Cavagnaro, Esq.
One AT&T Way, Room 3A104
Bedminster, NJ 07921-2693

ACAR Leasing LTD d/b/a GM Financial
Leasing
PO Box 183853
Arlington, TX 76096-3853

Ally Financial
Attn: Bankruptcy
PO Box 380901
Bloomington, MN 55438-0901

Ally Bank
PO Box 130424
Roseville MN 55113-0004

Bombardier/CBNA
P. O. Box 6000
Sioux Falls, SD 57117-6000

AmeriCredit/GM Financial
Attn: Bankruptcy
PO Box 183853
Arlington, TX 76096-3853

Capital One Auto Finance
AIS Portfolio Services, LP
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

Capital One Auto Finance
Attn: General Correspondence/BR
PO Box 30285
Salt Lake City, UT 84130-0285

Capital One
PO Box 30253
Salt Lake City, UT 84130-0253

Capital One Bank (USA), N.A.
PO Box 71083
Charlotte, NC 28272-1083

Cardworks/CW Nexus
Attn: Bankruptcy
PO Box 9201
Old Bethpage, NY 11804-9001

Chase Card Services
Attn: Correspondence Dept
PO Box 15298
Wilmington, DE 19850-5298

Chase Mortgage
PO Box 24696
Columbus, OH 43224-0696

Citibank/The Home Depot
Citicorp Credit Services/Centralized
Bankruptcy
PO Box 790040
St Louis, MO 63179-0040

48126202v.1

Citicards CBNA
Citicorp Credit Svc/Centralized Bankruptcy
PO Box 790040
Saint Louis, MO 63179-0040

Costco Go Anywhere Citicard
Centralized Bk/Citicorp Credit Card Services
PO Box 790040
St Louis, MO 63179-0040

Credit One Bank NA
PO Box 98873
Las Vegas, NV 89193-8873

Discover Bank
Discover Products Inc
PO Box 3025
New Albany, OH 43054-3025

IL Dept. of Revenue Bankruptcy Section
PO Box 19035
Springfield, IL 62794-9035

First Premier Bank
601 S Minnesota Ave
Sioux Falls, SD 57104-4868

Illinois Bell Telephone Company
c/o AT&T Services, Inc.
Karen Cavagnaro, Esq.
One AT&T Way, Room 3A104
Bedminster, NJ 07921-2693

Huntington National Bank
Attn:  Bankruptcy
PO Box 340996
Columbus, OH 43234-0996

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Illinois Department of Revenue
PO Box 64338
Chicago, IL 60664-0291

JPMorgan Chase Bank, NA
c/o Manley Deas Kochalski LLC
P.O. Box 165028
Columbus, OH 43216-5028

JPMorgan Chase Bank, N.A.
Chase Records Center
Attn: Correspondence Mail
Mail Code LA4-5555
700 Kansas Lane
Monroe, LA 71203-4774

Jan Kowalski
MCC Chicago
71 W. Van Buren
Chicago, IL  60605

Martha Padilla
1512 W. Polk
Chicago, IL 60607-3119

Merrick Bank
Resurgent Capital Services
PO Box 10368
Greenville, SC  29603-0368

Midland Loan Services
c/o FDIC Portfolio Servicing
P. O. Box 25965
Shawnee Mission, KS  66225-5965

Syncb/PLCC
Attn:  Bankruptcy
PO Box 965060
Orlando, FL  32896-5060

Parkway Bank & Trust
4800 N. Harlem Avenue
Harwood Heights, IL  60706-3577

48126202v.1

Washington Federal Bank for Savings
c/o FDIC (**undeliverable**)
1601 Bryan Street
Dallas, TX  75201-3401

Joel Levin
Levin & Associates
180 N. LaSalle Street, Suite 1822
Chicago, IL  60601-2604

Jan Kowalski
1009 61st St.
LaGrange, IL 60525-7419

Robert Kowalski
1009 61st St.
LaGrange, IL 60525-7419

Robert Kowalski
5233 W. 87th Street
Oak Lawn, IL  60453

City of Chicago
Attn: Asst. Corporation Counsel Supervisor
(Bankruptcy Unit)
121 N. LaSalle St., Ste 400
Chicago, IL 60602

Premier Bankcard, LLC
Jefferson Capital Systems LLC Assignee
PO Box 7999
Saint Cloud, MN  56302-7999

Rosemary Kowalski
1009 61st St.
LaGrange, IL 60525-7419

The Huntington National Bank
P.O. Box 89424
Cleveland, OH  44101-6424

City of Chicago
c/o Anna Valencia, City Clerk
121 North LaSalle St
Room 107
Chicago, IL 60602.

