**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **In re:** | Case No. 18-09130 |
| **ROBERT M. KOWALSKI,** | Chapter 7 |
| Debtor**.** | Hon. Jacqueline P. Cox |

**NOTICE OF MOTION**

**PLEASE TAKE NOTICE** that on **November 18, 2025, at 1:30 p.m.**, the undersigned counsel shall appear before the Honorable Judge Jacqueline P. Cox, Bankruptcy Judge, in the courtroom usually occupied by her, Courtroom 680, in the United States Bankruptcy Court in the Everett McKinley Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois, or before any other Judge who may be sitting in her stead, and shall then and there present the attached **Motion to Lift the Automatic Stay**, a copy of which is attached.

**This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video**, (1) use this link: https://www.zoomgov.com/. (2) Enter the meeting ID 161 273 2896. (3) Enter the passcode 778135.

**To appear by telephone**, (1) call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. (2) Enter the meeting ID 1612732896. (3) Enter passcode 778135.

**When prompted identify yourself by stating your full name.**

**To reach Judge Cox's web page** go to www.ilnb.uscourts.gov and click on the tab for Judges.

**If you object to this motion** and want it called on the presentment date above, you may file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may call the matter regardless.

Dated: October 21, 2025

Respectfully submitted,

Byline Bank

/s/ Richard B. Polony

Peter D. Sullivan (#6491940)
Richard B. Polony (#6227043)
Hinshaw & Culbertson LLP
151 North Franklin Street
Suite 2500
Chicago, IL 60606
Telephone: (312) 704-3000
Facsimile: (312) 704-3001
psullivan@hinshawlaw.com
rpolony@hinshawlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 21, 2025, I electronically filed or caused to be electronically filed with the Clerk of the U.S. Bankruptcy Court, Northern District of Illinois, Eastern Division, the foregoing Notice of Motion by using the CM/ECF system, which will send notification of such filing(s) to all counsel of record.

*/s/ Richard B. Polony*

**SERVICE LIST**

**18-09130 Notice will be electronically mailed to:**

Frank Avila on behalf of Attorney Frank Avila
frankavilalaw@gmail.com

Matthew R Barrett on behalf of Creditor FDIC as Receiver for Washington Federal Bank for Savings
mbarrett@ktslaws.com ecfnotices@hmblaw.com

Adam Brief
Ustpregion11.es.ecf@usdoj.gov
Nathan E Delman on behalf of Creditor FDIC as Receiver for Washington Federal Bank for Savings
ndelman@ktslaw.com, ecfnotices@ktslaw.com

Kevin M Flynn on behalf of Creditor William Kowalski
kevin@kmflynnlaw.com

Sheryl A Fyock on behalf of Creditor Parkway Bank & Trust Company
sfyock@llflegal.com

Neil P Gantz on behalf of Creditor Joel Levin
neilgantz@yahoo.com, negrita0615@yahoo.com

Kathryn Gleason on behalf of U.S. Trustee Patrick S Layng
USTPRegion11.es.ecf@usdoj.gov, Kathryn.M.Gleason@usdoj.gov

Cameron M Gulden on behalf of U.S. Trustee Patrick S Layng
USTPRegion11.es.ecf@usdoj.gov

Jeffrey Gutman on behalf of Other Prof. Jorge Sanchez
jkg4018@gmail.com, jkg4018@gmail.com

John W Guzzardo on behalf of Creditor FDIC as Receiver for Washington Federal Bank for Savings
jguzzardo@hmblaw.com, ecfnotices@hmblaw.com

David Hernandez on behalf of Defendant Natalie Lira
david@rehablaw.com,
g7699@notify.cincompass.com;fileabankruptcy@gmail.com;hernandez.davidb130688@notify.b
estcas
e.com

Geraldine W Holt on behalf of Attorney Geraldine W. Holt

gwholt@holtlawgroup.com

Shira R Isenberg on behalf of Interested Party Neal H. Levin, not individually but solely as the duly appointed Receiver of the Estate of Robert Kowalski in In re Marriage of Martha Padilla and Robert Kowalski, Circuit Court of Cook County, Case N
sisenberg@sgrlaw.com, bkdocketing@sgrlaw.com