48126202v.1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 18-09130 |
| | ) | |
| ROBERT M. KOWALSKI, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Hon. Jacqueline P. Cox |
| | ) | |
| | ) | Hearing Date:  November 29, 2022 |
| | ) | Hearing Time: 1:00 p.m. |

## SIXTH INTERIM APPLICATION OF SEYFARTH SHAW LLP FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO CHAPTER 7 TRUSTEE GUS A. PALOIAN FOR THE PERIOD FROM OCTOBER 1, 2021 THROUGH SEPTEMBER 30, 2022

Pursuant to Sections 105(a), 330, and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Seyfarth Shaw LLP ("Seyfarth"), as counsel to Gus A. Paloian, not individually or personally, but solely in his capacity as the duly-appointed Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Robert M. Kowalski (the "Debtor"), hereby submits its Sixth Interim Application for Compensation and Reimbursement of Expenses (the "Application") for legal services performed, and expenses incurred, during the period of October 1, 2021 through September 30, 2022 (the "Application Period").  In support of this Application, Seyfarth respectfully represents as follows:

## I.      INTRODUCTION

1.      As described more fully below, during the Application Period, Seyfarth:

(a)      Successfully objected to the administrative expense claim of Neal Levin;

(b)      Obtained court approval of settlements regarding Estate property;

(c)      Continued to prosecute adversary proceedings, described herein, in connection with avoidance actions against third parties; and

86400860v.1

(d)    Continued to represent the Estate in various case management affairs, including objecting to claims and the obtaining estate funds.

2.    Seyfarth respectfully seeks an Order of this Court awarding payment from the Estate of: (a) interim allowance of compensation in the amount of $99,046.50 for professional services rendered by Seyfarth on behalf of the Trustee during the Application Period; and (b) interim reimbursement of actual and necessary expenses in the amount of $512.36 incurred by Seyfarth in rendering such professional services to the Trustee during the Application Period.

3.    Seyfarth has voluntarily reduced its fees by $ 4,438.50.

## II.    JURISDICTION AND STATUTORY PREDICATES

4.    This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.  Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. Consideration of this Application is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), and (O).

5.    Seyfarth makes this Application pursuant to: (a) sections 105(a), 330, and 331 of the Bankruptcy Code; (b) Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); (c) applicable provisions of the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted by the Office of the United States Trustee (the "Guidelines"); (d) Rule 5082-1 of the Bankruptcy Court's Local Rules; (e) that certain Order of the Court entered on January 11, 2019, in the above-captioned case (the "Case") authorizing Seyfarth's retention as Chapter 7 counsel to the Trustee retroactive to November 30, 2018 ("Seyfarth Retention Order"); and (f)  applicable case law.

### III.    **BACKGROUND**

6.      On March 29, 2018, a voluntary petition for relief under Chapter 11 of the

Bankruptcy Code was filed by the Debtor.

7.      On May 31, 2018, the United States Trustee moved to convert or dismiss the case,

or alternatively, for the Court to appoint a Chapter 11 Trustee. (Dkt. 47).

8.      With support and a formal joinder by the Federal Deposit Insurance Corporation

("FDIC"), as a receiver for Washington Federal Bank for Savings, the United States alternative

request for relief seeking the appointment of a Chapter 11 trustee was granted.

9.      On August 3, 2018, the United States Trustee moved for the approval of its

appointment of Gus A. Paloian as the Chapter 11 Trustee for the Estate (Dkt. 101).

10.      On August 7, 2018, an Order was entered approving the appointment of Gus A.

Paloian as Chapter 11 Trustee of the Estate (Dkt. 106).

11.      On September 25, 2018, the Trustee filed a Motion to Convert Case to Chapter 7.

(Dkt. 173).

12.      On November 30, 2018, the Court entered an order converting the case to a

Chapter 7.  (Dkt. 276).

13.      On December 19, 2018, the Trustee filed an Application to Employ Seyfarth

Shaw LLP as his Chapter 7 Counsel. (Dkt. 310).

14.      On January 11, 2019 an Order was entered approving the employment of

Seyfarth, retroactively, until November 30, 2018.  (Dkt. 366).

15.      In accordance with section 504(b)(1) of the Bankruptcy Code and Bankruptcy

Rule 2016, Seyfarth has received no promises for payment for services rendered or to be

rendered in any capacity whatsoever in connection with the Case, other than specifically

provided for in the Seyfarth Retention Order.  Additionally, other than as permitted by section

86400860v.1

504(b)(1) of the Bankruptcy Code and Bankruptcy Rule 2016(a), no agreement or understanding

exists between Seyfarth and any other entity for a division of compensation and reimbursement

received or to be received for services rendered in or in connection with the Case.

## IV.   SUMMARY OF SERVICES RENDERED, AND EXPENSES INCURRED, BY SEYFARTH

### A.   Overview

16.    This Application is the Sixth Interim Fee Application for compensation and

expense reimbursement that Seyfarth has filed as counsel to the Chapter 7 Trustee.

17.    On October 11, 2019, Seyfarth filed its First Interim Chapter 7 Fee Application

requesting $885,164.50 for legal services rendered, and reimbursement of expenses in the

amount of $12,901.96 (Dkt. 737).  On November 6, 2019, the Court entered an Order (Dkt. 770),

approving interim fees in the amount of $885,164.50 and expense reimbursement of $12,901.96.