Ronald J. Kapustka on behalf of Creditor 5305-07 W. Leland Avenue Condominium Association
ndaily@ksnlaw.com

Zeke Katz on behalf of Attorney Pugh, Jones & Johnson PC
zkatz@pjjlaw.com, jwarren@pjjlaw.com

Cari A Kauffman on behalf of Creditor ACAR Leasing LTD d/b/a GM Financial Leasing
ckauffman@sormanfrankel.com, dfrankel@sormanfrankel.com

Candice M. Manyak on behalf of U.S. Trustee Patrick S Layng
candice.manyak@usdoj.gov

Gregory A. McCormick on behalf of Defendant Byline Bancorp, Inc.
mccormick@garfield-merel.com

Ha M Nguyen on behalf of U.S. Trustee Patrick S Layng
ha.nguyen@usdoj.gov, USTP.region11.es.ecf@usdoj.gov

Katherine H Oblak on behalf of Creditor FDIC as Receiver for Washington Federal Bank for Savings
koblak@hmblaw.com

Gus A Paloian
gpaloian@seyfarth.com,
jmcmanus@seyfarth.com;agoehl@seyfarth.com;ecf.alert+Paloian@titlexi.com;3275759420@filings.docketbird.com

Gus A Paloian on behalf of Plaintiff Gus A Paloian
gpaloian@seyfarth.com;jmcmanus@seyfarth.com;Jennifer-McManus-1834@ecf.pacerpro.com

Nicholas R Perino on behalf of Creditor 1711 Newberry Condominium Association
nperino@monamirealty.com, nperino@monamirealty.com

James M Philbrick on behalf of Creditor Ally Financial Inc. f/k/a GMAC Inc.
jamesphilbrick@comcast.net

Ryan Pinkston on behalf of Plaintiff Gus A Paloian
rpinkston@seyfarth.com,

bankruptcydocket@seyfarth.com;jmcdermott@seyfarth.com;5314522420@filings.docketbird.com

Richard B. Polony on behalf of Defendant Byline Bancorp, Inc.
rpolony@hinshawlaw.com,richard-polony-3452@ecf.pacerpro.com, sedelmaier@hinshawlaw.com,courtfiling@hinshawlaw.com,sandra-edelmaier-7247@ecf.pacerpro.com

Karen J Porter on behalf of Creditor Martha Padilla
porterlawnetwork@gmail.com, laz0705@comcast.net

Stephen H Pugh on behalf of Attorney Pugh, Jones & Johnson PC
spugh@burkelaw.com, wdaitsman@burkelaw.com

Eric S. Rein on behalf of Creditor FDIC as Receiver for Washington Federal Bank for Savings
rrein@ktslaw.com, ecfnotices@ktslaw.com

Todd J Ruchman on behalf of Creditor JPMorgan Chase Bank N.A.
amps@manleydeas.com

James B. Sowka on behalf of Attorney Seyfarth Shaw LLP
jsowka@seyfarth.com,bankruptcydocket@seyfarth.com;jmcmanus@seyfarth.com;Jennifer-McManus-1834@ecf.pacerpro.com;3913483420@filings.docketbird.com

Charles S. Stahl, Jr. on behalf of Creditor Swanson, Martin & Bell, LLP
cstahl@smbtrials.com

Peter D Sullivan on behalf of Defendant Byline Bank
psullivan@hinshawlaw.com, cbrown@hinshawlaw.com

Jason M Torf on behalf of Creditor FDIC as Receiver for Washington Federal Bank for Savings
jason.torf@tuckerellis.com, christine.cassidy@tuckerellis.com

Kerry A Walsh on behalf of Attorney Sapient Providence LLC
kerry.walsh@fnf.com, linda.pawling@fnf.com

Paul Yovanic Jr. on behalf of Plaintiff Gus A Paloian
pyovanic@seyfarth.com, tbrown@seyfarth.com