18.    On November 6, 2019, Seyfarth filed its Second Interim Chapter 7 Fee

Application requesting $239,985.00 for legal services rendered, and reimbursement of expenses

in the amount of $5,135.41 (Dkt. 768).  On December 18, 2019, the Court entered an Order (Dkt.

795), approving interim fees in the amount of $239,985.00 and expense reimbursement of

$5,135.41.

19.    On March 13, 2020, Seyfarth filed its Third Interim Chapter 7 Fee Application

requesting $99,046.50 for legal services rendered, and reimbursement of expenses in the amount

of $8,232.21 (Dkt. 831).  On April 9, 2020, the Court entered an Order (Dkt. 847), approving

interim fees in the amount of $267,539.00 and expense reimbursement of $8,232.00.

20.    On November 24, 2020, Seyfarth filed its Fourth Interim Chapter 7 Fee

Application requesting $370,728.00 for legal services rendered, and reimbursement of expenses

in the amount of $11,102.08 (Dkt. 907).  On December 15, 2020, the Court entered an Order

(Dkt. 912), approving interim fees in the amount of $370,728.00 and expense reimbursement of $11,102.08.

21.     On November 16, 2021, Seyfarth filed its Fifth Interim Chapter 7 Fee Application requesting $219,625.50 for legal services rendered, and reimbursement of expenses in the amount of $2,042.03 (Dkt. 944).  On December 7, 2021, the Court entered an Order (Dkt. 946), approving interim fees in the amount of $219,625.50 and expense reimbursement of $2,042.03.

22.     During the Application Period, Seyfarth: (a) provided legal services to the Trustee in the amount of $99,046.50 (the "Fees"), and (b) advanced costs in the amount of $512.36 (the "Expenses") in connection with the legal services that it provided to the Trustee.

23.     The following table consists of a breakdown of the amount of Fees incurred by each Seyfarth professional, including each such professional's title, hourly rate, total hours expended in providing legal services in the Case, and the value attributable to such legal services:

| PROFESSIONAL | TITLE | 2021 HOURLY RATE | 2022 HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|---|
| Gus A. Paloian | Partner | $830.00 | $880.00 | 67.50 | $58,300.00 |
| Toby Pinsky | Partner | N/A | $650.00 | 1.40 | $910.00 |
| Ryan Pinkston | Partner | $565.00 | $640.00 | 10.50 | $6,705.00 |
| Andrew Medearis | Associate | $435.00 | $500.00 | 36.50 | $16,956.50 |
| Paul J. Yovanic Jr. | Associate | $470.00 | $550.00 | 2.80 | $1,356.00 |
| Jennifer M. McManus | Paralegal | $400.00 | $425.00 | 35.20 | $14,517.50 |
| Ann Schneider | Paralegal | N/A | $405.00 | 0.30 | $121.50 |
| Katherine Brosch | Former Paralegal | $170.00 | N/A | 0.40 | $68.00 |

86400860v.1

| PROFESSIONAL | TITLE | 2021 HOURLY RATE | 2022 HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|---|
| Madeline Purcell | Paralegal | N/A | $160.00 | .70 | $112.00 |
| **TOTAL:** | | | | **155.30** | **$99,046.50** |

24.     Biographies for the attorneys listed above who performed the bulk of the services in this matter during the Application Period were previously submitted to the Court as part of the First Interim Fee Application and Fifth Interim Fee Application [*see* Dkt Nos. 737 and 944 at Exhibit 1].

25.     During the Application Period, Seyfarth made every reasonable effort to have services that it rendered to the Trustee performed by those qualified professionals charging the lowest hourly rates consistent with the level of service, experience, and efficiency required of a given task.

26.     All of the compensation for which Seyfarth requests allowance and payment, and all of the expenses for which Seyfarth requests reimbursement, in this Application relate to the discharge of Seyfarth's services, as requested by the Trustee, during the Application Period.

27.     Seyfarth respectfully submits that its services rendered to the Trustee and expenses incurred during the Application Period have, in all respects, been reasonable, necessary, and beneficial to the Estate, as further discussed herein.

### B.      Time and Expense Records

28.     Seyfarth maintains written records of the time expended by its professionals. These time records are maintained: (a) contemporaneously with the rendition of services by each Seyfarth professional, and (b) separately from those of the Trustee, in accordance with procedures established within this District.

86400860v.1

29.     Such records for the Case, copies of which are grouped and attached hereto as **Exhibit 1** and which are incorporated herein by reference, set forth in detail: (a) the services which Seyfarth rendered on behalf of the Trustee, (b) the dates upon which such services were rendered, (c) the amount of time spent on the services in one-tenth of one hour increments, and (d) the identity of each Seyfarth professional who performed such services.

30.     Seyfarth also maintains records of all actual and necessary out-of-pocket expenses incurred in connection with rendering services to the Trustee.  A complete listing of the Expenses and the amounts for which reimbursement is sought are attached hereto as **Exhibit 2** and incorporated herein by reference.