**18-09130 Notice was sent by first class mail to the following persons/entities:**

Capital One Auto Finance, a division of Capital One, N.A., c/o AIS Portfolio Services, LP
4515 N. Santa Fe Ave. Dept. APS, Oklahoma City, OK 73118-7901

City of Chicago, an Illinois Municipal Corporation
121 N. LaSalle St., Suite 400, Chicago, IL 60602

Cohen & Krol, 105 West Madison Street, Suite 1100, Chicago, IL 60602-4600

Jan R Kowalski, 1918 West Cermak Road, Chicago, IL 60608

Seyfarth Shaw LLP on behalf of Trustee Gus A Paloian, 233 South Wacker Drive, Suite 8000, Chicago, IL 60606

1711 Newberry Condominium Association, 1711 S. Newberry Ave. #2, Chicago, IL 60608-2333

Ally Financial Inc. d/b/a GMAC, Inc., P.O. Box 130424, Roseville, MN 55113-0004

Parkway Bank & Trust Company, c/o Sheryl A Fyock, Latimer LeVay Fyock LLC, 55 West Monroe Street, Suite 1100, Chicago, IL 60603-5128

Sapient Providence LLC, Fidelity National Law Group, 10 S. LaSalle Street, Suite 2750, Chicago, IL 60603-1108

Swanson, Martin & Bell, LLP, 330 North Wabash Avenue, Suite 3300, Chicago, IL 60611-3764

U.S. Bankruptcy Court, Eastern Division, 219 S. Dearborn Street, 7th Floor, Chicago, IL 60604-1702

1711 Newberry Condominium Association, Mon Ami Realty LLC, c/o Nicholas R. Perino, 17 N. Wabash Ave., Suite 620, Chicago, IL 60602-4818

5305-07 W. Leland Avenue Condominium Association, c/o Kovitz Shifrin Nesbit, 175 N. Archer Ave., Mundelein, IL 60060-2301

ACAR Leasing LTD d/b/a GM Financial Leasing, P.O. Box 183853, Arlington, TX 76096-3853

AT&T Corp., c/o AT&T Services, Inc., Karen Cavagnaro, Esq., One AT&T Way, Room 3A104, Bedminster, NJ 07921-2693

Ally Bank, P.O. Box 130424, Roseville, MN 55113-0004

Ally Financial, Attn: Bankruptcy, P.O. Box 380901, Bloomington, MN 55438-0901

AmeriCredit/GM Financial, Attn: Bankruptcy, P.O. Box 183853, Arlington, TX 79096-3853

Attorney Neil P. Gantz, 105 W. Madison Street, Suite 901, Chicago, IL 60602-4664

Bombardier/CBNA, P.O. Box 6000, Sioux Falls, SD 57117-6000

Capital One, Attn: General Correspondence/Bankruptcy, P.O. Box 30285, Salt Lake City, UT 84130-0285

Capital One, P.O. Box 30253, Salt Lake City, UT 84130-0253

Capital One Auto Finance, Attn: General Correspondence/BK, P.O. Box 30285, Salt Lake City, UT 84130-0285

Capital One Bank (USA), N.A., P.O. Box 71083, Charlotte, NC 28272-1083

Cardworks/CW Nexus, Attn: Bankruptcy, P.O. Box 9201, Old Bethpage, NY 11804-9001

Charles S. Stahl, Jr., Swanson, Martin & Bell, LLP, 2525 Cabot Drive, Suite 204, Lisle, IL 60532-3628

Chase Card Services, Attn: Correspondence Dept., P.O. Box 15298, Wilmington, DE 19850-5298

Chase Mtg, P.O. Box 24696, Columbus, OH 43224-0696

Christopher Wehrman, Swanson, Martin & Bell, LLP, 330 N. Wabash Ave., Suite 3300, Chicago, IL 60611-3764

Citibank/The Home Depot, Citicorp Cr. Srvs./Centralized Bankruptcy, P.O. Box 790040, St. Louis, MO 63179-0040