## C.    Breakdown of Fees by Category of Services Rendered

31.     For the Court's convenience, Seyfarth has categorized its services to the Trustee during the Application Period into five (5) categories, as follows: (a) Case Administration; (b) Corporate/Entity; (c) Adversary Proceedings/Litigation; (d) Sale of Assets/Real Estate/Title Issues; and (e) Fee Applications.

### CASE ADMINISTRATION (34.70 HOURS VALUED AT $20,960.00)

During the Application Period, Seyfarth expended 34.70 hours, worth a value of $20,960.00 on behalf of the Trustee on matters related to case administration including:

A.      Conferences, teleconferences, and/or correspondence regarding assets and liabilities of the Estate, generally;

B.      Communications between counsel regarding case and asset administration;

C.      Communications with creditors' counsel, including the FDIC;

D.      Objecting to the administrative expense claim by Neal Levin; and

E.      Communications with the United States Trustee and FDIC Special Agent regarding the Estate's receipt of cash from seized funds.

86400860v.1

32.    A breakdown of the professionals providing services in this category is as

follows:

| PROFESSIONAL | TITLE | 2021 HOURLY RATE | 2022 HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|---|
| Gus A. Paloian | Partner | $830.00 | $880.00 | 14.30 | $12,054.00 |
| Andrew Medearis | Associate | $435.00 | $500.00 | 18.90 | $8,273.50 |
| Jennifer M. McManus | Paralegal | $400.00 | $425.00 | 1.50 | $632.50 |
| **TOTAL:** | | | | **34.70** | **$20,960.00** |

### CORPORATE ENTITY (2.40 HOURS VALUED AT $1,156.00)

33.    During the Application Period, Seyfarth expended 2.40 hours, worth a value of

$1,156.00 on behalf of the Trustee in connection with corporate entity matters, including:

A.    Compliance with state law for corporate entities created to assist in the

administration of this Estate; and

B.    Preparing LLC Annual Reports.

34.    A breakdown of the professionals providing services in this category is as

follows:

| PROFESSIONAL | TITLE | 2021 HOURLY RATE | 2022 HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|---|
| Gus A. Paloian | Partner | $790.00 | $830.00 | 1.00 | $855.00 |
| Ann Schneider | Paralegal | N/A | $380.00 | 0.30 | $121.50 |
| Katherine Brosch | Paralegal | $170.00 | N/A | 0.40 | $68.00 |
| Madeline Purcell | Paralegal | N/A | $160.00 | 0.70 | $112.00 |
| **TOTAL:** | | | | **2.40** | **$1,156.50** |

8

**ADVERSARY PROCEEDINGS (60.80 HOURS VALUED AT $42,290.50)**

35.     During the Application Period, Seyfarth expended 60.80 hours, worth a value of $42,290.50 on behalf of the Trustee in connection with the following adversary proceedings:

A.     19-AP-109 (Paloian v. Avila): In this action against Frank Avila for turnover of funds received from or on behalf of the Debtor, Seyfarth ably represented the Trustee in protracted collection discussions with Avila; and

B.     19-AP-626 (Paloian v. Byline Bank): In this action against Byline Bank for violation of the automatic stay and conversion, Seyfarth drafted written discovery and initiated settlement discussions; drafted motions in limine; drafted motion to set trial date and related legal research; prepared witness and exhibits lists; performed legal research regarding the Fifth Amendment.

36.     A breakdown of the professionals providing services in this category is as follows:

| PROFESSIONAL | TITLE | 2021 HOURLY RATE | 2022 HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|---|
| Gus A. Paloian | Partner | $830.00 | $880.00 | 29.30 | $25,629.00 |
| Ryan Pinkston | Partner | $565.00 | $650.00 | 10.50 | $6,705.00 |
| Paul J. Yovanic Jr. | Associate | $470.00 | $550.00 | 2.80 | $1,356..00 |
| Andrew Medearis | Associate | $435.00 | $500.00 | 12.80 | $6,348.00 |

86400860v.1

| PROFESSIONAL | TITLE | 2021 HOURLY RATE | 2022 HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|---|
| Jennifer M. McManus | Paralegal | $400.00 | $425.00 | 5.40 | $2,252.50 |
| **TOTAL:** | | | | **60.80** | **$42,290.50** |

### Sale of Assets/Real Estate/Title Issues
### (27.00 Hours Valued At $20,515.50)

37.       During the Application Period, Seyfarth expended 27.00 hours, worth a value of

$20,515.50 on behalf of the Trustee on matters in connection with the sale of real property,

including:

A.       Settlement communications with title insurance counsel regarding unpaid

real estate taxes;

B.       Drafting Settlement and Motion to Settle under Rule 9019;

C.       Investigating properties for potential sale; and

D.       Performing property title searches, reviewing search result and property

reports;

38.       A breakdown of the professionals providing services in this category is as

follows:

| PROFESSIONAL | TITLE | 2021 HOURLY RATE | 2022 HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|---|
| Gus A. Paloian | Partner | $830.00 | $880.00 | 19.10 | $16,558.00 |
| Toby Pinsky | Partner | N/A | $650.00 | 1.40 | $910.00 |
| Andrew Medearis | Associate | $435.00 | $500.00 | 3.80 | $1,900.00 |
| Jennifer M. McManus | Paralegal | $300.00 | $425.00 | 2.70 | $1,147.50 |

86400860v.1

| PROFESSIONAL | TITLE | 2021 HOURLY RATE | 2022 HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|---|
| **TOTAL:** | | | | **27.00** | **$20,515.50** |

### FEE APPLICATIONS (30.40 HOURS VALUED AT $14,124.00)

39.     During the Application Period, Seyfarth expended 30.40 hours, worth a value of $14,124.00 in preparing Seyfarth's Fee Applications.