Citicards Cbna, Citicorp Credit Svc./Centralized Bankruptcy, P.O. Box 790040, Saint Louis, MO 63179-0040

(p) Chicago Department of Law, Attn: Bankruptcy Unit, 121 N. LaSalle St., Suite 400, Chicago, IL 60602-1264

Costco Go Anywhere Citicard, Centralized Bk/Citicorp Credit Card Srvs., P.O. Box 790040, St. Louis, MO 63179-0040

Credit One Bank Na, P.O. Box 98873, Las Vegas, NV 89193-8873

Discover Bank, Discover Products Inc., P.O. Box 3025, New Albany, OH 43054-3025

Discover Financial, P.O. Box 3025, New Albany, OH 43054-3025

FDIC as Receiver for Washington Federal Bank of Savings, Eric S. Rein, Horwood Marcus & Berk Chartered, 500 W. Madison St., Suite 3700, Chicago, IL 60661-4591

FDIC, as Receiver for Washington Federal Bank for Savings, c/o Eric S. Rein, Horwood Marcus & Berk Chartered, 500 W. Madison St., Suite 3700, Chicago, IL 60661-4591

Federal Deposit Insurance Corp., c/o Joyce Gist Lewis, 1230 Peachtree Street NE, Suite 1075, Atlanta, GA 30309-3626

First Premier Bank, 601 S. Minnesota Ave., Sioux Falls, SD 57104-4868

Geraldine W. Holt, Attorney at Law, 180 N. LaSalle Street, 37th Floor, Chicago, IL 60601-2809

Huntington Nat'l Bank, Attn: Bankruptcy, P.O. Box 340996, Columbus, OH 43234-0996

(p) Illinois Department of Revenue, Bankruptcy Unit, P.O. Box 19035, Springfield, IL 62794-9035

Illinois Department of Revenue, P.O. Box 64338, Chicago, IL 60664-0291

Illinois Bell Telephone Company, c/o AT&T Services, Inc., Karen Cavagnaro, Esq., One AT&T Way, Room 3A104, Bedminster, NJ 07921-2693

Indomitable LLC, 1918 W. Cermak, Chicago, IL 60608-4237

Illinois Department of Revenue, P.O. Box 7346, Philadelphia, PA 19101-7346

JPMorgan Chase Bank, NA, c/o Manley Deas Kochalski LLC, P.O. Box 165028, Columbus, OH 43216-5028

James Palmissano, Neil P. Gantz, 105 W. Madison, Chicago, IL 60602-4602

Jan Kowalski, MCC Chicago, 71 W. Van Buren, Chicago, IL 60605-1004

Joel Levin, c/o Neil Gantz, 105 W. Madison, Suite 901, Chicago, IL 60602-4664

Merrick Bank, Resurgent Capital Services, P.O. Box 10368, Greenville, SC 29603-0368

Martha Padilla, 1512 W. Polk, Chicago, IL 60607-3119

Martha Padilla, 1512 W. Polk Street, Chicago, IL 60607-3119

Martha Padilla, Karen J. Porter, 230 W. Monroe, Suite 240, Chicago, IL 60606-4730

Midland Loan Services, c/o FDIC Portfolio Servicing, P.O. Box 25965, Shawnee Mission, KS 66225-5965

Office of the U. S. Trustee, 219 S. Dearborn St., Room 873, Chicago, IL 60604-2027

PYOD, LLC, Resurgent Capital Services, P.O. Box 19008, Greenville, SC 29602-9008

Parkway Bank & Trust, 4800 N. Harlem Avenue, Harwood Heights, IL 60706-3577

Piorum Properties LLC, 1918 W. Cermak, Chicago, IL 60608-4237

Premier Bankcard, LLC, Jefferson Capital Systems LLC Assignee, P.O. Box 7999, Saint Cloud, MN 56302-7999

Rosemary Kowalski, 1009 61st Street, LaGrange, IL 60525-7419

Swanson, Martin & Bell, LLP, 330 North Wabash, Suite 3300, Chicago, IL 60611-3764