40.     In this Application, Seyfarth spent 19.60 hours for a total of $9,079.00 in connection with preparing, reviewing, finalizing and filing its fifth interim Chapter 7 fee application, representing approximately 4.1% of the total of that application.

41.     In this Application, Seyfarth spent 10.80 hours for a total of $5,045.00 in connection with drafting its Sixth Interim Chapter 7 fee application, representing approximately 5.08% of the total of the application.

42.     A breakdown of the professionals providing services in this category is as follows:

| PROFESSIONAL | TITLE | 2021 HOURLY RATE | 2022 HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|---|
| Gus A. Paloian | Partner | N/A | $880.00 | 3.80 | $3,204.00 |
| Andrew Medearis | Associate | $435.00 | N/A | 1.00 | $435.00 |
| Jennifer M. McManus | Paralegal | $400.00 | $425.00 | 25.60 | $10,485.00 |
| **TOTAL:** | | | | **30.40** | **$14,124.00** |

### D.     Incurred Expenses

43.     As set forth in attached **Exhibit 2**, Seyfarth advanced $512.36 in Expenses on behalf of the Estate during the Application Period.

44.    A portion of the Expenses consists of in-house photocopying charges, which Seyfarth has voluntarily reduced to $0.10 per page.

45.    The expenses for which Seyfarth seeks reimbursement are representative and typical of the types of expenses that Seyfarth ordinarily and customarily charges its non-bankruptcy clients.  Such expenses are neither taken into consideration in determining, nor built as "overhead" into, Seyfarth's hourly rates.

46.    Instead, Seyfarth generally adheres to the so-called "user fee" billing system for out-of-pocket expenses—that is, Seyfarth charges expenses to the particular clients who use them, in this instance the Estate at cost.

47.    The following chart summarizes the complete out-of-pocket costs associated with the categories of Seyfarth expenses:

| CATEGORY | EXPENSE |
|---|---|
| Filing Fees | $306.76 |
| Duplicating Charges | $10.40 |
| Online Research | $50.20 |
| Outside Printing | $35.00 |
| Data Hosting/Intake and Management | $110.00 |
| **TOTAL** | **$512.36** |

## V.    RELIEF REQUESTED

48.    Seyfarth respectfully requests that the Court: (a) allow and award it on an interim basis (i) the Fees, consisting of $99,046.50 for legal services rendered to the Trustee, and (ii) the Expenses, in the amount of $512.36, incurred in connection with such services (collectively, the "Requested Fees and Expenses"); and (b) authorize the Trustee to make prompt payment of the Requested Fees and Expenses to Seyfarth from the Estate.

12

86400860v.1

49.     A proposed order providing for the requested relief is attached hereto for the

Court's consideration.

## VI.     BASIS FOR THE REQUESTED RELIEF

### A.     Compensation Standards

50.     Pursuant to section 331 of the Bankruptcy Code, a professional person employed

under section 327 may generally apply for interim compensation from a bankruptcy court.

See 11 U.S.C. § 331.  Under Section 330(a)(1)(A), the Court may then award the professional

person "reasonable compensation for actual, necessary services rendered[.]" 11 U.S.C.

§ 330(a)(1)(A).

51.     In determining the "extent and value of compensation," this Court has endorsed

and applied the "'lodestar' approach—multiplying the number of actual and necessary hours

reasonably expended by a reasonable hourly rate[.]"  In re Wildman, 72 B.R. 700, 712 (Bankr.

N.D. Ill. 1987) (Schmetterer, J.); accord In re UNR Indus., Inc., 986 F.2d 207, 210-11 (7th Cir.

1993) (lodestar approach provides fair compensation under section 330); see also City of

Burlington v. Dague, 505 U.S. 557, 562, 112 S. Ct. 2638, 2641, 120 L. Ed. 2d 449 (1992) ("The

'lodestar' figure has, as its name suggests, become the guiding light of our fee-shifting

jurisprudence.  We have established a 'strong presumption' that the lodestar represents the

'reasonable' fee[.]").

52.     To arrive at an attorney's reasonable hourly rate, the Seventh Circuit has

"emphasize[d] that section 330 . . . *requires* lawyers in bankruptcy matters to receive the same

compensation as they would earn in performing similar services outside the context of

13

bankruptcy."[1] In re UNR Indus., Inc., 986 F.2d at 210 (emphasis added).  The statutory aim is

twofold: (a) "that attorneys be reasonably compensated," and (b) "that future attorneys not be

deterred from taking bankruptcy cases due to a failure to pay adequate compensation."  Id.; see

also In re Farley, Inc., 156 B.R. at 210 ("The purpose of § 330 was to encourage bankruptcy

practitioners not to leave the field in favor of more lucrative areas of the law.") (citing legislative

history to Section 330).