Syncb/PLCC, Attn: Bankruptcy, P.O. Box 965060, Orlando, FL 32896-5060

The Huntington National Bank, P.O. Box 89424, Cleveland, OH 44101-6424

The Huntington National Bank, c/o Manley Deas Kochalski LLC, P.O. Box 165028, Columbus, OH 43216-5028

Washington Federal Bank for Savings, c/o FDIC, 1601 Bryan Street, Dallas, TX 75201-3401

William Kowalski, 1742 N. Larabee, Chicago, IL 60614-5634

William Kowalski, c/o Kevin M. Flynn, Kevin M. Flynn & Associates, 190 S. LaSalle, Suite 3850, Chicago, IL 60603-3431

Adam Brief, Office of the U. S. Trustee, Region 11, 219 South Dearborn, Room 873, Chicago, IL 60604-2027

Frank Avila, 7132 North Harlem Ave., Suite 107, Chicago, IL 60631-1086

Geraldine W. Holt, 180 N. LaSalle Street, Chicago, IL 60601

(p) Gus Paloian, Attn: Seyfarth Shaw, et al., 233 S. Wacker Drive, Suite 8000, Chicago, IL 60606-6448

Jan R. Kowalski, 1918 West Cermak Road, Chicago, IL 60608-4237

Jan R. Kowalski, Esq., 1918 West Cermak Road, Chicago, IL 60608-4237

Joel Levin, Levin & Associates, 180 N. LaSalle St., Suite 1822, Chicago, IL 60601-2604

Jorge Sanchez, 440 South Wentworth, Chicago, IL 60609-3655

Robert Kowalski, 1707 S. Newberry Ave., Chicago, IL 60608-2333

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| Robert M. Kowalski, | ) | Bankruptcy Case No. 18-09130 |
| Debtor. | ) | Chapter: 7 |
| | ) | Honorable Jacqueline P. Cox |

**MOTION TO LIFT THE AUTOMATIC STAY**

NOW COMES Byline Bank ("Byline") by and through its attorney, Richard B. Polony of Hinshaw & Culbertson LLP and for its Motion for Relief from the Automatic Stay pursuant to 11 USC § 362 of the United States Bankruptcy Code states as follows:

1. The Debtor filed its petition in Bankruptcy on March 29, 2018.

2. The Trustee, Gus A. Paloian, filed an adversary proceeding against Byline Bank on April 25, 2019, Adversary Case No. 19-AP-626 (the "Adversary") seeking to recover the face value of 36 cashier's checks issued by the Debtor, mostly payable to the Debtor, and that were accepted for payment by Bank of America, N.A. ("BofA") to an account other than that of the payee.

3. On or about May 13, 2025, this Court entered a judgment against Byline Bank in the Adversary on a claim based on conversion of thirty-six cashier's checks for the total sum of $352,166.35 (Doc. #161). The thirty-six cashier's checks at issue in the Adversary and described herein are hereinafter referred to as the "Cashier's Checks." The Court also found that Byline Bank did not violate the automatic stay.

4. The Trustee did not assert any claim against BofA since it chose to seek its full recovery from Byline.

5. Each of the 36 Cashier's Checks deposited to the BofA Lawyers Trust Account ("IOLTA") of Jan Kowalski, an attorney, at BofA.

6. Each of the Cashier's Checks were endorsed as follows: one cashier's check was endorsed with the handwritten signatures of Robert Kowalski and Jan Kowalski, thirty-two (32) of the Cashier's Checks were endorsed by BofA with the restrictive endorsement "Credited to the Account of the Within Named Payee Endorsement Guaranteed Bank of America, N.A.", and three of the Cashier's Checks were endorsed with the restrictive endorsement "For Deposit Only".