      53.     As a cornerstone of this market rate approach, the Seventh Circuit has repeatedly

"stressed that the best measure of the cost of an attorney's time is what that attorney could earn

from paying clients"—that is, the attorney's "standard hourly rate."  Gusman v. Unisys Corp.,

986 F.2d 1146, 1150 (7th Cir. 1993); accord Small v. Richard Wolf Med. Instruments Corp., 264

F.3d 702, 707 (7th Cir. 2001) ("The attorney is entitled to his market rate and not some

'medieval just price' determined by the court.") (quoting Steinlauf v. Continental Ill. Corp. (In re

Continental Ill. Sec. Litig.), 962 F.2d 566, 568 (7th Cir. 1992)).

      54.     Therefore, the Seventh Circuit has mandated that an "attorney's actual billing rate

. . . is considered to be the presumptive market rate."  Small, 264 F.3d at 707.  Moreover, "[t]he

lawyer's regular rate is *strongly presumed* to be the market rate for his or her services."  Moriarty

v. Svec, 233 F.3d 955, 965 (7th Cir. 2000) (emphasis added), cert. denied, 532 U.S. 1066, 121 S.

Ct. 2216, 150 L. Ed. 2d 209 (2001); see also Central States, S.E. & S.W. Areas Pension Fund v.

Central Cartage Co., 76 F.3d 114, 116 (7th Cir.) ("[A] lawyer's regular hourly fee, one counsel

would charge 'to the meanest villain', *is* the market rate for that lawyer's services.") (emphasis

added and quoting Barrow v. Falck, 977 F.2d 1100, 1106 (7th Cir. 1992)), cert. denied sub nom.

---

[1] "In section 330 and its legislative history Congress expressed its intent that compensation in bankruptcy matters be
commensurate with the fees awarded for comparable services in non-bankruptcy cases."  In re UNR Indus., Inc., 986
F.2d at 208-09; see In re Farley, Inc., 156 B.R. 203, 210 (Bankr. N.D. Ill. 1993) (Schmetterer, J.) (quoting same).

<u>Mason & Dixon Lines v. Central States, S.E. & S.W. Areas Pension Fund</u>, 519 U.S. 811, 117 S.

Ct. 56, 136 L. Ed. 2d 19 (1996).

55.      Under this principle, "lawyers who fetch above-average rates are presumptively

entitled to them, rather than to some rate devised by the court."  <u>Gusman</u>, 986 F.2d at 1150;

<u>accord</u> <u>In re Spanjer Bros., Inc.</u>, 191 B.R. 738, 755 (Bankr. N.D. Ill. 1996) (Squires, J.)

("Generally, so long as the rates being charged are the applicant's normal rates charged in

bankruptcy and non-bankruptcy matters alike, they will be afforded a presumption of

reasonableness.").

56.      "Only if an attorney is unable to provide evidence of her actual billing rates

should a [ ] court look to other evidence, including 'rates similar experienced attorneys in the

community charge paying clients for similar work.'"  <u>Mathur v. Board of Trs. of S. Ill. Univ.</u>,

317 F.3d 738, 743 (7th Cir. 2003) (quoting <u>Spegon v. Catholic Bishop of Chicago</u>, 175 F.3d 544,

555 (7th Cir. 1999)); <u>see also</u> <u>Gusman</u>, 986 F.2d at 1151 ("the ability to identify a different

average rate in the community" is an impermissible reason to depart from an attorney's billing

rate).

57.      Accordingly, because Seyfarth bills the vast majority of its time at a set rate for

paying clients and spends only a very small percentage of time on cases covered by fee-shifting

statutes, "there is a strong presumption that such counsel could have billed out remaining time at

the rate normally charged."  <u>In r<i>e</i> Farley, Inc.</u>, 156 B.R. at 211.

58.      Additionally, under generally accepted standards, if the services of an attorney

employed under section 327 are reasonably likely to benefit a debtor's estate, they should be

compensable.  <u>See</u> <u>Andrews & Kurth L.L.P. v. Family Snacks, Inc.</u> (<u>In re Pro-Snax Distributors,

Inc.</u>),157 F.3d 414, 421 (5th Cir. 1998); <u>In re Ames Dep't Stores, Inc.</u>, 76 F.3d 66, 71 (2d Cir.