7. As a result of the representations made by BofA through its endorsements and under the Uniform Commercial Code, Byline accepted BofA's tender of the Cashier's Checks through the banking system and BofA was paid in full for the face amount of each of the thirty-six Cashier's Checks. A list of the Cashier's Checks at issue is set forth below.

| Cashier's Check No. | Date of Byline Cashier's Check* | Amount | Date of Deposit of Byline Cashier's Checks into IOLTA Account |
|---|---|---|---|
| 10227031 | 12/22/17 | 20,000.00 | 8/31/2018 |
| 10227076 | 1/30/2018 | 10,000.00 | 9/6/2018 |
| 10227075 | 1/29/2018 | 5,000.00 | 9/7/2018 |
| 10224264 | 1/31/2018 | 10,000.00 | 9/7/2018 |
| 10224265 | 1/31/2018 | 10,000.00 | 9/7/2018 |
| 10227079 | 1/31/2018 | 10,000.00 | 9/10/2018 |
| 10227077 | 1/31/2018 | 10,000.00 | 9/10/2018 |
| 10227078 | 1/31/2018 | 10,000.00 | 9/10/2018 |
| 10227082 | 2/1/2018 | 10,000.00 | 9/11/2018 |
| 10227083 | 2/1/2018 | 10,000.00 | 9/11/2018 |
| 10227084 | 2/1/2018 | 10,000.00 | 9/11/2018 |
| 10227137 | 2/28/2018 | 15,000.00 | 9/12/2018 |
| 10227085 | 2/1/12018 | 10,000.00 | 9/12/2018 |
| 10227104 | 2/1/2018 | 10,000.00 | 9/12/2018 |
| 10227086 | 2/15/2018 | 11,500.00 | 9/12/2018 |
| 10227154 | 3/13/2018 | 15,000.00 | 9/14/2018 |
| 10227136 | 2/28/2018 | 10,000.00 | 9/14/2018 |
| 10227139 | 2/28/2018 | 5,000.00 | 9/17/2018 |
| 10227138 | 2/28/2018 | 7,500.00 | 9/17/2018 |
| 10227216 | 4/18/2018 | 15,000.00 | 9/17/2018 |

| Cashier's Check No. | Date of Byline Cashier's Check* | Amount | Date of Deposit of Byline Cashier's Checks into IOLTA Account |
|---|---|---|---|
| 10227156 | 3/13/2018 | 7,480.00 | 9/20/2018 |
| 10227153 | 3/13/2018 | 7,500.00 | 9/20/2018 |
| 10227155 | 3/13/2018 | 7,500.00 | 9/20/2018 |
| 10227171 | 3/26/2018 | 5,000.00 | 9/21/2018 |
| 10227172 | 3/26/2018 | 5,000.00 | 9/21/2018 |
| 10227160 | 3/19/2018 | 6,500.00 | 9/21/2018 |
| 10227135 | 2/28/2018 | 7,000.00 | 9/21/2018 |
| 10227224 | 4/24/2018 | 4,500.00 | 9/27/2018 |
| 10227223 | 4/24/2018 | 4,500.00 | 9/27/2018 |
| 10227181 | 3/28/2018 | 3,700.00 | 9/27/2018 |
| 10227289 | 6/12/2018 | 5,902.00 | 9/27/2018 |
| 10227384 | 8/13/2018 | 64,084.35 | 9/28/2018 |
| 10226873 | 9/14/2017 | 2,000.00 | 10/5/2018 |
| 10226874 | 9/14/2017 | 2,000.00 | 10/5/2018 |
| 10226853 | 8/31/2017 | 2,500.00 | 10/5/2018 |
| 10227385 | 8/13/2018 | 3,000.00 | 10/25/18 |
| **36** | | **352,166.35** | |

## Jurisdiction and Authority

8. This Court has jurisdiction over this case pursuant to 28 U.S.C. §1334(b) and the district court's Internal Operating Procedure 15(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(G). Venue is proper under 28 U.S.C. §1409(a). The statutory predicate for this motion is 11 U.S.C. §362(d)(1) and (d)(2).

## Argument

9. Byline contends that it has certain claims under common law and the Uniform Commercial Code ("UCC") against BofA because accepted the Cashier's Checks for deposit and made non-statutory and statutory (UCC) representations and warranties to Byline. Regardless of any direct warranties, the UCC places certain warranty obligations on BofA, as well as provides Byline claims against BofA for violations of those warranty and statutory obligations.