1996); 2 Lawrence P. King, <u>Collier on Bankruptcy</u> ¶ 330.04 at 330-43 (15th ed. rev. 1999); <u>cf.</u>

11 U.S.C. § 330(a)(4)(A)(ii)(I). In this same context, "[n]ecessary services are those that aid the

professional's client in fulfilling its duties under the Code." <u>In re Ben Franklin Retail Store, Inc.</u>,

227 B.R. 268, 270 (Bankr. N.D. Ill. 1998) (Barliant, J.).

59.     Thus, the determination of benefit to the Estate is not constrained to a dollar-for-

dollar measurement, such that each dollar's worth of legal services must bring a cash dollar into

the Estate in order to justify equivalent compensation to counsel. <u>See In re Lifschultz Fast</u>

<u>Freight, Inc.</u>, 140 B.R. 482, 488 (Bankr. N.D. Ill. 1992) (Barliant, J.) ("Necessary services have

always included services that aid in the administration of the case and help the client fulfill duties

under bankruptcy law, whether or not those services result in a monetary benefit to the estate.");

<u>accord</u> <u>In re Rite Way Reproductions, Inc.</u>, 1998 Bankr. LEXIS 1080, at *6-*7 (Bankr. N.D. Ill.

Aug. 27, 1998) (Squires, J.) (concurring and further observing that "factors other than the

economic impact on the estate of actions taken should be considered in the 'benefit to the estate'

analysis"); <u>In re Caribou P'ship III</u>, 152 B.R. 733, 742 (Bankr. N.D. Ind. 1993) (same); <u>see, e.g.</u>,

<u>Ben Franklin Retail Store, Inc.</u>, 227 B.R. at 270 ("[A] trustee (or interim trustee) performs

necessary services when he carries out the duties set forth in § 704 of the Code."); <u>JMP-Newcor</u>

<u>Int'l, Inc. v. Seyfarth, Shaw, Fairweather & Geraldson</u> (<u>In re JMP-Newcor Int'l, Inc.</u>), 1998 U.S.

Dist. LEXIS 987, at *13 (N.D. Ill. Jan. 23, 1998) (affirming bankruptcy court's award of fees to

firm for advising committee in reasonable way and in good faith despite lack of direct monetary

benefit to debtor and estate).

60.     Instead, other factors, such as "whether the services rendered promoted the

bankruptcy process or administration of the estate in accordance with the practice and procedures

provided under the Bankruptcy Code and Rules for the orderly and prompt disposition of

86400860v.1

bankruptcy case and related adversary proceedings," also support awards of compensation.  In re Spanjer Bros., Inc., 191 B.R. at 748.

61.     As previously stated, the legal services for which Seyfarth requests allowance and payment of compensation relate to the Application Period, and were rendered in connection with the Case and in the discharge of Seyfarth's professional responsibilities as counsel to the Trustee during that time.

62.     Seyfarth respectfully submits that such legal services have, in all respects, been reasonable, necessary, and beneficial to the Estate.  In this connection, these services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the matters which they concerned.

63.     Further, they promoted the bankruptcy process and the administration of the Estate and supported the Trustee in fulfilling his statutory duties, all in accordance with the Bankruptcy Code and Bankruptcy Rules.

64.     For purposes of this Application, Seyfarth has computed the Fees on the basis of its discounted hourly rates applicable to the performance of bankruptcy legal services unrelated to the Case at the time that such services were rendered.

65.     Seyfarth's average hourly billing rate for its attorneys—that is, its "lodestar" rate—during the Application Period was $709.48.

66.     During the Application Period, Seyfarth's discounted hourly billing rates for professionals providing services in the Case ranged from: (a) $435.00 to $880.00 for attorneys, and (b) $160.00 to $425.00 for paralegals or para-professionals.  Based upon all of the foregoing, Seyfarth respectfully submits that the fair and reasonable value of the legal services that it rendered during the Application Period is $99,046.50.

86400860v.1

67.     In all these respects, the compensation which Seyfarth has requested herein is reasonable based upon the customary compensation charged by comparably-skilled practitioners in either non-bankruptcy or bankruptcy cases.

68.     Moreover, the requested compensation is less than the fees which Seyfarth would have received for providing legal services to its non-bankruptcy clients, and thus represents even less than its lost opportunity costs for such non-bankruptcy services because Seyfarth's acceptance of employment by the Trustee in the Case precluded such employment.

69.     In rendering legal services to the Trustee, and in making this Application, Seyfarth respectfully submits that it has exercised its good faith billing judgment and has not sought compensation for "excessive, redundant, or otherwise unnecessary" time. Hensley v. Eckerhart, 461 U.S. 424, 434, 103 S. Ct. 1933, 1939-40, 76 L. Ed. 2d 40 (1983).

70.     Finally, and with respect to new considerations added to the Bankruptcy Code under BAPCPA—that is, the new "relevant factor" of whether a professional "is board certified or otherwise has demonstrated skill and experience in the bankruptcy field," 11 U.S.C. § 330(a)(3)(E)—Seyfarth has attached its Attorney Biographical Information as Exhibit 1. The Attorney Biographical Information sets forth the qualifications of the Seyfarth attorneys listed herein, including their demonstrated skill and experience in the bankruptcy field, both in the local Chicago market and in representation of clients in matters nationwide.

### B.     Expense Reimbursement Standards

71.     With respect to reimbursing expenses, the Court may award a professional person "reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1)(B).