10. BofA warranted pursuant to the UCC §§3-417 and 4-208 that it was entitled to enforce the Cashier's Checks or authorized to obtain payment on behalf of a person entitled to enforce the Cashier's Checks. 810 ILCS 5/3-417 and 4-208.

11. BofA also warranted pursuant to UCC §§ 5/3-416 and 4-207 that BofA was entitled to enforce the Cashier's Check and all signatures were authentic and authorized. 810 ILCS 5/3-416 and 4-207. BofA also warranted pursuant to Byline pursuant to UCC § 5/4-205 that it made payment or deposited the funds to the account of a person entitled to enforce each of the instruments pursuant to the UCC. 810 ILCS 5/4-205.

12. These types of claims such as breach of transfer warranties and breach of presentment warranties belong to Byline.

13. The Trustee asserted that the Cashier's Checks were property of the Bankruptcy Estate of Robert Kowalski when they were negotiated by BofA and that, among other claims, that the negotiation of each of the Cashier's Checks was unauthorized.

14. While the Trustee could have brought a claim for conversion against BofA, it did not do so and, instead, chose to pursue its conversion claim against Byline. The Trustee has recovered in full on its conversion claim.

15. In addition, the Trustee has no claim against BofA for the UCC breach of warranty claims that belong exclusively to Byline as the payor bank on the Cashier's Checks.

16. The test to determine whether an automatic stay should be lifted is whether " a) Any 'great prejudice' to either the bankrupt estate or the debtor will result from continuation of a civil suit, b) the hardship to Byline by maintenance of the stay considerably outweighs the hardship of the debtor, and c) the creditor has a probability of prevailing on the merits of [its] case." *In re Pro Football Weekl, Inc.,* 60 B.R. 824, 826 (N.D. Ill. 1986).

17. No prejudice will result to the Debtor, this Estate or the creditors thereof from Byline being granted relief from the automatic stay for the purpose of pursuing its legal and equitable rights against BofA because the Trustee has not sought to pursue any such claims, the Trustee has recovered the face value of the cashier's checks from Byline and the Trustee cannot pursue the warranty claims that belong to Byline.

18. There is no hardship to Debtor created by lifting the stay to allow Byline to pursue its remedies and claims against BofA. On the other hand, Byline would be prejudiced since it has been required to pay the face value of the Cashier's Checks for a second time, after paying that sum of money to BofA. BofA is responsible under the UCC for the checks it accepted for deposit and representations it made in its endorsements that were false and in violation of its warranties and obligations to Byline under the UCC. Byline contends that it has valid common law and statutory claims against BofA and that it would be inequitable not to lift the automatic stay to allow it to pursue its claims.

19. Byline does not believe that it was required to seek relief from the automatic stay to pursue claims which belong to Byline exclusively against BofA. However, the Illinois Appellate Court has found that Illinois Courts do not have jurisdiction to hear breach of warranty or breach of presentment warranty claims against BofA until the automatic stay is lifted. See *Byline v. Bank of America*, 2025 IL App (1st) 230927-U.

WHEREFORE, Byline Bank respectfully requests that this Court enter an order granting its Motion for Relief From the Automatic Stay and permitting it to proceed to file an action in state court to recover on its claims against Bank of America, N.A. arising out of breaches of warranties and other obligations under the Uniform Commercial Code, the guarantee of the endorsements given by Bank of America's restrictive endorsement and for statutory and common law

conversion, a finding that the stay imposed is lifted as to Byline Bank's claims against Bank of America, the order is effective immediately upon entry, and for any further relief this Court deems just and proper.

Respectfully submitted,

/s/ Richard B. Polony
Richard B. Polony

Peter D. Sullivan,
Richard B. Polony, 6227043
HINSHAW & CULBERTSON LLP
151 North Franklin Street
Suite 2500
Chicago, IL 60606
Telephone: 312-704-3000
Facsimile: 312-704-3001
psullivan@hinshawlaw.com
rpolony@hinshawlaw.com