72.     "An expense is necessary if it was incurred because it was required to accomplish the proper representation of the client." In re Spanjer Bros., Inc., 191 B.R. at 749; accord In re Wildman, 72 B.R. at 731.

73.     In that regard, Seyfarth is requesting reimbursement only for actual and necessary expenses incurred on the Trustee's behalf.  Seyfarth respectfully submits that it incurred these expenses because they were required to accomplish the proper representation of the Trustee and the advancement of the Estate's interests in the Case.  As set forth above, Seyfarth voluntarily reduced and limited its costs for photocopy expenses.  In addition, based on the Court's prior findings, Seyfarth is not seeking Lexis/Westlaw expense reimbursement in this Application.

74.     Seyfarth submits that the Expenses are reimbursable and do not constitute "overhead" which the Court discussed and described, as follows:

> Expenses which are overhead are not compensable because they are not built into the normal hourly rate charged by the billing professional.  Convent Guardian, 103 Bankr. at 939; Wildman, 72 Bankr. at 731.  Overhead expenses include "all continuous administrative or general costs or expenses incident to the operation of the firm which cannot be attributed to a particular client or cost."  In re Thacker, 48 Bankr. 161, 164 (Bankr. N.D. Ill. 1985) (quoting Jensen-Farley Pictures, 47 Bankr. at 584).[2]

75.     In contrast, Seyfarth charges for its out-of-pocket expenses only, including the incurred Expenses, to the particular clients who use them—in this instance, the Estate.  As previously discussed, the incurred Expenses included herein are neither taken into consideration in determining, nor built as "overhead" into, Seyfarth's hourly rates.

76.     Finally, in seeking reimbursement for such costs, the Seventh Circuit has established guidelines and cautioned that an applicant "[is] not required to submit a bill of costs

---

[2] In re GSB Liquidating Corp., 1995 Bankr. LEXIS 1245, at *41 (Bankr. N.D. Ill. Aug. 21, 1995) (Squires, J.); see In re Adventist Living Ctrs., Inc., 137 B.R. 701, 719 (Bankr. N.D. Ill. 1991) (Sonderby, J.) ("Expenses which are overhead and which are included in the hourly rate are not compensable."); see also 2 Lawrence P. King, Collier on Bankruptcy ¶ 330.05 at 3-330 (15th ed. rev. LEXIS 2006) ("Nonreimbursable overhead has been defined as regular administrative and general expenses incident to the operation of a business that cannot be attributed to a particular client or cost."); Stroock & Stroock & Lavan v. Hillsborough Holdings Corp. (In re Hillsborough Holdings Corp.), 127 F.3d 1398, 1402 (11th Cir. 1997) ("We accept that true 'overhead' costs—the ordinary operating costs of a firm, *such as rent, heat, and the like*, that cannot readily be attributed to a particular case—are not separately compensable as reimbursable expenses.") (emphasis added).

containing a description so detailed as to make it impossible economically to recover [ ] costs[, but] [r]ather [ ] [is] required to provide the best breakdown obtainable from retained records." Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co., 924 F.2d 633, 643 (7th Cir. 1991).

77.    In seeking reimbursement for the Expenses herein, Seyfarth has made every attempt to fully comply with these dictates.

## VII.    NOTICE

78.    Twenty-one days' notice of this Application, and service of the Application, has been provided to: (a) the Office of the United States Trustee, in care of Patrick Layng.; and (b) the parties on the Special Service List.  In addition, the Notice of Application has been provided to the General Service List.  All other entities that have requested notices in the Case will receive notice of, and access to, the Application via CM/ECF.

79.    Seyfarth respectfully requests that the Court deem such notice as adequate and find that no other or further notice is necessary.

## VIII.    NO PRIOR REQUEST

80.    No prior request for the relief requested in this Application has been made to this Court or to any other court.

## IX.    CONCLUSION

For all the foregoing reasons, Seyfarth Shaw LLP respectfully requests that the Court enter an Order in substantially the same form as attached hereto:

A.    Finding Notice of the Application sufficient as given and that no other or further notice is necessary;

B.    Allowing and awarding Seyfarth on an interim basis the Requested Fees and Expenses;

86400860v.1

C.     Authorizing the Trustee to make payment of such Fees and Expenses to

Seyfarth from the Estate, and

D.     Granting such other and further relief as this Court deems just and proper.

Dated:  November 7, 2022                    Respectfully submitted,


GUS A. PALOIAN, not individually or
personally, but solely in his capacity as the
Chapter 7 Trustee of the Debtor's Estate


By:/s/ Andrew Medearis_____
       Andrew Medearis
    Gus A. Paloian (06188186)
    Andrew Medearis (6337979)
    SEYFARTH SHAW LLP
    233 South Wacker Drive, Suite 8000
    Chicago, Illinois 60606
    Telephone:  (312) 460-5000
    Facsimile:  (312) 460-7000
    gpaloian@seyfarth.com
    amedearis@seyfarth.com

    *Counsel to Chapter 7 Trustee,*
    *Gus A. Paloian*

86400860v.1